UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                        Case No. 16-10389-AJC

LIZA HAZAN a/k/a
ELIZABETH HAZAN                              Chapter 11
_____/

## NLG, LLG'S OPPOSITION RESPONSE TO DEBTOR'S EXPEDITED MOTION FOR CONTEMPT AND TO IMPOSE SANCTIONS [ECF NO. 836]

NLG, LLC ("NLG"), through undersigned counsel, its manager, Chris Kosachuk, *pro se*, Astrid E. Gabbe, *pro se* and Juan Ramirez, Jr., *pro se* ("Respondents"), hereby file this Opposition Response to Debtor's new Expedited Motion for Contempt and To Impose Sanctions [ECF No. 836]. In support, Respondents state:

This is now the Sixth Motion for Contempt and Sanctions, all filed as either expedited or emergency within the last six months. [*See* ECF Nos. 742, 747, 748, 787 and 835 for the prior motions]. The Court granted in part one of the Debtor's Motion for Contempt and summarily awarded $9,500 [ECF 780], despite its prior statement that it would only be determining entitlement and a later hearing on amount would be scheduled if needed.

This Sixth Motion for Contempt filed by a phalanx of lawyers hired and paid for by the Debtor and her husband are part of an effort to harass and intimidate NLG and its lawyers into abandoning any legal attempt to enforce their rights. In the meantime, Hazan has defaulted on her payments to at least two creditors as per her Plan of Reorganization, evidently preferring to spend her money on lawyers than becoming a reorganized debtor.

As will be shown in this Opposition Response, this pattern of intimidation, harassment and obfuscation is also intended to delay any relief from the two jurisdictions who can vacate the sham Judgment by Confession. This Judgment by Confession was admittedly obtained while the

same individual, Hazan's cohort, acted as President of the plaintiff Quebec while at the same time executing an affidavit for the defendant NLG confessing to a $5,000,000 judgment. Instead of being offended by such blatant lack of due process, this Court has entered a series of orders necessitating a series of appeals, all of which would have been resolved by now if Hazan had not filed six frivolous non-core personal injury tort counts and had this Court certified its November 1, 2017 Final Judgment as immediately appealable. Most importantly, this entire saga would have been avoided had this Court honored, as it was obligated to do, Judge Gordo's Order Granting Foreclosure and the Final Judgment of Foreclosure, which had already adjudicated every issue between NLG, Hazan and Selective.

The prior motions for contempt alleged the following violations:

(1)      That the *lis pendens* filed by NLG violated the automatic stay statute, the Confirmation Order and the Discharge Order. This Court disagreed and denied relief based on this argument.

(2)      That NLG, Chris Kosachuk and Attorney Ramirez violated the automatic stay statute, the Confirmation Order and the Discharge Order by prosecuting a motion to vacate in New York. This Court disagreed and denied relief based on this argument.

(3)      That NLG, Chris Kosachuk and Attorney Ramirez violated the automatic stay statute, the Confirmation Order and the Discharge Order by prosecuting a Declaratory Judgment Action in front of Judge Martinez in the District Court for Southern District of Florida. This Court disagreed and denied relief based on this argument.

(4)      That NLG, Kosachuk, and Attorneys Ramirez and Astrid Gabbe violated the automatic stay statute, the Confirmation Order and the Discharge Order by seeking discovery in

the appeal pending in front of Judge Moreno of this Court judgment in the adversary proceeding. This Court disagreed and denied relief based on this argument.

(5)     That NLG and Attorney Ramirez violated the automatic stay statute, the Confirmation Order and the Discharge Order by filing a cross-claim in the Chase foreclosure case. This Court disagreed that NLG and Attorney Ramirez violated the automatic stay because the stay ceased to exist upon confirmation.

Out of all those allegations, this Court only found a violation with the "filing of the cross-claim." The Order also denied any relief to Selective Advisors Group because it was not entitled to the injunction obtained by the Debtor.

Under a prevailing party standard, by any measure, NLG was the prevailing party as it prevailed on the significant issues in the litigation. The *lis pendens* and the efforts to vacate the Judgment by Confession were the more significant issues, as Hazan claimed in her motions. There was nothing happening in connection with the cross-claim or the rest of the related foreclosure litigation as the issue of service of process had yet to be decided.

Yet the Court summarily awarded Hazan $9,500.00 in fees with no supporting documentation from Hazan, Selective or their lawyers. The order provided no explanation as to how it had arrived at that figure or explaining why the Court had decided to forego the promised hearing.  To this date, there is nothing in the record to justify such an award, such as an Affidavit from Counsel. In *Hensley v. Eckerhart,* 461 U.**S**. 424 (1983), the Supreme Court established that "the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. The party seeking reimbursement for fees paid carries the burden to produce documentation of the hours worked and billed. *Id.* Reasonable fees should not include those fees not actually billed to

the client because they were a result of overstaffing, redundant services, excessive time expended, etc. *Id.* at 434. The court cannot summarily grant plaintiff's motion for fees. *Gannett Outdoor Co. v. Feist*, File No. 1:89-CV-472, 1991 U.S. Dist. LEXIS 948, at *22 (W.D. Mich. Jan. 29, 1991). The Court should "indicate on the record the number of hours it finds the plaintiffs' attorneys have expended on the case." *Northcross v. Bd. of Educ. of Memphis City Schools,* 611 F.2d 624, 636 (6th Cir. 1979) *cert. denied,* 447 U.**S**. 911 (1980). Other considerations for the Court to consider in determining what fees, if any, are recoverable is whether plaintiff prevailed on all of its claims. *Hensley,* 461 U.**S**. at 429.

### New Complaints

The new complaints in the new motion for contempt are, first, that Chris Kosachuk has registered a bankruptcy judgment against non-party 9197-5904 Quebec, Inc. from the US Bankruptcy Court in the Eastern District of Pennsylvania in the Southern District of Florida which is pending before Judge Moore.

Petitioners also complaint that "…on March 18, 2019, Kosachuk and Gabbe filed a motion titled Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Against its Officers and Beneficiaries: Raymond Houle and Elizabeth Hazan a/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law. See Exhibit 6. In the motion to pierce the corporate veil, Kosachuk and Gabbe claim Kosachuk is owed $1,172,492.93 as a result of the **March 24, 2015** Order and Final Judgment. *See id.* They ask the court to pierce the corporate veil of Quebec to Reorganized Discharged Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. *See generally* Exhibit 6. And they pray for the court to

Opposition Response to Motion for Contempt
Case No. 16-10389-AJC
Page 5 of 12

"pierce the corporate veil of Quebec, enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally…" *Id. at 11.*

First, there is no debt against Hazan pursuant to this action until Judge Moore rules on the pending motions. As such Hazan arguments are completely misplaced. Additionally, the Confirmation Order has been stayed by Judge Gayles on March 30, 2019. Attached hereto as Exhibit 1, is the Stay Order.

Hazan complains again about the Notice of Withdrawal "merely" withdrawing the cross-claim against Hazan only. That is the only party against whom NLG made any allegations. That should be sufficient to automatically dissolve the *lis pendens* pursuant to Rule 1.420(f). If any one of the assortment of lawyers representing Hazan had requested a correction to clarify that the entire cross-claim had been withdrawn, they could have requested such clarification suggesting the language they wanted included in the Notice of Withdrawal. In an email exchange between Attorney Ramirez and Attorney Aaronson, it is clear that NLG was willing to file a new withdrawal of the crossclaim, but Attorney Aaronson kept insisting on including the lis pendens and the counterclaim, which were never a part of the court order.

Hazan also, for the first time, complains in this sixth motion for contempt about the counterclaim in the foreclosure action of *JP Morgan Chase v. Hazan.* This counterclaim contains no allegations against Hazan. On November 29, 2016, this Court entered an Order Granting JP Morgan Chase Bank N.A.'s Motion for Relief from Stay [ECF No. 315]. In it, all parties to the foreclosure action, including NLG, were "granted relief from the automatic stay to litigate the foreclosure claim of Chase in the Foreclosure Action to the point of judgment, but not to conduct a foreclosure sale of the Property." That order has never been rescinded.

In that litigation, Hazan has just filed a response to the complaint and asserts that this Court wiped out the JP Morgan Chase mortgage in the bankruptcy as well. Attached as Exhibit 2 is the Answer, Affirmative Defenses and Counterclaim filed by Hazan on March 25, 2019.

Furthermore, the word counterclaim does not even appear in any of the three prior motions for contempt [ECF 742, 747 and 748]. Only now, on her sixth motion for contempt, Hazan objects to the counterclaim. This is further evidence that the purpose of these motions is to harass and intimidate. Having been encouraged to push the envelope, Hazan and her entourage of lawyers keep combing the files in the numerous pending suits and appeals to accuse the respondents of mischief, while she is allowed to file frivolous claims with impunity, ignore her obligation to file quarterly reports, breach her agreements to pay creditors (agreements reduced to judgment entered by this Court) and violate virtually every obligation as a debtor in possession under the bankruptcy code, including fraudulent conduct in connection with the Spencer Condominium and a corporation (Portefolio Onesource) that was supposedly dissolved yet paid the Debtor over $50,000 before confirmation.

On December 31, 2018, Attorney Joel Aresty wrote to Attorney Ramirez mentioning NLG's withdrawal of the counterclaim. Ramirez clarified that NLG had not withdrawn the counterclaim, but had withdrawn the cross-claim. When Ramirez pointed out that NLG's continued activity in Chase Foreclosure was in effect a defense of a foreclosure action against Aresty's client and that we were on the same side against Chase, Aresty responded "when you are right you are right."

Since the last hearing on Hazan's motions for contempt, NLG has done nothing in the Chase litigation except file two Notices of Withdrawal of Cross-claim. As stated before, NLG is merely seeking to tread water, while waiting for an adjudication on the merits of its appeal of the

Opposition Response to Motion for Contempt
Case No. 16-10389-AJC
Page 7 of 12

November 1, 2017 final judgment, which Hazan has successfully delayed through her six frivolous non-core tort claims and this Court's failure to certify the final judgment as immediately appealable. It should be abundantly clear now that this Court should have granted NLG summary judgment as to those six sham personal injury tort claims.

Finally, Hazan complains that NLG and its counsel have disobeyed this Court's prior order by not immediately paying the $9,500. This argument overlooks Respondents' right to file a motion under Rule 59 and 60 of the Federal Rules of Civil Procedure, as well as Rule 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, seeking relief from the order. Those rules provided movants with 14 days to file the motion. That motion was filed on January 11, 2019 [AP ECF No. 371]. Subsequently, when this Court denied the motions and entered a final judgment, Respondents filed a timely notice of appeal. [*See* ECF No. 844].

As this Court may recall, the prior motions for contempt sought an injunction to prevent NLG and its creditors, Kosachuk and Ramirez, from prosecuting their motions to vacate the sham judgment by confession obtained in 2012 without due process. The third motion for contempt described a hearing held on November 8, 2018 in the New York Supreme Court on the longstanding motions to vacate the sham judgment dating back to 2014. At that hearing the court announced that the case has "been on a lot of times, and I want to get this case off my calendar. It's a 2012 case, one of my oldest cases, and I want to render a decision as soon as possible." [See ECF 765, p. 23, Transcript, p. 19, lines 8-11]. Despite that, the court gave the parties two months to brief a simple issue: does the judgment by confession statute allow the entry of a judgment by confession based on a tort as opposed to a debt? That issue is the crux of NLG's motion because it is undisputed that the judgment by confession was entered for the alleged torts

of fraud and abuse of process and the statute does not allow the entry of a judgment based on tort claims.

Rather than concede that the language of the statute and the case law uniformly limit judgments by confession to debts, Hazan and Selective Advisors Group, LLC (the corporation owned by Hazan's husband) have tried anything to sidetrack a ruling on the merits of the motions to vacate. Hazan and her husband first sought to derail the hearing through an injunction from this Court. When that failed, they argued to the New York judge, Justice Hagler, that his action was stayed by the bankruptcy. As the transcript reflects, Justice Hagler rejected that argument and ordered final briefs due on January 7, 2019. Three business days before Selective's memorandum was due, it filed a Notice of Removal. The Notice is ECF No. 812 p. 69]. As can be seen in paragraph 10 of the Notice, Selective was ultimately seeking to have the matter transferred to this Court. NLG's motion to vacate has been pending for almost five years in New York and constitutes a blatant display of forum shopping. They obviously regard this Court as a friendlier forum which can better adjudicate an issue of New York law.

On March 29, 2019, US District Judge Cote remanded the case back to state court and found that:

"This removal was made in bad faith in order to avoid a decision by a state court on the long-pending motion to vacate a confession of judgment"

"Now plaintiff's [Selective's] counsel has engaged in substantial litigation misconduct before me."

"So Mr. Nierman [Selective's New York Counsel], I want no more proceedings in federal court trying unlawfully to interfere with New York State proceedings. Thank you."

The entire transcript is attached hereto as Exhibit 3.

On April 3, 2019, the Honorable Shlomo Hagler from the New York Supreme Court issued an order stating that "the enforcement of this satisfied Judgment by Confession is hereby restrained…" Attached hereto as Exhibit 4 is the Order. Because this Court's November 1, 2017 Final Judgment is wholly based on the Void New York Judgment by Confession, the enforcement of this Court's judgment is also restrained. Justice Hagler has scheduled a hearing for April 15, 2019, when he may finally reach the merits of NLG's five-year-old motion to vacate, barring any new shenanigans by Selective.

In the meantime, the Debtor continues to live on Fisher Island, making no mortgage payments, no payments for real estate taxes or association fees to Fisher Island Community Association. The Debtor is basically living for free in a multi-million dollar mansion at the expense of her creditors by gaming this Court.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Court should summarily deny the sixth Motion for Contempt and instead sanction Hazan and her attorneys, and such other and further relief as the Court deems appropriate.

Dated April 5, 2019

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

Opposition Response to Motion for Contempt
Case No. 16-10389-AJC
Page 10 of 12

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with

the Clerk of Court using the CM/ECF system on this 5th day of April, 2019.  I also certify that

the foregoing was served on this day by either U.S. Mail or Electronic mail via the CM/ECF

system to the parties on the attached service list.

                             Respectfully submitted,

**Attorneys for Appellant NLG, LLC**

| | |
|---|---|
| Juan Ramirez, Jr. | Astrid E. Gabbe |
| ADR Miami LLC | The Law Office of Astrid E. Gabbe, P.A. |
| Florida Bar No. 201952 | Florida Bar No. 635383 |
| ADR Miami LLC | P.O. Box 4216 |
| 1172 S. Dixie Hwy. #341 | Hollywood, FL 33083 |
| Coral Gables, FL 33146 | Tel. (954) 303-9882 |
| (305) 667-6609 | Fax. (954) 983-1427 |
| jr@adrmiami.com | astridgabbe@gmail.com |

## SERVICE LIST

***Served via CM/ECF***

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A.
gaaronson@aspalaw.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A.
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.

rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

David W. Langley on behalf of Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

Opposition Response to Motion for Contempt
Case No. 16-10389-AJC
Page  12 of 12

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
azaron@leoncosgrove.com, jgomez@leoncosgrove.com

Juan Ramirez, Jr.. Esq. on behalf of Secured Creditor, NLG, LLC
jr@adrmiami.com

# EXHIBIT 1

 Gmail

Astrid Gabbe <astridgabbe@gmail.com>

---

## Activity in Case 1:18-cv-22564-DPG NLG, LLC v. Hazan Order Staying Case
1 message

**cmecfautosender@flsd.uscourts.gov** <cmecfautosender@flsd.uscourts.gov>
To: flsd_cmecf_notice@flsd.uscourts.gov

Sat, Mar 30, 2019 at 9:45 AM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of Florida**

### Notice of Electronic Filing

The following transaction was entered on 3/30/2019 at 9:45 AM EDT and filed on 3/30/2019
**Case Name:** NLG, LLC v. Hazan
**Case Number:** 1:18-cv-22564-DPG
**Filer:**
**WARNING: CASE CLOSED on 03/30/2019**
**Document Number:** 65(No document attached)

**Docket Text:**
**PAPERLESS ORDER STAYING AND ADMINISTRATIVELY CLOSING case pending resolution of the related bankruptcy appeal in Case No. 18-CV-24272-MORENO. Signed by Judge Darrin P. Gayles (hs01)**

**1:18-cv-22564-DPG Notice has been electronically mailed to:**

Astrid Evelyn Gabbe &nbsp &nbsp AstridGabbe@gmail.com

Daniel A. Bushell &nbsp &nbsp dan@bushellappellatelaw.com, eavila@bermandevalerio.com

Geoffrey Stuart Aaronson &nbsp &nbsp gaaronson@aspalaw.com, 5408891420@filings.docketbird.com, lbenavides@aspalaw.com, tmckeown@aspalaw.com

Joel Maurice Aresty &nbsp &nbsp aresty@mac.com

Joey Michael Grant &nbsp &nbsp jgrant@marshallgrant.com, efile@marshallgrant.com, jenna-munsey-6083@ecf.pacerpro.com

Juan Ramirez , Jr &nbsp &nbsp juanramirezlaw@gmail.com, jr@adrmiami.com

Michael William Simon &nbsp &nbsp msimon@simonsigalos.com, jcarroll@simonsigalos.com, jlyon@simonsigalos.com

**1:18-cv-22564-DPG Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA,

          Plaintiff,

CASE NO: 2013-025902-CA-01

v.

ELIZABETH HAZAN A/K/A LIZA HAZAN, ET. AL.,

          Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, by and through her undersigned counsel, files this Answer, Affirmative Defenses and Counterclaim, and states as follows:

Unless specifically admitted herein, Defendant denies each and every allegation of the Complaint and demands strict proof thereof. Defendant also specifically reserves the right to assert any additional affirmative defenses in matters of avoidance.

1.     It is admitted that the action is to foreclose a mortgage and that venue lies in Miami-Dade County, Florida, but to the extent paragraph 1 suggests the action has any merit, paragraph 1 is denied.

2.     Denied. Without limitation, Defendant does not recall every word of what she signed, although she acknowledges that she signed a mortgage.

3.     Denied. Without limitation, Defendant does not recall every word of what she signed, although she acknowledges that she signed a modification.

4.      Defendant acknowledges she signed a loan modification, but does not recall exactly what she signed, or whether the attached is in fact what she signed.

5.      Denied.  Without limitation, the lien was wiped out in the Chapter 11 Bankruptcy. See In re N. New England Tel. Operations LLC, 795 F.3d 343, 345 (2d Cir. 2015);In re Dynamic Int'l Airways, LLC, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

6.      Denied.

7.      Admitted.

8.      Denied.  Without limitation, Defendant has not been provided a notice of pre-acceleration and/or opportunity to cure the default that is listed as the basis of this lawsuit.  Further, the complaint is devoid of an allegation that a notice of pre-acceleration was given as required by the Mortgage, nor is a copy of any pre-acceleration notice purportedly given attached as an exhibit to the Complaint.

9.      Denied as phrased.  Without limitation, see In re N. New England Tel. Operations LLC, 795 F.3d 343, 345 (2d Cir. 2015);In re Dynamic Int'l Airways, LLC, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

10.     Defendant admits that Plaintiff purports to declare the full amount of the note and mortgage to be due, but to the extent this paragraph suggests this declaration has any merit, it is denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

15.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

16.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

17.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

18.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

19.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

20.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

21.     Not addressed at Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and therefore no response is required.

## AFFIRMATIVE DEFENSES

1.     The mortgage lien was wiped out in the Chapter 11 Bankruptcy because the mortgagee participated in the bankruptcy and the mortgagee's rights are not preserved in the plan. To the contrary, the plan expressly delegates to the state court only the determination of validity, and certainly does not preserve the mortgage lien.  "Accordingly, whether a plan extinguishes a lien depends on the requirements embedded in § 1141(c). The express wording of § 1141(c) provides that a lien is extinguished if (1) the plan is confirmed, (2) the property subject to the lien is 'dealt with' by the plan, and (3) neither the plan nor the order of confirmation preserves it." In re N. New England Tel. Operations LLC, 795 F.3d 343, 346–47 (2d Cir. 2015). Similarly, "We

therefore hold that a reorganization plan has extinguished a lien pursuant to § 1141(c) only if four conditions are satisfied: (1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is "dealt with" under the terms of the plan; and (4) the lienholder has participated in the bankruptcy proceedings." In re N. New England Tel. Operations LLC, 795 F.3d 343, 348 (2d Cir. 2015); See also In re Dynamic Int'l Airways, LLC, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

      2.     This action is barred by the doctrine of estoppel by judgment. The sole count of the complaint is seeking foreclosure which the Plaintiff is precluded from pursuing pursuant to orders of the United States Bankruptcy Court (Judge A. Jay Cristol) and Defendant's Confirmed Fourth Amended Plan of Reorganization. Judge Cristol entered an order on November 29, 2016 granting the Plaintiff's motion for relief from stay in which the automatic stay was lifted so that the Plaintiff can litigate the instant action to the point of judgment, but not to conduct a foreclosure sale of the subject property. Judge Cristol was attempting to determine what, if anything, was validly owed under state law. Judge Cristol subsequently entered an order confirming Defendant's Fourth Amended Plan of Reorganization. The confirmed plan further states that "If the State Court enters a final order finding and determining the validity, amount and enforceability of the mortgage and the assignment thereof, Debtor shall commence making payments of principal and interest on the balance found by a court of competent jurisdiction to be due and owing, at the interest rate provided in the loan documents amortized over the remaining original term of the loan (maturity date 2051) commencing 30 days after the State Court Order becomes final." (Emphasis added). Thus, even if for the sake of argument only, the Bankruptcy Code does not completely discharge the lien, (and it does see defense #1), the mortgagee cannot obtain a foreclosure judgment. Estoppel by judgment does not require the cause of action to be the same.

"The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while **the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues-that is to say points and questions-common to both causes of action and which were actually adjudicated in the prior litigation**." Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995) (emphasis added).

3.     Plaintiff is precluded from obtaining a deficiency judgment against the Defendant as a bankruptcy order of discharge has been entered discharging the Defendant from the alleged amount due under the note.

4.     Plaintiff failed to comply with Section 702.015, Florida Statutes and the complaint fails to state a cause of action.  Without limitation, the Complaint must contain affirmative allegations expressly made by the Plaintiff at the time the proceeding is commenced that the Plaintiff is the holder of the original note secured by the mortgage or allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note under Section 673.3011, Florida Statutes.  See Section 702.015(2), Florida Statutes.  Neither of which occurred in this action. Here, Plaintiff alleges that "Plaintiff is entitled to enforce the Note as a holder in possession and to foreclose the Mortgage securing the Note." Complaint ¶5.  Plaintiff does not specifically allege that it is the holder of the original note as required by Section 702.015(2), Florida Statutes, let alone file a certification of possession of the original note as required by Section 702.015(4), Florida Statutes.  Indeed, such would seem impossible, given that Washington Mutual lost the original note more than a decade ago.  In a prior case in this Court, *Washington Mutual Bank v.*

*Elizabeth Hazan, et al.*, Case No. 08-15394 CA 01, on September 24, 2008, Washington Mutual Bank provided sworn testimony that the original note had been lost in an affidavit of lost note. In fact, in *JPMorgan Chase Bank v. Elizabeth Hazan, et al.*, Case No. 09-25721 CA 20, JPMorgan Chase Bank submitted its own sworn testimony to the same effect in an affidavit of lost note filed on May 7, 2009. To that end, Plaintiff failed to file a lost note affidavit in the instant case as required by Section 702.015(5), Florida Statutes, as well as plead a reestablishment of lost note count in the Complaint that would allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note.

     5.    Plaintiff does not have standing to file this action. It is well settled that standing must be possessed at the outset, and cannot be cured post filing. **"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose at the time the complaint is filed." (emphasis added).** Russell v. BAC Home Loans Servicing, LP, 42 Fla. L. Weekly D2496 (Fla. 4th DCA Nov. 29, 2017). Without limitation, Plaintiff is not the holder of either the note or mortgage. Other than Plaintiff's allegation that it "…is entitled to enforce the Note as a holder in possession and to foreclose the Mortgage securing the Note", Plaintiff did not specifically allege that it is the holder of the <u>original</u> note and file a certification of possession of the original note, or otherwise file a lost note affidavit along with pleading a count for reestablishment of lost note in the Complaint. Further, no allegations were made that the loan was assigned to JPMorgan Chase Bank nor was an assignment of mortgage attached to the complaint.

     In addition, Section 559.715 requires an assignee (assuming arguendo only that Plaintiff is one) to give written notice to the debtor within 30 days of assignment. No such notice was provided to the Defendant. Although the case law states that same alone is not sufficient to defeat

the foreclosure, it is evidence that the note was not endorsed properly or assigned, and thus Plaintiff has no standing.

6.    Plaintiff is not entitled to entry of a judgment.  It is well settled that the original note must be surrendered prior to judgment.  "[I]n the case of original mortgages and promissory notes, they are not merely exhibits but instruments which *must be surrendered* prior to the issuance of a judgment. The judgment takes the place of the promissory note. Surrendering the note is essential so that it cannot thereafter be negotiated…. Stated differently, surrender **removes a note from the stream of commerce**, preventing someone else from trying to enforce it against the defendant a second time." Deutsche Bank Nat. Trust Co. v. Clarke, 87 So. 3d 58, 62 (Fla. 4th DCA 2012)(italics emphasis in the original, bold emphasis added).  "In a foreclosure action the promissory note must be removed from the stream of commerce because the note is a negotiable instrument. **A plaintiff must surrender the original promissory note to the *court or court clerk*** or provide a satisfactory reason for the failure to do so before the trial court can issue a final judgment. ALS Maxim I LLC v. Katsenko, 2D15-5153, 2017 WL 1683126, at *1 (Fla. 2d DCA May 3, 2017) (emphasis added).  Clearly, since Washington Mutual lost the original note over a decade ago, the Plaintiff will not be able to surrender the note prior to the issuance of a judgment. While "lost note" is an exception to the above, Plaintiff failed to file a lost note affidavit as required by Section 702.015(5), Florida Statutes, as well as plead a reestablishment of lost note count in the Complaint that would allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note under Section 673.3011, Florida Statutes.  Thus, unless Plaintiff amends, Plaintiff is precluded from obtaining a judgment for the reasons stated in this defense.

7.    Defendant challenges the authenticity of the note and/or the authority of the person who executed the blank and original endorsement.  Without limitation, the note was alleged to

have been lost in the prior actions and the person signing the note never actually affixed their signature, which appears to be a "robosignature."

8.      Defendant states that the foreclosure fails because the holder of the mortgage and/or note did not comply with all conditions precedent; to wit: a proper notice of default and a proper notice of pre-acceleration were not provided to Defendant by or on behalf of the Plaintiff. Further, the Complaint is devoid of an allegation that a notice of pre-acceleration was given as required by the Mortgage, nor is a copy of any notice of pre-acceleration purportedly given attached as an exhibit to the Complaint.

9.      Plaintiff failed to comply with Section 201.08(1), Florida Statutes.   Without limitation, the promissory note and mortgage, upon their origination, reference a debt with a principal amount of $3,825,000.00 secured by the mortgage.  It appears that Washington Mutual paid certain taxes on the original principal amount of $3,825,000.00 when the mortgage was recorded.  But Chase is now seeking to enforce and collect a debt under the same promissory note and secured by the same mortgage with an increased principal amount.  The principal amount is purportedly $4,282,432.36 according to paragraph 12 of the Complaint, an increased principal amount of $457,432.36.  "In this district, a note or mortgage may not be enforced until the tax has been paid…." Nikooie v. JPMorgan Chase Bank, N.A., 183 So. 3d 424, 430 (Fla. 3rd DCA 2014). "The failure to pay tax on the increased principal amount also precludes enforcement. § 199.282(4), Fla. Stat. (2006). That provision plainly pertains to mortgage liens for original loans and future advances alike." Id. at 431.  Thus, in the absence of payment of certain taxes on the increased amount of principal that Plaintiff is seeking, Plaintiff may not sue to recover the increased amount.  Because the Complaint fails to establish payment of the required taxes, it fails to allege facts establishing that the Plaintiff is entitled to enforce any such purported obligation.

10.    Plaintiff failed to comply with Section 660.27, Florida Statutes.  Section 660.27, titled: *Deposit of securities with Chief Financial Officer*, provides, in pertinent part:

> (1)   Before transacting any trust business in this state, every trust company and every state or national bank or state or federal association having trust powers shall give satisfactory security by the deposit or pledge of security of the kind or type provided in this section having at all times a market value in an amount equal to 25 percent of the issued and outstanding capital stock of such trust company, bank, or state or federal stock association or, in the case of a federal mutual association, an equivalent amount determined by the office, or the sum of $25,000, whichever is greater. However, the value of the security deposited or pledged pursuant to the provisions of this section shall not be required to exceed $500,000. Any notes, mortgages, bonds, or other securities, other than shares of stock, eligible for investment by a state bank, state association, or state trust company, or eligible for investment by fiduciaries, shall be accepted as satisfactory security for the purposes of this section.

Plaintiff is subject to this requirement.  Section 658.12(20), Florida Statutes defines "trust business" as "…the business of acting as a fiduciary when such business is conducted by a bank, a state or federal association, or a trust company, or when conducted by any other business organization for compensation that the office does not consider to be de minimis."  In turn, Section, 658.12(8), Florida Statutes, defines "fiduciary" as "…a trustee; committee, guardian, custodian, conservator, or other personal representative of a person, property, or an estate; registrar or transfer agent of, or in connection with, evidences of indebtedness of every kind and of stocks and bonds and other securities; fiscal or financial agent; investment adviser; receiver; trustee in bankruptcy; assignee for creditors; or holder of any similar representative position or any other position of trust, including a person acting in any or all the capacities and performing any or all the functions enumerated in s. 660.34."

Without limitation, Plaintiff is transacting trust business in the State of Florida by, among other things, acquiring, holding, and transferring mortgages on property in Florida; receiving

assignments of promissory notes; receiving payments from Florida consumers on mortgage notes; enforcing notes by filing and prosecuting this and other foreclosure actions; foreclosing on mortgages; purchasing foreclosed properties at judicial sales; and owning and selling properties acquired at judicial sales. As such, Plaintiff is required to post a bond pursuant to Section 660.27, Florida Statutes, to transact business and bring lawsuits in the State of Florida. The Complaint fails to allege compliance with Section 660.27, and thus Plaintiff's claim is barred.

11.    Plaintiff comes to court with unclean hands and should be equitably estopped from brining this action. Unclean hands has been described as follows: "It is certainly beyond question that "one who comes into equity must come with clean hands else all relief will be denied him regardless of the merits of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men...Recently, this court found that unclean hands is tantamount to "[u]nscrupulous practices, overreaching, concealment, trickery or other unconscientious conduct." Shahar v. Green Tree Servicing LLC, 125 So. 3d 251, 253 (Fla. 4th DCA 2013) (reversing the trial court's grant of summary judgment on the defense of unclean hands). Plaintiff clearly is not entitled to a foreclosure. As set forth above, the entire lien is wiped out by the bankruptcy. However, in the alternative, Judge Cristol's order is unambiguous. In the event this Court finds the loan to be valid, the only option left is for the loan to be modified with payments to resume. That Plaintiff is nevertheless seeking a foreclosure notwithstanding this unambiguous binding Court order is also unclean hands.

12.    All or a portion of Plaintiff's claim is barred by the statute of limitations.

13.    Statute of Limitations. Singleton v. Greymar Associates, 882 So.2d 1004 (Fla.2004) and Bartram v. U.S. Bank Nat. Ass'n, 211 So. 3d 1009 (Fla. 2016) rely on equitable principles to save the mortgage from the effect of the acceleration and treat each case as if it

concerned a new default. Similarly, to avoid an inequitable result, the acceleration is deemed to be cancelled upon dismissal of the first action even though the mortgagee seeks the entire amount due in the prior case. However, said rule is inapplicable to a case where the mortgagee tries to proceed in equity ignoring prior court orders and with unclean hands. In short, the Florida Supreme Court has held that in equity, prior accelerations will be ignored. However, it is also well settled, that he who comes into a court of equity must come into court with clean hands. Similarly, "it is well-settled law that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." <u>Metro. Dade County v. Martinsen</u>, 736 So. 2d 794, 795 (Fla. 3d DCA 1999). The bankruptcy orders are clear. There is no possible way that the Plaintiff is entitled to a foreclosure action. As a result of this misconduct, it is no longer entitled to the equitable holdings of <u>Singleton</u> and <u>Bartram.</u> Therefore, Plaintiffs claim is barred by the statute of limitations for the reasons set forth in Judge Scales' dissent in <u>Deutsche Bank Trust Co. Americas v. Beauvais</u>, 188 So. 3d 938 (Fla. 3d DCA 2016) as the equitable principles in <u>Bartram</u> and <u>Singleton</u> that overrode Judge Scales citation to legal principles do not apply here.

WHEREFORE, Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, respectfully requests that the Court enter judgment: (a) dismissing the Verified Complaint to Foreclose Mortgage; (b) awarding costs of suit, including reasonable attorney's fees in favor of Defendant, ELIZABETH HAZAN A/K/A LIZA HAZAN, and against Plaintiff; and (c) granting such other and further relief as the Court deems just and proper.

**<u>DEFENDANT DEMANDS PREVAILING PARTY ATTORNEY'S FEES</u>**

**<u>COUNTERCLAIM</u>**

Defendant/Counter-Plaintiff, ELIZABETH HAZAN A/K/A LIZA HAZAN, sues Plaintiff/

Counter-Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, and alleges as follows:

## GENERAL ALLEGATIONS

1.      Defendant/Counter-Plaintiff, ELIZABETH HAZAN A/K/A LIZA HAZAN, ("HAZAN") is a natural human being who is sui juris.

2.      Plaintiff/Counter-Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST BY PURCHASE FROM THE FDIC AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, ("JPMORGAN") is the entity that alleges it holds the mortgage and note on HAZAN's home.

3.      Jurisdiction and venue are proper in this Court as JPMORGAN chose the forum and this is a permitted and/or compulsory counterclaim.

4.      HAZAN is the record owner of real property ("SUBJECT PROPERTY") located at 6913 Valencia Drive, Fisher Island, Florida 33109 and legally described as follows:

> Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida.

5.      JPMORGAN filed its Complaint to Foreclose Mortgage on August 2, 2013 in which the sole count of the complaint is seeking foreclosure of a mortgage against the SUBJECT PROPERTY.

6.      Thereafter, HAZAN filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Southern District of Florida under Case Number 16-10389-AJC.

7.     On November 29, 2016, Bankruptcy Judge Cristol entered an order granting the JPMORGAN's motion for relief from stay in which the automatic stay was lifted so that the Plaintiff can litigate its foreclosure action "...to the point of judgment, but not to conduct a foreclosure sale of the [SUBJECT PROPERTY]." (emphasis added).   A copy of said order is attached hereto as **Exhibit "A"**.

8.     Thereafter, on June 11, 2018, Bankruptcy Judge Cristol entered an order confirming HAZAN's Fourth Amended Plan of Reorganization ("BANKRUPTCY PLAN").  A copy of said order and a copy of the BANKRUPTCY PLAN are attached hereto as **Exhibit "B"** and **Exhibit "C"** respectively.

9.     The Bankruptcy code eliminates the JPMORGAN mortgage.

10.     "We therefore hold that a reorganization plan has extinguished a lien pursuant to § 1141(c) only if four conditions are satisfied: (1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is "dealt with" under the terms of the plan; and (4) the lienholder has participated in the bankruptcy proceedings." In re N. New England Tel. Operations LLC, 795 F.3d 343, 348 (2d Cir. 2015); See also In re Dynamic Int'l Airways, LLC, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

11.     All of the above conditions are satisfied, and therefore JPMORGAN no longer has a mortgage on the property.

12.     Alternatively, the express text of HAZAN's BANKRUPTCY PLAN restricts JPMORGAN and does not permit a foreclosure.  See **Exhibit C.**

13.     The BANKRUPTCY PLAN further states that "**If** the State Court enters a final order finding and determining the validity, amount and enforceability of the mortgage and the assignment thereof, Debtor shall commence making payments of principal and interest on the

balance found by a court of competent jurisdiction to be due and owing, at the interest rate provided in the loan documents amortized over the remaining original term of the loan (maturity date 2051) commencing 30 days after the State Court Order becomes final." See **Exhibit C.**

14.     Further, on December 6, 2018, Bankruptcy Judge Cristol entered an order of discharge to HAZAN discharging her from, *inter alia,* the alleged amount due under the note. A copy of said order is attached hereto as **Exhibit "D".**

15.     Notwithstanding the entry of an order of discharge, JPMORGAN continues to send HAZAN monthly invoice statements for the discharged debt allegedly due under the note.

## COUNT I-ACTION ON JUDGMENT

16.     HAZAN realleges Paragraphs 1-15 as if fully set forth herein.

17.     At common law, Parties were entitled to file an action on judgment if the parties disputed the terms of a prior judgment, or the judgment needed enforcement.

18.     Although the language of **Exhibits C and D** are quite clear, as plaintiff only has one foreclosure count in this complaint, presumably, it has some argument that it can enforce notwithstanding **Exhibits C and D.**

19.     HAZAN is entitled to enforce the prior judgments and is entitled to an order that delineates that the mortgage cannot be foreclosed in state court pursuant to the unambiguous terms of **Exhibits B and C.**

20.     JPMORGAN's foreclosure lawsuit is in violation of Federal law.

WHEREFORE, HAZAN seeks an order enforcing **Exhibits C and D,** and for any other relief this court deems just and proper, including but not limited to costs and attorney's fees or the relief sought in the other counts.

## COUNT II-DECLARATORY RELIEF

21. HAZAN realleges Paragraphs 1-15 as if fully set forth herein.

22. This is an action for declaratory relief.

23. Florida Law permits a declaratory relief action to determine the meaning and scope of prior court orders. Homeowner's Ass'n of Overlook, Inc. v. Seabrooke Homeowners' Ass'n, Inc., 62 So. 3d 667, 671 (Fla. 2d DCA 2011) (reversing a dismissal of a declaratory judgment where, as here, the parties disagreed about the meaning of a prior judgment.)

24. The Bankruptcy code eliminates the JPMORGAN mortgage.

25. "We therefore hold that a reorganization plan has extinguished a lien pursuant to § 1141(c) only if four conditions are satisfied: (1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is "dealt with" under the terms of the plan; and (4) the lienholder has participated in the bankruptcy proceedings." In re N. New England Tel. Operations LLC, 795 F.3d 343, 348 (2d Cir. 2015); See also In re Dynamic Int'l Airways, LLC, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

26. In short, upon confirmation of HAZAN's BANKRUPTCY PLAN, the mortgage was extinguished and therefore the foreclosure action filed is barred pursuant to Federal law.

27. The bankruptcy court however "punted" the issue of the validity of the mortgage to state court in its confirmation plan.

28. Here, Federal law is clear, that upon confirmation of HAZAN's BANKRUPTCY PLAN, the mortgage against the SUBJECT PROPERTY was extinguished and therefore the foreclosure action filed by JPMORGAN is barred pursuant to Federal law. See Id.

29. Regardless, at an absolute bare minimum, the express wording of **Exhibits C and D** make it clear that no foreclosure judgment can be entered.

WHEREFORE, HAZAN seeks an order enforcing **Exhibits C and D,** and the US Bankruptcy Code and for any other relief this court deems just and proper, including but not limited to costs and attorney's fees or the relief sought in the other counts.

### COUNT III-QUIET TITLE

30.     HAZAN realleges Paragraphs 1-15 as if fully set forth herein.

31.     This is an action to quiet title to real property in accordance with Chapter 65, Florida Statutes, and is within the jurisdiction of this Court.

32.     Hazan is in possession of the property, and under Florida law, a party in possession of property seeking quiet title is entitled to a jury trial. Section 65.061(1) of the Florida Statutes.  "…but if any defendant is in actual possession of any part of the land, a trial by jury may be demanded by any party, whereupon the court shall order an issue in ejectment as to such lands to be made and tried by a jury…"

33.     JPMORGAN's mortgage against the SUBJECT PROPERTY has been extinguished and unenforceable against the SUBJECT PROPERTY as discussed in Counts I and II above, which are incorporated herein.

34.     Therefore, the mortgage acts as an improper cloud on title, which must be extinguished.

WHEREFORE, HAZAN respectfully requests the Court following a jury trial, to enter a final judgment quieting title in the SUBJECT PROPERTY and removing the alleged cloud (mortgage), by directing the Clerk of Miami-Dade County to remove and cancel the mortgage and enter any further relief as may be deemed just and proper including but not limited to costs and attorney's fees.

### COUNT IV-BREACH OF  FLORIDA'S CONSUMER COLLECTION PRACTICES ACT

35.     HAZAN realleges and restates paragraphs 1-15 as if fully set forth herein.

36.    The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976).

37.    Establishing liability for violation of the FCCPA is largely similar to that of the FDCPA  Under the FDCPA, the FCCPA's federal counterpart, liability requires a showing of three things: "(1) that the debtor has been the object of collection activity arising from a consumer debt; (2) that the defendants are debt collectors as defined by the applicable statute; and (3) that the defendants have engaged in an act prohibited by the applicable statute." Kelly v. Davis, 2014 WL 12515345, at *7 (N.D. Fla. 2014).  In the specific context of the FCCPA, the second requirement differs from the FDCPA in that the FCCPA, by its terms, prohibits acts of "persons" as well as those of "debt collectors."  Kelly v. Davis, 2014 WL 12515345, at *7 (N.D. Fla. 2014).

38.    As a result, Plaintiff is liable for her their own actions under the FCCPA as "persons."

39.    §559.77(2) provides Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow, but not exceeding $1,000**, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class

members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000. **The court may award punitive damages** and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant.

40.     The debt at issue concerns a residential home for residential use, and is a consumer debt.

41.      Moreover, the FCCPA applies to companies and lenders. *see, e.g.,* <u>Cook v. Blazer Financial Services, Inc.,</u> 332 So.2d 677, 678-79 (Fla. 1st Dist.Ct.App.1976) (finding small loan company attempting to collect its own debt was a "person" covered by the FCCPA, and noting "that the legislature intended the prohibited practices to be applicable to persons generally and not just to collection agencies").

42.     Turning now to the third prong, there is activity that violates the FCCPA.

43.     As set forth above, the debt that is sought to be collected is void in whole or in part.

44.     Indeed, Plaintiffs sends numerous invoices and letters on a monthly basis or more frequently attempting to collect an accelerated debt that is not properly due or accelerated.

45.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: *"[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."* Fla Stat. § 559.72(9) (emphasis added).

46.     As set forth above, all or part of the debt sought to be collected is no longer enforceable pursuant to Federal law and the Federal Court orders of **Exhibits C and D.**

WHEREFORE, HAZAN respectfully requests this Court to enter a judgment against JPMORGAN, awarding the following relief:

(a)     Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by JPMORGAN, their agents and co-conspirators;

(b)     Damages including but not limited to the return of all unlawful interest paid under the mortgage (as such payments are cancelled by Florida law);

(c)     Costs and reasonable attorneys' fees as provided by Fla. Stat. §559.77(2); and

(d)     Any other relief that this Court deems appropriate and just under the circumstances.

(e)     Punitive Damages as authorized by the statute.

Due to the fact that Chapter 559 expressly provides for punitive damages, arguably chapter 768 does not apply.  Assuming that it does, then alternatively, HAZAN reserves the right to amend to add punitive damages.

**HAZAN DEMANDS JURY ON ALL ISSUES SO TRIABLE**

**HAZAN DEMANDS PREVAILING PARTY ATTORNEYS FEES**

**CERTIFICATE OF SERVICE**

I CERTIFY that on March 15, 2019, the foregoing is being electronically filed via the Florida Court e-filing portal, which will serve a true and correct copy of the foregoing on all counsel of record.

**SHIR LAW GROUP, P.A.**
2295 N.W. Corporate Blvd. Suite 140
Boca Raton, Florida 33431
Phone: 561-999-5999
Fax: 561-893-0999
By:
Stuart J. Zoberg, Esq., Fla Bar No. 611891
Primary Email: szoberg@shirlawgroup.com
Service Email: office@shirlawgroup.com

Page 19 of 19



**ORDERED in the Southern District of Florida on November 29, 2016.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO. 16-10389-BKC-AJC

LIZA HAZAN,                                               Chapter 11

   Debtor.
_____/

### ORDER GRANTING JP MORGAN CHASE BANK N.A.'S MOTION FOR RELIEF FROM STAY

**THIS CAUSE** came before the Court on November 16, 2016 on the Motion for Relief from Stay

(the "Motion") [D.E. 275] filed by JP Morgan Chase Bank, N.A. ("Chase"). By the Motion, Chase

requested relief from the automatic stay to pursue a judgment in the state court foreclosure action styled

*JP Morgan Chase Bank, N.A. v. Elizabeth Hazan, et al.,* Case No. 2013-025902-CA-01 (the

"Foreclosure Action"). NLG, LLC ("NLG"), which is named as a defendant in the Foreclosure Action,

filed a limited objection to the Motion, asserting that if the Court granted the Motion, it should also grant

NLG stay relief to participate in the litigation.

   The Court, having considered the Motion, the limited objection asserted by NLG, and being



EXHIBIT
A

otherwise advised in the premises, finds that cause exists to grant relief from the automatic stay to all

parties to the Foreclosure Action, to litigate the foreclosure claim of Chase in the Foreclosure Action

to the point of judgment, but not to conduct a foreclosure sale of the Property located at 6913 Valencia

Drive, Fisher Island, FL 33109, that is the subject of the Foreclosure Action.

Accordingly, it is

**ORDERED:**

1. The Motion is **GRANTED** as set forth herein.

2. All parties to the Foreclosure Action, including without limitation Chase and NLG, shall be

granted relief from the automatic stay to litigate the foreclosure claim of Chase in the Foreclosure Action

to the point of judgment, but not to conduct a foreclosure sale of the Property.

3. The relief from the automatic stay granted by this Order shall not apply to other pending state

court actions.

# # #

Copy to:

Andrew D. Zaron, Esq.
Florida Bar No. 965790
LEÓN COSGROVE, LLC
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
Facsimile: (305) 437-8158
azaron@leoncosgrove.com

Andrew D. Zaron, Esq. is directed to serve a copy of this Order upon all interested parties and file a Certificate of Service
conforming with Local Rule 2002-1(F).

2



**ORDERED in the Southern District of Florida on June 11, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

Liza Hazan
Debtor.                                    /

Case No: 16-10389 AJC
Chapter 11

### ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER came before the Court on May 30, 2018 at 2:00 PM. upon Doc 563 Liza Hazan a/k/a Elizabeth Hazan's Fourth Amended Plan of Reorganization and Doc 562 Liza Hazan a/k/a Elizabeth Hazan's Fifth Amended Disclosure Statement both filed 11/15/17 proposed by (the "Debtor" or "Proponent") and Order Approving Amended Disclosure Statement and Setting Hearing on Confirmation of Plan entered 12/13/17 Doc 580.

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) *Certificate on Acceptance of Plan and Tabulation of Ballots Filed by Debtor Doc 681* , (the "Ballot Certificate") and (ii) *Confirmation Affidavit Filed by Debtor Doc 680,* (the "Confirmation Affidavit"). The Court has also: (i) reviewed and considered the entire record in this Chapter 11 Case, including the *Proponent's Disclosure Statement* and the Plan; (ii) considered the argument of counsel; (iii) considered the testimony of the Debtor as set forth in the Confirmation Affidavit which was proffered at the Confirmation Hearing without objection, and representations of counsel at the hearing, and (iv) considered the other evidence presented at the hearing.

The only creditors who previously objected to or voted against the plan were present, and announced that they were changing their votes to support the plan or had no objection.

EXHIBIT
B
tabbies

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure. Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises,* 256 B.R. 377, 385 n,2 (Bankr. N.J, 2000); *In re Antar,* 122 B,R, 788, 789 (Bankr. S.D. Fla. 1990).

A. The Court conducted a hearing to consider approval of the Disclosure Statement and Plan filed by the Debtor.

B. There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan.  Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all parties entitled to vote thereon.

C. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157(a), (b)(l) and (b)(2)(L), 1334(a) and (b), the United States District Court's general Order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

D. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a);

E. In accordance with section 1122(a) of the Bankruptcy Code, Article II of the Plan classifies all Claims that are substantially similar to each other in discrete classes. The Plan, therefore, satisfies section 1122(a) of the Bankruptcy Code;

F. The Plan adequately and properly classifies all Claims and Interests required to be classified and, accordingly), satisfies section 1123(a)(1) of the Bankruptcy Code;

G. Articles II through V  of the Plan specify any class of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfy section 1123(a)(2) and (3) of the Bankruptcy Code;

H. The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment, if applicable, and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code;

I. The Disclosure Statement Article III  sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code; the Plan will be funded through funds from the ongoing operation of the Debtor's properties and jobs;

J. Each of the Voting Classes have accepted the Plan in the requisite number of

2

ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C
§ 1126(c) and as set forth in the Ballot Certificate;

K. The Ballot Certificate correctly set forth the tabulation of votes, as required by the
Bankruptcy Code, Bankruptcy Rules, and the Local Rules of the Bankruptcy Court for the
Southern District of Florida;

L. The Plan was voted on by all Classes of Impaired Claims that were entitled to
vote pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation
Procedures Order;

M. The Ballot Certificate and evidence at the hearing reflects that all Classes have accepted or
not rejected the Plan;

N. All other objections to confirmation were announced to be settled at the Confirmation
Hearing;

O. The Plan complies with all applicable provisions of the Bankruptcy Code,
including 11 U.S.C. § 1129(a) and (b) with respect to all Classes of Claims and Interests under
the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the
Debtor as the Proponent;

P. The Proponents of the Plan complied with all applicable provisions of the
Bankruptcy Code, including 11 U.S.C. § 1129;

Q. The Plan has been proposed and submitted to all Creditors and Interest Holders in good
faith and not by any means forbidden by law and therefore 11 U.S.C. § 1129(a)(3) is satisfied;

R. All payments made, or to be made, by the Debtor in connection with this Chapter 11 case or
in connection with the Plan either have been approved by or are subject to the approval of the
Bankruptcy Court, including applications for compensation and reimbursement of expenses
and, therefore, the Plan satisfies the requirements of 11 U .S.C. § 1129(a)(4);

S. The Proponent of the Plan has disclosed the identity of the individual Reorganized Debtor,
who will serve after the Confirmation Date and, therefore, the Plan satisfies the requirements
of II U.S.C. § 1129(a)(5);

T. The Plan does not discriminate unfairly, is fair and equitable, and otherwise
complies with all of the provisions of Section 1129(b) of the Bankruptcy Code with respect to
each Class of Claims or Interests that are impaired under the Plan, including without limitation,
creditors holding Unsecured Claims who will receive more on account of their Claims under
this Plan, than they would receive in a chapter 7 liquidation;

U. The Plan and Disclosure Statement were accompanied by projections that support the
financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11U.S.C. §
1129(a)(11) are satisfied;

3

V. The ongoing operation of the properties and incomes of Debtor will provide sufficient funds available for the payment in whole of: (i) Allowed Administrative Expense Claims (unclassified), which will be paid on the Effective Date; (ii) United States Trustee's Fees (unclassified); secured claims and a dividend to unsecured creditors.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS**:

1. The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the Terms and provisions of the Disclosure Statement and Plan are approved.

4. There are no allowed Administrative Expense Claims other than those of the Debtor's professionals and US Trustee fees. Administrative Expense Claims related to professional fees and costs shall be awarded by separate order of the Court.

5. Discharge. Because the Debtor is an individual—
**(A)** unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
**(B)** at any time after the confirmation of the plan, and after notice and a hearing, the Court may grant a discharge to the Debtor who has not completed payments under the plan if—
**(i)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under chapter 7 on such date;
**(ii)** modification of the plan under section 1127 is not practicable; and **(iii)** subparagraph (C) permits the court to discharge; and **(C)** the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
**(i)** section 522(q)(1) may be applicable to the Debtor; and **(ii)** there is pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

6. As of the Effective Date all pre-petition property of the estate shall re-vest in the Reorganized Debtor.

7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

8.  All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

10. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6), through Confirmation, within ten (10) business days of entry of this Confirmation Order. The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a order by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

11. To the extent applicable, the Reorganized Debtor shall have the standing and authority to pursue all claims objections. Upon the resolution of all claims objections, if any, and upon this Confirmation Order becoming final, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case (the "Final Report") on the Court approved local form.

12. The Reorganized Debtor shall pay all allowed claims at such time an in such amounts as provided for in the Plan.

13. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control, except as otherwise provided herein.

14. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

15. The Debtor has complied with all of the provisions of the U.S. Bankruptcy Code and the Federal Bankruptcy Rules concerning notice, disclosure, and solicitation in connection with the

Plan, the Disclosure Statement, the Modification, and all other matters considered by this Court in connection with this Chapter 11 case. The Debtor properly served the Confirmation Procedures Orders and gave proper notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002, 3017(d), and 3020(b)(2). The Notice and the opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

16. **All executory contracts and unexpired leases listed in Article VI of the Plan are deemed either assumed or rejected as indicated in the Plan as of the date of the Confirmation Hearing, and the Reorganized Debtor is authorized to enter into such contracts as they deem appropriate in the exercise her business judgment without the need for a motion and hearing in this Court.**

17. The Bankruptcy Court shall retain jurisdiction:
    (a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;
    (b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;
    (c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims;
    (d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;
    (e) To determine the validity, extent and priority of all liens, if any, against property of the estate;
    (f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;
    (g) To determine all objections to Administrative Claims;
    (h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;
    (i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;
    (j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;
    (k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;
    (l) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;
    (m) To enforce any and all injunctions created pursuant to the terms of the Plan;
    (n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;
    (0) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;
    (p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

18.    Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein,

upon completion all payments required under the Plan to unsecured creditors. Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(a)     Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b)     The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (I) payment of the Initial Payment (defined in the Plan) to Unsecured Creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

(c)     The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties. The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

(d)     During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the

treatment of creditor claims that existed as of the bankruptcy petition date, as long as the Debtor continues to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to unsecured creditors, as contemplated under the Plan.

(e)     Upon the satisfaction of all payments required under the Plan to Unsecured Creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Unsecured Creditors.

(f)     Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Unsecured Creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

###

Submitted by: David W. Langley who will serve copies to: all creditors and appearances.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI-DADE DIVISION

### www.flsb.uscourts.gov

In re:

LIZA HAZAN,                                      CASE NO.:  16-10389 AJC

Debtor.                                          CHAPTER 11

_____/

## FOURTH AMENDED PLAN OF REORGANIZATION

### ARTICLE I

### SUMMARY

This Fourth Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Debtor (the "Debtor") from sources of payment, such as equity in properties and future income.

Debtor has an exclusive period during which only debtor may propose a plan. The exclusive period was extended through July 11, 2016 by motion filed on 5/10/16 at DE 63 and granted at hearing on 5/26/16 without objection and ordered on 7/7/16 at DE 99, and again extended through November 7, 2016, by Order entered on August 22, 2016 (DE 173), and again extended through April 30, 2017 by Order entered on January 26, 2017, D.E. 373, and again extended through November 15, 2017 by motion filed on 9/10/2017 at DE 543 and granted at hearing on October 3, 2017.

This Plan provides classes of claims; classes of priority claims, classes of secured claims, and classes of unsecured claims and equity. Unsecured creditors holding allowed claims will receive distributions which the proponent of this Plan has valued at a dividend of 41% to 100% of total allowed claims over up to 60 months and paid every six months with the first payment due in month 6, while undisputed unsecured claims are paid 100% by 7/11/18.

1



EXHIBIT

C

tabbies

This Plan also provides for the payment of administrative claims. If payment is not made in full on the effective date of this Plan with respect to any such claim (to the extent permitted by the Code or the claimant's agreement), the paragraphs below will identify such claim and briefly summarize the proposed treatment.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    This Plan includes a class of priority claims, classes of secured claims, classes of unsecured claims, and a class of equity interests.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under §502(f) of the Code,] and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Counsels for Debtor Geoffrey Aaronson, Joel Aresty and David W. Langley will be paid outside of the plan and have agreed to such treatment.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid by terms of treatment consistent with §1129(a)(9)(C) of the Code.

3.04   United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6)(U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## <u>TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>

| Admin | Description | Treatment |
|---|---|---|
| | Geoffrey Aaronson | Mr. Aaronson has agreed to accept payment in the amount of $142,686.86 in fees and $2,313.13 in costs reimbursement, from a third party in full satisfaction of this claim. SETTLED |
| | Joel Aresty | Attorney Joel Aresty has agreed to accept $35,000.00 in fees and $1,500.00 in costs payable as follows: $3000 within 5 days of entry of Order Approving Settlement followed by 19 payments of $1500 starting May 1, 2016 and an additional $5000 at confirmation. Stipulation amended between the parties on November 1, 2017. Monthly payments in the amount of $1000 starting on November 1, 2017 Remaining |

3

|  |  | Balance owed $28,000.<br><br>SETTLED |
|  | David W. Langley | Paid as awarded or agreed. |
|  | US Trustee | paid in full at confirmation |

**Priority Claims**

**Priority Claims**

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 1 | **IRS**<br><br>**Claim #3** | yes | The $24,663.00 priority tax claim will be paid within five years of the petition date. Equal Payments of $2,674.34 every six months to include interest on anyunpaid claim amounts after the effective date of the plan at 3%. |

**Secured Claims**

**6913 Valencia Drive Property Fisher Island Florida**

| 2 | **Chase Bank** | no | yes | **First Secured Mortgage –** The claim bar date has passed in this case, and Chase has not filed a Proof Of Claim.  Chase was scheduled as disputed, contingent and unliquidated. Original note in the amount of $3,825,000.00 signed by Debtor on March 2007 with Washington Mutual Bank.  Chase Bank filed an Assignment of mortgage on 5/26/16 alleging an interest in the loan. Debtor has obtained stay relief on November 16, 2016 to continue State Court litigation regarding the alleged default, ownership of the loan and standing issues.  If the State Court enters a final order finding and determining the validity, amount and enforceability of the mortgage and the assignment thereof, Debtor shall commence making payments of principal and interest on the balance found by a court of competent jurisdiction to be due and owing, at the interest rate provided in the loan documents amortized over the remaining original term of the loan (maturity date 2051) commencing 30 days after the State Court Order becomes final. Pending adjudication of Chase's alleged interest in the loan and the subject property Chase shall have adequate protection in the form of an equity cushion that exceeds the amount of the loan.  See *In re DiMaria*, 202 B.R. 634 (S.D. Fla 1996). |

| | | | | Chase has agreed to withdraw all objection to this Disclosure Statement and the Debtor has agreed that any objections to confirmation are preserved. |
|---|---|---|---|---|
| 3 | **Selective Advisors Group, LLC** | yes | yes | Selective Advisors Group, LLC ("Selective") is the rightful assignee of the satisfied second mortgage previously held by NLG ("NLG"). Selective is the rightful assignee of the satisfied promissory Note, Mortgage and Judgment previously held by NLG gainst The Debtor in the amount of $1,618,068.00 plus interest at 11% per annum ("the Scola Judgment") from April 28, 2008,<br><br>Selective has recorded a Satisfaction of this Mortgage and Judgment against the Debtor and her property on August 20, 2014 and August 21, 2014. per the Final Order of Assignment of Hon. Judge Peter Lopez entered on August 20, 2014.<br><br>On August 21, 2016, Selective sued NLG in this bankruptcy Court **ADVERSARY PROCEEDINGS** *Selective Advisors and Elizabeth Hazan v. NLG, LLC,* Adv. Case No. **16-1439-AJC** for avoidance of NLG's alleged claimed lien on Debtor's Homestead property on Valencia Drive Fisher Island Florida. On January 3, 2016 Hazan, additional Plaintiff and Selective filed their Motion to amend their Complaint to add a count seeking to Quiet Title to the property, and a number of tort claims, which motion was granted on |

January 23, 2016.

The Trial in the Adversary proceedings 16-10389-AJC was concluded on July 13, 2017 and Proposed Orders by all parties were submitted on August 14, 2017.

On November 1, 2017 Honorable Judge AJ Cristol issued Final Judgment on Counts I, II and III of Plaintiffs' Selective and Liza Hazan aka Elizabeth Hazan Third Amended Complaint and NLG's Amended Counterclaim as follows:

"The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said Judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose securing the debt traveled to the assignee Selective . Although NLG's right to foreclose against Hazan, as established by the Third District of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose, Assuming the validity of the Gordo Foreclosure Judgment, the Debtor exercised her right to redeem the property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's Debt to NLG has been paid, including the New York State Supreme courts, wherein

Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,878,654.29, which credit will leave the mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the property fully redeemed prior to foreclosure sale, as provided in the Gordo case, as provided in the Gordo foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's

Proof of Claim #17, having been filed after the bar date., it is disallowed and the Court finds that NLG has no staning in this case based upon the note, claim or lien emanating therefrom. Accordingly it is

ORDERED AND ADJUDGED that Count I, II and III of Plaintiff's Third Amended Complaint and NLG's Amended Counterclaim are GRANTED IN PART AND DENIED IN PART as follows:

1. NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against CFN200R0410013 NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment recorded at Book 29902 Pages 3737-3742 CFN20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami Florida 33109 with the following legal description: LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to

| | | | | |
|---|---|---|---|---|
| | | | | the Plat thereof, recorded in PLAT Book 157 Page 64, of the Public Records of Miami-Dade County, Florida.<br><br>have been satisfied and paid, and are deemed **SATISFIED OF RECORD** and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the property is forever quieted as to all claims of NLG, LLC.<br><br>2. Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt to Selective pursuant to the Quebec Judgment.<br>3. NLG's proof of claim #17 is disallowed and NLG, LLC has no claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order.<br>4. Counts IV, V, VI, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order." |
| 4 | **6913 Valencia LLC** | | yes | **Second Secured Mortgage** in the amount of $2,000.000.00 plus accrued interest from March 14, 2012.<br><br>The Debtor does not contest the validity or extent of 6913 Valencia LLC's Mortgage on her Homestead property claim.<br><br>Insider claim will subordinate and not be paid until all other allowed claims but reserves right to vote for the plan |

| | | Yes | | |
|---|---|---|---|---|
| | | no | | **Valencia Estates Community Association's ("Valencia")**Claim#10 in the amount of $195,072.14. Treated in settlement as follows:<br><br>1. Debtor paid $2,193.17 Aug 17, 2016 for due maintenance.<br><br>2. Debtor has paid 4 months in advance for September, October, November and December 2016 assessments for a total amount of $4,484.00 as per the Stipulation.<br><br>3. Debtor has paid the 2016 special assessment in the amount of $6250.00 as per the Stipulation. |
| 5 | **Valencia Estates Community Assn, Inc claim #10** | | yes | 4. The Parties agreed that Claim Number 10 shall be paid in the amount of $195,000.00 with 3.5% interest in the Chapter 11 Plan, over forty-eight (48) months, with one payment on the Effective Date of $4,062.00, and payments every five (5) months thereafter in the amount of $20,312.50 following the Effective Date until paid in full, with the interest payments to be made annually on the twelfth month.<br><br>**Valencia Estates Community Association, Inc withdrew its objections to Debtor's disclosure and has agreed to vote for Debtor's plan.**<br><br>**Claim settled.**<br><br>Agreed Order Approving Stipulation of Settlement of Claim # 10 filed by Valencia Estates Homeowners' |

| | | | | Association entered on 11/18/16 D.E 302. |
|---|---|---|---|---|
| | | | | All Valencia's post petitions regular assessments and special assessment in 2016 have all been paid and are current. |
| | | | | A Post petition special assessment dated on September 15, 2017 to be paid as follows: $1,041.66 every month in addition to the monthly assessments starting at confirmation date for a period of five years. |
| | | | | In October, 2017, Debtor incurred substantial damages caused jointly and severally by both Fisher Island Community Association Inc ("FICA") and Valencia Estates Community Association Inc ("VALENCIA") to her homestead property's fence. The Debtor's Homestead residence is damaged and the fence needs to be completely removed and replaced. Debtor is planning to bring an action for damages against Fisher Island Community Association Inc and Valencia Estates Community Association Inc jointly and severally. This will offset some or the entirety of Valencia's post petition special assessment in the amount of $62,500 assessed on September 15, 2017 and also offset the FICA's post petitions assessments in the amount of $46,555.48. |
| 6 | **Fisher Island Community Ass'n, Inc** | | yes | FICA's Late filed Proof Of Claim in the amount of $216,278.97 in 10/20/16 – **Disputed by Debtor and** |

| | **Claim #18** | | | **Disallowed by this Court.** |
|---|---|---|---|---|
| | | | no | The Debtor has filed an objection to the amount of the Claim challenging Fisher Island's standing as a "party in interest." In re E.S. Bankest, L.C. 321 B.R. 590 (Bankr. S.D. Fla. 2005). Fisher Island Community Association, Inc. did not timely file a Proof Of Claim and its Motion to Allow a Late Filed Claim has been denied in November 16, 2016. |
| | | | | Claimant 3343 West Commercial Blvd. 100 (Fisher Island Community Association). |
| | | | | Order granting Fisher Island Community Association, Inc.'s Motion for relief from Stay entered on 11/23/16 |
| | | | | **Claim Disallowed Claim by this Court.No payment through Plan.** |
| | | | | **Debtor plans to reinstate stay and pay the net amount if any of all Fisher Island Community Association's post petitions fees in the amount of $46,555.48 less the damages caused to Debtor by FICA and Valencia (more explained below) after the filing of the petition at confirmation date. Debtor will obtain a discharge for all the prepetition fees.** |
| | | | | In October, 2017, Debtor incurred substantial damages caused jointly and severally by both Fisher Island Community Association Inc ("FICA") and Valencia Estates Community Association Inc ("VALENCIA") to |

| | | | | her homestead property's fence on Fisher Island. The Debtor Homestead residence's fence is substantially damaged and needs to be completely removed and replaced. Debtor is planning to bring an action for damages against FICA and VALENCIA. This will offset some or the entirety of Valencia's post petition special assessment in the amount of $62,500 assessed on September 15, 2017 and also offset the FICA's post petitions assessments in the amount of $46,555.48.<br><br>     FICA has also caused substantial damages to the Debtor by denying access to all Debtor's guests and all business associates for years and has singled out the Debtor for many years. FICA has enjoined the Debtor to enjoy her home and conduct business. FICA has also endangered the Debtor's life by allowing access to the alleged principal of NLG, LLC a former creditor of the debtor, on Fisher Island who has caused Debtor harassment, trespassing her home, intimidation and caused Debtor additional damages that will be set for trial at a later date in **ADVERSARY PROCEEDINGS** *Selective Advisors and Elizabeth Hazan v. NLG, LLC,* **Adv. Case No. 16-1439-AJC** |
| 7 | **Miami-Dade Water and Sewer**<br><br>**claim #7** | no | yes | **Claim #7  $1502.54 to be paid on the Effective Date of The Plan** |

| | | | | |
|---|---|---|---|---|
| 8 | **IRS**<br><br>**claim #3** | no | yes | $393,985.17 - Secured claim shall be paid over ten years with interest Equal payments in the amount of $22,948.00 every 6 months to include interest on any unpaid claim amounts after the effective date of the plan at 3%. |
| 9 | **Miami-Dade County Tax Collector**<br><br>**Claim #6** | no | yes | $57649.47 Miami-Dade County Tax Collector Secured claim on 6913 Valencia Drive property Fisher Island FL 33109 has been paid in full.<br><br>**Claim #6 paid in full**. |

**Other Disputed Claims**

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| 10 | **Real Time Resolutions, Inc**<br><br>**claim #8** | | yes | Claim #8 in the amount of $322,846.72 allegedly secured second mortgage Line of credit on property located at 1 East 62nd Street Apt 1 A NYC NY 10065 is disputed by Debtor.<br>Alleged Creditor has agreed to complete stay relief in settlement of this claim in this case and has agreed to support Debtor's plan of |

| | | | | reorganization and vote the entire amount of its alleged claim in favor of Debtor's plan. (ECF 163) |
| | | no | | **Claim settled.** |

| Class # | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| 11 | **Board of Managers Spencer Condominium claim #14** | yes / no | yes | The Debtor disputes the Claim #14 filed by The Board of Managers Spencer Condominium ("Spencer"). The parties reached a Confidential Stipulation Of Settlement in March 2015 in New York. The Debtor is only personally liable for the amount of $109,554.86 representing the alleged disputed outstanding maintenance fees owed by Debtor prior to her transfer of ownership of the property located at 1 East 62nd Street Apt 1 A NYC NY 10065. This amount will be paid by Real Estate |

|  |  |  |  | Holdings Group, L.D.C. ("REHG"), the owner of the New York condominium located at 1 East 62nd Street Apt 1A, New York, NY 10065. REHG, Spencer and Debtor Hazan and other parties are bound by the Confidential Stipulation of Settlement executed in March 2015 ("Settlement"). The vast remaining portion of the Spencer Condo Board of Managers' claim is to be paid by the owner of the unit, REHG, per the Settlement executed in March 2015 by the parties.

**In March 1, 2017 this Court granted Debtor's Motion for Stay relief, allowing theNew York Court to exercise jurisdiction over and enforce the confidential Settlement Agreement.**

**In March 2, 2017, New York Supreme Court Judge Singh granted REHG's Motion to Enforce The Confidential Stipulation entered in March 2015 between the parties.** |
|--|--|--|--|--|

| | | | | | In April 25, 2017 Honorable New York Supreme Judge Singh ordered that the Plaintiff REHG's Motion to enforce the terms of the settlement agreement dated 3/2015 is granted . "After a conference held today the Court finds that all parties are in compliance with the terms of stipulation dated 3/2015."<br><br>The Deadline for *Board of Managers of Spencer Condominium* toFile Complaint to determine the Debtor's Dischargeability of Certain Debt has expired.<br><br>**No payment through the plan. Claim settled.**<br><br>**SETTLEMENT ENFORCED BY NEW YORK COURT** |

**Convenience Class Undisputed Unsecured Small Claims**

**Paid in full on the Effectiver Date at confirmation**

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 12 | IRS Claim #3 | no | | 1085.00 |
| | American InfoSource T Mobile Claim #2 | no | | 1130.00 |
| | American InfoSource Direct TV Claim # 9 | no | | 461.00 |
| | FPL Claim #11 | no | | 2906.93 |
| | Mount Sinai | no | | 3,240.00 |
| | Mount Sinai | no | | 295.91 |
| | HSBC Bank USA NA | no | | 1070.66 |
| | Sterling Emerg Svc | no | | 2445.30 |
| | Bank of America NA has waived all prepetition fees | no | | 0.00 |
| | Wells Fargo Claim #12 | no | | 323.24 |
| | Real Time Resolutions ("RTR") Claim #5 Although Debtor settled this claim for $12,000 after | | | 0.00 |

| | | | |
|---|---|---|---|
| | misrepresentations made by alleged creditor Real Time Resolutions that it had a valid claim. Debtor after further investigation has determined that statute of limitations has run and that Claim #5 is not a valid claim. Real time Resolutions has sued the debtor in case 08-47664 CA 32 in Miami-Dade County Court in October 21, 2008. The case 08-47664 CA 32 was dismissed in for lack of prosecution on January 08, 2010. The Statute of limitations has run. | no | | |
| | **S&S Collections** <br> **Simon &Sigalos** <br> **claim #13 partial** <br> **paid amount** <br> **$1740.96** | no | | 0.00 |
| | Total | | | 12958.04 |

**Settled Unsecured Claims**

**Allowed Undisputed Unsecured Claims**

| Class # | Description | Insider? (Yes or No) | Impaired | Treatment | |
|---|---|---|---|---|---|
| 13 | JMB Urban 900 Dev. claim #4* | no | X | Claim # 4 in the amount of $664,380.47. Claim # 4 will be paid 41% of the amount or 275,000.00 per settlement before the second anniversary of the entry of the agreed final judgment on or before July 20, 2018 in favor of JMBin case **Adversary proceedings 16-01188-AJC. Adversary proceeding case closed on 7/22/16 and Case settled 16-01188-AJC. DOC 21 Case 16-01188-AJC Order approving agreed final Judgment in favor of JMB entered on July 20, 2016..** **CLAIM SETTLED** | |
| | S&S Collections Simon &Sigalos claim #13 | no | X | Claim # 13 in the amount of$21,242 **Claim settled** for 41% $8,709.22.Amount of $1740.96 moved to convenience class. Amount of $1740.96 paid by third party on July 10, 2017. Remaining balance owed $6,968.04 to be paid same treatment as JMB. **CLAIM SETTLED** | |

| | | | | |
|---|---|---|---|---|
| | **Southeast Financial LLC** | no | X | Stipulation Of Settlement DE 98 approved by this Court DE 101.<br><br>Vehicle owned by Holdings Trust Management Group LLC. Southeast Financial LLC's Secured Lien is guaranteed by the Debtor.<br><br>Secured claim allowed $17,000 value to be paid at 5.25% for 48 months payments in the amount of $393 began on August 1, 2016 and are current.<br><br>CLAIM SETTLED |
| | | | | |

## Disputed Unsecured Claims

### not paid until and unless allowed

### and then paid within 5 years after confirmation

| | | | | |
|---|---|---|---|---|
| | **Cross & Simon<br>Claim #1** | no | | Claim #1 in the amount of $11,023.83 Legal Bill for corporation other than Debtor.<br><br>**Unallowed claim.**<br><br>**No payment through Plan** |

| | | | | |
|---|---|---|---|---|
| | **Newman Ferrara LLP<br>claim #15** | no | | Claim #15 in the amount of $24,818.44 Legal bill Legal work for Corporation other than the Debtor.<br><br>**The Claims bar date has passed. No payment through plan. Unallowed claim.** |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  | **FuerstIttleman David & Joseph, P.L.** **Claim #16** | **no** |  | Disputed Proof of Claim filed after Claim Bar Date. FuerstIttleman David & Joseph, P.L. is not a creditor of this Debtor. Debtor has filed an objection to this claim. FuerstIttlemanDavid & Joseph, P.L. have agreed that they are not a creditor of this estate. **No payment through plan.Unallowed Claim.** |

### Unsecured Scheduled Disputed and No Claim Filed

### Therefore Disallowed

| | |
|---|---|
| Allied Collection | 318 |
| ATT Mobility | 3919 |
| First National Collection | 246.08 |
| Focus Mgt | 772 |
| Marzec Law Firm | 0 |
| Mount Sinai Medical | 31414.15 |
| Ray Garcia PA | 7026.15 |
| Verizon | 1758 |
| US Bank NA | Unknown<br><br>The Debtor entered into a Stipulation of Settlement with US Bank NA (D.E. 345) granting the parties complete stay relief which was approved by the Court by Order dated 1/18/2017, D.E. 371. |

23

| | |
|---|---|
| | US Bank did not file a proof of claim and will not be paid through the Plan.**Claim settled.** |
| NLG, LLC | NLG, LLC did not timely file a proof of claim and**NLG, LLC's alleged Claim has been judicially** assigned per The Final Order entered by Judge Peter Lopez on August 2014. **NLG, LLC will not be paid through the Plan**. |
| | NLG, LLC has no standing in this case and is not a creditor of the Debtor's Estate. |
| | NLG appeared in this case but failed to timely file a proof of claim. NLG, LLC is merely a notice party. NLG, LLC is not a secured creditor in this case. Selective Advisors Group, LLC ("Selective"), is listed in Debtor's schedule as her creditor. |
| | The Trial in the Adversary proceedings 16-10389-AJC was concluded on July 13, 2017 and Proposed Orders by all parties were submittedon August 15, 2017. |
| | In November 1, 2017 Honorable Judge AJ Cristol issued Final Judgment on Counts I, II and III of Plaintiffs' Selective and Liza Hazan aka Elizabeth Hazan Third Amended Complaint and NLG's Amended Counterclaim as follows: |
| | "The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said Judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose securing the debt traveled to the assignee Selective . Although NLG's right to foreclose against Hazan, as established by the Third District of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose, Assuming the validity of the Gordo Foreclosure Judgment, the Debtor exercised her right to redeem the property by |

satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's Debt to NLG has been paid, including the New York State Supreme courts, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,878,654.29, which credit will leave the mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the property fully redeemed prior to foreclosure sale, as provided in the Gordo case, as provided in the Gordo foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date., it is disallowed and the Court finds that NLG has no staning in this case based upon the note, claim or lien emanating therefrom. Accordingly it is

ORDERED AND ADJUDGED that Count I, II

and III of Plaintiff's Third Amended Complaint and NLG's Amended Counterclaim are GRANTED IN PART AND DENIED IN PART as follows:

1. NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against CFN200R0410013 NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment recorded at Book 29902 Pages 3737-3742 CFN20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami Florida 33109 with the following legal description:

    LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157 Page 64, of the Public Records of Miami-Dade County, Florida.

    have been satisfied and paid, and are deemed **SATISFIED OF RECORD** and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the property is forever quieted as to all claims of NLG, LLC.

2. Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt to Selective pursuant to the Quebec Judgment.

|  |  |
|---|---|
|  | 3. NLG's proof of claim #17 is disallowed and NLG, LLC has no claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order.<br><br>4. Counts IV, V, VI, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order.". |
| Total | 45453.38 |

**Equity**

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 14 | Equity Individual interest holder | no | retained |

## ARTICLE V

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan: none.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.02    Effective Date of Plan. The effective date of this Plan is the fourteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII

## DISCHARGE

### 8.01.    Debtor is an individual.

11 USC 1129(a)(15) provides: In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—

(A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325 (b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

In this case the Debtor has provided for payments not less than Projected disposable income of the debtor during a five year period beginning with the first payment due under the plan.

Discharge. In a case in which the debtor is an individual—

(A)unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

(B)at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—

(i)the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;

(ii)modification of the plan under section 1127 is not practicable; and

(iii)subparagraph (C) permits the court to discharge; and

(C)(*)the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—

(i)section522(q)(1) may be applicable to the debtor; and

(ii)there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

      Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein, upon completion all payments required under the Plan to all unsecured and deficiency creditors. **Upon payment of all required Plan payments the Debtor shall be discharged of all allowed and disallowed claims**. Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

      (a) Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b) The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (I) payment of the Initial Payment (defined in the Plan) to unsecured creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

(c) The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties. The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

(d) During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the treatment of creditor claims that existed as of the bankruptcy petition date, that being 1/11/16, as long as the Debtor continues to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to unsecured creditors, as contemplated under the Plan.

(e) Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to unsecured creditors.

(f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to unsecured creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

Respectfully submitted, 11/15/17

By: /s/ Liza Hazan

The Plan Proponent

By: /s/ David W. Langley, Esq.
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33322
dave@flalawyer.com
Phone 954356-0450

By: /s/ David W. Langley
Attorney for the Plan Proponent



**ORDERED in the Southern District of Florida on December 6, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                     Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                          Chapter 11

      Debtor.

_____/

**ORDER GRANTING MOTION TO REOPEN CASE TO APPROVE FINAL REPORT,
AND ENTER DISCHARGE TO REORGANIZED DEBTOR**

**THIS MATTER** came before the Court for hearing on August 9, 2018 at 10:30 a.m. upon

the Reorganized Debtor, Liza Hazan a/k/a Elizabeth Hazan ("Reorganized Debtor")'s Corrected

Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a

Final Decree and to re-close the case [ECF No. 713] (the "Motion"), and again on October 24,

2018 at 2:00 p.m. upon the Court's Order Setting Further Hearing to Consider Issuance of

Discharge and Dismissal of Pending Non-Core Personal Injury Tort Claims for October 24, 2018

[ECF 745]. The Court has further considered the following:

**EXHIBIT**
**D**

CASE NO. 16-10389-BKC-AJC

- The Final Report [ECF No. 703] ("Final Report");

- The Notice of Deadline to Object to Debtor's[1] Statement Re: 11 U.S.C. § 522(q)(1) Applicability, *et al.* [ECF No. 704];

- NLG, LLC's Opposition to Debtor Motion to Reopen Case and Motion for Discharge (ECF No. 733);

- NLG, LLC's Objection to Debtor Statement and Discharge [ECF No. 729], which the Court notes was withdrawn on the record by counsel for NLG during the August 9, 2018 hearing;

- NLG, LLC's *ore tenus* Objection to Debtor's Discharge during the October 24, 2018 hearing;

- Creditor Valencia Estates Homeowners' Association, Inc.'s Limited Objection to Debtor's Corrected Motion for Discharge [D.E. 713] [ECF No. 728], which was resolved by Agreed Order [ECF No. 734];

- Real Time Resolutions, Inc.'s Objection to Debtor's Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose [ECF No. 731], which was withdrawn prior to the hearing [ECF No. 732]; and

- NLG, LLC's motion to reopen Chapter 11 case [ECF No. 757], and amended and expedited motion to reopen case [ECF No. 763].

_____

[1] For purposes of this Order, the term "Debtor" shall also mean the "Reorganized Debtor" pursuant to this Court's Order Confirming Plan of Reorganization [ECF No. 691] (the "Confirmation Order").

*CASE NO. 16-10389-BKC-AJC*

Having considered the record, including NLG's Objection and Opposition,[2] and finding that due and adequate notice has been given and no additional notice is required, the Court grants the Motion in part and herein enters the discharge of the Reorganized Debtor, and approves the Final Report. The Motion and Final Report demonstrate the Reorganized Debtor is entitled to to a discharge pursuant to 11 U.S.C. § 1141(d)(5). However, a Final Decree will not yet be issued and the case shall not be re-closed at this time.

**I.    11 U.S.C. § 1141(d)(5)(B) – authorizes issuance of discharge to individual debtor who has not completed all plan payments**

The Bankruptcy Code provides that an individual debtor's discharge shall not be entered by the Court until completion of all payments under the confirmed plan. *11 U.S.C. §1141(d)(5)(A)*. An exception exists, however, pursuant to 11 U.S.C. § 1141(d)(5)(B), if, *inter alia*, an individual debtor has made all plan payments to unsecured creditors. Section 1141(d)(5)(B) provides:

> (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if –
>
> (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
> (ii) modification of the plan under section 1127 is not practicable; and
> (iii) subparagraph (C) permits the court to grant a discharge.

---

[2] Although this Court previously determined that NLG is not a creditor and has no claim against the Reorganized Debtor [*see, Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX*, Adv. No. 16-1439-BKC-AJC-A, ECF No. 238], the Court has reviewed the Objection and Opposition and overrules same.

*CASE NO. 16-10389-BKC-AJC*

Subsection (C) of that same statue further states:

> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that –
> (i) section 522(q)(1) may be applicable to the debtor; and
> (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
> and if the requirements of subparagraph (A) or (B) are met.

11 U.S.C. § 1141(d)(5)(C).

Section 1141(d)(5) allows an individual debtor to seek a discharge after confirmation but before plan payments are completed as long as the debtor satisfies the requirements of 11 U.S.C. § 1141(d)(5)(B). *See, 11 U.S.C. § 1141(d)(5)*; *see also, In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) ("after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), completion of plan payments (rather than plan confirmation) discharges an individual debtor. In the alternative, an individual debtor may seek a discharge before completion of his plan payments, an early discharge, under either 11 U.S.C. § 1141(d)(5)(A) or (B).").

The Court finds that the Reorganized Debtor has complied with the provisions of 11 U.S.C. § 1141(b)(5)(B) so as to be entitled to an early discharge.[3] Exhibit "A" attached to both the Motion

---

[3] The Court notes that during the hearing, counsel for the United States Trustee concurred with the Debtor's position regarding her entitlement to entry of discharge upon payment to unsecured creditors:

> MS. ARMENGOL:
>
> … I can speak as to the procedural propriety of the Court awarding a discharge now. I concur with Mr. Pugatch -- and for the record, the code section is 1141(d)(5)(A) and (B) -- that if unsecured claims are paid, the

CASE NO. 16-10389-BKC-AJC

and Final Report demonstrates that the general unsecured creditors, whose claims were to be paid in the Plan, have been paid in full. As a result, the value of property [payments] distributed under the Fourth Amended [Chapter 11] Plan of Reorganization [ECF No. 563] (the "Fourth Amended Plan") on account of each unsecured claim is not less than the amount that would have been paid on such claim if the bankruptcy estate would have been liquidated under chapter 7. Therefore, the Reorganized Debtor has complied with 11 U.S.C. § 1141(b)(5)(B)(i). The Court takes judicial notice of Debtor's Monthly Operating Report (Individual) Corrected for the Period May 1, 2018 to May 31, 2018 [ECF No. 727] and Debtor's Monthly Operating Report (Individual) for the Period June 1, 2018 to June 30, 2018 [ECF No. 725] evidencing the total disbursements made pursuant to the Fourth Amended Plan and Confirmation Order. Moreover, the Court finds 11 U.S.C. § 1141(b)(5)(B)(ii) is not applicable as modification of the Fourth Amended Plan is not practicable under 11 U.S.C. § 1127.

## II.    The Fourth Amended Plan, the Confirmation Order and this Court's prior Orders provide additional bases to grant relief

The Fourth Amended Plan, together with the Confirmation Order and this Court's prior rulings provide additional authority for issuance of a discharge to the Reorganized Debtor prior to completion of payments under the Plan. The foregoing documents indicate that the Reorganized

---

individual debtor can receive a discharge.
Looking at the plan, Your Honor, the only other claims were secured. So even if she gets a discharge – Ms. Hazan gets a discharge and doesn't pay pursuant to the plan, they still have that security and that lien. And a priority claim with the IRS – and I'm not sure where that stands, but Your Honor, I believe that under 1141(d)(5)(B), Your Honor has the authority to grant the discharge at this time.

Transcript, August 9, 2018 Hearings [17:15-25, 18:1-4].

CASE NO. 16-10389-BKC-AJC

Debtor intended to seek the issuance of a discharge upon payments in full to unsecured creditors.

For instance, Article VIII of the Fourth Amended Plan, as confirmed by the Court, provides, in

pertinent part:

> (e) Upon the satisfaction of all payments required under the Plan to *unsecured creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to *unsecured creditors*.

See, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 30 of 31. [Emphasis added]. The

Court finds that the Reorganized Debtor complied with Article VIII(e) of the Fourth Amended

Plan by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the

Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, Article VIII of the Fourth Amended Plan, as confirmed by the Court, states, in

relevant part:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *unsecured creditors* have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

See, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 31 of 31. [Emphasis added]. The

Court finds that the Reorganized Debtor complied with Article VIII(f) of the Fourth Amended

Plan by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating

that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

*CASE NO. 16-10389-BKC-AJC*

On or about June 12, 2018, this Court entered its Confirmation Order which confirmed the Fourth Amended Plan and contemplated the issuance of a discharge to the Reorganized Debtor upon the completion of plan payments to unsecured creditors under the Plan. Specifically, paragraph 18(e) of the Confirmation Order states:

> (e) Upon the satisfaction of all payments required under the Plan to *Unsecured Creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all payments contemplated under the Plan to *Unsecured Creditors*.

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(e) of the Confirmation Order, by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, paragraph 18(f) of the Confirmation Order states:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *Unsecured Creditors* have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added]. The Court finds that the Reorganized Debtor complied with paragraph 18(f) of the Confirmation Order by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

*CASE NO. 16-10389-BKC-AJC*

On or about June 13, 2018, this Court entered its Agreed Order Granting Reorganized

Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After

Confirmation [ECF No. 692] (the "Agreed Order"). The Agreed Order provides, *inter alia*:

> Upon the re-opening of this bankruptcy case, the Reorganized
> Debtor shall promptly file a Final Report and Motion for Final
> Decree Closing Case on the Court-approved local form in effect at
> that time, which shall certify, that all payments required under the
> Plan to the ***unsecured creditors*** have been made. The Court may
> then grant the Reorganized Debtor a discharge, pursuant to 11
> U.S.C. § 1141(d)(5) if all other conditions are satisfied.

*See*, *Agreed Order* [ECF No. 692], page 2 of 3. [Emphasis added]. The Court finds that the

Reorganized Debtor complied with the Agreed Order by filing the Motion and Final Report, with

Exhibit "A" attached to both pleadings, indicating all payments were made by the Debtor to Class

12 unsecured creditors.

### III.   NLG's Objection and Opposition

NLG, LLC is the only entity objecting to the granting of a discharge in this case. NLG,

whose claim the Court disallowed, asserted that a discharge should not be granted at this time

because the Debtor has not yet paid Creditor JMB Urban Development Partners, LTD in full.  The

Court took the matter under advisement to consider the objection; and upon further consideration

and review of the record, the Court overrules the objection.

NLG argues that the Court may not enter a discharge order until the Reorganized Debtor

pays JMB in full. The Court disagrees. JMB is not affected by the relief sought and has not objected

to the Debtor receiving a general discharge. Pursuant to the settlement of the adversary proceeding,

in Adv No. 16-1188-BKC-AJC-A [ECF No. 21], the Reorganized Debtor and JMB agreed that

*CASE NO. 16-10389-BKC-AJC*

JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its *pro rata* share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. Likewise, the Reorganized Debtor and the Board of Managers of Spencer Condominium have agreed that Debtor's liability in the amount of $109,554.06 to the Board of Managers of Spencer Condominium would be non-dischargeable. Therefore, this Creditor has also agreed to the granting of Debtor's discharge.

Section 1141(5)(B) of the Bankruptcy Code provides for the granting of a discharge to a debtor who has not completed payments, if modification of a plan is not practicable and creditors have received value "not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7." *In re Belcher*, 410 B.R. 206, 215 (Bankr. W.D. Va. 2009) (explaining that "§ 1141(d)(5)(B) provides for early discharge in a manner similar to the 'hardship discharge' in chapter 13 cases under § 1328(b)."). In this case, all unsecured creditors were to be paid in accordance with the Plan, and those payments have been made in full. JMB and the Board of Managers of Spencer Condominium may pursue the remaining amounts of their respective non-dischargeable debts outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB or the Board of Managers of Spencer Condominium, the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

The entry of a non-dischargeable judgment, and the outstanding debt thereunder, does not prevent the early entry of an order of discharge, because a discharge in no way impacts the non-dischargeable debts. Unsecured creditors holding nondischargeable claims are entitled to collect the balance of their debts outside the plan. In *Newman v. United States (In re Newman)*, 399 B.R.

*CASE NO. 16-10389-BKC-AJC*

541, 548 (Bankr. M.D. Fla. 2008), the court held that a creditor holding a nondischargeable claim is not prevented from pursuing post-confirmation collection efforts outside of bankruptcy, regardless of whether such claim was provided for in the confirmed plan. A nondischargeable debt may remain after a debtor has emerged from bankruptcy.

Although the Court believed that, following the August 9, 2018 hearing, the Debtor had demonstrated compliance with the requirements of 11 U.S.C. § 1141(d)(5), the Court set another hearing for October 24, 2018 to address whether a discharge should be issued while the Reorganized Debtor's non-core tort claims remained pending in an adversary proceeding. [ECF No. 745]. At the October 24, 2018 hearing, the Reorganized Debtor announced she was withdrawing her non-core tort claims, thereby alleviating the Court's concerns. Adv. No. 16-1439-BKC-AJC-A [ECF No. 358].

For the foregoing reasons, the Court finds that the Reorganized Debtor has complied with 11 U.S.C. § 1141(d)(5)(B) by demonstrating her completion of all plan payments to general unsecured creditors under the Fourth Amended Plan and Confirmation Order and has otherwise complied with the requirements to receive a discharge. However, the Court will refrain from closing this case at this time as there remains pending the parties' motions for sanctions and for contempt, as well as several appeals. It is the policy of the Court to not close a case until all appeals are finally resolved and over. Therefore, it is

**ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 713] is **GRANTED IN PART,** and this bankruptcy case is **RE-OPENED** for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order.

*CASE NO. 16-10389-BKC-AJC*

2.   The Final Report is **APPROVED**.

3.   NLG, LLC's motion and amended motion to re-open Chapter 11 case [ECF Nos. 757 and 763] are **GRANTED IN PART** with respect to reopening this case, and not closing the case until the final disposition of all pending motions and appeals herein, but NLG, LLC's Opposition and Objection to the granting of the discharge are **DENIED** and **OVERRULED**.

4.   The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

5.   The discharge issued to the Reorganized Debtor does not discharge or otherwise affect the JMB non-dischargeable judgment.

6.   The discharge issued to the Reorganized Debtor does not discharge the Reorganized Debtor from her personal monetary liability in the amount of One Hundred Nine Thousand Five Hundred Fifty-Four and 06/100 Dollars ($109,554.06) to the Board of Managers of Spencer Condominium. The Reorganized Debtor has other non-monetary obligations under the Settlement Agreement with the Board of Managers of Spencer Condominium, as provided for in the treatment of Class 11 under the Fourth Amended Plan and the Confirmation Order, and such non-monetary obligations are not impacted by the discharge. The New York courts have exclusive

*CASE NO. 16-10389-BKC-AJC*

jurisdiction over the settlement between those parties.

7.  This case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing this case.

###

Submitted by:

Geoffrey S Aaronson, Esq
Aaronson Schantz Beiley P.A.
Florida Bar No. 349623
One Biscayne Tower, 34th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
Email gaaronson@aspalaw.com
*Attorney for Reorganized Debtor*

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*

# EXHIBIT 3

J3TT919C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

9197-5904 QUEBEC, INC.,

                  Plaintiff,

          v.                            19 CV 29 (DLC)

NLG, LLC,

                  Defendant.

------------------------------x
                                        New York, N.Y.
                                        March 29, 2019
                                        11:30 a.m.

Before:

                    HON. DENISE L. COTE,

                                        District Judge

                        APPEARANCES

LAW OFFICES OF J. HENRY NIERMAN
     Attorneys for Plaintiff
BY:  JOSEPH NIERMAN

ADR MIAMI LLC
     Attorneys for Defendant
BY:  JUAN RAMIREZ, JR.

CHRIS KOSACHUK, PRO SE

1          (Case called)

2          MR. NIERMAN:  Joseph Nierman, Law Offices of J. Henry

3     Nierman, for the plaintiff.

4          DEPUTY CLERK:  For the defendant.

5          MR. RAMIREZ:  Your Honor, Juan Ramirez, Jr. on behalf

6     of NLG, LLC, and also pro se -- who is a judgment creditor of

7     NLG, and with me is Chris Kosachuk, general manager of NLG and

8     also a pro se because he's also a judgment creditor of NLG.

9          THE COURT:  So thank you, Mr. Ramirez.  And of course

10    Mr. Kosachuk is absolutely welcome to attend, but I don't think

11    he is a party to this proceeding before me.

12         MR. RAMIREZ:  He should have been made a party because

13    he was a party to the state court action, but whatever the

14    Court's pleasure.  I think he should have been made a party.

15         MR. KOSACHUK:  Your Honor, if I may, I did join the

16    motion to remand as a party, so I am technically a party in

17    this case.

18         THE COURT:  Are you a lawyer, sir?

19         MR. KOSACHUK:  No, I am not, your Honor.

20         THE COURT:  Have you filed any notice of appearance in

21    this action?

22         MR. KOSACHUK:  I did not file a notice of appearance,

23    but I did file the motion to remand.  It's Docket Entry 6.

24    It's a joint motion to remand from NLG, LLC, Mr. Ramirez, and

25    myself.

J3TT919C

1          THE COURT:  Thank you.  I have the motion to remand,

2   Document 6, on our ECF docket, and Mr. Kosachuk is correct that

3   he is listed there as a pro se third-party creditor of NLG.

4          Okay.  So I don't think this changes anything about

5   this conference, but let me just say when there is a pro se

6   party in the litigation, it's important to me that they get

7   served all of the papers and are fully advised of all

8   proceedings and have an opportunity fully to participate, and I

9   don't believe that that's been done here.

10         Let me ask you, Mr. Nierman, have you served on

11  Mr. Kosachuk all of the papers that you filed with the Court?

12         MR. NIERMAN:  No, your Honor.

13         THE COURT:  Mr. Ramirez, have you served on

14  Mr. Kosachuk all the papers that you filed with this Court?

15         MR. RAMIREZ:  Yes, Judge.  And I've also forwarded

16  Mr. Nierman's papers to Mr. Kosachuk, so we're not complaining

17  about service.

18         THE COURT:  Thank you.

19         MR. NIERMAN:  If I may, your Honor.

20         THE COURT:  No.  So we're just going to go forward

21  with today's conference and address the merits.  If this should

22  continue before me, though, we're going to have proceedings and

23  make sure that every pro se litigant is served as required in

24  the action, but let's not delay reaching the merits of the many

25  issues before the Court today.

1      Let me begin with some structure in terms of the

2 background to this.  There was a removal to federal court from

3 the state court action and there's a motion to remand back to

4 state court.  There are many other motions before me, but that

5 is the fundamental argument of whether removal was proper and

6 whether remand is appropriate.

7      And the basic facts that apply to this are as follows,

8 as I understand them.  And counsel, listen carefully, because

9 if any of the dates or facts are wrong, I certainly want to

10 give you an opportunity to make sure that we straighten that

11 out.

12      There was a judgment of confession filed in New York

13 State Court in 2012 in the amount of $5 million against NLG,

14 LLC.  In 2014 NLG moved to vacate that judgment which was

15 entered against it, and on January 11, 2016, there was a

16 bankruptcy filed in Florida by a Ms. Hazan.  There's been some

17 litigation in Florida, bankruptcy proceedings about a

18 foreclosure on a Florida home.

19      On November 8, 2018, in New York State Court, there

20 was a hearing on the NLG motion to vacate the judgment entered

21 against it in New York Court.  On December 6, 2018, there was

22 an order of discharge entered by the bankruptcy court in

23 Florida extinguishing any stay with respect to the bankrupt

24 Ms. Hazan.  The New York State Court, in connection with a

25 hearing that occurred in early November, had set a briefing

J3TT919C

1    schedule, and the final memorandum in connection with that

2    motion to vacate was due to be served January 7 of this year.

3         Days before, on January 2nd of this year, there was a

4    removal of the state court action to federal court.  The

5    grounds for removal are identified as 1446 and 1452.  1446 only

6    gives defendants a right to remove.  In this case a plaintiff

7    removed, and so that clearly doesn't apply.

8         With respect to 1452, that removal is in connection

9    with bankruptcy proceedings, and it has an ability for either a

10   plaintiff or a defendant to remove.  But there are statutory

11   requirements with respect to such removal, and the parties have

12   addressed in their papers on this motion to remand whether or

13   not a 1452 removal was appropriate and whether I, of course,

14   should exercise my discretion in any event and remand this

15   proceeding.

16        So that is the timeline that I believe gives us the

17   structure for identifying the framework in which I'm going to

18   be addressing these motions.

19        I think there's just one other background piece of

20   information that would be helpful for the record.  The

21   plaintiff is an entity named Quebec, the assignee of his claim

22   is apparently Selective.  Selective has an associated person

23   who is Ms. Hazan's husband.

24        So with that background, I'll give you, Mr. Nierman,

25   an opportunity to be heard.

J3TT919C

1         MR. NIERMAN:  Thank you, your Honor.  First I would

2    like to begin by expressing my gratitude to the Court for

3    rescheduling this to accommodate my religious observance.

4         The Court has done an admirable job of trying to sort

5    through the different matters and litigations that have been

6    ongoing between these parties for the last seven years or so.

7    Unfortunately, it's a far richer history than what the Court

8    has laid out so far.

9         Chief Judge McMahon, on July 20, 2016, actually went

10   through the history and listed it, and several of the items

11   that the Court has mentioned were brought forth as to steps

12   that happened during the course of this litigation, a few of

13   the steps do not seem to have been mentioned by the Court, so I

14   would like to call them to the Court's attention right now.

15        Specifically, there was an assignment that happened,

16   and that was on -- there was an assignment on June 17, 2014.

17   There was also a satisfaction of the judgment that was filed on

18   September 4, 2015.  And as of the satisfaction of that

19   judgment, there was no longer any basis for New York courts in

20   the First Department to actually review the confession of

21   judgment, because under New York law, once a judgment is

22   satisfied, it's no longer subject for review.

23        On November 16, again the defendant sought to have

24   that judgment vacated.  And on December 21st, 2015, the Supreme

25   Court entered an order denying this application.  There was

J3TT919C

1    never any appeal that was made by the defendants from that.
2    This goes all the way back to 2015.

3              So as of 2015, there was nothing that was -- there was
4    a satisfied judgment, an application to vacate that judgment,
5    that was denied by the court.  And then the defendants did
6    nothing for years other than fight in Florida.  And they have
7    fought in Florida in bankruptcy court, they have fought in
8    Florida in the district court, they fought in Pennsylvania.
9    This case has been bought before twelve different judges,
10   because every time the defendants fail to get the decision that
11   they're looking for, they try a new angle in a different court
12   and hope that they're going to succeed and get someone to
13   overturn what a previous judge has already determined.

14             But the ultimate and underlying factor is this:  The
15   bankruptcy court under Judge Cristol asked the defendants,
16   including NLG, Mr. Kosachuk, Mr. Ramirez, whether they were
17   willing to subject themselves to the bankruptcy court and have
18   all of the different litigation matters that were brought
19   before the courts handled in one room and one setting and
20   everything could be determined, and they agreed.  They
21   consented to that.

22             There was then a three-day trial where all the parties
23   had all their opportunities to bring forth their evidence.  And
24   at the consummation of that three-day trial, Judge Cristol
25   spent months deliberating over everything that happened in that

J3TT919C

1    trial and came out with a decision in favor of Selective and

2    Hazan and saying that there was never -- there was no longer

3    any debt that is owed by Hazan to NLG and there's no basis for

4    the defendants to move any further.  That was afterward

5    confirmed.

6          The bankruptcy further retained jurisdiction over any

7    further litigation that would happen.  When the defendants came

8    to New York and tried bringing an application, Selective and

9    Hazan went to Florida and they said Judge Cristol, they're

10   trying to overturn your order, and Judge Cristol issued

11   sanctions against Mr. Kosachuk and Mr. Ramirez in the amount of

12   $9,500 because they were trying to overturn his ruling.  They

13   appealed the bankruptcy decision, and Justice Moreno and

14   Justice Lewis have said you lose on the appeal.  Judge Cristol,

15   his decision is accurate.

16         Now they come before this Court and try to circumvent

17   Judge Cristol and Judge Moreno and Judge Lewis, and they're

18   trying to say that this Court should overturn what Judge

19   Cristol has done.  There is no basis, respectfully, for the

20   Court to take that position.  They're looking for a third

21   appellate court.  This is the worst form of forum shopping I

22   have seen in my 20 years of practice.

23         THE COURT:  Counsel, be careful of what you say.

24         With respect to the arguments you're making, I have

25   looked at the December 28 order, 2018, specifically page 8

J3TT919C

1   where the Florida bankruptcy court indicates that it has no

2   jurisdiction over litigation between two third parties, and

3   referring to the New York State action and this appeal pending

4   before this Court.

5   MR. NIERMAN:  Yes, your Honor.  The following sentence

6   says the fact that Chris Kosachuk and Attorney Ramirez may have

7   admitted in affidavits filed in those cases that their true

8   purpose in seeking to avoid that New York judgment is to

9   enforce the reorganized debtors' alleged debts and to foreclose

10  a mortgage on their home is irrelevant and does not support a

11  finding of contempt.  Stating as much in an affidavit does not

12  make it so.  NLG, Kosachuk, Ramirez and Gatt are still not

13  entitled to foreclose.

14  The court ruled --

15  THE COURT:  I'm sorry, counsel, I don't think you need

16  to read further.

17  So my point is that the bankruptcy court takes the

18  position that it has no jurisdiction over either the New York

19  State case or this appeal.

20  MR. NIERMAN:  Respectfully, your Honor, the court

21  issued a contempt order because of the actions they brought

22  here in New York.

23  THE COURT:  Did you have anything else you wanted to

24  say, counsel, in opposition to the motion to remand?

25  MR. NIERMAN:  Yes.  The reason that this was brought

J3TT919C

1   forward now is because the defendants lost an appeal in

2   Florida, and they understand that an order is about to entered

3   which will be finally discharging and cutting their rights off

4   further.

5           And what we're asking the Court is to respect the

6   decision and the orders that have been entered by Judge

7   Cristol, by Judge Moreno, and to not try to further unscramble

8   the eggs.  There has been a reorganization plan that has been

9   put into effect.  There are untold creditors who have relied on

10  the decisions of Judge Cristol in order to negotiate that

11  reorganization plan should this Court decide to intervene and

12  say we're going to try and resurrect this judgment, which has

13  been dead for years.

14          THE COURT:  I'm not being asked to intervene in the

15  bankruptcy proceeding, I'm being asked to remand to New York

16  State Court a proceeding that will test whether or not the

17  judgment of confession should be vacated.  I'm not interfering

18  with any Florida bankruptcy.  That's not before me.

19          MR. NIERMAN:  But seeing as the bankruptcy court has

20  retained jurisdiction over all matters relating to this matter,

21  if the Court is going to make a decision today whether to send

22  it to bankruptcy court or back to New York, would it not be

23  most logical for us to keep everything in the same court, under

24  the same umbrella that it's already being handled?  And the

25  parties have already made very important decisions worth

J3TT919C

1    millions of dollars based on prior findings there.  In other

2    words, we were under an umbrella, and that umbrella was

3    consented to by Messrs. Ramirez and Kosachuk and by NLG and

4    Selective.

5              THE COURT:  Anything else, counsel?

6              MR. NIERMAN:  No, thank you.

7              THE COURT:  Mr. Ramirez?

8              MR. RAMIREZ:  Thank you, Judge.  I noticed that the

9    issue that I raised in my motion for remand has not been

10   addressed, which is the timeliness of that motion.  Under Rule

11   9027(a) it would be timely under order for relief, and they

12   alleged in their original notice of removal that that date was

13   December 7, 2018, which was the order granting discharge.

14   However, that order for relief is clearly defined in the

15   statute, which would have been Exhibit B of their own notice of

16   removal, and that date would be January 11, 2016, as the Court

17   already recognized.  So this was untimely.

18              In their response to our motion they seem to change to

19   now they want us to go under a stay, that the stay was in place

20   until it was terminated with the discharge.  There was no stay

21   affecting the case that they removed.  That case has been

22   pending, and there was litigation in Florida where the debtor

23   Hazan has nothing to do with Selective other than being married

24   to the owner of the company.  In our litigation, Selective and

25   NLG has never been the subject of the bankruptcy stay in

J3TT919C

1    Florida.  In fact, Ms. Hazan and Selective attempted to have

2    Judge Cristol stay this action here, and he refused, of course.

3          All the arguments you heard today, which don't respond

4    to my motion, were made before Judge Hagler and he rejected

5    them.  At the November 8 hearing he asked both Counsel Nierman

6    his co-counsel:  I've never ruled on the merits of the motion

7    to vacate, have I?  If you have an order, show it to me.

8          And of course they didn't show him any order because

9    he has never ruled on the merits of that.

10         He recited a lot of things that are wrong in what's

11   happened in Florida.  And I was the counsel in Florida so I

12   know it better.  All we have right now is a report and

13   recommendation from the magistrate, which is subject to de novo

14   review.  The appeal has not been decided as to the judgment in

15   the bankruptcy case.

16         But we're getting sidetracked, because all we have

17   here is a removal and a motion to remand.  And I don't think

18   you want to get into the merits of ten years of litigation

19   between the parties, but I want to point out, since you gave me

20   some history, that this whole thing stems from the judgment of

21   confession.  And if you look at the five pages that were used

22   to obtain that judgment, it is clear that Raymond Houle, who is

23   the president of 9197 Quebec, signed the affidavit on behalf of

24   NLG.  So he was acting for both the plaintiff and the

25   defendant.

1          THE COURT:  I think that goes to the merits, which is

2     before the state court.

3          MR. RAMIREZ:  But since he's sort of trying to poison

4     the well, I want to make sure that the Court understands that

5     we have had a motion to vacate pending since 2014.  We're going

6     to have somebody rule on that motion.  And he says he's got an

7     order denying it.  That's not the case.  No one has ruled on

8     it.  The bankruptcy judge didn't have jurisdiction to vacate a

9     judgment in New York, so obviously he just gave it full faith

10    and credit.  We have not had a ruling.  And all we want to do

11    is take it back to Justice Hagler and have him rule on a

12    pending motion.  It looked like he was about to rule on that

13    when they filed this totally untimely notice of removal.

14         THE COURT:  Thank you.

15         So Mr. Kosachuk, is there anything that you want to

16    add briefly?  There's no need for you to add anything.

17         MR. KOSACHUK:  If the Court sees there's no need, I

18    would like to address one tiny point, which is Mr. Nierman

19    continues to drag me individually into these litigations, and I

20    was never a party to the adversary proceeding or any of the

21    bankruptcy individually.  NLG is the largest creditor in that

22    bankruptcy down in Florida.  So I just want to make it clear

23    for the Court, part of the reason I'm here individually is they

24    kind of keep trying to confuse me with NLG, and NLG is a

25    separate entity from me individually.

J3TT919C

1        And I think the Court addressed the key point very
2   simply, which is you can't confer jurisdiction, subject matter
3   jurisdiction, to the bankruptcy court.  It either has it or it
4   doesn't.  In this case, the Court correctly identified it
5   doesn't, it's confirming Judge Cristol's December 28 order
6   where he says he doesn't have jurisdiction.
7        All this is is a shameless attempt by Counsel Nierman
8   on behalf of his client to avoid the adjudication on the merits
9   of this sham $5 million judgment by confession, which I will
10  tell the Court is a fraud.  It is a fraud on the Court of $5
11  million.  And if anything, I would ask this Court to consider
12  vacating that judgment by confession right here to stop the
13  fraud, because I think it's egregious that Counsel Nierman
14  would come in here and try to act like a judgment by
15  confession, this particular judgment by confession for $5
16  dollars, which is entered on a tort claim, and the case law
17  going back to 1873 says you cannot enter a judgment by
18  confession on a tort, the statute, which is CPLR 3218 also says
19  that --
20        THE COURT:  I'm sorry, Mr. Kosachuk, we don't need to
21  get into the merits.
22        MR. KOSACHUK:  Thank you, your Honor.
23        MR. NIERMAN:  May I respond?
24        THE COURT:  Just very briefly.
25        MR. NIERMAN:  Yes.  While the defendants have been

1    claiming that there's no basis for jurisdiction, Judge Cristol

2    specifically cautioned Mr. Kosachuk and Mr. Ramirez not to take

3    any further steps in contravention of the final judgment order

4    or the confirmation order.  And that is why I am urging this

5    Court not to allow them to proceed in that manner.  There is

6    not a single time I have tried to drag Mr. Kosachuk anywhere.

7    Everywhere in my papers I have been addressing NLG.  Not once

8    have I ever named Mr. Kosachuk in any of my papers.

9            THE COURT:  Thank you.

10           MR. NIERMAN:  So I'm not sure where defendants are

11   coming from.

12           THE COURT:  Thank you.  So I have a motion for remand.

13   I have already indicated that one of the two grounds for

14   removal doesn't apply, and under Section 1446 only defendants

15   can remove under that section.

16           So that takes us to Section 1452.  And as NLG and

17   Mr. Kosachuk pointed out today, Mr. Nierman has not responded

18   to their principal argument that the removal was untimely under

19   Section 1452.

20           MR. NIERMAN:  Respectfully, your Honor, 30 seconds

21   more, your Honor.

22           If the Court wants the plaintiff to defend its basis

23   for bringing -- for removing, in that case I ask the Court to

24   give us a couple of days to brief that, to brief those issues.

25   This motion was just filed this week.  I'm asking the Court, if

1    this issue about whether we have a right to come here on the

2    1452 is the penultimate issue that this Court is deciding, at

3    the very least I respectfully urge the Court to give the

4    plaintiff a chance to defend itself by briefing that and

5    providing case law in order to support its position that we had

6    a right to remove from state court to federal court.

7            MR. RAMIREZ:  May I respond, Judge?

8            THE COURT:  No.

9            On January 25th the plaintiff filed a memorandum of

10   law in opposition to the motion to remand.  This was scheduled

11   in order to address the pending motions.  So the plaintiff has

12   had an opportunity not only to address the motion to remand on

13   paper, which it did, but also now to argue in open court.  So

14   your application for further delay is denied.

15           So returning to what I was explaining, under Federal

16   Rule of Bankruptcy Procedure 9027(a), 90 days after the order

17   for relief, a notice of removal may be filed.  And, of course,

18   I'm just summarizing there.  What does an order for relief

19   refer to?  11, USC, Section 301(a) indicates that the

20   commencement of a voluntary case under Title 11 constitutes an

21   order for relief.  This is confirmed by the Second Circuit

22   decision in *Bell*, 225 F.3d, 209.

23           Going back to the chronology, therefore, the

24   commencement of the voluntary bankruptcy proceeding was

25   January 11, 2016.  At that time the motion to vacate the

1    judgment had been pending in state court for over a year. It

2    was filed in 2014. Therefore, the 90-day period for removal

3    ran in the spring of 2016, basically April 11, 2016, or roughly

4    on that date. So the removal pursuant to 1452 is untimely.

5            There is a second reason that remand is appropriate.

6    It's far from clear that the remand is supported on the ground

7    that the New York State action is related to the bankruptcy in

8    Florida. The debtor is not a party to the New York State

9    action. And the bankruptcy court, as I have indicated from the

10   December 28, 2018 transcript at page 8, views it as an

11   unrelated proceeding. But even if it could possibly be deemed

12   a related proceeding, and even if it could possibly be deemed

13   to be a timely filed order of removal, I would exercise my

14   discretion to remand the case under Title 18, United States

15   Code, Section 1452.

16           This removal was made in bad faith in order to avoid a

17   decision by a state court on the long-pending motion to vacate

18   a confession of judgment. As I mentioned before, the removal

19   came on January 2nd when the final memorandum was due January 7

20   and after there had been a court proceeding in November. There

21   would be no negative impact apparent from this record on the

22   administration of the bankruptcy estate in order to allow the

23   New York State Court to address on the merits the motion to

24   vacate the judgment. To the contrary, it may very well assist

25   the Florida bankruptcy proceedings to have clarity with respect

J3TT919C

1    to whether that judgment, confession of judgment, should be

2    enforced or should be vacated.

3          Certainly the New York State Court is the forum in the

4    best position to address the motion to vacate the confession of

5    judgment.  It's familiar with not only the procedural history

6    underlying the motion to vacate, but it also is most familiar

7    with the New York State laws that must be interpreted to

8    address the motion to vacate.

9          And the defendant would be severely prejudiced if I

10   did not remand this action.  The judgment is in the amount of

11   $5 million, a very significant sum of money.  It appears as

12   well that the existence of that judgment may be an impediment

13   to the defendant's rights with respect to foreclosure actions

14   in Florida and otherwise dealing with Florida assets.  So it is

15   incumbent upon the defendant to have clarity as to whether or

16   not the $5 million judgment is an enforceable judgment.

17         I want to add that there is no right to appeal my

18   decision remanding this action, and specifically Section 1452

19   indicates there is no right of appeal.  So I plan to enter an

20   order today remanding the action, and so the state court should

21   have full authority immediately to address the motion to

22   vacate.

23         Now plaintiff's counsel has engaged in substantial

24   litigation misconduct before me.  It's filed reams of paper,

25   over 800 pages, that were disorganized, quite a burden to this

J3TT919C

1    Court and a burden, no doubt, to the adversary.  It's an

2    untimely removal.  It was made for tactical reasons that I have

3    already described.  It's trying to interfere with state court

4    proceedings and places an additional burden on the New York

5    State courts.  Yesterday's letter misrepresented the

6    defendant's position on the adjournment of this conference.  I

7    won't address whether it also misrepresented the plaintiff's

8    position.  I leave that as an open question.

9              So Mr. Nierman, I want no more proceedings in federal

10   court trying unlawfully to interfere with New York State

11   proceedings.  Thank you.

12                              o0o

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 4

EX PARTE MOTION OFFICE

APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

FILED
AND FEE PAID
APR 03 2019
COUNTY CLERK'S OFFICE
NEW YORK

PRESENT: Hon. Shlomo Hagler

_____

9197-5904 QUEBEC, INC.,

                        Plaintiff,

- against -

NLG, LLC, a Delaware Limited Liability Company

                        Defendant

At an IAS Part 17 of the
SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF NEW YORK at the
Courthouse, Room 335 , 60 Centre
Street, New York, NY on the 3rd
day of April 2019

MS# 015

Index No.: 101875/2012

**ORDER TO SHOW CAUSE TO
RESTRAIN THE
ENFORCEMENT OF THIS VOID
JUDGMENT BY CONFESSION
NUNC PRO TUNC TO DATE OF
ENTRY**

      Upon reading and filing the affidavits of Chris Kosachuk, third party creditor of

NLG, LLC, sworn to on April 3, 2019, with exhibits annexed thereto, and upon all of the

pleadings and proceedings heretofore had herein:

      **Let** Plaintiff or its attorneys a p p e a r a n d show cause before this Court at IAS Part

17, to be held in and for the County of New York, at the Courthouse, 60 Centre St., Room

335, New York, New York, on the 15th day of April, 2019 at 2:15 P.M., or as soon

thereafter as counsel may be heard, why a Final Order seeking the following relief should not

be entered;

      **1:** Permanently enjoining the enforcement of this satisfied and Void Judgment by

Confession *nunc pro tunc* to date of entry of February 22, 2012;

**Scanned with CamScanner**

Pending hearing ~~and a final adjudication~~ on the merits of the Motions to

Vacate the satisfied ~~and Void~~ Judgment by Confession;

**IT IS HEREBY:**

ORDERED that the enforcement of this satisfied ~~and Void~~ Judgment by Confession is

hereby restrained ~~nunc pro tunc to date of entry of February 22, 2012.~~ *w/o prejudice to any other proceedings*

ORDERED that any action taken to enforce of this satisfied and Void Judgment by

Confession post satisfaction, which satisfaction was filed on or about September 4, 2015, is

hereby declared null and void *nunc pro tunc* to the date of the satisfaction, September 4, 2015.

ORDERED, that let service of a copy of this Order and the papers on which it is

based by email service upon counsel for the plaintiff, on or before the 4th day of April,

2019, be deemed good and sufficient service.

ORDERED, that any opposition to this Motion shall be served by email on or before

the 11th day of April, 2019.

Oral Argument
Directed

JSC

ENTERED:

J.S.C SHLOMO HAGLER J.S.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                   Chapter 11

       Debtor,

_____/

### NLG, LLC, JUAN RAMIREZ, JR, ASTRID E. GABBE AND CHRIS KOSACHUK'S VERIFIED MOTION FOR NEW HEARING PURSUANT TO FRBP 9023 AND FED. R. CIV. P. 59

NLG, LLC, through undersigned counsel, Juan Ramirez, Jr., *pro se,* Astrid E. Gabbe, *pro se,* and Chris Kosachuk, *pro se,* ("Petitioners") file this Verified Motion for New Hearing pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 59. Petitioners respectfully states:

1.      On April 9, 2019, at 3:00 pm the Court conducted a hearing on Debtor' Hazan's Motion for Contempt, ECF No. 836.

2.      Counsel Ramirez and Counsel Langley appeared in person.

3.      Mr. Kosachuk appeared at the hearing via the Court Call service.  Unfortunately, there were technical difficulties which prevented Mr. Kosachuk from hearing what was being said at the hearing by the parties present in the court room.

4.      Because Mr. Kosachuk was unable to hear the arguments of counsel present in the courtroom, he was unable to respond accordingly and unable to make a proper and responsive oral argument.

5.      Mr. Kosachuk advised the Court at the beginning of the hearing that he was having trouble hearing everyone in the Court room and asked if they could speak loudly.  The Court acknowledged that it had been having difficulties with the Court Call service all day.

Motion for New Hearing
Case No. 16-10389-AJC
Page 2 of 7

6.    Mr. Kosachuk advised the court on multiple occasions throughout the hearing that he could not hear the proceedings and that he had nothing to say because he could not hear.

7.    Mr. Kosachuk asked the Court to allow him to order the transcript so that he could review what was said at the hearing before submitting a proposed order on the matter, which has been the standard practice for this Court when ruling on contested matters.

8.    Instead of allowing time to order the transcript, review and submit a proposed order, the Court summarily ruled from the bench and sanctioned Ms. Gabbe and Mr. Kosachuk $100,000.  This Court has never ruled from the bench in this bankruptcy proceeding on a matter of such importance.

9.    Petitioners motion this Court for a new hearing so that Mr. Kosachuk can attend in person, instead of relying on Court Call, and ask that this Court hold off on entering any sanctions award until a complete and proper hearing is held.

10.    The Court already has a hearing set for May 2, 2019 at 3:00 pm. [*See* ECF No. 829 and 838].  Petitioners would ask this Court to conduct a new hearing on May 2, 2019 on the matter heard on April 9, 2019.

11.    Counsel Ramirez has already filed a dismissal of the counterclaim and cross claim and a release of the lis pendens; all drafted by the Debtor's attorneys, which are attached hereto as Exhibit 1.

**WHEREFORE**, for the reasons set forth above, Petitioners respectfully requests that the Court grant Petitioner's Verified Motion for New Hearing pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 59, hold off on entering any sanctions order against any Petitioner and such other relief the Court deems proper.

April 9, 2019.

Motion for New Hearing
Case No. 16-10389-AJC
Page 3 of 7

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the

Southern District of Florida and I am in compliance with the additional qualifications to practice

in this court set forth in Local Rules 2090-1(A).

Respectfully submitted,

**Attorneys for NLG, LLC**

Juan Ramirez, Jr.
Retired Chief Judge, District Court of Appeal
Florida Bar No. 201952
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609
jr@adrmiami.com

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

Chris Kosachuk
Pro Se Petitioner
854 Pheasant Run Road
West Chester, PA 19382
Tel. 305-490-5700
chriskosachuk@gmail.com

Astrid E. Gabbe
Pro Se Petitioner
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

Motion for New Hearing
Case No. 16-10389-AJC
Page 4 of 7

## <u>VERIFICATION</u>

      Pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoig Verified Motion For New Hearing and that the facts are true, correct and based on my personal knowledge.

*/S/ Chris Kosachuk*

Chris Kosachuk

Motion for New Hearing
Case No. 16-10389-AJC
Page 5 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email or U.S. Mail to the parties on the attached service list as indicated on this 9th day of April 2019.

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

## SERVICE LIST

### Via Email and ECF

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A.
gaaronson@aspalaw.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A.
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.

Motion for New Hearing
Case No. 16-10389-AJC
Page 6 of 7

rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

David W. Langley on behalf of Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Motion for New Hearing
Case No. 16-10389-AJC
Page 7 of 7


Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
azaron@leoncosgrove.com, jgomez@leoncosgrove.com


Juan Ramirez, Jr.. Esq. on behalf of Secured Creditor, NLG, LLC

jr@adrmiami.com

# EXHIBIT 1

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

## CASE NO.: 2013-25902 CA 01

JP Morgan Bank, NA

      Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan; NLG,
LLC, 6913 Valencia, LLC; Western National Life
Insurance Company f/k/a AIG Annuity Insurance
Company; Fisher Island Community Association,
Inc.; Valencia Estates Homeowners' Association,
Inc.; Unknown Parties in Possession #1, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants.

      Defendants.

_____/

## NLG, LLC SECOND CORRECTED NOTICE OF DISMISSAL WITHOUT PREJUDICE OF CROSSCLAIM AND DISMISSAL OF COUNTERCLAIM

Defendant, Counterclaimant and Crossclaimant NLG, LLC ("NLG") through undersigned

counsel, hereby files this Second Corrected Notice of Dismissal without prejudice of Crossclaim

and Counterclaim in the above matter.

Date: April 9, 2019

Respectfully submitted,

ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
Tel: (305) 667-6609
Fax: (800) 380-4155


By: ___/s/ *Juan Ramirez, Jr.* ____
     **Juan Ramirez, Jr.**
     Florida Bar No. 201952
     jr@adrmiami.com


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 9th day of April, 2019, on all counsel or parties of record on the Service List below.

          By: ___/s/ *Juan Ramirez, Jr.* ____
          Attorney for Defendant/Counterclaimant, NLG


## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase, NA*
roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

Roger Slade, Esq.
*Attorney for Defendant Valencia
Estates Homeowners' Association, Inc.*
rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
NLG, LLC's Notice of Withdrawal of Crossclaim
*Estates Homeowners' Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island Community*
*Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.com

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com, monica@flalawyer.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION**

**CASE NO.: 2013-25902 CA 01**

JP Morgan Bank, NA

      Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan; NLG,
LLC, 6913 Valencia, LLC; Western National Life
Insurance Company f/k/a AIG Annuity Insurance
Company; Fisher Island Community Association,
Inc.; Valencia Estates Homeowners' Association,
Inc.; Unknown Parties in Possession #1, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants.

      Defendants.

_____/

## NLG, LLC' S RELEASE OF LIS PENDENS

    Defendant / Cross-claimant, Counterclaimant NLG, LLC hereby releases, discharges and

dissolves the Lis Pendens filed in this action and recorded in the public records of the Miami-Dade

County Clerk of Courts on August 9, 2018 at Book 31094 and Pages 3318-3319 CFN

2018R0483358, Public Records of Miami-Dade County, Florida, with prejudice.

Defendant / Cross-claimant, Counterclaimant NLG, LLC hereby releases the real property that

is the subject of this action described as follows in Miami-Dade County, Florida:

Lot 7, Block 2, LINDISFARNE OF FISHER ISLAND SECTION 10, according
to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public
Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, Florida 33109

Date:   April 9, 2019

Respectfully submitted,

ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

By: ___/s/ Juan Ramirez, Jr. ___
**Juan Ramirez, Jr.**
Attorney for Defendant/Crossclaimant, Counter-
claimant NLG, LLC
Florida Bar No. 201952
jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email

on this  9th  day of April 2019, on all counsel or parties of record on the Service List

below.

By: ___/s/ Juan Ramirez, Jr. ___
Attorney for Defendant/Crossclaimant, Counter-
claimant NLG, LLC

## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase, NA*
roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

Roger Slade, Esq.
*Attorney for Defendant Valencia
Estates Homeowners' Association, Inc.*
rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
NLG, LLC's Notice of Withdrawal of Crossclaim
*Estates Homeowners' Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island Community
Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.com

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com, monica@flalawyer.com

Aaron Brownell
*Attorney for Plaintiff JP Morgan Chase Bank, NA*
León Cosgrove LLP
255 Alhambra Circle – Suite 800
Coral Gables, FL 33134
D 305.570.3240 | M 305.740.1975
abrownell@leoncosgrove.com

Andrew Zaron
*Attorney for Plaintiff JP Morgan Chase Bank, NA*
León Cosgrove LLP

255 Alhambra Circle – Suite 800
Coral Gables, FL  33134
D Telephone 305.740.1992
azaron@leoncosgrove.com

Case 1:22-cv-20485-BB Document 36-7 Entered on FLSD Docket 06/16/2022   Page 126 of 382

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

### CASE NO.: 2013-25902 CA 01

JP Morgan Bank, NA

     Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan; NLG,
LLC, 6913 Valencia, LLC; Western National Life
Insurance Company f/k/a AIG Annuity Insurance
Company; Fisher Island Community Association,
Inc.; Valencia Estates Homeowners' Association,
Inc.; Unknown Parties in Possession #1, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants.

     Defendants.

_____/

## NLG, LLC' S RELEASE OF LIS PENDENS

     Defendant / Cross-claimant, Counterclaimant NLG, LLC hereby releases, discharges and

dissolves the Lis Pendens filed in this action and recorded in the public records of the Miami-Dade

County Clerk of Courts on December 31, 2018 at Book 31272 and Pages 3122-3123 CFN

2018R0783632, Public Records of Miami-Dade County, Florida, with prejudice.

Defendant / Cross-claimant, Counterclaimant NLG, LLC hereby releases the real property that is the subject of this action described as follows in Miami-Dade County, Florida:

Lot 7, Block 2, LINDISFARNE OF FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, Florida 33109

Date:   April 9, 2019

Respectfully submitted,

ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

By: ___/s/ Juan Ramirez, Jr. ___
**Juan Ramirez, Jr.**
Attorney for Defendant/Crossclaimant,
Counterclaimant NLG, LLC
Florida Bar No. 201952
jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this _9th_ day of April 2019, on all counsel or parties of record on the Service List below.

By: ___/s/ Juan Ramirez, Jr. ___
Attorney for Defendant/Crossclaimant,
Counterclaimant NLG, LLC

## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase, NA*
roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

Roger Slade, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association, Inc.*
rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
NLG, LLC's Notice of Withdrawal of Crossclaim
*Estates Homeowners' Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island Community*
*Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.com

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com, monica@flalawyer.com

Aaron Brownell
*Attorney for Plaintiff JP Morgan Chase Bank, NA*
León Cosgrove LLP
255 Alhambra Circle – Suite 800
Coral Gables, FL 33134
D 305.570.3240 | M 305.740.1975
abrownell@leoncosgrove.com

Andrew Zaron
*Attorney for Plaintiff JP Morgan Chase Bank, NA*
León Cosgrove LLP
255 Alhambra Circle – Suite 800
Coral Gables, FL 33134

D Telephone 305.740.1992
azaron@leoncosgrove.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                          Case No: 16-10389 AJC

LIZA HAZAN                                       Chapter 11

_____Debtor._____/

## DEBTOR'S RESPONSE IN OPPOSITION TO NLG, LLC, JUAN RAMIREZ, CHRIS KOSACHUK AND ASTRID GABBE'S MOTION FOR NEW HEARING [D.E. 852],

Debtor, Liza Hazan, responds to NLG, LLC's (NLG) et al's Motion for New Hearing (D.E. 852), and respectfully represents:

1.     The basis for the above motion is Mr. Kosachuk's claim that he did not hear all of the conversation in the Courtroom while attending the hearing by CourtCall.

2.     The motion is without merit, as it was Mr. Kosachuk's choice to attend by CourtCall, a convenience offered through the Court but not a substitute for attendance in person, particularly in a matter of substance, such as the hearing in question.

3.     It was also his choice not to have either of NLG's attorneys appear on his behalf. Mr. Ramirez announced his appearance in the courtroom on behalf of NLG and himself.

4.     Since Mr. Ramirez appeared in person on behalf of NLG and on his own behalf, there is no basis for either Ramirez or NLG to request a new hearing.

5.     Ms. Gabbe chose not to appear, so likewise there is no basis for Ms. Gabbe to seek rehearing.

6.     The sanctions awarded against Mr. Kosachuk were for violations of the discharge injunction and the Final Judgment in cases where Ms. Gabbe represented him.   It was his choice not to have her appear at the subject hearing on his behalf.

7.      Further, the Court's website states the conditions on which a party may appear through CourtCall.   The Judge's instructions contain the following disclaimer:

> If there is an equipment failure for any reason, the Judge will continue with the hearing without participation of counsel or the party appearing telephonically. Persons appearing by phone *assume the risk* of prejudice that may result from not being present in person and possibly unable to therefore advance the party's points in favor of, or in opposition to, the relief requested. (emphasis supplied).

8.      A party is not guaranteed a perfect phone connection by CourtCall and any difficulties experienced are not a proper basis for a request for a new hearing.

9.      Finally, the Debtor believes that the Motion for New Hearing was prepared and filed by Mr. Kosachuk, from his home, and not by counsel as represented.   The Debtor respectfully requests the Court inquire whether the subject Motion for New Hearing was filed by counsel, or filed by Mr. Kosachuk from his home, and if so, that the Court take appropriate action.

WHEREFORE, the debtor respectfully requests the Court deny NLG et al's Motion for New Hearing (D.E. 852), and make inquiry as to the filing of the Motion, and grant such other and further relief as is proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); andthat a true copy of the above document was filed electronically and served via CM/ECF and by mail to attached service list to all parties of interest on this 10th day of April, 2019.

DAVID W. LANGLEY
**Attorney for Debtor**
8551 W. Sunrise Blvd., Ste 303
Plantation, Florida 33322
Telephone:     954-356-0450
Facsimile:     954-356-0451
E-mail: dave@flalawyer.com
By: ____/s/ David W. Langley_____
          David W. Langley, Esq.
          Florida Bar Number 348279

## **SERVICE LIST**

16-10389-AJC Notice will be electronically mailed to:

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A.
gaaronson@aspalaw.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A.
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Michael A Friedman on behalf of Attorney Michael Friedman
mfriedman@gjb-law.com, gjbecf@gjb-law.com;jsardina@gjb-law.com

Michael A Friedman on behalf of NLG, LLC
mfriedman@gjb-law.com, gjbecf@gjb-law.com;jsardina@gjb-law.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

David W. Langley on behalf of Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Selective Advisors Group, LLC
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

James B Miller on behalf of NLG, LLC
bkcmiami@gmail.com

James B Miller on behalf of NLG, LLC
bkcmiami@gmail.com

James B Miller on behalf of NLG, LLC
bkcmiami@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

Steven G. Powrozek, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
spowrozek@logs.com, electronicbankruptcynotices@logs.com

Michael W Simon on behalf of Creditor S&S Collections, Inc.
kkorey@simonsigalos.com, dgasser@simonsigalos.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
azaron@leoncosgrove.com, jgomez@leoncosgrove.com

16-10389-AJC Notice will be emailed to:

Astrid Gabbe on behalf of NLG, LLC
astridgabbe@gmail.com
astridgabbe@aol.com

Juan Ramirez, Esq., Jr., Diaz, Reus, Targ, LLP,
jramirez@diazreus.com, jr@adrmiami.com



**ORDERED in the Southern District of Florida on April 12, 2019.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                    CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

      Debtor.

_____/

## ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS AND SETTING FURTHER HEARING

      THIS CAUSE came before the Court for hearing on April 9, 2019 upon the _Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe_ (ECF 836) and upon _NLG, LLG's [sic] Opposition Response to Debtor's Expedited Motion for Contempt and to Impose Sanctions [ECF No. 836]_ (ECF 851). At the hearing, Debtor was represented by Attorney David Langley, Attorney Juan Ramirez appeared on behalf of himself and NLG and Christopher Kosachuk appeared via

Courtcall on behalf of himself. The Court heard no proffers or representations by or on behalf of Astrid Gabbe, Esq. who has not once appeared before this Court. During the course of these proceedings, Attorney Gabbe has filed motions and pleadings that were prosecuted or defended by Attorney Ramirez. However, the matters before the Court involve filings by Attorney Gabbe and Mr. Kosachuk that violate the discharge injunction and Orders of the Court entered in this case, and they were not defended by Attorney Ramirez.

**1.        Sanctions Against Astrid Gabbe, Esq. And Chris Kosachuk**

The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc*., Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court

pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on *March 24, 2015***, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge

injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

## 2. **Sanctions Against Juan Ramirez, Esq. And NLG, LLC**

In the Court's prior Contempt Order, the Court sanctioned Attorney Ramirez and NLG for filing a crossclaim against the Debtor in a pending state court foreclosure case. During the course of these proceedings, the Court determined that NLG's claim was satisfied, and neither NLG nor Kosachuk had a claim against the Debtor in this case. Accordingly, the Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." (ECF 780 at 7). The Court found NLG and its counsel violated the Confirmation Order by filing the crossclaim against Hazan in the foreclosure proceeding and ordered NLG's crossclaim be dismissed, which the Court presumed would dissolve the *lis pendens* recorded. (ECF 780 at 9).

Ramirez and NLG filed a notice of withdrawal of the crossclaim. However, at a hearing on a second motion for contempt, Debtor's counsel advised that the withdrawal did not result in dissolution of the *lis pendens*. The Court declined to impose additional sanctions on NLG and

Ramirez for this conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan.  Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court found no grounds for contempt. (ECF 823).

In the Motion now before the Court, the Debtor argues that Ramirez's and NLG's promises were empty. Despite Hazan's counsel having reached out to Ramirez to resolve this issue, Hazan asserts Ramirez has refused to cooperate by signing the necessary documents to effect the dissolution of the *lis pendens*. To the contrary, Ramirez argues he is still willing to sign what he said he would sign, but the problem with Debtor's counsel's proposals is that the Debtor included dismissal of the counterclaim, which was not contemplated by the Court's Order.

The Court has reviewed its prior Contempt Order and finds it did not require the dismissal of the counterclaim and therefore Attorney Ramirez's refusal to sign the document(s) proposed by Debtor's counsel is justified and excused. Attorney Ramirez, and NLG, will not be further sanctioned for failing to sign proposed documents to dissolve the *lis pendens*.  However, notwithstanding the parties' misunderstandings, the *lis pendens* must be dissolved.  Accordingly, the Court directs and orders that all *lis pendens* filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the property.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1.  Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

2.  Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.

2.  Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

3.  All *lis pendens* filed by Juan Ramirez Esq. on behalf of NLG, LLC against Liza Hazan and property belonging to Liza Hazan in the pending state court foreclosure case shall be dismissed, dissolved and released within 48 hours of entry of this Order, or the Court will fine Attorney Ramirez and NLG $1,000 a day, jointly and severally, for each day that a *lis pendens* remains on the Debtor's property.

5.  The Court will defer the imposition of additional sanctions in this Order, pending a hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59*, which was filed after the

hearing on Debtor's Expedited Motion for Contempt and Sanctions.

6.     A hearing on *NLG, LLC, Juan Ramirez Esq., Astrid Gabbe, Esq and Chris Kosachuk's Verified Motion for New Hearing Pursuant to FRBP 9023 and Fed.R.Civ.P. 59* is scheduled for May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL.  **<u>NO PARTY IS PERMITTED TO ATTEND THIS HEARING TELEPHONICALLY.</u>**

###

Copies furnished to:

Debtor
David Langley, Esq.
Daniel Bushell, Esq.
Juan Ramirez, Esq.
Astrid Gabbe, Esq.
Chris Kosachuk
NLG, LLC
AUST

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION
### www.flsb.uscourts.gov

In re:

LIZA HAZAN,                                    CASE NO.:  16-10389-AJC

      Debtor.                                CHAPTER 11

_____/

## REORGANIZED DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE

Reorganized Debtor, Liza Hazan, through counsel, moves for an Order to Show Cause directed to attorney Astrid Gabbe, counsel for NLG, LLC, and says:

1.      Astrid Gabbe entered an appearance in this case and in the Adversary Proceeding, Case No. 16-1439-AJC, on May 5, 2017.

2.      Since appearing in this case Ms. Gabbe has been disruptive and combative and has ignored the rulings of this Court and has abused the system, most recently resulting in sanctions against her.  However, she has not once appeared in court in the main case or the adversary and until recently had not spoken with any of the other parties' attorneys.

## IMPROPER GHOST WRITING

3.      The Debtor has obtained copies of pleadings filed pro se by NLG's claimed representative, Chris Kosachuk, in other proceedings and noticed a similarity in the filings to those filed under the name of Ms. Gabbe.

4.      On April 9, 2019, the parties appeared before the Court on the Debtor's Motion for Sanctions, including a request for sanctions against Ms. Gabbe. Counsel thought it strange that Ms. Gabbe did not attend nor did anyone speak for her.

5.      The undersigned also emailed both Juan Ramirez and Astrid Gabbe following the hearing.  When Ms. Gabbe did not respond in any way the undersigned called her office number and left a message inquiring as to whether he had the correct email address.

6.      When Ms. Gabbe called back she asked who the undersigned was and who he represented.  She appeared to have no idea of what had happened at the hearing the previous day and was shocked to learn that sanctions had been entered against her.  This was despite the filing of a Motion for New Hearing filed under her name the previous evening.  She was also not aware of the amount of sanctions the Court had indicated despite the fact that that amount was referenced in the Motion for New Hearing.

7.      It appears to the Debtor that Ms. Gabbe may be allowing Mr. Kosachuk to file pleadings himself using her CM/ECF sign on information.  The Motion for New hearing was filed at 9:10 pm, apparently by Mr. Kosachuk from his home in Pennsylvania.

8.      Is so, then Ms. Gabbe has violated Federal Rule 11 and Bankruptcy Rule 9011 as well as the Florida Code of Professional Conduct, and Mr. Kosachuk is representing NLG without a law license, a criminal violation.

## **MEMORANDUM OF LAW**

9.      "Ghost writing is violative of Court rules, particularly Rule 11, Fed.R.Civ.P. and ABA Standing Committee Opinion 1414 (1978) in Ethics and Professional Responsibility. *In re Ellingson*, 230 B.R. 426 (Bankr. Mont., 1999), citing *In re Ellingson*, 230 B.R. 426 (Bankr. Mont., 1999), *Johnson v. Bd. of County Commissioners for the County of Fremont*, 868 F.Supp. 1226, 1231-32 (D.Colo.1994).

10.      When one person, by his activities, upsets the normal procedure of the Court so as to interfere with the causes of other litigants, it is appropriate to exercise restraint upon that person. *Emery v. Clifford*, 721 So.2d 401 (Fla. 3rd DCA 1998).  Appropriate limits including requirements

that vexatious litigants file pleadings only through a licensed attorney. *Gladstone v. Smith*, 729 So.2d 1002 (Fla. 4th DCA 1999). Prior to the imposition of sanctions, the trial court must issue an order to show cause which initiates a separate proceeding. *State of Florida v. Spenser*, 751 So.2d 47 (Fla. 1999).

11. Gabbe has caused sufficient disruption of the Bankruptcy Court, and has caused counsel as well as the Court and the Clerk's Office to expend considerable time, energy, costs and attorney's fees in response to Gabbe's outrageous claims, so as to justify appropriate limitations on future conduct.

12. Kosachuk has also caused sufficient disruption of the Bankruptcy Court, and has caused counsel as well as the Court and the Clerk's Office to expend considerable time, energy, costs and attorney's fees in response to his outrageous filings, so as to justify appropriate limitations on future conduct, including possible criminal referrals.

13. The Debtor requests the Court order Gabbe to appear in person in Court to show cause why she should not be sanctioned for the disruptive filings and to state whether she has actually participated in this case or merely allowed Kosachuk to use her filing privileges.

14. The Debtor requests the Court order Kosachuk to appear in person in Court to show cause why he should not be sanctioned for the disruptive filings and to state whether he has actually filed pleadings on behalf of NLG under Ms. Gabbe's name.

WHEREFORE, the Debtor respectfully requests an order to show cause as set forth above, and such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional

qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of

the above document was filed electronically and served via CM/ECF and by mail to attached

service list to all parties of interest on this 12th day of April, 2019.


DAVID W. LANGLEY
*Attorney for Reorganized Debtor*
8551 W. Sunrise Blvd., Ste 303
Plantation, Florida 33322
Telephone:     954-356-0450
Facsimile:     954-356-0451
E-mail: dave@flalawyer.com
By:     /s/  David W. Langley
          David W. Langley, Esq.
          Florida Bar Number 348279


## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Joel M. Aresty, Esq. on behalf of Debtor Liza Hazan
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com


Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Alberto H Orizondo on behalf of  NLG, LLC
aorizondo@aglawpa.com, bfernandez@aglawpa.com

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

*16-10389-AJC Notice will  be electronically mailed to:*

: Chris Kosachuk <chriskosachuk@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                          Chapter 11

    Debtor.
_____/

**REORGANIZED DISCHARGED DEBTOR'S EMERGENCY
MOTION FOR CONTEMPT AND TO IMPOSE ADDITIONAL SANCTIONS
ON NLG, JUAN RAMIREZ JR., CHRISTOPHER KOSACHUK AND
MOTION FOR ENTRY OF FINAL JUDGMENT**
HEARING REQUESTED MAY 8, 2019 AT 11 AM

Reorganized Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan ("Hazan") , through her undersigned counsel, respectfully moves this Honorable Court for an order finding NLG, LLC, its principal Christopher Kosachuk, its counsels, Juan Ramirez, Esq. and Astrid Gabbe, Esq. ("the Kosachuk Group") in contempt for violating once again this Court's orders, including the Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages [ECF NO. 780] (the First Contempt Order), Order Confirming Plan of Reorganization [ECF NO. 691] (the Confirmation Order), Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF NO. 766] (the Discharge Order), March 12, 2019 Order on Reorganized Discharged Debtor's Motion for Contempt and Sanctions (the Second Contempt Order) [ECF 823] and April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] (the Third Contempt Order). She further requests that the Court award attorney's fees, compensatory damages, damages for emotional Distress for an especially

egregious violation of the discharge injunction, punitive damages in the maximum amount allowed or ten times the amount of attorney fees she has incurred since the wrongful imposition of the first Lis Pendens on August 9 2018, $1,000 daily fines jointly and severally against NLG, LLC and its attorney Juan Ramirez Jr since April 12, 2019 as so ordered in the Third Contempt Order on April 12, 2019, enter a Final Judgment against the Kosachuk Group jointly and severally in the amount of the loss of the net income had she been able to sell value of her Fisher Island residence, enter coercive sanctions against the Kosachuk Group, striking all NLG's pleadings nun pro tunc to the date of the notice of appearance of Astrid Gabbe on May 2017, award all the damages incurred by Ms Hazan and Grant further relief as the Court deems just and appropriate.

This motion is filed as an emergency because the actions complained of are impairing the ability of movant to get title insurance on her homestead, and are impairing valuable property rights.

## I.     Juan Ramirez, NLG, Kosachuk and Gabbe's Violation of the Confirmation and Discharge Orders and three Contempts Orders

In Paragraph 9 of the Court's June 12, 2018 Confirmation Order, the Court enjoined all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

[ECF 691 at 5].

In its December 7, 2018 Discharge Order, the Court found Hazan has been discharged of all debts arising prior to entry of the Confirmation Order:

> The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

[ECF 766 at 11].

In violation of the injunction in the Confirmation Order as well as the Discharge Order, Kosachuk and Gabbe have repeatedly engaged in actions to recover a prepetition debt against Hazan. On December 7, 2018, this Court entered the First Contempt Order, warning NLG and its counsel "to refrain from taking *any other action* in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018." ECF 780 at 9.

Precisely two weeks after his LLC and its counsel were sanctioned, Kosachuk filed *Chris Kosachuk v. 9197-5904 Quebec, Inc*., Case No. 18-25369-MC-MOORE (S.D. Fla.), to register an Order and Final Judgment entered **on March 24, 2015**, well before Hazan filed her bankruptcy petition—and years before entry of the Confirmation Order. *See* Exhibit 1. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Kosachuk's purpose for seeking to register the judgment was to attempt to collect it from Hazan. That intention was made clear by Kosachuk's first action in the case, which was to file a Motion for Postjudgment Writ of Garnishment against Hazan *less than one week after the Court entered the Discharge Order*. *See* Exhibit 2. In that motion, Kosachuk and his attorney, Gabbe, allege that "Hazan is indebted to Defendant Quebec" and that Hazan "is the alter-ego of Judgment Debtor Quebec and…the equitable owner of Quebec…" *Id*. at 2. And Kosachuk and Gabbe proceeded to serve a writ of

3

garnishment on Hazan. *See* Exhibits 3 (Writ of Garnishment) & 4 (Certificate of Service reflecting service of the Writ on Hazan).

Additionally, on March 18, 2019, Kosachuk and Gabbe filed a motion titled *Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Against its Officers and Beneficiaries: Raymond Houle and Elizabeth Hazan a/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. *See* Exhibit 4. In the motion to pierce the corporate veil, Kosachuk and Gabbe claim Kosachuk is owed $1,172,492.93 as a result of the ***March 24, 2015*** Order and Final Judgment. *See id*. They ask the court to pierce the corporate veil of Quebec to Reorganized Discharged Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. *See generally* Exhibit 1. And they pray for the court to "pierce the corporate veil of Quebec, enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally…" *Id*. at 11.

Each of these actions was taken in violation of the injunction in the Confirmation Order and the Discharge Order. As noted, the Final Order and Judgment against Quebec was entered **on March 24, 2015**, not only before the Confirmation Order but before Hazan petitioned for bankruptcy relief. Thus, even if Hazan had any liability for a debt of Quebec as a purported alter ego (and she does not), any such liability of Hazan for the 2015 judgment arose prepetition. Similarly, even if Hazan owed any debt to Quebec (and she did not), it would have arisen prior to her bankruptcy petition and was extinguished upon entry of the Confirmation Order. Thus, the Confirmation Order prohibits Kosachuk and Gabbe from seeking to enforce the judgment against

Hazan. There can be no question that Kosachuk and Gabbe had actual knowledge of the Court's Confirmation Order and Discharge Order.

On April 9, 2019 the Court held Kosachuk and his attorney Astrid Gabbe in contempt of Court [ECF 856] and ruled as follows:

"These attempts to collect on the Quebec judgment from Ms. Hazan are **blatantly contemptuous acts in willful defiance of this Court's Confirmation Order** (ECF 691), **Discharge Order** (ECF 766) and **the discharge injunction** provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge." **The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order.** The Final Order and Judgment against Quebec having been entered on March 24, 2015, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge injunction to pass without ensuring counsel and her client know what they did was wrong.

**Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case**, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all."

## II.    NLG and Ramirez's Violations of this Court's Order in the Chase Litigation

5

In the First Contempt Order, this Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." ECF 780 at 7. The Court further found NLG and its counsel had violated the Confirmation Order [ECF 691] by pursuing foreclosure of Hazan's property in state court and ordered that NLG's cross-claim in state court be dismissed such that the *lis pendens* had recorded would be dissolved:

1. The Court finds that Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.

2. Attorney Ramirez and NLG shall immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and **upon dismissal of the cross-claim, the *lis pendens* shall be dissolved**.

3. If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.

ECF 780 at 9. In addition, the Court warned NLG and its counsel "to refrain from taking ***any other action*** in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018." *Id*. at 9 (emphasis added).

When Ramirez and NLG filed a notice of withdrawal that did not result in dissolution of the *lis pendens*, and actually filed a second *lis pendens*, Hazan again moved for contempt. In its Second Contempt Order, the Court declined to impose sanctions against NLG and Ramirez for this

conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan:

> Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court finds no grounds for contempt.

[ECF 823 at 2].

But the assurances of NLG's attorney were hollow. When Hazan's counsel subsequently reached out to Ramirez, he decided to withdraw from the Chase litigation rather than do as he said, based on the representation that NLG—which continues to be represented by Ramirez in this case and several other cases—would not permit him to do so.

On March 14, 2019 at 4:32 PM, Hazan's counsel Geoffrey Aaronson sent Ramirez as a proposed form of dismissal:

> Juan,
> You may recollect that we traded various emails in connection with the Chase Bank state court matter – Feb. 6, 2019; Feb. 8, 2019; Feb. 14, 2019. You had indicated that you would get back to me after discussing with your client.
>
> In the Bankruptcy Court's Order Denying Expedited Motion for Contempt and Sanctions [ECF 823] the Court therein recited:
> Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes,

7

the Court finds no grounds for contempt.

I am now attaching a proposed "NLG, LLC'S Second Corrected No-
tice of Voluntary Dismissal of Crossclaim and Notice of Voluntary
Dismissal of Counterclaim and Dissolution of Lis Pendens" to be
executed for filing and recording.

Please execute and return to me. Thank you.

On March 14, 2019 at 4:46 PM, Ramirez responded by refusing to agree:

Aaron,
The problem is you keep including the counterclaim and the lis pen-
dens, which were never contemplated in the discussion nor in the
order. We would be glad to submit a Notice that includes paragraph
1 but eliminates paragraphs 2 and 3.

In a March 14, 2019 at 6:06 PM response, Hazan's counsel reminded Ramirez that his

actions were inconsistent with his representations to this Court:

Juan,

I would appreciate it if you used my correct name, Geoffrey
Aaronson, not Aaron.

I believe that the Motions were quite clear and that Judge Cristol is
again graciously providing you with the opportunity to abide by the
Judgment, the Confirmation Order, and the Discharge Order without
again finding you in contempt and imposing sanctions. Why are you
continuing to make this difficult?

The foreclosure judgment is satisfied. NLG does not today have a
foreclosure judgment, it does not have a mortgage, it does not have
a lien, it does not even have a claim against Hazan. But you persist
in filing pleadings that assert that you have a judgment, that you
have a mortgage, and that you have a lien against Hazan's home-
stead.

This will be my last email to you in a good faith attempt to avoid
ANOTHER UNNECESSARY HEARING to seek sanctions. Judge
Cristol, I'm sure, is weary of this, and so am I. However, if you do

8

not abide by the Judgment, the Confirmation Order, and the Dis-
charge Order by executing the "NLG, LLC'S Second Corrected No-
tice of Voluntary Dismissal of Crossclaim and Notice of Voluntary
Dismissal of Counterclaim and Dissolution of Lis Pendens" I sent
you, we will be asking the Court to, this time, impose sanctions.

Geoffrey

Ramirez responded on March 15, 2019 at 5:01 PM, stating that he was withdrawing rather

than agreeing to the form of dismissal:

Geoffrey:

I finished my mediation early and was able to discuss your email
with Chris. I have decided to withdraw from the Chase foreclosure
case and I'm attaching the motion I just filed. Feel free to contact
Chris directly about this matter.

Please let me know if I can submit the attached agreed order or if I
have to set it down for hearing.

Thanks.

Hazan's state court counsel, Stuart Zoberg, emailed Ramirez on March 17, 2019 to urge

him to enter the stipulated form of dismissal before withdrawing:

Mr. Ramirez:

As you know, I have been recently been retained in the Chase mat-
ter. I noticed that you filed a motion to withdraw. Per Mr.
Aaronson's email below, prior to doing so, it is important that you
execute the attached stipulation. Further, should you fail to do so by
the end of tomorrow, I will send a 57.105 motion and schedule it
following the expiration of the 21 day safe harbor period. Case law
is clear that your withdrawal will not save you from 57.105 or delay
damages against you and your client. Korte v. U.S. Bank Nat. Ass'n,
64 So. 3d 134, 136 (Fla. 4th DCA 2011)(sanctions granted after at-
torney moved to withdraw for not just fees, but delay damages as
well). I trust this will not be necessary.

Ramirez responded the following day that he was "not authorized by the client to file the

stipulation." Thus, it is clear that despite Ramirez's assurances to this Court, neither he nor NLG

is willing to file a dismissal that would effectuate dissolution of NLG's *lis pendens* as the Court intended.

On April 12, 2109 NLG through Ramirez filed a second amended Motion to amend its answer and affirmative defenses. *See generally* **Exhibit 1**. NLG through Ramirez argues that they "never agreed to subordinate **its interest** to Plaintiff Chase and neither Hazan nor Plaintiff alerted NLG to the loan modification." "NLG only learned of the loan modification when it was attached to the Complaint in this case. As such, **Plaintiff JP Morgan and/or Washington Mutual lost its priority position with respect to NLG** when it entered into the Loan Modification Agreement with Hazan and did not obtain NLG's consent." And NLG **pray that the Court enter judgment (a) determining the priority of the liens against the subject property, (b) awarding NLG its reasonable attorney's fees and costs against Plaintiff, and (c) granting such other and further relief as the Court deems appropriate**. *Id*. at 7-8.

**III. NLG and Ramirez's willful Violations of the Confirmation, Discharge Orders and three Contempts Orders by filing pleadings in the Gordo Case 11-42770-CA-02 after being denied twice stay relief:**

On April 16, 2019, two days after entry of the Third Contempt Order, NLG, though Juan Ramirez, filed an Amended Motion for Attorney fees attached as **Exhibit 2** stating the following:

Plaintiff NLG, LLC, by and through undersigned counsel, filed to Determine the amount of attorney fees a Motion Court Order from the Third District Court of Appeal, requests this Court schedule a hearing to fix the amount of attorney's fees, and as grounds would state: On April 26, 2016, the Third District Court of of Appeal issued an order granting NLG's motion for attorney's fees pursuant to section 57.105, Florida Statutes and Rule 9.410 Fla. R. App. P. and remanded to the trial court to fix amount. Because the Defendant/ Appellant Elizabeth Hazan was under the automatic stay protection of the bankruptcy court, NLG had not requested a hearing to fix the amount. Now Hazan is claiming that the Confirmation and Discharge Orders of theBankruptcy Court discharged her potential liability for fees. Both of those orders are under appeal. In an abundance of caution, however, NLG will pursue only attorney's fees against Attorney Robert Lithman, who filed the appeal, without prejudice to renewing its claim against Hazan should the Confirmation and Discharge Orders be reversed.

10

WHEREFORE Plaintiff NLG prays for a Hearing to fix the amount of attorney's fees against Attorney Robert Lithman. "

Ramirez has scheduled a hearing on June 4, 2019. Attached as **Exhibit 3** is a true and correct copy of the June 4, 2019 Notice of hearing.

NLG 's two Motion for Stay Relief to file pleadings in the case 11-42770-CA-02 were both Denied. D.E. No. 176 entered on August 23, 2016 and D.E. 500 entered on June 28, 2017. This Court should sanction NLG and Ramirez jointly and severally for violating the Discharge Injunction and filings any pleadings in the Gordo case 11-42770-CA-02.

On March 13, 2019 The Court entered D.E. No. 822 Order Denying Debtor's Expedited Motion to Deem Void Orders Entered in Violation of the Automatic Stay:

" Notwithstanding any resulting claim which may arise from the orders as against the Debtor, such claim did not survive this case, regardless of amount. No claim was filed for said fees – administrative or otherwise, and the fees awarded against Hazan are therefore deemed discharged as the Reorganized Debtor has been discharged from any debt that arose before the date of the plan confirmation pursuant to 11 U.S.C. § 1141(d)."

Notwithstanding the  Two Orders Denying Stay Relief,  the injunctions and the various Contempt Orders and the Order entered on March 13, 2019, NLG through Ramirez is still pursuing claims in a State Court case where it was permanently barred to do so.

**IV.    Kosachuk, NLG and Ramirez's willful Violations of this Court's April 12, 2019 Order Granting Motion for Contempt and Sanctions [ECF 856] brazenly recorded a new lis pendens on April 10, 2019 after being warned not to record any additional lis pendens and were directed to dismiss, dissolve, and release all lis pendens filed within 48 hours.**

In complete defiance of this Court's Third Contempt Order entered on April 12, 2019, and

willful violation of this Court's orders, Attorney Juan Ramirez on behalf of NLG filed a New lis pendens against Liza Hazan and property belonging to Liza Hazan on April 10, 2019 at 9 08 AM the very next morning of the Hazan's last Motion for contempt and Sanctions contempt hearing held on April 9, 2019. At the last hearing the Court warned Ramirez that if he wanted **"to get off the hook"** he had to provide Ms Hazan's attorney the dismissal of the two recorded lis pendens the next morning April 10, 2019 at 7 50 AM. At the conclusion of the hearing on April 9, 2019 it was clear that The Court ordered Juan Ramirez Jr and NLG to dissolve all lis pendens on Ms Hazan's property and certainly not record a new lis pendens. Juan Ramirez dismissed the two lis pendens of record the same evening on April 9, however On April 10, 2019 the next morning of the hearing and Sanctions at 9 08 AM, Juan Ramirez was at the Courthouse in person[1] recording a new lis pendens against Liza Hazan and Liza Hazan property is recorded  Book 31397 Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the public Records of Miami-Dade County. Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109. Attached as **Exhibit 4** is a true and correct copy of the new lis pendens.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN20150812181." This is the same foreclosure judgment that this honorable court has deemed **SATISFIED PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-

---

[1] Ms Hazan and her husband were sitting next to Ramirez recording the discharge of the two lis pendens and Mr Ramirez was recording a new lis pendens in total defiance of the court's orders, injunctions and warnings.

01439-AJC D.E. No. 238.

The new lis pendens recorded by Ramirez has further damaged Ms Hazan and her Fisher Island property, slandering her title, diminishing the value of her property, making it impossible to sell or refinance her house or obtain a title insurance policy. On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows: "notwithstanding the parties' misunderstandings, **the lis pendens must be dissolved. Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property." *Id* 5**

As this Court has recognized, it can and should enforce its own orders. That is especially true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and their counsels will continue to violate this Court's orders unless sufficiently punitive measures are imposed on them. Indeed, Kosachuk and Gabbe filed an entire new lawsuit against Hazan seeking to collect a prepetition debt barely two weeks after the First Contempt Order was entered and within days of entry of the Discharge Order. NLG and Ramirez have recorded a new lis pendens the next morning after the April 9, 2019 hearing where the court made it clear that if Ramirez wanted to be off the hook here is what he needed to:

THE COURT: Well, I would suggest as
6 follows: If you prepare a document that withdraws
7 both lis pendens, and get it filed and in the hands
8 of opposing counsel before your hearing tomorrow --
9 MR. RAMIREZ: The hearing is at 8 o'clock,
10 Judge.

THE COURT: Well, at five of 8:00 you can
12 hand it to them as you're going into the hearing.
13 As I said, if you've done it and it's in form to be
14 filed, that will resolve any representation you
15 might have made on the record that should be held
16 against you and you'll be off the hook. If it's
17 not -- if both lis pendens are not withdrawn before
18 that hearing tomorrow morning, or before you
19 withdraw -- perhaps you can ask the Judge, if you
20 need an extra day to withdraw, so you can get that
21 in, that's fine. Otherwise, that's where we're at.
22 I don't see anything further to do here
23 today, except to thank you all for your appearances.
24 If you'll get that affidavit as to attorney's fees
25 in within three days, we'll get to work on these

Tr. page 39 lines 11-25;

1   orders.
THE COURT: He says it may be different
7 than what was -- the key for him to sign something
8 is to sign a withdrawal of two lis pendens. Now,
9 he's talking about other matters, and if there are
10 other matters that weren't covered by that, we're
11 not looking at that right now. We're looking at
12 whether or not the lis pendens are to be withdrawn.

Tr. page 40 lines 1; lines 6-12;

And after being ordered to dismiss, dissolve and release the lis pendens, Juan Ramirez had the

*chutzpah* to record a new lis pendens on April 10, 2019 at 9:08 AM in person.

The new lis pendens  recorded against Liza Hazan and Liza Hazan property is recorded

Book 31397 Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON

FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page

64, of the public Records of Miami-Dade County.

14

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN20150812181."

This is the same foreclosure judgment that this honorable court has deemed **SATISFIED PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-01439-AJC D.E. No. 238.

**V. JUAN RAMIREZ NLG, Chris Kosachuk, and Astrid Gabbe perjurious statement of joint notice of Compliance when in reality they recorded a new lis pendens three days earlier in violation of the April 12, 2019 Third Contempt Order D.E. No. 860.**

On April 13, 2013 NLG, Kosachuk, Ramirez and Astrid Gabbe filed a perjurious "Joint Notice of compliance with Court Order [ECF No. 856] when in reality they had filed a new lis pendens three days earlier on April 10, 2019 in clear violation of the Third Contempt Order entered on April 12, 2019. The new lis pendens recorded against Liza Hazan and Liza Hazan property is recorded Book 31397 Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the public Records of Miami-Dade County.

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN20150812181."

15

This is the same foreclosure judgment that this honorable court has deemed **SATISFIED PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-01439-AJC D.E. No. 238.

Enough is enough.

WHEREFORE, Reorganized and Discharged Debtor Liza Hazan respectfully requests that the Court enter an order:

(1) Finding Kosachuk, NLG, Ramirez, Astrid Gabbe in contempt of court;

(2) Directing NLG and Ramirez to immediately **dismiss, dissolve and release** with prejudice the newly recorded lis pendens recorded on April 10, 2019 CFN 2019R0220803 Book 31397 Pages 2632-2633;

(3) permanently barring Kosachuk, NLG, Ramirez, Astrid Gabbe and any NLG and Kosa-chuk's representatives, attorneys, agents from ever recording a lis pendens against Liza Hazan and against her property on Fisher Island under any caption in any jurisdiction, in any State at any level State, federal or appellate level.

(4) Deeming all pending lis pendesn filed by NLG void, null and of no effect;

(5) Directing Ramirez to withdraw their Answers and Affirmative Defenses and Amended Answers and Affirmative Defenses in the Chase Litigation action claiming entitlement to foreclose on the subject property with prejudice;

(6) Directing NLG and Ramirez to Dismiss with prejudice State Courts cases 11-42770-CA-02 and 07-19532-CA-11.

16

(7) Imposing on Kosachuk, NLG, Gabbe, and Ramirez joint and several liability to pay Hazan's attorney's fees and costs of bringing this motion and all previous Contempt motions, prepare and attend multiple hearings, prepare multiple proposed orders as well as punitive damages incurred by Ms Hazan since the filing of the first lis pendens on August 9, 2018 as determined in her attorneys' affidavits filed on April 26, 2019 D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882; imposing the $1,000 daily fines against Ramirez and NLG since April 10, 2019;

(8) Enter a Final Judgment against the Kosachuk Group in an amount pursuant to D.E. 882 and

(9) Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

    I HEREBY CERTIFY that on this  3rd  day of May 2019, a true and correct copy of the foregoing has been furnished via ECF and electronic mail to all parties.

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
Attorneys for Creditor/Plaintiff
Tierra Verde, FL 33715 Fax: 800-559-1870
Phone: (305) 904-1903
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

EXHIBIT 1

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CIVIL DIVISION

### CASE NO.: 2013-25902 CA 01

JP Morgan Bank, NA

      Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan;
NLG, LLC, 6913 Valencia, LLC; Western
National Life Insurance Company f/k/a AIG
Annuity Insurance Company; Fisher Island
Community Association, Inc.; Valencia Estates
Homeowners' Association, Inc.; Unknown Parties
in Possession #1, If living, And all Unknown
Parties claiming by, through, Under and against
the above named Defendant(s) Who are not
known to be dead or alive, whether said Unknown
Parties may claim an interest in Spouse, Heirs,
Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether
said Unknown Parties may claim an interest in
Spouse, Heirs, Devisees, Grantees, or Other
Claimants.

      Defendants.

_____/

### NLG, LLC'S SECOND AMENDED MOTION TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES

      Defendant NLG, LLC ("NLG"), through undersigned counsel, and pursuant to Rule

1.190 of the Florida Rules of Civil Procedure, hereby files this Motion to Amend its Answer and

Affirmative Defenses and states that:

      1.     NLG filed its Answer, Affirmative Defenses, Counterclaim and Crossclaim on October 1, 2018.

      2.     Pursuant to bankruptcy proceeding, NLG has had to dismiss its Counterclaim and Crossclaim.

      3.     This is NLG's first motion to amend its Answer and Affirmative Defenses.

      4.     The Defendant Elizabeth Hazan only filed her Answer, Affirmative Defenses and Counterclaim on March 15, 2019.

      5.     There is no trial set for this matter.

      6.     A new proposed Amended Answer and Affirmative Defenses is attached.

      WHEREFORE, NLG prays for an Order Granting Leave to Amend its Answer and Affirmative Defenses with the attached proposed pleading.

Date: April 12, 2019.

                             Respectfully submitted,

                             ADR Miami LLC
                             1172 South Dixie Highway, #341
                             Coral Gables, FL 33146
                             Tel: (305) 667-6609
                             Fax: (800) 380-4155

                             By: ___/s/ *Juan Ramirez, Jr.* ____
                             **Juan Ramirez, Jr.**
                             Florida Bar No. 201952
                             jr@adrmiami.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 12th day of April, 2019, on all counsel or parties of record on the Service List

below.

By: ___/s/ Juan Ramirez, Jr. ____
Attorney for Defendant NLG

## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase,*
*NA* roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

Roger Slade, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association,*
*Inc.* rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
NLG, LLC's Notice of Withdrawal of
Crossclaim *Estates Homeowners'*
*Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island*
*Community Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.c
om

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com,
monica@flalawyer.com

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

### CASE NO. 2013-25902 CA 01

JP Morgan Bank, NA

     Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan; NLG,
LLC, 6913 Valencia, LLC; Western National Life
Insurance Company f/k/a AIG Annuity Insurance
Company; Fisher Island Community Association,
Inc.; Valencia Estates Homeowners' Association,
Inc.; Unknown Parties in Possession #1, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants.

     Defendants.

_____/

### NLG, LLC'S AMENDED ANSWER, AND AFFIRMATIVE DEFENSES

     Defendant, NLG, LLC ("NLG"), through undersigned counsel, files this Answer,

Affirmative Defenses to the Foreclosure Complaint (the "Complaint") filed by JP Morgan Chase

Bank, NA ("JP Morgan").

### ANSWER AND AFFIRMATIVE DEFENSES



NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 2 of 6

    1.    Paragraph 1 of the Complaint describes the nature of the purported claims asserted by JP Morgan in the Complaint and does not require a response. To the extent a response is required, the allegations are admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Denied.

    6.    Denied.

    7.    Admitted.

    8.    Denied.

    9.    NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

    10.    NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 3 of 6

19.    Denied.

20.    Denied.

## AFFIRMATIVE DEFENSES

21.    As its first affirmative defense, NLG states that Plaintiff's claims are barred by the doctrine of res judicata.

22.    As its second affirmative defense, NLG states that Plaintiffs' claims are barred by the doctrine of collateral estoppel.

23.    As its third affirmative defense, NLG states that Plaintiffs' claims are barred by the doctrine of estoppel.

24.    As a fourth affirmative defense, NLG states that the Plaintiffs' claims are barred by previous dismissals of the same causes of action by the Plaintiff in 2008 and 2011.

25.    As a fifth affirmative defense, NLG states that the Plaintiffs' claims are barred by their respective statutes of limitation.

26.    As a sixth affirmative defense, NLG is without knowledge whether Plaintiff complied with paragraph 22 of the mortgage, which requires notice of acceleration and therefore alleges that Plaintiff failed to comply with the notice requirement, subject to conducting discovery.

27.    As a seventh affirmative defense, NLG asserts that the Plaintiff lacked standing at the time this action was filed as the mortgagee listed in the Complaint is JP Morgan, but the mortgagee was Washington Mutual Bank at the time of filing.

28.    As an eighth affirmative defense, NLG asserts that Plaintiff has failed to record and pay documentary stamps on the Loan Modification Agreement mentioned in the Complaint.

29.    As a ninth affirmative defense, NLG asserts:

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 4 of 6

a. That on March 7, 2007, Defendant Hazan executed a promissory note and mortgage recorded in Official Records Book 25450, Page 2835, of the Public Records of Miami-Dade County, Florida. The mortgage listed the lender as "Washington Mutual Bank, FA." The mortgage was attached to the Complaint as Exhibit B and is incorporated by reference herein.

b. The Complaint does not allege that this mortgage was ever assigned to Plaintiff.

c. On March 8, 2007, Hazan executed and delivered to NLG a promissory note in the principal amount of $1,275,000, secured by a Mortgage of even date recorded in Official Records Book 25559, Page 4266, of the Public Records of Miami-Dade County, Florida.

d. The Complaint alleges that Hazan executed a Loan Modification Agreement. The Loan Modification was attached to the Complaint as Exhibit C and is incorporated by reference herein. Exhibit C was dated June 20, 2011, and shows it was in favor of Plaintiff, JPMORGAN CHASE BANK, N.A., with an effective date of August 1, 2011, increasing the Principal Balance to $4,282,432.36. It does not show that the Loan Modification was ever recorded.

e. NLG never agreed to subordinate its interest to Plaintiff and neither Hazan nor Plaintiff alerted NLG to the loan modification. NLG only learned of the loan modification when it was attached to the Complaint in this case.

f. As such, Plaintiff JP Morgan and/or Washington Mutual lost its priority position with respect to NLG when it entered into the Loan Modification Agreement with Hazan and did not obtain NLG's consent.

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 5 of 6

**WHEREFORE**, NLG prays that the Court enter judgment (a) determining the priority of the liens against the subject property, (b) awarding NLG its reasonable attorney's fees and costs against Plaintiff, and (c) granting such other and further relief as the Court deems appropriate.

Dated: April 12, 2019.

Respectfully submitted,

ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

By: ___/s/ Juan Ramirez, Jr.___
**Juan Ramirez, Jr.**
Florida Bar No. 201952
jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 12th day of April, 2019, on all counsel or parties of record on the Service List below.

By: ___/s/ Juan Ramirez, Jr.___
Attorney for Defendant NLG, LLC

## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase, NA*
roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 6 of 6


Roger Slade, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association, Inc.*
rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island Community*
*Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.com

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com, monica@flalawyer.com

EXHIBIT 2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-42770-CA 02

NLG, LLC,

      Plaintiff,

v.

ELIZABETH HAZAN; J.P. MORGAN CHASE
BANK, N.A., a foreign corporation; FISHER ISLAND
COMMUNITY ASSOCIATION, INC., a Florida Non
Profit Corporation; VALENCIA ESTATES HOME-
OWNERS ASSOCIATION, INC., a Florida Non Profit
Corporation; and JOHN DOE and JANE DOE,
Individually, as unknown Tenants in possession of the
Subject Property

      Defendants

_____/

## PLAINTIFF'S AMENDED MOTION TO
## DETERMINE THE AMOUNT OF ATTORNEY'S FEES

      Plaintiff NLG, LLC, by and through undersigned counsel, Court Order from the
Third District Court of Appeal, requests this Court schedule a hearing to fix the amount of
attorney's fees, and as grounds would state:

      1.      On April 26, 2016, the Third District Court of Appeal issued an order
granting NLG's motion for attorney's fees pursuant to section 57.105, Florida Statutes and
Rule 9.410 Fla. R. App. P. and remanded to the trial court to fix amount.

      2.      Because the Defendant/Appellant Elizabeth Hazan was under the automatic
stay protection of the bankruptcy court, NLG had not requested a hearing to fix the amount.

3.      Now Hazan is claiming that the Confirmation and Discharge Orders of the Bankruptcy Court discharged her potential liability for fees. Both of those orders are under appeal.

4.      In an abundance of caution, however, NLG will pursue only attorney's fees against Attorney Robert Lithman, who filed the appeal, without prejudice to renewing its claim against Hazan should the Confirmation and Discharge Orders be reversed.

WHEREFORE Plaintiff NLG prays for a Hearing to fix the amount of attorney's fees against Attorney Robert Lithman.

Respectfully submitted this 16th day of April, 2019.

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via email this 16th day of April, 2019, to all counsel through the Electronic Filing Portal.

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr.

EXHIBIT 3

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-42770-CA 02

NLG, LLC,

      Plaintiff,

v.

ELIZABETH HAZAN; J.P. MORGAN CHASE BANK, N.A., a foreign corporation; FISHER ISLAND COMMUNITY ASSOCIATION, INC., a Florida Non Profit Corporation; VALENCIA ESTATES HOME-OWNERS ASSOCIATION, INC., a Florida Non Profit Corporation; and JOHN DOE and JANE DOE, Individually, as unknown Tenants in possession of the Subject Property

      Defendants

_____/

## <u>RE-NOTICE OF HEARING</u>
(Special Appointment – 15 minutes)

PLEASE TAKE NOTICE that an evidentiary hearing on the following motion has been set to take place before the Honorable Rodolfo Ruiz at the **Miami Dade County Courthouse, 73 West Flagler Street, DCC 626, Miami, Florida 33130**, on <u>**Tuesday, June 4, 2019, at 11:00 A.M.:**</u>

    ***PLAINTIFF'S AMENDED MOTION TO DETERMINE THE AMOUNT OF ATTORNEY'S FEES***

    Respectfully submitted this 16th day of April, 2019.

               JUAN RAMIREZ, JR.
               ADR Miami LLC

1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

_____/s/ Juan Ramirez, Jr. _____
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via

www.myflcourtaccess.com this 16th day of April, 2019, to Robert P. Lithman at

rpl@lithmanlaw.com and all counsel of record.

_____/s/ Juan Ramirez, Jr. _____
Juan Ramirez, Jr.



CFN 2019R0220803
OR BK 31397 Pgs 2632-2633 (2Pgs)
RECORDED 04/10/2019 09:08:52
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

_____

Space above reserved for recording information

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-24272-CIV-MORENO

**NLG, LLC,**
        **Defendant/Appellant,**

**v.**

**SELECTIVE ADVISORS GROUP, LLC,
and LIZA HAZAN a/k/a ELIZABETH
HAZAN,**

        **Plaintiffs/Appellees.**
_____/

### NOTICE OF LIS PENDENS

**TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY
CONCERN:**

**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to
determine the validity of the lien based on NLG's mortgage recorded in the Official Records
Book 25559 at Pages 4266 – 4272, CFN 2007R0410013 and the Final Judgment of Foreclosure
entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County
recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 on the
following property in Miami-Dade County, Florida:

OR BK 31397 PG 2633
LAST PAGE

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109

including the buildings, appurtenances, and fixtures located thereon.

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609

Juan Ramirez, Jr.
(Florida Bar No. 201952)
jr@adrmiami.com
*Counsel for Appellant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

In re:

LIZA HAZAN,                                    CASE NO.:  16-10389 AJC

      Debtor.                                    CHAPTER 11

_____/

**UPDATED STATEMENT OF DAMAGES AND ATTORNEYS' FEES**

**[For sanctions motions presently set for hearing on May 8, 2019 at 11:00 a.m.]**

      Reorganized and Discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan (Hazan), pursuant to this Court's ruling on Debtor's Motion for Contempt and Sanctions heard April 9, 2019, (See Order at D.E. 856), scheduling a fee hearing for May 8, 2019 at 11:00 a.m., and in anticipation of the Court's further rulings on pending sanctions motions, provides the following:

    I.    <u>Attorneys Fees</u>

      Attached as Exhibits **A, B, C, D a**nd **E** are the detailed billing records of the various counsel for the time spent on the District Court case and related contempt matter.  The amounts the Debtor is seeking through the date of the hearing are:

| | | |
|---|---|---|
| Attorneys fees: Geoffrey Aaronson  (Exhibit A) | | $56,980.00 |
| Joel Arresty | (Exhibit B) | $6,688.00 |
| Dan Bushell | (Exhibit C) | $15,800.00 |
| Joe Grant | (Exhibit D) | $6,779.80 |
| David W. Langley | (Exhibit E) | $10,575.00 |
| Anticipated fees to prepare for and attend hearing: | | <u>$2,700.00</u> |
| TOTAL FEES: | | **$99,522.80** |

II.    <u>Compensatory Damages – Arising from the repeated filing of lis pendens</u>

The Reorganized and Discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan, is requesting compensation for the carrying costs of the home pending removal of all Lis Pendens filed by NLG and its attorneys[1]:

Since the First Recorded Lis Pendens on August 9, 2019 by Juan Ramirez on behalf of NLG**:**

| | | |
|---|---|---|
| **1.** | Fisher Island Ferry $8,407.95 Per Quarter | $30,081.76 |
| **2.** | Special Assessment for new Fisher Island ferry | $75,000.00 |
| **3.** | Real Estate Taxes for 2018 from 8-9-18 | $22,898.83 |
| **4.** | Real Estate Taxes for 2019 | $19,082.36 |
| **5.** | Valencia Estates HOA monthly **$1,425.44** every 5 months | $11,403.52 |
| **6.** | HOA fees $20,312.50 every four months | <u>$40,625.00</u> |

**<u>TOTAL CARRYING COSTS FROM AUGUST 2018 TO APRIL 26, 2019</u>**    **$199,091.47**


III.    <u>Punitive Damages</u>

The Reorganized and Discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan, is requesting compensatory damages for the lost income that would have been generated had she been able to sell her home and the carrying costs of the home.  The Debtor is also requesting an award of punitive damages.

The following factors should be considered in awarding punitive damages:  "(1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor." *Id.* (quoting *Wagner*, 74 B.R. at 905-06); see also *In re: White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009); *In*

---

[1] The Court has also levied a fine of $1,000.00 per day that lis pendens remain on the property.

*re: Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003).  The intentional acts of Astrid Gabbe, Juan

Ramirez, Chris Kosachuk and NLG, LLC in intentionally violating the Discharge Injunction, Final

Judgment, and Contempt Orders after being warned not to do so by this Court, are contemptable

and should be sanctioned.

The U.S. Supreme Court has indicated that an award of four to ten times the amount of

compensatory damages may be appropriate depending upon the circumstances in each case.  *BMW*

*of North America, Inc. v. Gore,* 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).  See also *In re Arnold*,

206 B.R. 560 (Bankr. N.D. Ala. 1997).  The Debtor requests an award in that range.

**WHEREFORE**, Reorganized and Discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan,

respectfully requests the Court award her attorneys' fees and costs incurred as a result of these

actions, plus damages and punitive damages, against NLG, LLC, Chris Kosachuk, Juan Ramirez

Jr and Astrid Gabbe, and grant such other and further relief as the Court deems just and proper.

Updated Statement of Damages
Page 4 of 5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 3rd day of May, 2019.

DAVID W. LANGLEY
*Attorney for Reorganized Debtor*
8551 W. Sunrise Blvd., Ste 303
Plantation, Florida 33322
Telephone:     954-356-0450
Facsimile:     954-356-0451
E-mail: dave@flalawyer.com
By:     */s/  David W. Langley*
          David W. Langley, Esq.
          Florida Bar Number 348279

## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Joel M. Aresty, Esq. on behalf of Debtor Liza Hazan
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Updated Statement of Damages
Page 5 of 5

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael A. Friedman, mfriedman@gjb-law.com on behalf of NLG, LLC

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

_16-10389-AJC Notice will not be electronically mailed to:_

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 16-10389-AJC

LIZA HAZAN, a/k/a ELIZABETH                               Chapter 11
HAZAN,

      Debtor.

_____/

## AFFIDAVIT OF GEOFFREY S. AARONSON

STATE OF FLORIDA         )
                            )
COUNTY OF MIAMI-DADE    )

      Geoffrey S. Aaronson, being duly sworn, deposes and states the following:

      1.      Attached is a record of time associated with legal services provided in connection with the following issues:

          a.      All matters concerning and associated with NLG, LLC's filing of various Lis Pendens as well as its crossclaim and counterclaim in the state court matter of JPG Morgan Bank, N.A. v. Elizabeth Hazan a/k/a Liza Hazan et al, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case No.: 2013-25902 CA-01; and

          b.      The matter of Chris Kosachuk v. 9197-5904 Quebec, Inc., in the United States District Court for the Southern District of Florida, Case No.: 18-25369-MC-Moore, concerning a garnishment action filed by Plaintiff Chris Kosachuk against Elizabeth Hazan a/k/a Liza Hazan.

      FURTHER AFFIANT SAYETH NAUGHT.

                                                      _____
                                                      Geoffrey S. Aaronson

BEFORE ME, the undersigned authority, on April 23, 2019, personally appeared
GEOFFREY S. AARONSON, who is personally known to me and who did take an oath.



_____
Notary Public, State of Florida
My Commission Expires:

LEILA BENAVIDES
Notary Public – State of Florida
Commission # GG 175495
My Comm. Expires Jan 16, 2022
Bonded through National Notary Assn.

AARONSON SCHANTZ BEILEY P.A. | ONE BISCAYNE TOWER | 2 S. BISCAYNE BLVD., 34TH FLOOR | MIAMI, FLORIDA 33131 | PH 786.594.3000 | FAX 305.424.9336

## Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL 33131
786.594.3000

Invoice submitted to:

Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

November 19, 2018

In Reference To:Matter 2
Invoice #12434

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 10/19/2018 GSA | Meeting with Client re certain pending issues and begin review of documents (3 hr. 50% billing) | 1.50 550.00/hr | $825.00 |
| 10/22/2018 GSA | Preparation for hearing on 10/24/18. Telephone calls with Client. (Actual 6.5 hr) | 5.00 550.00/hr | $2,750.00 |
| 10/24/2018 GSA | Preparation for hearing and Attend hearing. Meeting with Client thereafter (9:00 - 4:00) | 5.50 550.00/hr | $3,025.00 |
| 10/25/2018 GSA | Preparation of Proposed form of Order and Exchange correspondance with Ramirez. Various telephone calls with  Client.(Actual 2.0 hr) | 1.00 550.00/hr | $550.00 |
| 10/26/2018 GSA | Submission of Proposed form of Order and Exchange correspondance with co-counsel re Ramirez and timing issues.  Telephone call with chambers re deadlines for Proposed forms of Order. (Actual 2.0 hr) | 1.50 550.00/hr | $825.00 |
| 10/29/2018 GSA | Multiple telephone calls with client and chambers re entry of orders.(Actual 1.7 hr) | 1.10 550.00/hr | $605.00 |

**Aaronson Schantz Beiley P.A.**
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL 33131
786.594.3000

Invoice submitted to:

Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

December 04, 2018

In Reference To:Matter 2
Invoice #12457

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/2/2018 | GSA | Telephone call with client re Motion for Reconsideration, etc. | 0.30<br>550.00/hr | $165.00 |
| 11/12/2018 | GSA | Review and revise proposed form of discharge order. Multiple telephone calls with client; limited Research. | 1.00<br>550.00/hr | $550.00 |
| 11/13/2018 | GSA | Research and Review and revise Discharge Order.  Multiple Telephone calls with client; | 2.10<br>550.00/hr | $1,155.00 |
| 11/14/2018 | GSA | Review and revise Proposed forms of order on Contempt and Discharge. 3 Telephone calls with client. | 2.10<br>550.00/hr | $1,155.00 |
| 11/19/2018 | GSA | Review and revise proposed form of Contempt Order and 2 long Telephone calls with client re same and ███████████ ████ | 2.50<br>550.00/hr | $1,375.00 |
| | | ████████████████████ | ██ | █████ |
| | | ████████████████████ | ██ | █████ |
| | | ████████████ | | █████ |
| | | █████████ | | █████ |

## Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL  33131
786.594.3000

Invoice submitted to:

Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

December 23, 2018

In Reference To:Matter 2

Invoice #12467

Professional Services



| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/3/2018 | GSA | | | |
| 12/4/2018 | GSA | | | |
| 12/9/2018 | GSA | | | |
| 12/10/2018 | GSA | | | |
| 12/11/2018 | GSA | Review underlying documentation; preparation of Motion for OSC to hold Ramirez in Contempt (11:00 AM -7:00 PM) | 8.00 550.00/hr | $4,400.00 |
| 12/12/2018 | GSA | Review underlying Motions, Orders, and Research; Work on Motion for Order to Show Cause; | 6.00 550.00/hr | $3,300.00 |
| | TDM | Conference with GSA re motion for order to show cause against Kosachuk, NLG, Ramirez & Gabbe; review draft motion for OSC and prepare extensive revisions to same. | 5.80 450.00/hr | $2,610.00 |
| 12/13/2018 | GSA | Review underlying documents and Research; Work on Motion for Order to Show Cause and efiling. Multiple Telephone calls with client and Multiple revisions. | 7.00 550.00/hr | $3,850.00 |
| | TDM | | | |
| 12/14/2018 | GSA | | | |

Mrs. Liza Hazan aka Elizabeth Hazan



Mrs. Liza Hazan aka Elizabeth Hazan

**Aaronson Schantz Beiley P.A.**
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL 33131
786.594.3000

Invoice submitted to:
Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

January 04, 2019

In Reference To:Matter 2
Invoice #12475

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2018 | GSA | Review judgment, collateral matters. ▓▓▓▓▓▓▓ Telephone call from client ▓▓▓▓▓ | 1.70 550.00/hr | $935.00 |
| 12/23/2018 | GSA | Meeting with Client; (Actual 1 hr) | 0.50 550.00/hr | $275.00 |
| 12/26/2018 | GSA | Work on preparation for hearing 12/27/18. Meeting with client. Review Proposed form of order. ▓▓▓▓▓▓; Additional preparation for hearing | 6.30 550.00/hr | $3,465.00 |
| 12/27/2018 | GSA | Preparation for hearing and Attend hearing on Emergency Motion for Contempt; Meeting with client and Dan Bushel and lunch Meeting with client and Dan Bushell. (Actual 7:30 am - 1:45 pm; 6.2 hr.) | 4.00 550.00/hr | $2,200.00 |
| 12/28/2018 | GSA | Various telephone calls with client and Review of Court Order; ▓▓▓▓▓. | 0.60 550.00/hr | $330.00 $165.00 |
| 12/29/2018 | GSA | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Preparation of Certificate of Service of Cristol Sanctions Order and Attend to efiling (▓▓▓▓▓ | ▓.3 550.00/hr | $▓ |

Mrs. Liza Hazan aka Elizabeth Hazan                                                    Page     2

**Aaronson Schantz Beiley P.A.**
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL 33131
786.594.3000

Invoice submitted to:
Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

February 12, 2019

In Reference To:Matter 2
Invoice #12497

Professional Services



| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/2/2019 | GSA | Review new orders re reporting, re denying sanctions, re rehearing and forward to client. | 0.40 550.00/hr | $220.00 |
| 1/3/2019 | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| 1/11/2019 | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| 1/13/2019 | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| 1/14/2019 | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| 1/17/2019 | GSA | Review all recent filings in all cases and Telephone call with client re further violations of Confirmation Order, etc.(Actual 4.0 hrs) | 1.50 550.00/hr | $825.00 |
| 1/18/2019 | GSA | Telephone call from client re 2nd lis pendens filed; ▮▮▮▮▮▮ | 0.90 550.00/hr | $495.00 |
| 1/22/2019 | GSA | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |
| 1/23/2019 | SJC | ▮▮▮▮▮▮▮▮ | ▮ | ▮ |

Mrs. Liza Hazan aka Elizabeth Hazan                                      Page    2

|            |     |                                                                                              | Hrs/Rate | Amount |
|------------|-----|----------------------------------------------------------------------------------------------|----------|--------|
| 1/23/2019  | GSA |                                                                                              |          |        |
| 1/24/2019  | GSA | Review Aresty Motion re 2nd Lis Pendens. Exchange email letters with client re pending motions. Attend to Supplemental Certificate of Service. | 0.60 550.00/hr | $330.00 |
| 1/25/2019  | GSA |                                                                                              |          |        |
| 1/28/2019  | GSA |                                                                                              |          |        |
| 1/29/2019  | GSA |                                                                                              |          |        |
|            | GSA |                                                                                              |          |        |

**Aaronson Schantz Beiley P.A.**
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL 33131
786.594.3000

Invoice submitted to:
Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

March 18, 2019

In Reference To:Matter 2
Invoice #12518

| | | Professional Services | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/5/2019 | SJC | ███████████████████ | ███ | ███ |
| | GSA | Preparation for hearings on 2/6/19. (Actual 6.0 hr) | 4.00 500.00/hr | $2,000.00 |
| | GSA | ███████████████████ | ███ | ███ |
| 2/6/2019 | GSA | Preparation for hearings on 4th Motion for Sanctions and ATTEND HEARINGS; Meeting with client and Preparation of form of email letter to Ramirez; Preparation of Dissolution of Lis Pendenses; Preparation of Withdrawal of Counterclaim and Crossclaim. (7:00 am – 1:30 pm; 3:30-4:30 pm.  Actual 7.5 hr) | 6.00 500.00/hr | $3,000.00 |
| 2/7/2019 | GSA | Exchange multiple emails with client and Telephone call with client. Preparation of letter to Ramirez. Begin Research re involuntary. (Actual approx 5 hr) | 3.00 500.00/hr | $1,500.00 |
| 2/8/2019 | GSA | Issues re NLG foreclosure appeal attorney fees in Ruiz case - Research Multiple telephone calls with client; Exchange email letters with Ramirez; Issues re lis pendens; Issues re Proposed forms of order resulting from all hearing on Feb 6.███████████ Research. (Actual about 6 hr) | 4.50 500.00/hr | $2,250.00 |
| 2/11/2019 | GSA | ███████████████████ | ███ | ███ |
| 2/12/2019 | GSA | ███████████████████ | ███ | ███ |
| 2/13/2019 | GSA | ███████████████████ | ███ | ███ |

Mrs. Liza Hazan aka Elizabeth Hazan

Page  2



|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/14/2019 | GSA | Various telephone calls with client; Exchange email letters with Ramirez re his reporting issue. Further Research and discussion re lis pendens.(Actual 3.2 hr) | 2.00 500.00/hr | $1,000.00 |
| 2/15/2019 | GSA | | | |
| 2/18/2019 | GSA | | | |
| 2/19/2019 | GSA | | | |
| 2/20/2019 | GSA | Telephone call with client; ████████ Review various email letters from Ramirez and Gabbe.  Telephone call with Armengol;████████ | 2.40 500.00/hr | $1,200.00 |
| 2/27/2019 | GSA | Review Garnishment and Garnishment Responses in 18-25369 at request of client. Exchange email letters with Bushell. Telephone call with client. | 1.20 500.00/hr | $600.00 |

Mrs. Liza Hazan aka Elizabeth Hazan

## Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, FL  33131
786.594.3000

Invoice submitted to:
Mrs. Liza Hazan aka Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33139

April 12, 2019

In Reference To:Matter 2
Invoice #12534

       Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/6/2019 | GSA | Review and revise all proposed orders re hearings and Telephone call with Dan Buschel.  Multiple telephone calls with client. | 2.30 500.00/hr | $1,150.00 |
| 3/7/2019 | GSA | Limited Research and Telephone call with Dan Buschel.  Multiple telephone calls with client. | 1.40 500.00/hr | $700.00 |
| 3/13/2019 | LB | Preparation of mailing of DE 820, 821, 822, 823 ▓▓▓▓▓▓▓▓ ▓▓▓▓.Preparation and filing of Cert.'s of Service. | 1.00 100.00/hr | $100.00 |
| | GSA | Preparation of Discharge of Crossclaim and Counterclaim in Chase matter as well as Discharge of Lis Pendens and Multiple telephone calls with Client. | 1.60 500.00/hr | $800.00 |
| 3/14/2019 | GSA | Review historyi of E-mail letters and filings in Chase case; Multiple E-mail letter exchanges with Ramirez in connection with Lis Pendens and Crossclaim and Counter claim in Chase matter. | 2.90 500.00/hr | $1,450.00 |
| 3/15/2019 | GSA | Review Multiple emails from Aresty, client, etc. in connection with Discharge of Crossclaims, Counterclaim and Lis Pendens in light of Ramirez Motion to Withdraw.  Exchange email letters with Ramirez. | 2.10 500.00/hr | $1,050.00 |
| 3/16/2019 | GSA | Review continued Multiple emails from Aresty, client, etc. in connection with Discharge of Crossclaims, Counterclaim and Lis Pendens in light of Ramirez Motion to Withdraw. | 0.80 500.00/hr | $400.00 |
| 3/17/2019 | GSA | Review continued Multiple emails from Aresty, client, etc. in connection with Discharge of Crossclaims, Counterclaim and Lis Pendens in light of Ramirez Motion to Withdraw. | 0.30 500.00/hr | $150.00 |
| 3/18/2019 | GSA | Three Telephone calls with client and Review latest Ramirez related E-mail letters. | 1.00 500.00/hr | $500.00 |
| 3/20/2019 | GSA | Review recent Motions for Stay, etc.; Exchange various emails with client; | 0.30 500.00/hr | $150.00 |

Mrs. Liza Hazan aka Elizabeth Hazan                                                    Page      2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/25/2019 | GSA | Review of all recent filings; Telephone call with client. | 0.40 500.00/hr | $200.00 |
| 4/4/2019 | GSA | Review pending motions on for 4/9/19, Exchange multiple texts with client.  Review various E-mail letters. Review latest filings. | 1.40 500.00/hr | $700.00 |
| 4/9/2019 | GSA | Exchange various emails with client.  Telephone call from client re. results of hearing. | 0.40 500.00/hr | $200.00 |
| 4/10/2019 | GSA | Meeting with client re hearing on Tuesday and direction of case; billing; payment, etc. | 3.00 500.00/hr | $1,500.00 |
| 4/11/2019 | GSA | ████████████████████████████████ ̤ | ██ | ██ |
| 4/12/2019 | GSA | ████████████████████████████████ | ██ | ██ |
| | GSA | Preparation of Affidavit of Attorney Fees for Hazan in connection with (1) Violations of Bankruptcy Court orders re Lis Pendenses and Crossclaim and Counterclaim in Chase Case; and (2) Violations of Bankruptcy Court orders re Kosachuk vs. Quebec garnishment action, USDC. | 1.90 500.00/hr | $950.00 |
| | | ████████████████████ | ██ | ██ |
| | | ████████████████████ | ██ | ██ |
| | | ████████████ | | ██ |
| | | ████████ | | ██ |

## Elizabeth Hazan Invoice's Calculations

| Invoice Date | | Amount |
|---|---|---|
| Nov. 19, 2018 | $ | 8,580.00 |
| Dec. 04, 2018 | $ | 4,400.00 |
| Dec. 23, 2018 | $ | 14,160.00 |
| Jan. 04, 2019 | $ | 7,370.00 |
| Feb. 12, 2019 | $ | 1,870.00 |
| Mar. 18, 2019 | $ | 11,550.00 |
| Apr. 12, 2019 | $ | 9,050.00 |
| **Total Amount** | **$** | **56,980.00** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)
www.flsb.uscourts.gov

In re:

LIZA HAZAN                                    Case No. 16-10389-AJC
a/k/a Elizabeth Hazan                         Chapter 11

Reorganized Discharged Debtor
_____/

### Declaration of Joel M. Aresty

Joel M. Aresty, pursuant to 28 U.S.C. § 1746, says:

1. I am an attorney admitted to practice in the State of Florida, the United States
District Court for the Southern District of Florida and qualified to practice in the U.S. Bank-
ruptcy Court for the Southern District of Florida.

2. I am employed by the law firm of Joel M. Aresty, P.A. with offices located at
309 1ST Ave S, Tierra Verde, FL 33715.

3. I represent reorganized and discharged Debtor Liza Hazan a/k/a Elizabeth Hazan in this and
related cases, including litigation relating to NLG's state court activity in its slandering of
Debtor's title by prosecuting two Lis Pendens, cross claims and counterclaims against her resi-
dence located at 6913 Valencia drive Fisher Island 33109 in violation of the Final Judgment en-
tered in her favor in Adversary case 16-01439-AJC and the confirmation Order and the Dis-
charge Order.

4. In connection to NLG, LLC, Astrid Gabbe and Juan Ramirez's activities against Ms Hazan
and her property, Ms. Hazan had to obligate herself to pay the attached attorneys fees:

date matter                    hours @$440            amount

| | | |
|---|---|---|
| 10/19/18 mtn state court to quash | .6 | 264 |
| 10/21/18 review cases | .6 | 264 |
| 12/31/18 emails re lis pendens | .5 | 220 |
| 10/24/18 claims work re stay, contempt discharge | 3 | 1,320 |
| 12/8/18 subpoena work | .6 | 264 |
| 10/2/18 mtn sanctions contempt | 1.1 | 484 |
| 1/21/19 supplement mtn contempt | 1 | 440 |
| 1/20/19 response NLG | .7 | 440 |
| 1/20/19 respnse NLG | 1 | 440 |
| 2/11/19 emerg mtn NLG | 2 | 880 |
| 3/16/19 ramirez work | .6 | 264 |
| 3/22/19 mtn fees | .5 | 220 |
| 3/25/19 mtn re bond | .7 | 308 |
| 3/27/19 emils re Ramirez | ,4 | 176 |
| 4/2/19 work re bond | .6 | 264 |
| 8/17/18 nlg responses | ,6 | 440 |
| total | | 6,688 |
| | | |

5. I declare  under penalty of perjury that the foregoing is true and correct.

Executed on 4/12/19
<u>S:/ Joel M. Aresty</u>
Joel M. Aresty, Esq.

Respectfully submitted,

Joel M. Aresty, P.
Attorneys for Reorganized Debtor
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
<u>aresty@Mac.com</u>
<u>By:/s/ Joel M. Aresty, Esq</u>
Fla. Bar No. 197483

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 12th day of April, 2019, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Joel M. Aresty

JOEL M. ARESTY

## SERVICE LIST

### Case No. 16-10389-AJC

16-10389-AJC Notice will be electronically mailed to:

Geoffrey S. Aaronson on behalf of Liza Hazan a/k/a Elizabeth Hazan; gaaronson@aspalaw.com,

5408891420@filings.docketbird.com

Joel M. Aresty, Esq. on behalf ofLiza Hazan ak/a Elizabeth Hazan; aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd ecamp-

bell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd ecamp-

bell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.

rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L. rpc@ecccoun-

sel.com, nsocor-ro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.-

com

Adam A Diaz on behalf of Creditor U.S. Bank National Association adiaz@shdlegalgroup.com,

southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC bkfl@albertellilaw.com

Michael A Friedman on behalf of Attorney Michael Friedman mfriedman@gjb-law.com,

gjbecf@gjb-law.com;jsardina@gjb-law.com

Michael A Friedman on behalf of NLG, LLC mfriedman@gjb-law.com, gjbecf@gjb-law.com;jsardina@gjb-law.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium mortman@furrcohen.com, atty_furrcohen@bluestylus.com

Astrid Gabbe on behalf of Counter-Claimant NLG, LLC astridgabbe@gmail.com

Astrid Gabbe on behalf of NLG, LLC astridgabbe@gmail.com

Astrid Gabbe on behalf of Defendant NLG, LLC astridgabbe@gmail.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC jgrant@msglaw.com, jenna-munsey- 6083@ecf.pacerpro.com;efile@msglaw.com;mg197ecfbox@gmail.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC jgrant@msglaw.com, jenna-munsey- 6083@ecf.pacerpro.com;efile@msglaw.com;mg197ecfbox@gmail.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc. ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc. dhaber@dhaberlaw.com, ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

David W. Langley on behalf of Counter-Defendant Liza Hazan dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Selective Advisors Group, LLC dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan dave@flalawyer.com, emi-ly@flalawyer.-com;monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan tdmckeown@mckeownpa.com

James B Miller on behalf of Counter-Claimant NLG, LLC bkcmiami@gmail.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc. Ash-ley.popowitz@mccalla.com, flbkecf@mccalla.com

Steven G. Powrozek, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association spowrozek@logs.com, electronicbankruptcynotices@logs.com

Juan Ramirez, Jr., Esq. jr@adrmiami.com

Eric J Silver on behalf of Other Professional Drew Dillworth esilver@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com

Michael W Simon on behalf of Creditor S&S Collections, Inc. ppaoletti@simonsigalos.com, dgasser@simonsigalos.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association aza-ron@leoncosgrove.com, jgomez@leoncosgrove.com

16-10389-AJC Notice will not be electronically mailed to:

Chris Kosachuk 854 Pheasant Run Rd West Chester, PA 19382-8144

Miami-Dade County Tax Collector c/o Alexis Gonzalez 200 NW 2nd Avenue, Suite 430 Miami, FL 33128-1733

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                          Chapter 11

    Debtor.
_____/

## AFFIDAVIT OF DANIEL A. BUSHELL

STATE OF FLORIDA          )
                          )
COUNTY OF BROWARD         )

Daniel Adam Bushell, being duly sworn, deposes and states the following:

    1.    Attached is a record of my time associated with providing legal services in connection with the following issues:

    a.  All matters concerning and associated with NLG, LLC's filing of various Lis Pendens as well as its crossclaim and counterclaim in the state court matter of *JPG Morgan Chase Bank, N.A. v. Elizabeth Hazan a/k/a Liza Hazan et al*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case No.: 2013-25902 CA-01; and

    b.  The matter of *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, in the United States District Court for the Southern District of Florida, Case No.: 18-25369-MC-Moore concerning a garnishment action filed by Plaintiff Chris Kosachuk against Elizabeth Hazan a/k/a Liza Hazan.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Daniel A. Bushell

1

SWORN AND SUBSCRIBED before me this _____26TH_____ day of _APRIL_, 20 _19_, by

Daniel A. Bushell of Broward County, Florida, who is personally known to me, or produced

_____ as identification.

_Walter Cappillo_

NOTARY PUBLIC, State of Florida

WALTER CAPPILLO

Print, type, or stamp name of notary

WALTER CAPPILLO
MY COMMISSION # GG 299842
EXPIRES: February 10, 2023
Bonded Thru Notary Public Underwriters

2

# Bushell Law, P.A.

6400 North Andrews Avenue, Suite 505 | Fort Lauderdale, Florida 33309

954-666-0220  WWW.BUSHELLAPPELLATELAW.com

Elizabeth Hazan

| | | Hours | Rate/hr | Total |
|---|---|---|---|---|
| 10/02/2018 | Call with client. | 0.5 | 400.00 | $200.00 |
| 10/03/2018 | Drafting motion for contempt, including review and analysis of NLG's state court filings, motions and orders re: relief from stay, and related materials, and conducting legal research for motion. | 4.8 | 400.00 | 1920.00 |
| 10/04/2018 | Edited, revised, finalized, filed motion for contempt. Prepared and filed notice of appearance in main bankruptcy case. | 0.6 | 400.00 | 240.00 |
| 10/17/2018 | Call with client. | 1.2 | 400.00 | 480.00 |
| 10/17/2018 | Reviewed filings by NLG in other cases and drafted amended motion for contempt. | 3.1 | 400.00 | 1,240.00 |
| 10/18/2018 | Edited and revised amended motion, compiled exhibits for same, filed same. | 1.6 | 400.00 | 640.00 |
| 10/18/2018 | Text messages with client. | 0.1 | 400.00 | 40.00 |
| 10/24/2018 | Prepared for, traveled to/from, and attended hearing re: stay, contempt, and discharge. | 5.8 | 400.00 | 2,320.00 |
| 11/11/2018 | Drafted proposed order re: contempt. | 2.8 | 400.00 | 1,120.00 |
| 11/14/2018 | Calls with client. | 0.6 | 400.00 | 240.00 |
| 11/14/2018 | Revised proposed order re: contempt. | 0.5 | 400.00 | 200.00 |
| 01/04/2019 | Calls with client. | 0.7 | 400.00 | 280.00 |
| 01/04/2019 | Drafted motion for contempt. Compiled exhibits for same and filed same. | 4.6 | 400.00 | 1,840.00 |
| 01/04/2019 | Text messages with client. | 0.1 | 400.00 | 40.00 |
| 02/14/2019 | Call with client. | 0.4 | 400.00 | 160.00 |
| 02/14/2019 | Conducted legal research re: lis pendens. | 0.4 | 400.00 | 160.00 |

| 03/05/2019 | Drafted proposed order re: motion for reconsideration of sanctions; conducted legal research in connection with same. | 1.3 | 400.00 | 520.00 |
|---|---|---|---|---|
| 03/06/2019 | Call with client. | 0.8 | 400.00 | 320.00 |
| 03/06/2019 | Drafted proposed order re: motion for relief from sanctions. | 2.5 | 400.00 | 1,000.00 |
| 03/11/2019 | Revised proposed order re: motion for contempt. | 0.3 | 400.00 | 120.00 |
| 03/21/2019 | Drafted motion for contempt. | 3.6 | 400.00 | 1440.00 |
| 03/21/2019 | Reviewed filings in registration/garnishment case. | 0.8 | 400.00 | 320.00 |
| 03/21/2019 | Emails with client. | 0.3 | 400.00 | 120.00 |
| 03/22/2019 | Call with client. | 0.1 | 400.00 | 40.00 |
| 03/22/2019 | Call with client. | 0.3 | 400.00 | 120.00 |
| 03/22/2019 | Edited, revised, and added to motion for contempt. Compiled exhibits for same and filed same. | 1.4 | 400.00 | 560.00 |
| 03/22/2019 | Emails with client. | 0.3 | 400.00 | 120.00 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In Re:

LIZA HAZAN a/k/a ELIZABETH HAZAN,       Case No. 16-10389-AJC

                                                      Chapter 11

       Debtor,

_____/

## <u>AFFIDAVIT OF JOE M. GRANT</u>

STATE OF FLORIDA          )
                              ) ss:
COUNTY OF PALM BEACH    )

Joe M. Grant, being duly sworn, deposes and states the following:

1.     I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.     I am employed by the law firm of Marshall Grant, PLLC with offices located at 197 South Federal Highway, Suite 200, Boca Raton, FL 33432.

3.     I represent reorganized and discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan, in this and related cases, including litigation relating to NLG's state court activity in its slandering of Debtor's title by prosecuting two Lis Pendens, cross claims and counterclaims against her residence located at 6913 Valencia drive Fisher Island 33109 in violation of the Final Judgment entered in her favor in Adversary case 16-01439-AJC and the confirmation Order and the Discharge Order.

4.     Attached is a record of time associated with legal services provided in connection with the following issues:

a.   All matters concerning and associated with NLG, LLC's filing of various Lis Pendens as well as its crossclaim and counterclaim in the state court matter of JPG Morgan Bank, N.A. v. Elizabeth Hazan a/k/a Liza Hazan, *et al*., in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case No. 2013-25902-CA-01; and

b.   The matter of Chris Kosachuk v. 9197-5904 Quebec, Inc., in the United States District Court for the Southern District of Florida, Case No. 18-25369-MC-Moore, concerning a garnishment action filed by Plaintiff, Chris Kosachuk against Elizabeth Hazan a/k/a Liza Hazan.

| Date | Party | Description | Rate | Time | Amount |
|---|---|---|---|---|---|
| 09/13/2018 | JG | Telephone call with client re: status of deadlines and litigation | $400 | 0.4 | $160.00 |
| 09/20/2018 | JG | Attended hearing before Judge Cristol. Emails with opposing counsel. | $400 | 3.5 | $1,400.00 |
| 10/11/2018 | JG | Telephone call with client. | $400 | 0.6 | $240.00 |
| 10/16/2018 | JG | Review of additional motions filed by NLG and discussions with client re: same. | $400 | 0.8 | $320.00 |
| 10/23/2018 | JG | Telephone calls with client re: hearing and other issues. Revisions to proposed orders. | $400 | 1.2 | $480.00 |
| 10/24/2018 | JG | Attended hearing on motion for contempt and related issues. | $400 | 3.2 | $1,280.00 |
| 10/25/2018 | JG | Discussions with client and other counsel re: draft orders. | $400 | 0.4 | $160.00 |
| 10/30/2018 | TZ | Review and analyze recent filings. | | 1.5 | $275 | $412.50 |
| 01/07/2019 | JG | Discussion with client re: lis pendens issues. | $400 | 0.4 | $160.00 |
| 01/16/2019 | JG | Discussions with client. | $400 | 0.4 | $160.00 |
| 01/24/2019 | TZ | Review and analyze recent papers in cases. | $275 | 0.9 | $247.50 |
| 02/27/2019 | JG | Telephone call with client re: status. Emails | $400 | 0.4 | $160.00 |

with A. Gabbe re: objection to answer to writ of garnishment.

| 03/05/2019 | JY | Prepare response to Reply and Objection o Answers of Garnishees. | $135 | 0.2 | $27.00 |
| 03/05/2019 | TZ | Review objections to answers to garnishment; review and revise opposition to objections. | $300 | 0.9 | $270.00 |
| 03/27/2019 | JG | Research re: piercing the corporate veil against non-parties. | $400 | 0.9 | $360.00 |
| 03/29/2019 | JG | Discussions with client re: responses to various pleadings and issues. | $400 | 0.8 | $320.00 |
| 03/29/2019 | TZ | Review and review response to motion to enforce; research related to same. | $300 | 1.9 | $570.00 |
| 04/25/2019 | | Hearing Transcript | | | $52.80 |

**Total: $6,779.80**

5. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

JOE M. GRANT

BEFORE ME, the undersigned authority, personally appeared Joe M. Grant, and who is personally known to me, and being duly sworn, under oath, deposes and says that the foregoing is true and correct to the best of his knowledge.

SWORN TO AND SUBSCRIBED before me this 26th day of April, 2019.

JENNA MARIE MUNSEY
Commission # GG 123685
Expires July 12, 2021
Bonded Thru Budget Notary Services

NOTARY PUBLIC STATE OF FLORIDA

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
### www.flsb.uscourts.gov

In Re:

LIZA HAZAN a/k/a ELIZABETH HAZAN,                    Case No. 16-10389-AJC
                                                     Chapter 11

    Debtor,

_____/

## DECLARATION OF DAVID W. LANGLEY

STATE OF FLORIDA           )
                         ) ss:
COUNTY OF BROWARD      )

Pursuant to 28 U.S.C. § 1746. David W. Langley, under penalty of perjury under the laws of the United States of America, states as follows:

1.      I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.      I am employed by the Law Offices of David W. Langley with offices located at 8551 W. Sunrise Blvd., Suite 303, Plantation, FL 33322.

3.      I represent the Reorganized and Discharged Debtor, Liza Hazan a/k/a Elizabeth Hazan, in this and related cases, including litigation relating to NLG's state court activity in its slandering of Debtor's title by prosecuting two Lis Pendens, cross claims and counterclaims against her residence located at 6913 Valencia drive Fisher Island 33109 in violation of the Final Judgment entered in her favor in Adversary case 16-01439-AJC and the confirmation Order and the Discharge Order.

4.      Attached is a record of time associated with legal services provided in connection with the following issues:

      a.      All matters concerning and associated with NLG, LLC's filing of various Lis

Pendens as well as its crossclaim and counterclaim in the state court matter of JPG Morgan Bank, N.A. v. Elizabeth Hazan a/k/a Liza Hazan, *et al.*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Division, Case No. 2013-25902-CA-01; and

       b.    The matter of Chris Kosachuk v. 9197-5904 Quebec, Inc., in the United States District Court for the Southern District of Florida, Case No. 18-25369-MC-Moore, concerning a garnishment action filed by Plaintiff, Chris Kosachuk against Elizabeth Hazan a/k/a Liza Hazan.

       5.   The attached time records evidence total fees incurred by Ms. Hazan on this matter of $10,575.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 26, 2019.

_____*David W. Langley*_____

DAVID W. LANGLEY

**David W. Langley**
**Attorney at Law**
**8551 W. Sunrise Blvd., Suite 303**
**Plantation, FL 33322**

Liza Hazan
6913 Valencia Drive
Miami Beach, FL 33109

Date: 4/26/2019

Regarding: Bankruptcy - Hazan, Liza  All Billings
Invoice No: 00676

*Professional Services Rendered*

| Date | Staff | Description | Hours |
|------|-------|-------------|-------|
| 4/04/2019 | DWL | Prepare Motion to Dissolve Lis Pendens. | 1.80 |
| 4/05/2019 | DWL | Prepare Opposition to Motion to Withdraw, prepare for hearing. | 1.60 |
| 4/07/2019 | DWL | Prepare for hearing on Sanctions. | 2.20 |
| 4/08/2019 | DWL | Conference with Elizabeth Hazan, review various contempt motions, transcripts of hearings, prepare for contempt hearing. | 2.80 |
| 4/09/2019 | DWL | Conference with Elizabeth Hazan, prepare for and attend hearing on Motion for Contempt, conference afterwards with Juan Ramirez, Andrew Zaron; Prepare email to Juan Ramirez. | 6.70 |
| 4/10/2019 | DWL | JP Morgan Motion to Dismiss Counterclaim and Motion to Withdraw as Attorney - JPMorgan vs Hazan | 1.00 |
| 4/10/2019 | DWL | Prepare Response to Motion for New Hearing. | 1.60 |
| 4/10/2019 | DWL | Prepare email to Juan Ramirez and Astrid Gabbe. | 0.30 |
| 4/10/2019 | DWL | Attend hearing on JP Morgan Motion to Dismiss Counterclaim and Ramirez Motion to Withdraw as Attorney - JPMorgan vs Hazan. | 3.40 |
| 4/11/2019 | DWL | Telephone call from Astrid Gabbe. | 0.30 |
| 4/12/2019 | DWL | Prepare Motion for Order to Show Cause re Astrid Gabbe. | 1.80 |

Sub Total: $10,575.00

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                          Chapter 11

    Debtor.
_____/

**REORGANIZED DISCHARGED DEBTOR'S AMENDED EMERGENCY
MOTION FOR CONTEMPT AND TO IMPOSE ADDITIONAL SANCTIONS
ON NLG, JUAN RAMIREZ JR., CHRISTOPHER KOSACHUK AND
<u>MOTION FOR ENTRY OF FINAL JUDGMENT</u>**
HEARING REQUESTED MAY 8, 2019 AT 11 AM

Reorganized Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan ("Hazan") , through her

undersigned counsel, respectfully moves this Honorable Court for an order finding NLG, LLC, its

principal Christopher Kosachuk, its counsels, Juan Ramirez, Esq. and Astrid Gabbe, Esq. ("the

Kosachuk Group") in contempt for violating once again this Court's orders, including the Order

Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and

Punitive Damages [ECF NO. 780] (the First Contempt Order), Order Confirming Plan of

Reorganization [ECF NO. 691] (the Confirmation Order), Order Granting Motion to Reopen Case

to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF NO. 766] (the

Discharge Order), March 12, 2019 Order on Reorganized Discharged Debtor's Motion for

Contempt and Sanctions (the Second Contempt Order) [ECF 823] and April 12, 2019 Order

Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further

Hearing [ECF 856] (the Third Contempt Order). She further requests that the Court award

attorney's fees, compensatory damages, damages for emotional Distress for an especially

egregious violation of the discharge injunction, punitive damages in the maximum amount allowed or ten times the amount of attorney fees she has incurred since the wrongful imposition of the first Lis Pendens on August 9 2018, $1,000 daily fines jointly and severally against NLG, LLC and its attorney Juan Ramirez Jr since April 12, 2019 as so ordered in the Third Contempt Order on April 12, 2019, enter a Final Judgment against the Kosachuk Group jointly and severally in the amount of the loss of the net income had she been able to sell value of her Fisher Island residence, enter coercive sanctions against the Kosachuk Group, striking all NLG's pleadings nun pro tunc to the date of the notice of appearance of Astrid Gabbe on May 2017, award all the damages incurred by Ms Hazan in D.E. 885, and Grant further relief as the Court deems just and appropriate.

This motion is filed as an emergency because the actions complained of are impairing the ability of movant to get title insurance on her homestead, and are impairing valuable property rights.

## I.  Juan Ramirez, NLG, Kosachuk and Gabbe's Violation of the Confirmation and Discharge Orders and three Contempts Orders

In Paragraph 9 of the Court's June 12, 2018 Confirmation Order, the Court enjoined all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

[ECF 691 at 5].

In its December 7, 2018 Discharge Order, the Court found Hazan has been discharged of all debts arising prior to entry of the Confirmation Order:

2

> The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

[ECF 766 at 11].

In violation of the injunction in the Confirmation Order as well as the Discharge Order, Kosachuk and Gabbe have repeatedly engaged in actions to recover a prepetition debt against Hazan. On December 7, 2018, this Court entered the First Contempt Order, warning NLG and its counsel "to refrain from taking *any other action* in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018." ECF 780 at 9.

Precisely two weeks after his LLC and its counsel were sanctioned, Kosachuk filed *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, Case No. 18-25369-MC-MOORE (S.D. Fla.), to register an Order and Final Judgment entered **on March 24, 2015**, well before Hazan filed her bankruptcy petition—and years before entry of the Confirmation Order. *See* Exhibit 1. Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Kosachuk's purpose for seeking to register the judgment was to attempt to collect it from Hazan. That intention was made clear by Kosachuk's first action in the case, which was to file a Motion for Postjudgment Writ of Garnishment against Hazan *less than one week after the Court entered the Discharge Order*. *See* Exhibit 2. In that motion, Kosachuk and his attorney, Gabbe, allege that "Hazan is indebted to Defendant Quebec" and that Hazan "is the alter-ego of Judgment Debtor Quebec and…the equitable owner of Quebec…" *Id*. at 2. And Kosachuk and Gabbe proceeded to serve a writ of

3

garnishment on Hazan. *See* Exhibits 3 (Writ of Garnishment) & 4 (Certificate of Service reflecting service of the Writ on Hazan).

Additionally, on March 18, 2019, Kosachuk and Gabbe filed a motion titled *Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Against its Officers and Beneficiaries: Raymond Houle and Elizabeth Hazan a/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. *See* Exhibit 4. In the motion to pierce the corporate veil, Kosachuk and Gabbe claim Kosachuk is owed $1,172,492.93 as a result of the **March 24, 2015** Order and Final Judgment. *See id*. They ask the court to pierce the corporate veil of Quebec to Reorganized Discharged Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. *See generally* Exhibit 1. And they pray for the court to "pierce the corporate veil of Quebec, enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally…" *Id*. at 11.

Each of these actions was taken in violation of the injunction in the Confirmation Order and the Discharge Order. As noted, the Final Order and Judgment against Quebec was entered **on March 24, 2015**, not only before the Confirmation Order but before Hazan petitioned for bankruptcy relief. Thus, even if Hazan had any liability for a debt of Quebec as a purported alter ego (and she does not), any such liability of Hazan for the 2015 judgment arose prepetition. Similarly, even if Hazan owed any debt to Quebec (and she did not), it would have arisen prior to her bankruptcy petition and was extinguished upon entry of the Confirmation Order. Thus, the Confirmation Order prohibits Kosachuk and Gabbe from seeking to enforce the judgment against

Hazan. There can be no question that Kosachuk and Gabbe had actual knowledge of the Court's Confirmation Order and Discharge Order.

On April 9, 2019 the Court held Kosachuk and his attorney Astrid Gabbe in contempt of Court [ECF 856] and ruled as follows:

"These attempts to collect on the Quebec judgment from Ms. Hazan are **blatantly contemptuous acts in willful defiance of this Court's Confirmation Order** (ECF 691), **Discharge Order** (ECF 766) and **the discharge injunction** provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge." **The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order.** The Final Order and Judgment against Quebec having been entered on March 24, 2015, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case.

The Court cannot allow this willful violation of the Court's Orders and the discharge injunction to pass without ensuring counsel and her client know what they did was wrong.

**Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case**, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all."

## II.     NLG and Ramirez's Violations of this Court's Order in the Chase Litigation

In the First Contempt Order, this Court concluded that "[t]he injunction in the Confirmation Order prevented NLG from taking any action or attempt to collect any discharged debts, including preventing the filing of a lawsuit in state court to collect on its extinguished or otherwise satisfied debt." ECF 780 at 7. The Court further found NLG and its counsel had violated the Confirmation Order [ECF 691] by pursuing foreclosure of Hazan's property in state court and ordered that NLG's cross-claim in state court be dismissed such that the *lis pendens* had recorded would be dissolved:

1. The Court finds that Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.

2. Attorney Ramirez and NLG shall immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and **upon dismissal of the cross-claim, the *lis pendens* shall be dissolved**.

3. If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.

ECF 780 at 9. In addition, the Court warned NLG and its counsel "to refrain from taking ***any other action*** in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018." *Id*. at 9 (emphasis added).

When Ramirez and NLG filed a notice of withdrawal that did not result in dissolution of the *lis pendens*, and actually filed a second *lis pendens*, Hazan again moved for contempt. In its Second Contempt Order, the Court declined to impose sanctions against NLG and Ramirez for this

conduct based on Ramirez's representation that he was willing to stipulate to dismissal in a form acceptable to Hazan:

> Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes, the Court finds no grounds for contempt.

[ECF 823 at 2].

But the assurances of NLG's attorney were hollow. When Hazan's counsel subsequently reached out to Ramirez, he decided to withdraw from the Chase litigation rather than do as he said, based on the representation that NLG—which continues to be represented by Ramirez in this case and several other cases—would not permit him to do so.

On March 14, 2019 at 4:32 PM, Hazan's counsel Geoffrey Aaronson sent Ramirez as a proposed form of dismissal:

> Juan,
> You may recollect that we traded various emails in connection with the Chase Bank state court matter – Feb. 6, 2019; Feb. 8, 2019; Feb. 14, 2019. You had indicated that you would get back to me after discussing with your client.
>
> In the Bankruptcy Court's Order Denying Expedited Motion for Contempt and Sanctions [ECF 823] the Court therein recited: Importantly, at the hearing, NLG's attorney stated he did not know what the problem is with their withdrawal, but nonetheless offered Debtor's counsel to draft any notice of dismissal or withdrawal of the crossclaim that he felt complied with this Court's Contempt Order and stated he would file same in an effort to comply with the Contempt Order. Based on counsel's withdrawal and subsequent statement of willingness to file a form of a notice of dismissal or withdrawal of the crossclaim that the Debtor's attorney proposes,

the Court finds no grounds for contempt.

I am now attaching a proposed "NLG, LLC'S Second Corrected No-
tice of Voluntary Dismissal of Crossclaim and Notice of Voluntary
Dismissal of Counterclaim and Dissolution of Lis Pendens" to be
executed for filing and recording.

Please execute and return to me. Thank you.

On March 14, 2019 at 4:46 PM, Ramirez responded by refusing to agree:

Aaron,
The problem is you keep including the counterclaim and the lis pen-
dens, which were never contemplated in the discussion nor in the
order. We would be glad to submit a Notice that includes paragraph
1 but eliminates paragraphs 2 and 3.

In a March 14, 2019 at 6:06 PM response, Hazan's counsel reminded Ramirez that his

actions were inconsistent with his representations to this Court:

Juan,

I would appreciate it if you used my correct name, Geoffrey
Aaronson, not Aaron.

I believe that the Motions were quite clear and that Judge Cristol is
again graciously providing you with the opportunity to abide by the
Judgment, the Confirmation Order, and the Discharge Order without
again finding you in contempt and imposing sanctions. Why are you
continuing to make this difficult?

The foreclosure judgment is satisfied. NLG does not today have a
foreclosure judgment, it does not have a mortgage, it does not have
a lien, it does not even have a claim against Hazan. But you persist
in filing pleadings that assert that you have a judgment, that you
have a mortgage, and that you have a lien against Hazan's home-
stead.

This will be my last email to you in a good faith attempt to avoid
ANOTHER UNNECESSARY HEARING to seek sanctions. Judge
Cristol, I'm sure, is weary of this, and so am I. However, if you do

8

not abide by the Judgment, the Confirmation Order, and the Dis-
charge Order by executing the "NLG, LLC'S Second Corrected No-
tice of Voluntary Dismissal of Crossclaim and Notice of Voluntary
Dismissal of Counterclaim and Dissolution of Lis Pendens" I sent
you, we will be asking the Court to, this time, impose sanctions.

Geoffrey

Ramirez responded on March 15, 2019 at 5:01 PM, stating that he was withdrawing rather

than agreeing to the form of dismissal:

Geoffrey:

I finished my mediation early and was able to discuss your email
with Chris. I have decided to withdraw from the Chase foreclosure
case and I'm attaching the motion I just filed. Feel free to contact
Chris directly about this matter.

Please let me know if I can submit the attached agreed order or if I
have to set it down for hearing.

Thanks.

Hazan's state court counsel, Stuart Zoberg, emailed Ramirez on March 17, 2019 to urge

him to enter the stipulated form of dismissal before withdrawing:

Mr. Ramirez:

As you know, I have been recently been retained in the Chase mat-
ter. I noticed that you filed a motion to withdraw. Per Mr.
Aaronson's email below, prior to doing so, it is important that you
execute the attached stipulation. Further, should you fail to do so by
the end of tomorrow, I will send a 57.105 motion and schedule it
following the expiration of the 21 day safe harbor period. Case law
is clear that your withdrawal will not save you from 57.105 or delay
damages against you and your client. Korte v. U.S. Bank Nat. Ass'n,
64 So. 3d 134, 136 (Fla. 4th DCA 2011)(sanctions granted after at-
torney moved to withdraw for not just fees, but delay damages as
well). I trust this will not be necessary.

Ramirez responded the following day that he was "not authorized by the client to file the

stipulation." Thus, it is clear that despite Ramirez's assurances to this Court, neither he nor NLG

is willing to file a dismissal that would effectuate dissolution of NLG's *lis pendens* as the Court intended.

On April 12, 2109 NLG through Ramirez filed a second amended Motion to amend its answer and affirmative defenses. *See generally* **Exhibit 1**. NLG through Ramirez argues that they "never agreed to subordinate **its interest** to Plaintiff Chase and neither Hazan nor Plaintiff alerted NLG to the loan modification." "NLG only learned of the loan modification when it was attached to the Complaint in this case. As such, **Plaintiff JP Morgan and/or Washington Mutual lost its priority position with respect to NLG** when it entered into the Loan Modification Agreement with Hazan and did not obtain NLG's consent." And NLG **pray that the Court enter judgment (a) determining the priority of the liens against the subject property, (b) awarding NLG its reasonable attorney's fees and costs against Plaintiff, and (c) granting such other and further relief as the Court deems appropriate**. *Id*. at 7-8.

**III.   NLG and Ramirez's willful Violations of the Confirmation, Discharge Orders and three Contempts Orders by filing pleadings in the Gordo Case 11-42770-CA-02 after being denied twice stay relief:**

On April 16, 2019, two days after entry of the Third Contempt Order, NLG, though Juan Ramirez, filed an Amended Motion for Attorney fees attached as **Exhibit 2** stating the following:

Plaintiff NLG, LLC, by and through undersigned counsel, filed to Determine the amount of attorney fees a Motion Court Order from the Third District Court of Appeal, requests this Court schedule a hearing to fix the amount of attorney's fees, and as grounds would state: On April 26, 2016, the Third District Court of of Appeal issued an order granting NLG's motion for attorney's fees pursuant to section 57.105, Florida Statutes and Rule 9.410 Fla. R. App. P. and remanded to the trial court to fix amount. Because the Defendant/ Appellant Elizabeth Hazan was under the automatic stay protection of the bankruptcy court, NLG had not requested a hearing to fix the amount. Now Hazan is claiming that the Confirmation and Discharge Orders of theBankruptcy Court discharged her potential liability for fees. Both of those orders are under appeal.  In an abundance of caution, however, NLG will pursue only attorney's fees against Attorney Robert Lithman, who filed the appeal, without prejudice to renewing its claim against Hazan should the Confirmation and Discharge Orders be reversed.

WHEREFORE Plaintiff NLG prays for a Hearing to fix the amount of attorney's fees against Attorney Robert Lithman. "

Ramirez has scheduled a hearing on June 4, 2019. Attached as **Exhibit 3** is a true and correct copy of the June 4, 2019 Notice of hearing.

NLG 's two Motion for Stay Relief to file pleadings in the case 11-42770-CA-02 were both Denied. D.E. No. 176 entered on August 23, 2016 and D.E. 500 entered on June 28, 2017. This Court should sanction NLG and Ramirez jointly and severally for violating the Discharge Injunction and filings any pleadings in the Gordo case 11-42770-CA-02.

On March 13, 2019 The Court entered D.E. No. 822 Order Denying Debtor's Expedited Motion to Deem Void Orders Entered in Violation of the Automatic Stay:

" Notwithstanding any resulting claim which may arise from the orders as against the Debtor, such claim did not survive this case, regardless of amount. No claim was filed for said fees – administrative or otherwise, and the fees awarded against Hazan are therefore deemed discharged as the Reorganized Debtor has been discharged from any debt that arose before the date of the plan confirmation pursuant to 11 U.S.C. § 1141(d)."

Notwithstanding the  Two Orders Denying Stay Relief,  the injunctions and the various Contempt Orders and the Order entered on March 13, 2019, NLG through Ramirez is still pursuing claims in a State Court case where it was permanently barred to do so.

**IV.    Kosachuk, NLG and Ramirez's willful Violations of this Court's April 12, 2019 Order Granting Motion for Contempt and Sanctions [ECF 856] brazenly recorded a new lis pendens on April 10, 2019 after being warned not to record any additional lis pendens and were directed to dismiss, dissolve, and release all lis pendens filed within 48 hours.**

In complete defiance of this Court's Third Contempt Order entered on April 12, 2019, and

11

willful violation of this Court's orders, Attorney Juan Ramirez on behalf of NLG filed a New lis pendens against Liza Hazan and property belonging to Liza Hazan on April 10, 2019 at 9 08 AM the very next morning of the Hazan's last Motion for contempt and Sanctions contempt hearing held on April 9, 2019. At the last hearing the Court warned Ramirez that if he wanted **"to get off the hook"** he had to provide Ms Hazan's attorney the dismissal of the two recorded lis pendens the next morning April 10, 2019 at 7 50 AM. At the conclusion of the hearing on April 9, 2019 it was clear that The Court ordered Juan Ramirez Jr and NLG to dissolve all lis pendens on Ms Hazan's property and certainly not record a new lis pendens. Juan Ramirez dismissed the two lis pendens of record the same evening on April 9, however On April 10, 2019 the next morning of the hearing and Sanctions at 9 08 AM, Juan Ramirez was at the Courthouse in person[1] recording a new lis pendens against Liza Hazan and Liza Hazan property is recorded  Book 31397 Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SEC-TION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the public Records of Miami-Dade County. Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109. At-tached as **Exhibit 4** is a true and correct copy of the new lis pendens.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN20150812181." This is the same foreclosure judgment that this honorable court has deemed **SATISFIED PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-

---

[1] Ms Hazan and her husband were sitting next to Ramirez recording the discharge of the two lis pendens and Mr Ramirez was recording a new lis pendens in total defiance of the court's orders, injunctions and warnings.

12

01439-AJC D.E. No. 238.

The new lis pendens recorded by Ramirez has further damaged Ms Hazan and her Fisher Island property, slandering her title, diminishing the value of her property, making it impossible to sell or refinance her house or obtain a title insurance policy. On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows: "notwithstanding the parties' misunderstandings, **the lis pendens must be dissolved. Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property." *Id* 5**

As this Court has recognized, it can and should enforce its own orders. That is especially true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and their counsels will continue to violate this Court's orders unless sufficiently punitive measures are imposed on them. Indeed, Kosachuk and Gabbe filed an entire new lawsuit against Hazan seeking to collect a prepetition debt barely two weeks after the First Contempt Order was entered and within days of entry of the Discharge Order. NLG and Ramirez have recorded a new lis pendens the next morning after the April 9, 2019 hearing where the court made it clear that if Ramirez wanted to be off the hook here is what he needed to:

THE COURT: Well, I would suggest as
6 follows: If you prepare a document that withdraws
7 both lis pendens, and get it filed and in the hands
8 of opposing counsel before your hearing tomorrow --
9 MR. RAMIREZ: The hearing is at 8 o'clock,
10 Judge.

13

THE COURT: Well, at five of 8:00 you can
12 hand it to them as you're going into the hearing.
13 As I said, if you've done it and it's in form to be
14 filed, that will resolve any representation you
15 might have made on the record that should be held
16 against you and you'll be off the hook. If it's
17 not -- if both lis pendens are not withdrawn before
18 that hearing tomorrow morning, or before you
19 withdraw -- perhaps you can ask the Judge, if you
20 need an extra day to withdraw, so you can get that
21 in, that's fine. Otherwise, that's where we're at.
22 I don't see anything further to do here
23 today, except to thank you all for your appearances.
24 If you'll get that affidavit as to attorney's fees
25 in within three days, we'll get to work on these

Tr. page 39 lines 11-25;

1  orders.
THE COURT: He says it may be different
7 than what was -- the key for him to sign something
8 is to sign a withdrawal of two lis pendens. Now,
9 he's talking about other matters, and if there are
10 other matters that weren't covered by that, we're
11 not looking at that right now. We're looking at
12 whether or not the lis pendens are to be withdrawn.

Tr. page 40 lines 1; lines 6-12;

And after being ordered to dismiss, dissolve and release the lis pendens, Juan Ramirez had the

*chutzpah* to record a new lis pendens on April 10, 2019 at 9:08 AM in person.

The new lis pendens  recorded against Liza Hazan and Liza Hazan property is recorded

Book 31397 Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON

FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page

64, of the public Records of Miami-Dade County.

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final

Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For

Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742,

CFN20150812181."

      This is the same foreclosure judgment that this honorable court has deemed **SATISFIED**

**PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-01439-AJC

D.E. No. 238.


**V. JUAN RAMIREZ NLG, Chris Kosachuk, and Astrid Gabbe perjurious statement of joint notice of Compliance when in reality they recorded a new lis pendens three days earlier in violation of the April 12, 2019 Third Contempt Order D.E. No. 860.**

    On April 13, 2013 NLG, Kosachuk, Ramirez and Astrid Gabbe filed a perjurious "Joint Notice of

compliance with Court Order [ECF No. 856] when in reality they had filed a new lis pendens three days

earlier on April 10, 2019 in clear violation of the Third Contempt Order entered on April 12, 2019.  The

new lis pendens  recorded against Liza Hazan and Liza Hazan property is recorded  Book 31397

Pages 2632-2633 CFN 2019R0220803 Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND

SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the public

Records of Miami-Dade County.

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109.

The new lis pendens was filed by Juan Ramirez on April 10, 2019 "pursuant to the Final

Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For

Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742,

CFN20150812181."

This is the same foreclosure judgment that this honorable court has deemed **SATISFIED PAID OF RECORD**. Final Judgment entered for Ms Hazan in ADV Case 2016 ap-01439-AJC D.E. No. 238.


Enough is enough.

WHEREFORE, Reorganized and Discharged Debtor Liza Hazan respectfully requests that the Court enter an order:

(1) Finding Kosachuk, NLG, Ramirez, Astrid Gabbe in contempt of court;

(2) Directing NLG and Ramirez to immediately **dismiss, dissolve and release** with prejudice the newly recorded lis pendens recorded on April 10, 2019 CFN 2019R0220803 Book 31397 Pages 2632-2633;

(3) permanently barring Kosachuk, NLG, Ramirez, Astrid Gabbe and any NLG and Kosa-chuk's representatives, attorneys, agents from ever recording a lis pendens against Liza Hazan and against her property on Fisher Island under any caption in any jurisdiction, in any State at any level State, federal or appellate level.

(4) Deeming all pending lis pendesn filed by NLG void, null and of no effect;

(5)  Directing Ramirez to withdraw their Answers and Affirmative Defenses and Amended Answers and Affirmative Defenses in the Chase Litigation action claiming entitlement to foreclose on the subject property with prejudice;

(6) Directing NLG and Ramirez to Dismiss with prejudice State Courts cases 11-42770-CA-02 and 07-19532-CA-11.

(7) Imposing on Kosachuk, NLG, Gabbe, and Ramirez joint and several liability to pay Ha-
zan's attorney's fees and costs of bringing this motion and all previous Contempt motions,
prepare and attend multiple hearings, prepare multiple proposed orders as well as punitive
damages incurred by Ms Hazan since the filing of the first lis pendens on August 9, 2018
as determined in her attorneys' affidavits filed on April 26, 2019 D.E. No 878; D.E. No.
879; D.E. No. 880; D.E. No. 881; D.E. No. 882; and D.E. 885, and imposing the $1,000
daily fines against Ramirez and NLG since April 10, 2019;

(8) Enter a Final Judgment against the Kosachuk Group in an amount pursuant to D.E. 882
and D.E. 885, and

(9) Awarding such other and further relief as the Court deems just and proper.


Respectfully submitted,

   I HEREBY CERTIFY that on this   3rd   day of May 2019, a true and correct copy of
the foregoing has been furnished via ECF and electronic mail to all parties.


JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
Attorneys for Creditor/Plaintiff
Tierra Verde, FL 33715 Fax: 800-559-1870
Phone: (305) 904-1903
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

EXHIBIT 1

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY,
FLORIDA**

**CIVIL DIVISION**

**CASE NO.: 2013-25902 CA 01**

JP Morgan Bank, NA

     Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan;
NLG, LLC, 6913 Valencia, LLC; Western
National Life Insurance Company f/k/a AIG
Annuity Insurance Company; Fisher Island
Community Association, Inc.; Valencia Estates
Homeowners' Association, Inc.; Unknown Parties
in Possession #1, If living, And all Unknown
Parties claiming by, through, Under and against
the above named Defendant(s) Who are not
known to be dead or alive, whether said Unknown
Parties may claim an interest in Spouse, Heirs,
Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether
said Unknown Parties may claim an interest in
Spouse, Heirs, Devisees, Grantees, or Other
Claimants.

     Defendants.

_____/

**NLG, LLC'S SECOND AMENDED MOTION TO AMEND
ITS ANSWER AND AFFIRMATIVE DEFENSES**

Defendant NLG, LLC ("NLG"), through undersigned counsel, and pursuant to Rule

1.190 of the Florida Rules of Civil Procedure, hereby files this Motion to Amend its Answer and

Affirmative Defenses and states that:

1.      NLG filed its Answer, Affirmative Defenses, Counterclaim and Crossclaim on October 1, 2018.

2.      Pursuant to bankruptcy proceeding, NLG has had to dismiss its Counterclaim and Crossclaim.

3.      This is NLG's first motion to amend its Answer and Affirmative Defenses.

4.      The Defendant Elizabeth Hazan only filed her Answer, Affirmative Defenses and Counterclaim on March 15, 2019.

5.      There is no trial set for this matter.

6.      A new proposed Amended Answer and Affirmative Defenses is attached.

WHEREFORE, NLG prays for an Order Granting Leave to Amend its Answer and Affirmative Defenses with the attached proposed pleading.

Date: April 12, 2019.

Respectfully submitted,

ADR Miami LLC
1172 South Dixie Highway, #341
Coral Gables, FL 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

By: ___/s/ *Juan Ramirez, Jr.* ____
**Juan Ramirez, Jr.**
Florida Bar No.
201952
jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 12th day of April, 2019, on all counsel or parties of record on the Service List

below.

By: ___/s/ *Juan Ramirez, Jr.* ____
Attorney for Defendant NLG

## **SERVICE LIST**

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase,*
*NA* roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

Roger Slade, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association,*
*Inc.* rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
NLG, LLC's Notice of Withdrawal of
Crossclaim *Estates Homeowners'*
*Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island*
*Community Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.c
om

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com,
monica@flalawyer.com

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA
## CIVIL DIVISION

### CASE NO. 2013-25902 CA 01

JP Morgan Bank, NA

      Plaintiff,

vs.

Elizabeth Hazan a/k/a Liza Hazan; Unknown
Spouse of Elizabeth Hazan a/k/a Liza Hazan; NLG,
LLC, 6913 Valencia, LLC; Western National Life
Insurance Company f/k/a AIG Annuity Insurance
Company; Fisher Island Community Association,
Inc.; Valencia Estates Homeowners' Association,
Inc.; Unknown Parties in Possession #1, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants;
Unknown Parties in Possession #2, If living,
And all Unknown Parties claiming by, through,
Under and against the above named Defendant(s)
Who are not known to be dead or alive, whether said
Unknown Parties may claim an interest in Spouse,
Heirs, Devisees, Grantees, or Other Claimants.

      Defendants.

_____/

### NLG, LLC'S AMENDED ANSWER, AND AFFIRMATIVE DEFENSES

Defendant, NLG, LLC ("NLG"), through undersigned counsel, files this Answer,
Affirmative Defenses to the Foreclosure Complaint (the "Complaint") filed by JP Morgan Chase
Bank, NA ("JP Morgan").

### ANSWER AND AFFIRMATIVE DEFENSES

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 2 of 6

1.     Paragraph 1 of the Complaint describes the nature of the purported claims asserted by JP Morgan in the Complaint and does not require a response. To the extent a response is required, the allegations are admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied.

6.     Denied.

7.     Admitted.

8.     Denied.

9.     NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

10.     NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

11.     Denied.

12.     Denied.

13.     Denied.

14.     NLG is without knowledge as to the allegations contained in paragraph 9 and therefore demands strict proof thereof.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 3 of 6

19.     Denied.

20.     Denied.

## AFFIRMATIVE DEFENSES

21.     As its first affirmative defense, NLG states that Plaintiff's claims are barred by the doctrine of res judicata.

22.     As its second affirmative defense, NLG states that Plaintiffs' claims are barred by the doctrine of collateral estoppel.

23.     As its third affirmative defense, NLG states that Plaintiffs' claims are barred by the doctrine of estoppel.

24.     As a fourth affirmative defense, NLG states that the Plaintiffs' claims are barred by previous dismissals of the same causes of action by the Plaintiff in 2008 and 2011.

25.     As a fifth affirmative defense, NLG states that the Plaintiffs' claims are barred by their respective statutes of limitation.

26.     As a sixth affirmative defense, NLG is without knowledge whether Plaintiff complied with paragraph 22 of the mortgage, which requires notice of acceleration and therefore alleges that Plaintiff failed to comply with the notice requirement, subject to conducting discovery.

27.     As a seventh affirmative defense, NLG asserts that the Plaintiff lacked standing at the time this action was filed as the mortgagee listed in the Complaint is JP Morgan, but the mortgagee was Washington Mutual Bank at the time of filing.

28.     As an eighth affirmative defense, NLG asserts that Plaintiff has failed to record and pay documentary stamps on the Loan Modification Agreement mentioned in the Complaint.

29.     As a ninth affirmative defense, NLG asserts:

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 4 of 6

a.  That on March 7, 2007, Defendant Hazan executed a promissory note and mortgage recorded in Official Records Book 25450, Page 2835, of the Public Records of Miami-Dade County, Florida. The mortgage listed the lender as "Washington Mutual Bank, FA." The mortgage was attached to the Complaint as Exhibit B and is incorporated by reference herein.

b.  The Complaint does not allege that this mortgage was ever assigned to Plaintiff.

c.  On March 8, 2007, Hazan executed and delivered to NLG a promissory note in the principal amount of $1,275,000, secured by a Mortgage of even date recorded in Official Records Book 25559, Page 4266, of the Public Records of Miami-Dade County, Florida.

d.  The Complaint alleges that Hazan executed a Loan Modification Agreement. The Loan Modification was attached to the Complaint as Exhibit C and is incorporated by reference herein. Exhibit C was dated June 20, 2011, and shows it was in favor of Plaintiff, JPMORGAN CHASE BANK, N.A., with an effective date of August 1, 2011, increasing the Principal Balance to $4,282,432.36.  It does not show that the Loan Modification was ever recorded.

e.  NLG never agreed to subordinate its interest to Plaintiff and neither Hazan nor Plaintiff alerted NLG to the loan modification.  NLG only learned of the loan modification when it was attached to the Complaint in this case.

f.  As such, Plaintiff JP Morgan and/or Washington Mutual lost its priority position with respect to NLG when it entered into the Loan Modification Agreement with Hazan and did not obtain NLG's consent.

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 5 of 6

      **WHEREFORE**, NLG prays that the Court enter judgment (a) determining the priority of

the liens against the subject property, (b) awarding NLG its reasonable attorney's fees and costs

against Plaintiff, and (c) granting such other and further relief as the Court deems appropriate.

Dated:  April 12, 2019.

                     Respectfully submitted,

                     ADR Miami LLC
                     1172 So. Dixie Hwy. #341
                     Coral Gables, Florida 33146
                     Tel: (305) 667-6609
                     Fax: (800) 380-4155

                     By: ___/s/ *Juan Ramirez, Jr.*___
                     **Juan Ramirez, Jr.**
                     Florida Bar No. 201952
                     jr@adrmiami.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email

on this12th day of April, 2019, on all counsel or parties of record on the Service List below.

                     By: ___/s/ *Juan Ramirez, Jr.*___
                     Attorney for Defendant NLG, LLC

## SERVICE LIST

Robin Reyes
*Attorney for Plaintiff JPMorgan Chase, NA*
roreyes@logs.com
sfgbocaservice@logs.com

Nicole Moskowitz, Esq.
*Attorney for Defendant Elizabeth Hazan*
NLGlaw@yahoo.com

Micheal Simon
*Attorney for Defendant 6913 Valencia, LLC*
msimon@3slaw.com

NLG, LLC's Answer and Affirmative Defenses
Case No. 2013-25902 CA 01
Page 6 of 6


Roger Slade, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association, Inc.*
rslade@dhaberlaw.com

Jonathan Goldstein, Esq.
*Attorney for Defendant Valencia*
*Estates Homeowners' Association, Inc.*
jgoldstein@dhaberlaw.com

Gian Ratnapala, Esq.
*Attorney for Defendant Fisher Island Community*
*Association, Inc.*
gian@peytonbolin.com
bankforeclosure@peytonbolin.com

David W. Langley
*Attorney for Defendant* Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com, emily@flalawyer.com, monica@flalawyer.com

EXHIBIT 2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-42770-CA 02

NLG, LLC,

      Plaintiff,

v.

ELIZABETH HAZAN; J.P. MORGAN CHASE
BANK, N.A., a foreign corporation; FISHER ISLAND
COMMUNITY ASSOCIATION, INC., a Florida Non
Profit Corporation; VALENCIA ESTATES HOME-
OWNERS ASSOCIATION, INC., a Florida Non Profit
Corporation; and JOHN DOE and JANE DOE,
Individually, as unknown Tenants in possession of the
Subject Property

      Defendants

_____/

## PLAINTIFF'S AMENDED MOTION TO
## DETERMINE THE AMOUNT OF ATTORNEY'S FEES

      Plaintiff NLG, LLC, by and through undersigned counsel, Court Order from the
Third District Court of Appeal, requests this Court schedule a hearing to fix the amount of
attorney's fees, and as grounds would state:

      1.     On April 26, 2016, the Third District Court of Appeal issued an order
granting NLG's motion for attorney's fees pursuant to section 57.105, Florida Statutes and
Rule 9.410 Fla. R. App. P. and remanded to the trial court to fix amount.

      2.     Because the Defendant/Appellant Elizabeth Hazan was under the automatic
stay protection of the bankruptcy court, NLG had not requested a hearing to fix the amount.

3.      Now Hazan is claiming that the Confirmation and Discharge Orders of the Bankruptcy Court discharged her potential liability for fees. Both of those orders are under appeal.

4.      In an abundance of caution, however, NLG will pursue only attorney's fees against Attorney Robert Lithman, who filed the appeal, without prejudice to renewing its claim against Hazan should the Confirmation and Discharge Orders be reversed.

WHEREFORE Plaintiff NLG prays for a Hearing to fix the amount of attorney's fees against Attorney Robert Lithman.

Respectfully submitted this 16th day of April, 2019.

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via email this 16th day of April, 2019, to all counsel through the Electronic Filing Portal.

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr.

EXHIBIT 3

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 11-42770-CA 02

NLG, LLC,

     Plaintiff,

v.

ELIZABETH HAZAN; J.P. MORGAN CHASE
BANK, N.A., a foreign corporation; FISHER ISLAND
COMMUNITY ASSOCIATION, INC., a Florida Non
Profit Corporation; VALENCIA ESTATES HOME-
OWNERS ASSOCIATION, INC., a Florida Non Profit
Corporation; and JOHN DOE and JANE DOE,
Individually, as unknown Tenants in possession of the
Subject Property

     Defendants

_____/

**RE-NOTICE OF HEARING**
(Special Appointment – 15 minutes)

PLEASE TAKE NOTICE that an evidentiary hearing on the following motion has been set

to take place before the Honorable Rodolfo Ruiz at the **Miami Dade County Courthouse,**

**73 West Flagler Street, DCC 626, Miami, Florida 33130**, on **Tuesday, June 4, 2019, at**

**11:00 A.M.:**

    ***PLAINTIFF'S AMENDED MOTION TO DETERMINE THE AMOUNT OF
ATTORNEY'S FEES***

Respectfully submitted this 16th day of April, 2019.

JUAN RAMIREZ, JR.
ADR Miami LLC

1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via

www.myflcourtaccess.com this 16th day of April, 2019, to Robert P. Lithman at

rpl@lithmanlaw.com and all counsel of record.

_____/s/ Juan Ramirez, Jr._____
Juan Ramirez, Jr.

2



CFN 2019R0220803
OR BK 31397 Pgs 2632-2633 (2Pgs)
RECORDED 04/10/2019 09:08:52
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

---

Space above reserved for recording information

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-24272-CIV-MORENO

**NLG, LLC,**
      **Defendant/Appellant,**

**v.**

**SELECTIVE ADVISORS GROUP, LLC,
and LIZA HAZAN a/k/a ELIZABETH
HAZAN,**

      **Plaintiffs/Appellees.**

_____/

## <u>NOTICE OF LIS PENDENS</u>

**TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY
CONCERN:**

**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to
determine the validity of the lien based on NLG's mortgage recorded in the Official Records
Book 25559 at Pages 4266 – 4272, CFN 2007R0410013 and the Final Judgment of Foreclosure
entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County
recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 on the
following property in Miami-Dade County, Florida:

OR BK 31397 PG 2633
LAST PAGE

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10,
according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public
Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109

including the buildings, appurtenances, and fixtures located thereon.


JUAN RAMIREZ, JR.
ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609

Juan Ramirez, Jr.
(Florida Bar No. 201952)
jr@adrmiami.com
*Counsel for Appellant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                          Chapter 11

      Debtor.
_____/

**REORGANIZED DISCHARGED LIZA HAZAN'S EXPEDITED**
**MOTION FOR CONTEMPT AND TO IMPOSE SANCTIONS**
**ON NLG, JUAN RAMIREZ JR., CHRISTOPHER KOSACHUK AND**
**MOTION FOR ENTRY OF FINAL JUDGMENT**
**And**
**REQUEST FOR EXPEDITED HEARING**

      Reorganized Discharged Liza Hazan a/k/a Elizabeth Hazan ("Ms Hazan" or "Hazan"), through her undersigned counsel, respectfully moves this Honorable Court for an order finding NLG, LLC, its alleged principal Christopher Kosachuk, and its counsel, Juan Ramirez, Esq. ("the Kosachuk Group"), in further contempt of Court for again violating this Court's orders, and respectfully states as follows:

**I.  INTRODUCTION**

      NLG and the Kosachuk Group have repeatedly violated the orders of this Court, resulting in several sanctions orders. Ms Hazan once again requests sanctions of increasing severity in order to finally deter the Kosachuk Group from continuing with their wrongful conduct, including their recent violations of the Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages [ECF NO. 780] (the First

1

Contempt Order), Order Confirming Plan of Reorganization [ECF NO. 691] (the Confirmation Order), Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF NO. 766] (the Discharge Order), March 12, 2019 Order on Reorganized Discharged Debtor's Motion for Contempt and Sanctions (the Second Contempt Order) [ECF 823] and April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] (the Third Contempt Order). The continuing violations, as more fully set forth below, include:

a) The recording of yet a **THIRD and FOURTH LIS PENDENS**, see Section II;

II.      **Kosachuk, NLG and Ramirez's willful Violations of this Court's April 12, 2019 Order Granting Motion for Contempt and Sanctions [ECF 856] brazenly recorded a new lis pendens on July 23, 2019 after being warned not to record any additional lis pendens and were directed to dismiss, dissolve, and release all lis pendens filed within 48 hours.**

In complete defiance of this Court's Third Contempt Order entered on April 12, 2019, and willful violation of this Court's orders, Attorney Juan Ramirez on behalf of NLG filed a new Lis Pendens against Liza Hazan and her property on April 10, 2019, the very next morning after the hearing held of April 9, 2019 and now on July 23, 2019 filed and recorded another Lis Pendens in Miami-Dade County Official Records Book 31536 at Pages 3224-3225 or CFN2019R0458894.

"**TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY CONCERN:**

"**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266-4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court

2

of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

> Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island,

FL 33109 including the buildings, appurtenances, and

fixtures located thereon.

**ANY DISCHARGE, DISMISSAL OR RELEASE OF TWS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED PURSUANT TO COURT ORDER OR BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC. SELECTIVE ADVISORS GROUP, LLC. IS NOT THE HOLDER OF ALL RIGHTS OF NLG, LLC.**

**This Renewed Lis Pendens relates back to the original Lis pendens recorded on December 23 2011 in Book 27940 Pages 2791-2792 and CFN 2011R0864248".**

Attached as **Exhibit "A"** is a true and correct copy of the **FOURTH LIS PENDENS.**

At the April 9, 2019 hearing the Court warned Ramirez that if he wanted **"to get off the hook"** he had to provide Ms Hazan's attorney the dismissal of the two recorded lis pendens the next morning April 10, 2019 at 7:50 AM. At the conclusion of the hearing on April 9, 2019 it was clear that the Court directed Juan Ramirez Jr and NLG to dissolve all Lis Pendens on Ms Hazan's property. Mr. Ramirez dismissed the first two Lis Pendens the same evening. However, the next morning, Ramirez was at the Courthouse in person recording a Third Lis Pendens against Ms. Hazan's property and now in an endless saga, Ramirez recorded a **FOURTH LIS PENDENS** on behalf of NLG on July 23, 2019.

3

The **THIRD and FOURTH Lis Pendens** are purportedly based on the Final Judgment of Foreclosure entered by Judge Gordo, the same NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the "Gordo Foreclosure Judgment", recorded at Book 29902 Pages 3737-3742 CFN 20150812181 that this Court in its Final judgment in favor of Ms Hazan has deemed **Satisfied and Paid of Record** in ADV Case 2016 ap-01439-AJC D.E. ECF 238. NLG's **THIRD and FOURTH** Lis Pendens are also based on the Mortgage that this Court has also **found** that "the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013" are **satisfied and paid of record** in its Final Judgment entered on November 1, 2017.

The **THIRD and FOURTH Lis Pendens** recorded by Ramirez have further damaged Ms Hazan and her Fisher Island property, slandering her title, diminishing the value of her property, making it impossible to sell or refinance her house or obtain a title insurance policy.

On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows:

> "notwithstanding the parties' misunderstandings, **the lis pendens must be dissolved**. Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours **or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property."** *Id* 5

As this Court has recognized, it can and should enforce its own orders. That is especially true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and their

counsels will continue to violate this Court's orders unless sufficiently punitive measures are imposed on them. NLG and Ramirez have recorded a new lis pendens the morning after the April 9, 2019 hearing on April 10, 2019 and now a new one on July 23, 2019.

At the April 9, 2019 hearing the court made its directives clear:

THE COURT: Well, I would suggest as
6 follows: If you prepare a document that withdraws
7 both lis pendens, and get it filed and in the hands
8 of opposing counsel before your hearing tomorrow --
9 MR. RAMIREZ: The hearing is at 8 o'clock,
10 Judge.
THE COURT: Well, at five of 8:00 you can
12 hand it to them as you're going into the hearing.
13 As I said, if you've done it and it's in form to be
14 filed, that will resolve any representation you
15 might have made on the record that should be held
16 against you and you'll be off the hook. If it's
17 not -- if both lis pendens are not withdrawn before
18 that hearing tomorrow morning, or before you
19 withdraw -- perhaps you can ask the Judge, if you
20 need an extra day to withdraw, so you can get that
21 in, that's fine. Otherwise, that's where we're at.
22 I don't see anything further to do here
23 today, except to thank you all for your appearances.
24 If you'll get that affidavit as to attorney's fees
25 in within three days, we'll get to work on these

Tr. page 39 lines 11-25;

1  orders.
THE COURT: He says it may be different
7 than what was -- the key for him to sign something
8 is to sign a withdrawal of two lis pendens. Now,
9 he's talking about other matters, and if there are
10 other matters that weren't covered by that, we're
11 not looking at that right now. We're looking at
12 whether or not the lis pendens are to be withdrawn.

Tr. page 40 lines 1; lines 6-12;

After being ordered to dismiss, dissolve and release the lis pendens, Juan Ramirez rec-

orded two subsequent Lis Pendens on April 10, 2019 at 9:08 AM and a new one in July

23, 2019.

**III. NLG through its attorney Ramirez has interfered with her title insurance company and has caused her further damages:**

**On July 9, 2019, Ramirez wrote an email to Bryan Levy at the law firm of Balleste & Levy, to Old Republic National Title Insurance Company and to American Land Title Association and stated as follows:**

"I represent NLG, LLC **in the Foreclosure of her Fisher Island property located at 6913 Valencia Dr. On May 6, 2019,** you confirmed that your law firm prepared a title commitment stating that you could not proceed with it without confirmation that NLG's Lis Pendens had been released and discharged. Yesterday I was served with such a release signed by Stuart J. Zoberg.

**This is to inform you that this release is a fraud.** Although the style uses NLG's name, Mr. Zoberg has no authority to act for NLG and is actually representing a party or parties opposing NLG in litigation. Below the style, Mr. Zoberg claims that two orders granted Selective Advisors Group, LLC all rights of NLG, LLC. If you read the orders, they do no such thing.

The lis pendens is intended to give constructive notice of a pending appeal from a bankruptcy court ruling invalidating NLG's mortgage and final judgment of foreclosure. That appeal is still ongoing, so you have actual notice of the proceeding and would be proceeding at your peril. I am not a real estate lawyer, but it would seem that the cloud on the title is not the lis pendens but the appeal. Releasing and discharging the lis pendens is not going to make the appeal go away.

Please consider this notice to you, your law firm of Balleste & Levy, to Old Republic National Title Insurance Company and to American Land Title Association.

**Your commitment shows that the proposed insured is Elizabeth Hazan, Trustee of the Elizabeth Hazan Revocable Trust, for the proposed policy amount of $10,000,000. I can think of no legitimate reason for this entire transaction other than as an attempt to defraud the title company or some unsuspecting buyer or finance company. If you proceed with transaction, we will look to you and your firm for whatever mischief Ms. Hazan is able to cause with the sham Release and Discharge signed and recorded by Mr. Zoberg yesterday."**

Ramirez's threats have caused Ms Hazan substantial damages and should be sanctioned. Attached as **Exhibit B** is a copy of Ramirez's email to Bryan Levy.

**IV. NLG through Ramirez wants to have all the issues that have already been litigated in this court in the 2016 Adversary case relitigated in the Third DCA. However, NLG is barred from doing so as its claim was completely disallowed by this court, the plan was confirmed and substantially consummated and Ms Hazan was discharged.**

This court, in its Sanction order entered on December 28, 2018 [D.E 780] has ORDERED that "NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018."

On July 1, 2019, the Honorable Judge Hogan-Scola granted Selective's Motion to intervene to substitute NLG as party-plaintiff on the basis of the final and non appealable Judge Peter Lopez orders and This court Final Judgment in favor of Ms Hazan. Attached as Exhibit B is a True and correct copy of the Scola Order entered on July 1, 2109 ordering that "Selective as plaintiff stands in the shoes of NLG … Selective has all NLG's rights in this action .. " Attached as **Exhibit C** is a copy of the Order entered by Judge Hogan-Scola substituting NLG as party-plaintiff.


Unsatisfied with Judge Hogan-Scola's decision, Ramirez filed an emergency writ of mandamusing the Third DCA arguing as follows:

"This is not an exhaustive list of all the efforts by Respondents to erase any trace of NLG's mortgage, **which this Court remanded with instruction to enforce almost five years ago.**

But more importantly, Respondents are trying to **remove the cloud on the title of the foreclosed property** so that they can defraud an unsuspecting purchaser, financial company, or title company.

The problem is Selective had already declared the sham New York Judgment by Confession satisfied in full on or about September 4, 2015. **Nevertheless, Judge Cristol gave Respondents full credit against NLG's Final Judgment of Foreclosure against the already satisfied New York Judgment by Confession.**

**Judge Cristol never explained how a sham judgment that had ceased to exist could be used to establish "why the credited amount should be greater," and indeed he credited the entire**

**$5,000,225.00 against NLG's mortgage.** He stated that, after going through a redemption that never took place, Selective was left "with a judgment [the New York Judgment by Confession] against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG." Id. at 350. Judge Cristol never entered a judgment for the $123,570.71 in favor of Selective. He never mentioned this Court's award of fees in favor of NLG. He never stated that Selective enjoyed any right to collect further on the satisfied New York Judgment by Confession. Thus, the view that Judge Cristol's judgment justified the July 1, 2019 Order is nothing but fanciful. Respondents have consistently avoided pointing out where in Judge Cristol's 15-page judgment would justify revisiting this Court's award of fees or supporting an intervention and substitution in NLG's foreclosure. And it certainly never assigned to Selective "all of NLG's rights."

Neither could Selective rely on Judge Lopez's assignment order because that order was entered in the domestication of the New York Judgment by Confession, which was dismissed on October 1, 2015.

**Judge Cristol concluded his judgment by ruling on NLG's note and mortgage which wrongfully wiped out Judge Gordo' Final Judgment of Foreclosure."**

Attached as **Exhibit D** is a copy of the writ of mandamus and Attached as **Exhibit E** is a copy of NLG's reply in the Third DCA.

## MEMORANDUM OF LAW

The Court clearly points out in the Order [ECF 856] entered on April 12, 2019, that the Third Lis Pendens and now the Fourth Lis Pendens also concern the Debtor's property, violate the discharge injunction and other orders of this Court, and cloud title to Ms Hazan's property. Further, it is improper under Florida law, as more fully discussed below. The issues are addressed in the same order as referenced in the Order.

### 1. The filing of the Lis Pendens is not authorized by law

### F.S. 48.23 provides:

Lis pendens.—(1)(a) An action in any of the state or federal courts in this state operates as a

lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged. Section 48.23(3), Florida Statutes provides that "[w]hen the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 . . . the court *shall* control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." (emphasis supplied).

Here, this Court has already determined that "The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective" ... And that, "the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale". The Court then ruled that, "NLG's Proof of Claim #17 is disallowed and **NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.**

NLG, therefore, has no underlying recorded document on which to base the Third or Fourth Lis Pendens. It must proceed, if at all, as if seeking an injunction.

The Florida Rules of Civil Procedure provide:

1.610 Injunctions

(a) Temporary Injunction..

9

(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

(c) NLG did not apply to this Court or any other Court seeking permission to record a lis pendens without an underlying document, nor has it posted a bond. As the Court determined at the April 8th hearing, the Final Judgment has not been stayed by any court nor has any supersedeas bond been filed. The **Third and Fourth Lis Pendens** were not obtained following these procedures and should be discharged, and as set forth below, NLG and Ramirez should be sanctioned for the improper filing.

## 2.   The filing of the Third and Fourth Lis Pendens violate the Discharge Injunctions and Orders of this Court

The Third and now Fourth Lis Pendens create an impediment to the sale or refinancing of the Debtor's property in a continued effort by NLG and Ramirez to collect a discharged debt and therefore violate the Discharge Injunction.

"While a lis pendens does not of itself create an encumbrance upon the property, it does serve "as a notice of a claim made in respect to property which is the subject of a pending suit." In re Kodo Properties, Inc. 63 B.R. 588 (E.D.N.Y. 1986) (internal citation omitted). Thus, while the

notice of pendency was filed with Ulster County, Debtors were not free to sell or otherwise encumber their Non-Mortgaged Property. Mechs. Exch. Sav. Bank v. Chesterfield, 34 A.D.2d 111, 113 (N.Y. App. Div. 1970) (3d Dep't) (The purpose of a notice of pendency "is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit."). As Wells Fargo had no secured right to foreclosure against the Non-Mortgaged Property, Wells Fargo's "employment of process" against that property could be nothing other than an attempt to collect against the Debtors' personally—a violation of § 524(a)(2). 11 U.S.C. § 524(a)(2). In re Dogar-Marinesco (Bankr. S.D.N.Y., 2016).(emphasis supplied).

Further, the Third and Fourth Lis Pendens were recorded after the Court directed NLG and Ramirez to "immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and upon dismissal of the cross-claim, The Lis Pendens shall be dissolved", see ECF 780, and after the Court stated at ECF 856, "However, notwithstanding the parties' misunderstandings, the lis pendens must be dissolved. Accordingly, the Court directs and orders that ***all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property"***. (emphasis supplied). The Third and Forth Lis Pendens were filed the next day. Both Orders (ECF 780 and ECF 856) are final and are the law of the case.

It is disingenuous for NLG to claim that it does not understand the basis for the Court's ruling. The Third and Fourth lis pendens were filed after the Court had already ruled on two occasions that the recording of a lis pendens violated the orders of the Court and the discharge in-

junction, and threatened NLG and Ramirez first with punitive damages if they did not comply, then with a fine of $1,000.00 per day that a Lis Pendens remained on the property.The Court should order the Third and Fourth Lis Pendens discharged, Dismissed and released and should award sanctions and damages as set forth below.

**3. Elizabeth Hazan's Request for Sanctions and Damages**

Ms Hazan has asked the Court on a number of occasions to assess sufficient sanctions to deter the intentional wrongful conduct by NLG and its attorneys. NLG has shown time and again that it considers an absence of sanctions to be the condoning of its wrongful conduct. If the Court does not condemn the actions of NLG they will continue unabated.

The threatened fine of $1,000.00 per day for every day a lis pendens remained on the Debtor's property as set forth in ECF 856 was just such an appropriate sanction. NLG and Ramirez ignored the Court's rulings, and in complete defiance filed the Third and Fourth Lis Pendens.

Discharged Ms Hazan respectfully requests the Court sanction NLG and Ramirez, jointly and severally, $1,000.00 for every day from the date of the Order Granting Contempt, ECF 856 entered 4/12/19, until the Third and Fourth Lis Pendens are removed from the property, with prejudice.

Further, Ms Hazan has, in fact, incurred damages due to the recording of the Three and now Four Lis Pendens on July 23, 2019. She has attempted to list the property for sale but cannot obtain title insurance until all Lis Pendens have been removed with prejudice. As a result, she has incurred carrying costs that are detailed in Ms Hazan's Statement of Damages, ECF 885. The Statement of Damages filed on May 3, 2019 lists in detail:

· Attorney's $99,522.80

12

Fees

·    Carrying costs    <u>$199,091.47+</u>
<u>9,028.83=$20</u>
<u>8,120.30</u>

Total
$316,051.26

Discharged Ms Hazan is also requesting an award of punitive damages. The following factors should be considered in awarding punitive damages: "(1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor." *In re: White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009); *In re: Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003). The intentional acts of Juan Ramirez and NLG, LLC in intentionally violating the Discharge Injunction, Final Judgment, and Contempt Orders after being warned not to do so by this Court, are contemptable and should be sanctioned. The U.S. Supreme Court has indicated that an award of four to ten times the amount of compensatory damages may be appropriate depending upon the circumstances in each case. *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996). See also *In re Arnold*, 206 B.R. 560 (Bankr. N.D. Ala. 1997). Ms Hazan requests an award in that range.

## IV.  Conclusion

     The sanctions entered by the Court to date (which $9,500 amount has been reversed and remanded for future hearing and award of attorney fees) have been insufficient to deter the continuing violations of this Court's orders by Ramirez, Kosachuk and NLG.  Ms Hazan respectfully

requests sufficiently severe sanctions to prevent such further conduct, including the striking of

NLG's pleadings.

WHEREFORE, Reorganized and Discharged Liza Hazan respectfully requests that the

Court enter an order:

(1) Finding Kosachuk, NLG, Ramirez, in contempt of court and striking all improperly filed

pleadings;

(2) Directing NLG and Ramirez to immediately **dismiss, dissolve and release** with prejudice

the Third recorded Lis Pendens recorded by NLG, LLC through its attorney Juan

Ramirez, Jr in Miami-Dade County on April 10, 2019 at Book 31397 Pages 2632-2633

CFN 2019R0220803 and the Fourth Lis Pendens recorded by NLG through Ramirez on

July 23, 2019 in Official Records at Book 31536 at Pages 3224-3225 or

CFN2019R0458894;

(3) Permanently enjoining Kosachuk, NLG, Ramirez, Astrid Gabbe or their representatives,

attorneys, agents from ever recording a Lis pendens against Liza Hazan or her property

on Fisher Island under any caption in any jurisdiction;

(4) Permanently barring enjoining the Kosachk Group from contacting her title insurance

companies;

(5) Deeming all recorded Lis Pendens filed by NLG, LLC null and void and of no effect;

(6) Ordering NLG and Ramirez to withdraw with prejudice the petition in 3RD DCA under

case 19-1311.

(7) Awarding the following damages, jointly and severally:

a.  Compensatory damages, including damages for the Debtor's inability to sell or

transfer her property, including all carrying costs since the recording of the First Lis pendens, in August 9, 2018 plus damages for emotional distress for an especially egregious violation of the discharge injunction and orders of the court;

b. $1,000 daily fines against Ramirez and NLG since April 10, 2019;

c. All of Hazan's attorney's fees and costs incurred in bringing this motion and all previous Contempt motions, since the filing of the first Lis Pendens on August 9, 2018 as determined in her attorneys' affidavits filed on April 26, 2019 D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882;

d. Punitive damages of four to ten times compensatory damages.

(8) Entry of a Final Judgment against NLG and the Kosachuk Group, jointly and severally, for the amounts set forth above;

(9) Awarding such other and further relief as the Court deems just and proper.

August 5, 2019

Respectfully admitted,

S:/ Joel M. Aresty
Joel M. Aresty,
Esq.

Respectfully submitted,

Joel M. Aresty, P.
Attorneys for Reorganized
Discharged Liza Hazan

15

309 1st Ave S
Tierra Verde, FL
33715 Fax: 800-559-
1870
Phone: (305) 904-1903
aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 5th day of August, 2019.

By: /s/ Joel M. Aresty

JOEL M. ARESTY

## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Joel M. Aresty, Esq. on behalf of Debtor Liza Hazan
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com, nsocor-
ro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael A. Friedman, mfriedman@gjb-law.com on behalf of NLG, LLC

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

17

_16-10389-AJC Notice will not be electronically mailed to:_

EXHIBIT A

CFN 2019R0458894
OR BK 31536 Pgs 3224-3225 (2Pgs)
RECORDED 07/23/2019 12:29:46
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

_____

Space above reserved for recording information

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-24272-CIV-SMITH

**NLG, LLC,**

      **Defendant/Appellant,**

**v.**

**SELECTIVE ADVISORS GROUP, LLC, and LIZA HAZAN a/k/a ELIZABETH HAZAN,**

      **Plaintiffs/Appellees.**

_____/

## <u>RENEWED NOTICE OF LIS PENDENS</u>

**TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY CONCERN:**

**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266 – 4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109

including the buildings, appurtenances, and fixtures located thereon.

**ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED PURSUANT TO COURT ORDER OR BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC. SELECTIVE ADVISORS GROUP, LLC. IS NOT THE HOLDER OF ALL RIGHTS OF NLG, LLC.**

This Renewed Lis Pendens relates back to the original lis pendens recorded on December 23, 2011 in Book 27940 Pages 2791-2792 and CFN 2011R0864248

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609

Juan Ramirez, Jr.
(Florida Bar No. 201952)
jr@adrmiami.com
*Counsel for Appellant*

the title to the property is forever quieted as to all claims of NLG, LLC. and NLG's Proof of Claim is disallowed and **NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order."**

---

Stuart J. Zoberg, Esq.

Shir, Zoberg, & Dervishi

Board Certified Attorney, Condominium and Planned Development Law

Admitted in Florida and New York (Board Certification in Florida only).

szoberg@shirlawgroup.com

**Shir Law Group**

**2295 NW Corporate Blvd Suite 140 Boca Raton, FL 33431**
Phone: (561) 999-5999 Fax: (561) 893-0999 Fax

**From:** Juan Ramirez Jr <jr@adrmiami.com>
**Sent:** Tuesday, July 09, 2019 10:44 AM
**To:** bryan@bl-lawgroup.com
**Cc:** Chris Kosachuk <chriskosachuk@gmail.com>; Stuart Zoberg <SZoberg@shirlawgroup.com>
**Subject:** Elizabeth Hazan, Your File No. 18-037
**Importance:** High

Dear Mr. Levy:

I represent NLG, LLC in the Foreclosure of her Fisher Island property located at 6913 Valencia Dr. On May 6, 2019, you confirmed that your law firm prepared a title commitment stating that you could not proceed with it without confirmation that NLG's Lis Pendens had been released and discharged. Yesterday I was served with such a release signed by Stuart J. Zoberg.

This is to inform you that this release is a fraud. Although the style uses NLG's name, Mr. Zoberg has no authority to act for NLG and is actually representing a party or parties opposing NLG in litigation. Below the style, Mr. Zoberg claims that two orders granted Selective Advisors Group, LLC all rights of NLG, LLC. If you read the orders, they do no such thing.

The lis pendens is intended to give constructive notice of a pending appeal from a bankruptcy court ruling invalidating NLG's mortgage and final judgment of foreclosure. That appeal is still ongoing, so you have actual notice of the proceeding and would be proceeding at your peril. I am not a real estate lawyer, but it would seem that the cloud on the title is not the lis pendens but the appeal. Releasing and discharging the lis pendens is not going to make the appeal go away.

Please consider this notice to you, your law firm of Balleste & Levy, to Old Republic National Title Insurance Company and to American Land Title Association.

Your commitment shows that the proposed insured is Elizabeth Hazan, Trustee of the Elizabeth Hazan Revocable Trust, for the proposed policy amount of $10,000,000. I can think of no legitimate reason for this entire transaction other than as an attempt to defraud the title company or some unsuspecting buyer or finance company. If you proceed with transaction, we will look to you and your firm for whatever mischief Ms. Hazan is able to cause with the sham Release and Discharge signed and recorded by Mr. Zoberg yesterday.

Please acknowledge receipt of this email. Thank you.

*Juan Ramirez Jr.*

Mediator, Arbitrator and Consultant

Florida Supreme Court Certified Circuit Civil Mediator

Retired Chief Judge, District Court of Appeal

**ADR Miami LLC**

1172 S. Dixie Hwy. #341

Coral Gables, FL 33146

Email: jr@adrmiami.com

(305) 667-6609

Cell (305) 479-0150

www.adrmiami.com

  

---

2 attachments

**Dismissal of Lis Pendens 7-8-2019 .pdf**
3004K

**DECEMBER 28, 2018 ORDER GRANTING DEBTOR AMENDED EXPEDITED MOTION FOR CONTEMPT SANCTIONS DAMAGES AND PUNITIVE DAMAGES DOC 780   DECEMBER 28, 2018 DOC CASE 16-10389-AJC .pdf**
61K

I HEREBY CERTIFY that this is a true copy of the
original filed in this office on _____ day of
JUL 0 8 2019 AD 20
WITNESS my hand and Official Seal.
HARVEY RUVIN, Clerk of Circuit and County Courts
By _____ D.C.

CFN 2019R0422185 OR BK 31514 Ps 1556 1Pss
RECORDED 07/08/2019 13:57:41
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

EXHIBIT C

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SELECTIVE ADVISORS GROUP, LLC,                    CASE NO.: 2011-042770 CA(01)

                Plaintiff,

v.

ELIZABETH HAZAN, et al,

                Defendant.

_____/

FILED FOR RECORD 2019 JUL -2 AM 9:20

### ORDER ON SELECTIVE ADVISORS GROUP, LLC'S
### EMERGENCY MOTION TO INTERVENE

THIS CAUSE having come before this Court on July 1, 2019 at 11:00 a.m. on non-party Selective Advisors Group, LLC's (Selective) Emergency Motion to Intervene, and the Court having reviewed the motion, having heard argument of counsel and being otherwise, fully advised in the premises, it is hereby:

### ORDERED AND ADJUDGED as follows:

Selective Advisors Group, LLC's Motion to Intervene and substitute as party Plaintiff is Granted. Pursuant to Tudor Cristol's Final Judgment entered on 11/01/17. Selective Advisors Group, LLC ("Selective") as Plaintiff stands in the shoes of prior Plaintiff, NLG, LLC, in this action & has all rights of NLG in this action, including but not limited to the $7,105 fee award of $7,475.00. Juan Ramirez, Jr. is only entitled to collect the attorney's fee at issue herein of $7,475.00 only from his client NLG, LL and not from Robert Lithman or anyone else. The clerk is directed to change the caption to reflect the new plaintiff, Selective Advisors Group, LLC, in lieu of NLG LLC.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 1st day of July, 2019.

JACQUELINE HOGAN SCOLA
Circuit Court Judge

Copies furnished to: David W. Langley, attorney for Selective Advisors Group
Juan Ramirez, attorney for NLG. LLC

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the _____
digital on file is that of _____
HARVEY RUVIN, Clerk of Circuit & County Courts
Deputy Clerk

Signed and Dated
JUL 01 2019
Judge Jacqueline Hogan Scola

ORIGINAL
JUDGE JACQUELINE HOGAN SCOLA

e176288

EXHIBIT D

RECEIVED, 07/12/2019 04:00:40 PM, Clerk, Third District Court of Appeal

IN THE DISTRICT COURT OF APPEAL OF FLORIDA

THIRD DISTRICT

**CASE NO. 19-1311**

Lower Case No. 2011-42770

NLG, LLC,

Petitioner

vs.

ELIZABETH HAZAN and

SELECTIVE ADVISORS GROUP, LLC.

Respondents.

_____

**AMENDED PETITION FOR WRIT OF MANDAMUS**

_____

Juan Ramirez, Jr.
ADR Miami LLC
1172 South Dixie Hwy. #341
Coral Gables, FL 33146

*Attorney for Petitioner*

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 2

Petitioner, NLG, LLC ("NLG"), hereby files this Amended Petition for Writ of Mandamus, or in the alternative, for Writ of Certiorari pursuant to Rule 9.100 and 9.030(b) of the Florida Rules of Appellate Procedure, challenging the judicial decision of the Circuit Court refusing to enforce this Court's orders entered on April 26, 2016, and May 23, 2016, awarding NLG entitlement to attorney's fees and remanding the case "to fix the amount" under Case No. 3D16-0315.[1]

## I.        NATURE OF THE RELIEF SOUGHT

The nature of the relief sought by this Petition is a writ of mandamus compelling the circuit court to comply with this Court's two prior orders determining NLG's entitlement to appellate attorney's fees.

## II.        BASIS FOR INVOKING THE COURT'S JURISDICTION

This Court has jurisdiction to issue writs of mandamus to the Circuit Court pursuant to Rule 9.030(b)(3) as a writ is necessary to the complete exercise of the court's jurisdiction. In the alternative, petitioner prays for a writ of certiorari pursuant to Rule 9.030(b)(2).

---

[1] See Appendix, p. 4 for the Order Granting Motion to Intervene.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 3

### III.    STATEMENT OF THE FACTS

On July 1, 2019, instead of abiding by this Court's orders, the circuit court revisited the issue of entitlement and granted a motion to intervene by a third party that made the same arguments that had been rejected by this Court and two circuit judges on at least six occasions during the past for five years. This ruling eviscerates the doctrines of finality of judgments and law of the case while encouraging vexatious litigation.

After this Court awarded NLG entitlement to attorney's fees and remanding the case "to fix the amount," the trial court determined that Selective Advisors Group LLC ("Selective"), instead of NLG, was entitled to the fees. In addition, the court allowed Selective to "stand in the shoes" of NLG and ordered that Selective be substituted for NLG as the plaintiff in the litigation below. It then determined that Selective was entitled to the amount of $7,475 it had previously fixed. Although this amount is small, the order also affects the right to collect on a foreclosure judgment that currently exceeds $6 million. In the meantime, Hazan, whose husband is the managing member of Selective, continues to live in her Fisher Island mansion, with her husband, paying nothing to JP Morgan Chase who claims to hold a first mortgage and is pursuing its own foreclosure; paying nothing to NLG since the foreclosure was filed in 2011 and before; paying nothing to the Miami-Dade Tax Collector (Chase has been paying her taxes); paying nothing to

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 4

the Fisher Island Community Association; and paying nothing to insure the property.

## A.  Background

On February 3, 2016, Hazan filed a Notice of Appeal under Case No. 3D16-0315. NLG promptly filed a Motion to Dismiss pointing out that Hazan was seeking review of a foreclosure that had been the subject of three prior appeals. *See Hazan v. NLG, LLC*, 995 So. 2d 504 (Fla 3d DCA 2008); *Hazan v. NLG, LLC*, 19 So. 3d 319 (Fla. 3d DCA 2009); and *NLG, LLC v. Hazan*, 151 So. 3d 455 (Fla. 3d DCA 2014). In the previous 2014 appeal, this Court published a detailed five-page opinion which recounted the long history of NLG's efforts to collect on its 2007 purchase money mortgage.[2] At the end of the opinion, this Court ordered "the enforcement of NLG's mortgage."

On October 1, 2014, Hazan filed a 25-page motion for rehearing and rehearing en banc.[3] Significantly for the purpose of this motion, Hazan's fifth argument was that on August 20, 2014, Judge Peter Lopez had assigned to Selective, NLG's rights under a prior default judgment dated April 2008, referred to in this Court's opinion, and consequently, Selective "shall stand in the shoes of

---

[2] Appendix, p. 5.

[3] Appendix, p. 7.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 5

NLG…"[4] The Judge Lopez case was a domestication of a sham New York Judgment by Confession. The motion further alleged that, pursuant to Judge Lopez's order, Selective and Hazan had settled the matter under appeal.

Also on October 1, 2014, Hazan filed a separate Motion to Dismiss Appeal as Moot repeating the same argument that the appeal was moot because Hazan and Selective had settled the case and satisfied the underlying mortgage, relying on Judge Lopez's August 20, 2014 order.

On November 3, 2014, this Court denied the Motion for Rehearing and Rehearing En Banc. The Mandate issued on November 25, 2014. This was the first time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

Upon remand, the enforcement of the mortgage became mired by the Judgment by Confession entered in New York allowing Hazan to succeed in delaying "the enforcement of NLG's mortgage" for over a year. The Judgment by Confession is at the root of the quagmire of the litigation after this Court's remand.[5] NLG has been trying to have its Motion to Vacate the Judgment by

---

[4] Appendix, p. 26.

[5] All six pages surrounding the entry of the Judgment by Confession were attached to the Order Granting Foreclosure signed by Judge Monica Gordo. The Order can be found at page 160 and the Judgment by Confession at pages 185 to 190. Judge Gordo refused to enforce the judgment by confession not only because it was satisfied, but also because it was obtained in violation of due process rendering it a void judgment. Appendix p. 13-14.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 6

Confession in the New York Court that rendered it since 2014.[6] A resolution of

that motion to vacate would have prevented an Adversary Proceeding in

Bankruptcy Court, five appeals, and at least three cases in the Southern District of

Florida and New York.

In the Judgment by Confession case, it is undisputed that the president of the

**plaintiff** corporation, **Quebec**, executed the affidavit confessing judgment on

behalf of the **defendant, NLG** the epitome of a collusive judgment. Unlike

Florida, New York statute allows such judgments by confession for "debts."[7] The

Judgment by Confession was entered by the Clerk of the Court, without any judge

reviewing the affidavit for compliance. Here, the Clerk overlooked the fact that the

plaintiff was using the statute for the torts of abuse of process and fraud on the

court, for the arbitrary amount of $5,000,000, conveniently tailored to offset the

amount owed under NLG's mortgage and Final Judgment of Foreclosure. Prior to

the entry of the Judgment by Confession, NLG was never served with process, nor

provided with notice or opportunity to be heard. The Judgment by Confession was

subsequently assigned to Selective Advisors Group LLC ("Selective") whose sole

existence is to litigate this New York Judgment by Confession. It should be noted

that Sean Meehan, the sole owner and member of Selective, is Hazan's husband

---

[6] Appendix, p. 170.

[7] *See* NY CPLR § 3218(a).

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 7

and lives in the Fisher Island property subjection to NLG's Final Judgment of Foreclosure.

Of significance for this petition, on January 15, 2015, Hazan filed a verified motion to dismiss again raising the "stand in the shoes" argument based on Judge Lopez's August 20, 2014 order. The motion was denied on March 3, 2015. This was the second time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

On March 23, 2015, Hazan filed a Motion for Summary Judgment asserting that on August 20, 2014, Judge Lopez entered an order granting Selective the right to "stand in the shoes" of NLG.[8] As such, Selective settled the case with Hazan and recorded a Satisfaction of Mortgage. On April 8, 2015, Hazan filed a second Motion for Leave to File Amended Answer.[9] On May 1, 2015, the Court denied the Motion to Amend.[10] This was the third time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

In the meantime, Selective kept delaying a ruling from the New York Court on NLG's motion to vacate as void the Judgment by Confession that had been pending since 2014. When the Court set a firm hearing date, Selective filed a

---

[8] Appendix p. 80.

[9] Appendix, p. 93.

[10] Appendix, p. 108.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 8

bankruptcy petition on the day of the hearing, which was dismissed with prejudice.[11] Later, on September 3, 2015, the day before another firm hearing date, Selective executed a Satisfaction of Judgment for the Judgment by Confession and filed it with the Clerk of the Court in New York.[12] This satisfaction has never been rescinded, qualified, withdrawn or sought relief from. According to Selective's own filing in New York, the Judgment by Confession was extinguished and ceased to exist on September 4, 2015.[13] The New York Court took NLG's motion to vacate off the calendar.

Armed with the satisfaction of the Judgment by Confession, NLG returned to Judge Lopez, who, on October 1, 2015, dismissed the domestication action of the New York Judgment by Confession.[14] Even though various attorneys representing Selective had appeared before Judge Gordo a number of times, they never filed a motion to intervene, until October 7, 2015. The motion was styled Motion to Intervene and Substitute Party Plaintiff,[15] and it alleged that NLG lost all

---

[11] Appendix, p. 176.

[12] Appendix, p. 109.

[13] *See* Appendix, p. 116 for Selective's Memorandum filed in New York, particularly pages 131-32 to that the judgment ceased to have existence and was extinguished the obligation thereunder.

[14] Appendix, p. 150. The order also stated that "no further proceeding [i.e. collection efforts] will be taken."

[15] Appendix, p. 151.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 9

its rights under the mortgage to Selective pursuant to Judge Lopez's August 20, 2914 order. As such, Selective had the right to "stand in the shoes" of NLG.[16] On December 1, 2015, Judge Monica Gordo entered a 15-page Order Granting Foreclosure which, in addition to granting NLG's foreclosure, also included a long discussion of why she was denying Selective's motion to intervene.[17] This was the fourth time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument. Selective never took an appeal of this order, although it had a right to do so. See *City of Coral Gables v. Garcia*, 43 Fla. L. Weekly D2303 (Fla. 3d DCA October 10, 2018) ("It is well-established that a non-party to a case may appeal an order denying its motion to intervene.").

Judge Gordo thereafter entered a Final Judgment of Foreclosure on December 4, 2015, setting a foreclosure sale for January 12, 2016.[18] Hazan then filed three motions for rehearing, one by Attorney Robert P. Lithman on December 14, 2015, on behalf of Hazan.[19] Predictably, among the numerous arguments asserted, Hazan referred to the August 20, 2014, order by Judge Lopez granting Selective to "stand in the shoes" of NLG. Attorney Bruce Jacobs also filed a

---

[16] Appendix, p. 155.

[17] Appendix, p. 160. For the discussion on Intervention and Substitution, *see* p. 163 to 169.

[18] Appendix, p. 206.

[19] Appendix, p. 212.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 10

Motion for Reconsideration on behalf of Hazan,[20] which also argue that Judge Lopez had judicially assigned the enforceability of the judgment. Attorney Lithman filed another Motion for Rehearing on December 17, 2015 repeating the "stand in the shoes" argument. These motions were all denied.[21] This was the fifth time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

Unhappy with Judge Gordo's rulings, on December 21, 2015, Selective filed with Judge Lopez a Motion to Re-Open Case, For Clarification, and/or Declaratory Relief.[22] It again argued to Judge Lopez that his own order of August 20, 2014, underlying the "stand in the shoes" language. On January 11, 2016, at a hearing on the day before the foreclosure sale, Judge Lopez denied the motion.[23] This was the sixth time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

Later that day, Hazan filed a Chapter 11 Bankruptcy Petition, resulting in an automatic stay of the foreclosure sale.

## B. The Sanctioned Appeal

---

[20] Appendix, p. 243.

[21] Appendix, p. 252.

[22] Appendix, p. 253.

[23] Appendix, p. 270.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 11

Despite the automatic stay of the bankruptcy, Hazan filed a Notice of Appeal under Case No. 3D16-0315, without leave of the bankruptcy court or the approval of the Trustee. On February 10, 2016, the undersigned Attorney Juan Ramirez Jr., filed a Motion to Dismiss the appeal. After numerous extensions, Hazan filed a Response on March 28, 2016, and NLG replied on April 4, 2016. Two hours later, Hazan filed a Notice of Voluntary Dismissal, which this Court recognized the next day.

This led to NLG filing its one-page Motion for Attorney's Fees on April 6, 2016.[24] The motion clearly set out that NLG was the movant seeking appellate fees. It was signed by Attorney Ramirez. Attorney Lithman filed a 29-page Response with multiple attachments.[25] Although he does not make the "stand in the shoes" argument, he mentions the assignment to Selective of the Judgment by Confession, but not to argue that Selective should be the one entitled to the fees occasioned by the frivolous appeal. Selective never moved to intervene in this appeal, even though it obviously knew about it as it involved the wife of Selective's sole member. On April 26, 2016, this Court granted entitlement to fees pursuant to NLG's motion based on both §57.105, F.S. and Rule 9.410 Fla. R.

---

[24] Appendix, p. 271.

[25] Appendix, p. 278.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 12

App. P.[26] It specifically stated that it was based on the motion for attorney's fees filed by appellee, NLG, and remanded it "to the trial court to fix the amount." On May 23, 2016, this Court confirmed its finding of entitlement and again "remanded to the trial court to fix amount."[27]

## C. Post-Appeal Proceedings

Because of the bankruptcy proceedings, NLG waited to set the matter before the trial court "to fix amount." Hazan obtained a Confirmation Order and a Discharge Orders, which are under appeal, but on January 4, 2019, NLG decided to proceed with its fee hearing, at first arguing that the attorney's fees were not discharged.[28] When Hazan argued that any debt for fees was discharged, NLG filed on April 16, 2019, an Amended Motion to Determine Fees only against appellate counsel, Robert Lithman.[29] On April 16, 2019, re-noticed the motion for hearing for June 4, 2019.[30] Still, Selective did nothing. Even though NLG had dropped Hazan, on May 3, 2019, she filed an Emergency Motion for Contempt with the bankruptcy court, asking the judge to direct NLG and Attorney Ramirez to dismiss

---

[26] Appendix, p. 307.

[27] Appendix, p. 308.

[28] Appendix, p. 309.

[29] Appendix, p. 312.

[30] Appendix, p. 314

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 13

with prejudice the case below, Case No. 11-4227-CA-02.[31] This relief, of course, was never granted.

On May 31, 2019, one business-day before the hearing, Selective filed its Emergency Motion to Intervene.[32] It argued for the seventh time that it be allowed to intervene and substitute Selective as the party plaintiff. It misleadingly claimed that the assignment of rights from NLG to Selective "was confirmed by Bankruptcy Judge Cristol in an Adversary Proceeding" pursuant to a Final Judgment entered on November 1, 2017.[33] This judgment is under appeal and has been fully briefed, but there has been no decision and no stay entered. Nevertheless, accepting the validity of the judgment, the language quoted by Selective from the judgment is clear that Judge Cristol only ruled "with respect to the Note and Mortgage." Furthermore, Judge Cristol never ruled that Selective could intervene in the foreclosure case below, nor that Selective could "stand in the shoes" of NLG.

The motion also misleading claimed that NLG was seeking to enforce rights under the Scola Judgment.[34] Actually, the first issue decided by this Court in its

---

[31] Appendix, p. 316.

[32] Appendix, p. 333.

[33] Appendix, p. 334, ¶ 3. For the Cristol Judgment, see Appendix p. 339.

[34] Appendix, p. 335 ¶ 4.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 14

2015 opinion was that NLG had not elected its remedy when it sued Hazan and obtained the Scola Judgment.[35] That judgment was determined to be subsumed by Judge Gordo into a judgment in favor of Hazan at a bench trial in 2013, which bench trial this Court subsequently reversed in 2015.[36]

The motion also misleadingly claimed that NLG was seeking to enforce its rights under the mortgage,[37] when in fact, NLG was proceeding under this Court's orders determining entitlement to fees and remanding to the trial court to fix the amount.

The motion next went into the August 20, 2014 order, without disclosing that this order was entered in a domestication action of the New York Judgment by Confession which was later declared satisfied in full by Selective in September, 2015, and which in turn resulted in the dismissal of the domestication action. The motion never explained how Selective can claim, for the seventh time, that it should be allowed to "stand in the shoes" of NLG pursuant to an order to assist Selective in its collection efforts, after the judgment has been satisfied in full and the domestication case dismissed.

---

[35] Appendix, p. 6.

[36] Appendix, p. 167.

[37] Appendix, p. 335 ¶ 4.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 15

Other than the Cristol Judgment, Selective does not allege that any facts had changed that should lead to a different result on a motion to intervene that had been previously denied six times. In fact, nothing had changed except the entry of the Cristol Judgment. But the Cristol Judgment could not and did not un-satisfy the Judgment by Confession. Actually, his judgment specifically recognized that he was not "an appellate court for any of the other courts; thus, the full faith and credit must be given to all of the final judgments and orders entered in the other courts a those judgments have become final and not subject to appeal."[38]

Nevertheless, Judge Cristol proceeded to ignore the chronology of those judgments and orders by accepting that Judge Gordo's Order Granting Foreclosure was entered on December 1, 2015, while Judge Lopez's order was dated August 20, 2014. Before entering her own order, Judge Gordo took into account the orders entered by Judge Lopez in the domestication action and did not enter her own order until after the judgment had been satisfied and the domestication case had been dismissed.

The Order entered by Judge Jacqueline Hogan Scola on July 1, 2019, relied exclusively on Judge Cristol's Final Judgment entered on November 1, 2017. It specifically stated that: "Pursuant to Judge Cristol's Final Judgment entered on 11/01/17, Selective Advisors Group, LLC ("Selective") as Plaintiff stands in the

---

[38] Appendix, p. 340.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 16

shoes of prior Plaintiff, NLG, LLC, in this action & has all rights of NLG, LLC in

this action, including but not limited to the 57.105 fee award of $7,475.00." The

trial court relied exclusively on the Cristol Judgment to reach a different result on

the seventh try, but nowhere in its 15 pages does Judge Cristol go beyond ruling on

"claims against Debtor with respect to the Note and Mortgage."

## IV.  ARGUMENT

As this Court recently stated in *Curry v. State*, 16 So. 3d 933, 935 (Fla. 3d

DCA 2009): "It is well settled that a 'trial court is without authority to alter or

evade the mandate of an appellate court absent permission to do so.'" (*quoting*

*Vega v. McDonough*, 956 So. 2d 1205, 1206 (Fla. 1st DCA 2007).  The same

should be applicable to the two orders determining entitlement to fees.

## A.  Mandamus is Proper.

A petition for writ of mandamus must allege a violation of a clear legal duty.

*Hadi v. Cordero*, 955 So. 2d 17, 21 (Fla. 3d DCA 2006), *citing Jackson v. Fla.*

*Dep't of Corr.*, 790 So. 2d 381 (Fla. 2000). The official duty required by

a writ of mandamus must be ministerial and not discretionary. *Id.*, *citing PCA Life*

*Ins. Co. v. Metro. Dade Co.*, 682 So. 2d 1102 (Fla. 3d DCA 1995). Here, this Court

clearly determined NLG's entitlement to fees back in 2016. Selective has been

litigating against NLG since its creating to prosecute the New York Judgment by

Confession. With its only principal married to Hazan, Selective knew of the appeal

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 17

that resulted in the fee award. Yet it did nothing to intervene in the proceeding.

Hazan's 29-page Response to Motion for Fees does not even mention Selective.

During the last three plus years, Selective has never moved to intervene in the appeal under Case No. 3D16-0315. When NLG filed its motion to fix the amount of fees on January 4, 2019, Selective did nothing. When it finally did something, it filed a Motion to Intervene with the Circuit Court seeking to take over as Plaintiff pursuant to a satisfied judgment. The proper remedy should have been to file a motion for rehearing on the two orders of this Court determining entitlement, but of course, the time has long passed for such a motion to be considered.

**B. Law of the Case**

In awarding to Selective the fees that this Court previously awarded to NLG, not only did the trial court ignore the clear direction from this Court, but it also ignored the law of the case and the satisfaction of the Judgment by Confession. When Judge Gordo denied Selective motion to intervene and Hazan appealed the decision, that became the law of the case. The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. *Fla. DOT v. Juliano*, 801 So. 2d 101, 105-06 (Fla. 2001), citing *Greene v. Massey*, 384 So.2d 24, 28 (Fla. 1980) ("All points of law which

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 18

have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."); *Strazzulla v. Hendrick*, 177 So.2d 1, 3 (Fla. 1965). Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case. *Juliano*, 801 So. 2d at 106; *McGregor*, 162 So. at 327. See also *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1266 (Fla. 2006) ("The law of the case applies in subsequent proceedings as long as there has been no change in the facts on which the mandate was based."). In this case, the facts have not changed since Judge Gordo entered her Order Granting Foreclosure.

## C. The Satisfaction of Judgment

As to the satisfaction, Selective should have ceased all collection efforts after September 4, 2015. As Judge Hurley wrote in *Morris N. Am., Inc. v. King*, 430 So. 2d 592, 592-93 (Fla. 4th DCA 1983): "We begin our analysis by noting the fundamental principle that 'a satisfaction of judgment is the last act and end of the proceeding.' 47 Am.Jur.2d, *Judgments* § 979 at 80. *See Hendry v. Benlisa,* 37 Fla. 609, 20 So. 800 (1896); *Weaver v. Stone,* 212 So.2d 80 (Fla. 4th DCA 1968); *Walker v. U-Haul Co.,* 300 So.2d 289 (Fla. 4th DCA 1974). *See also Neustein v. Insurance Placement Facility,* 271 Pa.Super. 126, 412 A.2d 608

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 19

(1979). A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid.

The New York Courts are even stricter. In *DaimlerChrysler Servs. N. Am. v. Granger*, 2004 NY Slip Op 24417, ¶ 1, 5 Misc. 3d 865, 866, 784 N.Y.S.2d 357, 358 (City Ct.), the plaintiff sought to vacate a satisfaction based on a error in filing by a paralegal in the attorney's office when no consideration was given by the defendant. The court denied relief relying on precedent that had held that vacating a satisfaction "would wreak havoc on a system that third parties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records." (citation omitted). Here, Selective has made no attempt in New York to vacate the 2015 satisfaction, knowing full well that such an effort would be futile. On the contrary, it has relied on it to argue that no judgment exists for the New York to vacate.

**D. Judge Cristol's Final Judgment**

The complaint that was tried by Judge Cristol never mentioned this Court's 2016 entitlement order; it never requested that Selective be allowed to intervene in the foreclosure action, nor be allowed to substitute NLG. Entitlement to the appellate fees had already been awarded by this Court in 2016, so both Hazan and her husband were aware of it. After NLG amended its motion to fix the amount of

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 20

fees, the motion was no longer directed against the Debtor. Nor was the motion

based on the Note and Mortgage.

　　To allow Selective to intervene and be substituted as plaintiff while Judge

Cristol's judgment is under appeal can only result in further delay and confusion

should that Cristol Judgment be reversed on appeal, or should the New York courts

finally rule on the motion to vacate. It is granting relief that Cristol's final

judgment never contemplated or ruled upon, and is contrary to the law of the case.

To allow Selective to substitute NLG on a mortgage foreclosure that Judge Cristol

has already invalidated cannot possible serve any purpose other than to put further

obstacles on NLG's path when the Cristol Judgment is reversed.

　　The trial court also erred because it allowed execution on the satisfied

Judgment by Confession. Nowhere in Judge Cristol's judgment does he vacate the

satisfaction. On the contrary, he professed that he was simply giving full faith and

credit to prior state proceedings. He certainly did not rule that Selective could go

back to state court and "step into the shoes" of NLG by intervening and

substituting itself for NLG in the 2011 foreclosure litigation. All he did was

temporarily enjoin NLG from enforcing its Note, Mortgage and Foreclosure, an

injunction that is under appeal. The fee litigation, however, was not based on any

of those three instruments. It was based on this Court's two orders, which did not

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 21

order fees based on the fee provisions in either the note or mortgage, but on a rule

and a statute sanctioning frivolous litigation.

## **CONCLUSION**

Based on the foregoing, NLG requests that this Court issue a writ of

mandamus directing the trial court to abide by this Court's prior orders and fix the

amount of fees that NLG should recover.

**WHEREFORE**, petitioner prays for a writ of mandamus directing the trial

court to abide by this Court's prior orders and fix the amount of fees that NLG

should recover. It also prays for an order quashing the trial court's order dated July

1, 2019 in its entirety. Finally, it should award further appellate attorney's fees.

Respectfully submitted this 12th day of July, 2019.

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-415

___ */s/ Juan Ramirez, Jr.* ___
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
*Counsel Petitioner*

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 22

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

sent via eFiling this 12th day of July, 2019, to Robert P. Lithman, Robert P.

Lithman, P.A. at rpl@lithmanlaw.com and David Langley at dave@flalawyer.com

and Stuart J. Zoberg, Esq. at szoberg@shirlawgroup.com

_____/s/ Juan Ramirez, Jr. _____

Juan Ramirez, Jr.



ORDERED in the Southern District of Florida on August 28, 2019.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                   CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

            Debtor.                           CHAPTER 11
_____/

**ORDER GRANTING DEBTOR'S MOTIONS FOR CONTEMPT AND
SETTING HEARING ON NLG LLC'S MOTION TO STRIKE AND FOR SANCTIONS**

THIS CAUSE comes before the Court upon the Debtor's Emergency Motion for Contempt

(ECF 886), NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) and Debtor's

Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher

Kosachuk and Motion for Entry of Final Judgment (ECF 926). Debtor asserts NLG, LLC ("NLG")

and Attorney Ramirez willfully violated the Court's injunction against collection of debts pursuant

to 11 U.S.C. 524(a)(2) and the Court's Confirmation Order by filing the third and fourth lis pendens

on Debtor's homestead property. (The Court has already found the filing of the first 2 lis pendens

to be a violation of the injunctions.) NLG and Attorney Ramirez seek to strike "NLG, LLC's Notice

of Discharge, Dismissal and Release of Lis Pendens" filed and recorded by the Debtor, releasing and

discharging the third lis pendens.  Upon consideration of the record and the foregoing motions, the

Court determines that NLG and Attorney Ramirez's filing of the third and fourth lis pendens violate

this Court's Confirmation Order and discharge injunction.  The Court will set further hearings with

regard to the motion to strike and to determine sanctions.

## Background

Debtor's Emergency Motion (ECF 886) was filed on May 3, 2019 seeking sanctions against

NLG, Chris Kosachuk and Attorney Juan Ramirez (together, the "Respondents") for the filing of a

third lis pendens on the Debtor's homestead property. Initially, the Court granted the motion on May

15, 2019 and directed the dismissal, dissolution and release of the third lis pendens (ECF 902).

However, upon a timely Motion for Reconsideration filed by the Respondents (ECF 903), the Court

vacated its prior Order granting the Emergency Motion (ECF 909), and directed the parties to file

legal memoranda in support of their respective positions on the Emergency Motion for Contempt,

after which the Court would rule on the Emergency Motion.  In the Order, the Court requested the

parties address three issues: "(I) whether the filing of the third *lis pendens* is authorized by law, (ii)

how the filing of the *lis pendens* does or does not violate the injunctions of the Confirmed Plan and

discharge, and (iii) whether any damages resulted from the filing of the third *lis pendens*."

During the course of these bankruptcy proceedings, the Court determined that neither NLG

nor Kosachuk had a lien on the Debtor's property and entered judgment accordingly.  NLG and

Kosachuk appealed the Court's ruling, which appeal is pending, but never stayed this Court's Order

and Judgment pending appeal.  Those Orders have become final, and the Respondents have appealed

them as final orders of the Court.

Notwithstanding, Respondents have filed several lis pendens on the Debtor's homestead property after the Confirmation of the Debtor's Chapter 11 Plan in this case and after the Debtor received her discharge under the Plan.  The Court previously ordered the dismissal or withdrawal of the first two lis pendens and sanctioned the filing of the first lis pendens, but declined to impose further sanctions after the filing of the second.  However, the Respondents filed their third lis pendens on the Debtor's property, and Debtor seeks dismissal of that lis pendens, as well as sanctions for the filing of same.

Then, prior to this Court ruling on the issues relative to the third lis pendens, Debtor's lawyer allegedly prepared, filed and recorded a release and discharge of the third lis pendens, titled "NLG, LLC's Notice of Discharge, Dismissal and Release of Lis Pendens."  NLG asserts in its motion to strike that this "sham" notice, ***filed on its behalf by the Debtor***, was not authorized and was filed to defraud the title company or some unsuspecting purchaser or financial institution (ECF 919).

Thereafter, on August 5, 2019, the Debtor filed another motion for contempt and sanctions for the Respondents' filing of a fourth lis pendens on the Debtor's homestead property (ECF 926).

## Discussion

Under 28 U.S.C. §1334, this Court has jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11.  A proceeding to enforce the discharge injunction and the Orders of this Court is within the bankruptcy court's jurisdiction.  *Matter of Nat'l Gypsum Co.*, 118 F.3d 1056 (5th Cir. 1997).

On June 12, 2018, the Court entered the Order confirming Debtor's Chapter 11 plan (ECF 691).  In it, the Debtor was authorized and permitted to seek the issuance of an early discharge, before completion of the plan, if certain conditions were met. *See,* 11 U.S.C. §1141(d)(5). The

Confirmation Order further provided that:

> 7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

> 8. All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

> 9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

On December 6, 2018, the Court granted the Debtor's request for a discharge (ECF 766).

Section 524(a) of the Bankruptcy Code provides:

> (a) A discharge in a case under this title—

> > (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

> > (2) **operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived**; and

> > (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523© and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

The discharge order and Order confirming Debtor's Chapter 11 plan enjoin NLG and Attorney Ramirez from commencing or continuing action to collect, recover or offset the debt that this Court extinguished in these proceedings. The injunctions imposed by the Confirmation Order and discharge promotes the fresh start policy of the Bankruptcy Code. However, pursuit of NLG's extinguished and discharged liability is a violation of the discharge injunction and Orders of this Court.

Under Florida law, a lis pendens serves to provide inquiry notice to those interested in a particular tract of land as to the facts and issues involved in the suit or action concerned. The purpose of a lis pendens is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit. *In re Kodo Properties, Inc.* 63 B.R. 588 (EDNY 1986) citing *Mechanics Exchange Savings Bank v. Chesterfield*, 34 A.D.2d 111, 113, 309 N.Y.S.2d 548 (1970). NLG and Attorney Ramirez argue that the filing of the third and fourth lis pendens is not an attempt to collect, recover or offset the debt this Court previously ruled was extinguished or satisfied, but rather "merely ensures that a title search actually notices the pending appeal. It not only protects potential buyers or lenders, but also the title examiner and malpractice insurance carrier." This Court is unpersuaded by such an argument.

The Court believes the filing of the lis pendens at this late stage in the proceedings – years after judgment has been entered and not stayed, and while the judgment is on appeal – is not authorized by statute or otherwise. *See*, Florida Statute §48.23 (2019). The Court determined that neither NLG nor Chris Kosachuk have a lien on Debtor's property; the Court held that any alleged lien of NLG on Debtor's property was extinguished or satisfied. That judgment has become final and NLG did not stay the judgment. NLG's and Attorney Ramirez's actions in filing the lis pendens, all four of them, are an effort to collect a prepetition claim that this Court determined was already

extinguished. The argument by NLG and Attorney Ramirez to the contrary is unconvincing. The filing of the third and fourth lis pendens appears to be a collateral attack on the Court's final judgment; and, the filings are NLG's and Attorney Ramirez's attempt to obtain a stay of any disposition of the Debtor's homestead without actually obtaining a stay pending appeal upon the posting of a bond.

There is no dispute that NLG and Attorney Ramirez have knowledge of the Debtor's discharge and Order confirming Debtor's Chapter 11 plan, and the injunctions provided by both orders. Accordingly, the Court determines that the filing of the third and fourth lis pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice.

The Court is informed, by the motion to strike, that the third lis pendens has already been released and discharged prior to this Court's determination that the filings were in violation of the Confirmation Order and discharge injunction. The third lis pendens was released and discharged by the filing of a document by Debtor's counsel titled "NLG, LLC's Notice of Discharge, Dismissal and Release of Lis Pendens". NLG and Attorney Ramirez assert that its filing was not authorized or permitted.

The Court is concerned with the alleged wrongdoing by counsel for the Debtor. Although the Court ultimately rules herein that the third and fourth lis pendens violate the discharge injunction and Confirmation Order and should be dissolved and released, it appears there is an issue as to whether the Debtor or her various counsel had proper authority to file such document. Accordingly, the Court will schedule an evidentiary hearing at which it will determine whether Debtor and her counsel were authorized or permitted to file "NLG, LLC's Notice of Discharge, Dismissal and

Release of Lis Pendens" and whether same should be stricken.  The Court will also consider the issue of sanctions at that time.  It is

ORDERED AND ADJUDGED as follows:

1.  Debtor's Emergency Motion for Contempt (ECF 886) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926) are GRANTED in part and the Court determines that NLG and Attorney Ramirez are in contempt of Court for filing the third and fourth lis pendens in violation of the Confirmation Order and discharge injunction.

2.  An evidentiary hearing will held on November 21, 2019 at 2:00 PM, in Courtroom 7, 301 North Miami Ave, Miami, FL, to determine the appropriate amount of sanctions for the contempt found in paragraph 1, and such hearing shall continue through November 22, 2019, if necessary.

3.  NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) is set for an evidentiary hearing on September 26, 2019 at 3:00 PM in Courtroom 7, 301 North Miami Ave, Miami, FL, to determine whether Debtor or her counsel were authorized or permitted to file "NLG, LLC's Notice of Discharge, Dismissal and Release of Lis Pendens", whether the Notice should be stricken and whether sanctions should be awarded.

###

Copies furnished to:

David Langley, Esq.
Joel Aresty, Esq.
Juan Ramirez Jr. Esq.
Astrid Gabbe, Esq.
Debtor
Chris Kosachuk

Attorney Langley shall immediately serve a conformed copy of this Order upon all interested parties and file a certificate of service of same with the Court.



**ORDERED in the Southern District of Florida on September 23, 2019.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
www.flsb.uscourts.gov

In re:

LIZA HAZAN,                                         CASE NO.:  16-10389 AJC
a/k/a ELIZABETH HAZAN
    Debtor.                                   CHAPTER 11
_____/

**ORDER DENYING NLG, LLC'S**
**MOTION FOR STAY PENDING**
**APPEAL  [D.E.936]**

**THIS MATTER** having come before the Court on September 19, 2019 at 2:00 pm on

NLG, LLC's Motion for a Stay Pending Appeal and Memorandum of Law [D.E. 936] and the

Court having reviewed the file and otherwise being fully advised, it is;

**ORDERED and ADJUDGED that:**

NLG, LLC's Motion for a Stay Pending Appeal and Memorandum of Law [D.E. 936] is

**DENIED** for the Reasons Stated on the Record.


### ###

**Submitted by:**
  DAVID W. LANGLEY
  *Attorney for Debtor*
  8551 W. Sunrise Boulevard, Suite 303
  Plantation, Florida 33322
  Telephone:    954-356-0450
  Fax:          954-356-0451
  E-mail: dave@flalawyer.com
  Florida Bar Number 348279
The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

**Copies to:** Clerk, U.S. Bankruptcy Court, Office of the U.S. Trustee, all parties of interest

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In Re:

LIZA HAZAN a/k/a ELIZABETH HAZAN,                    Case No. 16-10389-AJC
                                                     Chapter 11

     Debtor,

_____/

**LIZA HAZAN'S EXPEDITED MOTION FOR CONTEMPT AND SANCTIONS**
**FOR WILLFUL AND CONTINUED VIOLATIONS OF THIS COURT'S ORDERS**

     Reorganized Discharged Liza Hazan a/k/a Elizabeth Hazan ("Ms. Hazan" or "Hazan"),

through her undersigned counsel, respectfully moves this Honorable Court for an order finding

NLG, LLC, its alleged principal Christopher Kosachuk, and its counsel, Juan Ramirez, Esq. ("the

Kosachuk Group"), in further contempt of Court for again violating this Court's orders, Final

Judgment and injunctions and for the issuance of a bench warrant exercisable for the arrest and

detention of Juan Ramirez, Jr, NLG, LLC and Christopher Kosachuk, or another remedy, to

ensure compliance with the Court's Orders Final Judgment and injunctions, states as follows:

**I.**       **INTRODUCTION**

     The Kosachuk Group has repeatedly violated the orders of this Court, resulting in several

sanctions orders. Ms. Hazan once again requests sanctions of increasing severity in order to

finally deter the Kosachuk Group from continuing with their wrongful conduct, including their

recent violations of the Order Granting in Part Debtor's Amended Expedited Motion for

Contempt, Sanctions, Damages and Punitive Damages [ECF NO. 780] (the First Contempt

Order), Order Confirming Plan of Reorganization [ECF NO. 691] (the Confirmation Order),

Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to

Reorganized Debtor [ECF NO. 766] (the Discharge Order), March 12, 2019 Order on

Reorganized Discharged Debtor's Motion for Contempt and Sanctions (the Second Contempt Order) [ECF 823] and April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] (the Fourth Contempt Order), [ECF 932] the Court entered an Order granting Hazan's Emergency Motion for Contempt (ECF 886), NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926) Order Granting Debtor's Motions for contempt and Setting hearing on NLG LLC's Motion to Strike and for Sanctions (ECF 932) (the Fifth Contempt Order). The continuing violations, as more fully set forth below, include:

a) The recording of yet a **FIFTH LIS PENDENS on October 18, 2019**, see Section II;

**II.** **The Kosachuk Group in violations of this Court's April 12, 2019 Order Granting Motion for Contempt and Sanctions [ECF 856], August 29, 2019 Order Granting Debtor's Motions for contempt [ECF 932, recorded a fifth lis pendens on October 18, 2019 after being ordered not to record any additional lis pendens and to immediately dismiss, dissolve, and release the Third and Fourth lis pendens**

This court, in its Sanction order entered on December 28, 2018 [D.E 780] has ORDERED that "NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018."

In complete defiance of this Court's Third Contempt Order [ECF No 856] entered on April 12, 2019, and Order Granting Debtor's contempt [ECF No 932] entered on August 29, 2019, NLG's attorney Juan Ramirez, who was found along his client NLG in contempt of court on August 29, 2019 [ECF No 932], once again willfully violated this courts' orders and injunctions, and filed and recorded a fifth lis pendens on behalf of his clients NLG, against Liza

2

Hazan and her property on October 18, 2019 ("the fifth lis pendens") in Miami-Dade County

Official Records Book 31652 at Pages 2021-2022 or CFN2019R0652420.

"TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY CONCERN:

> "YOU ARE HEREBY NOTIFIED of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266-4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and. For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

> Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109 including the buildings,

appurtenances, and fixtures located thereon.

ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC. SELECTIVE ADVISORS GROUP, LLC. IS NOT THE HOLDER OF ALL RIGHTS OF NLG, LLC.

This Lis Pendens relates back to the original Lis pendens recorded on December 23 2011 in Book 27940 Pages 2791-2792 and CFN2011R0864248".

Attached as **Exhibit "A"** is a true and correct copy of the **FIFTH LIS PENDENS.**

At the April 9, 2019 hearing the Court warned Ramirez that if he wanted **"to get off the hook"** he had to provide Ms. Hazan's attorney the dismissal of the two recorded lis pendens the next morning April 10, 2019 at 7:50 AM.

At the conclusion of the hearing on April 9, 2019 the Court directed Juan Ramirez Jr and NLG to dissolve all lis pendens on Ms. Hazan's property.

Mr. Ramirez dismissed the first two lis pendens the same evening.

3

However, the next morning, Ramirez filed and recorded a third lis pendens and a fourth lis pendens against Ms. Hazan's property on July 23, 2019 and a fifth lis pendens on October 18, 2019.

The fifth lis pendens is purportedly based on the Gordo Final Judgment of Foreclosure, dated December 4, 2015, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 which this Court deemed Satisfied and Paid of Record in its Final judgment entered on October 31, 2017 in favor of Ms. Hazan in ADV Case 2016 ap-01439-AJC ECF No. 238.

NLG's fifth lis pendens is based on the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013 which this Court also found satisfied and paid of record.

The fifth lis pendens recorded by Ramirez have further damaged Ms. Hazan and her Fisher Island property, slandering her title, diminishing the value of her property, making it impossible to sell or refinance her house or obtain a title insurance policy.

On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows:

> "notwithstanding the parties' misunderstandings, the lis pendens must be dissolved. Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property." *Id* 5

As this Court has recognized, it can and should enforce its own orders. That is especially true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and their counsels will continue to violate this Court's orders unless sufficiently punitive measures are imposed on them.

4

NLG and Ramirez have recorded new lis pendens on April 10, 2019, July 23, 2019 and October 18, 2019.

At the April 9, 2019 hearing the court made its directives clear:

> THE COURT: Well, I would suggest as
> 6    follows: If you prepare a document that withdraws
> 7    both lis pendens, and get it filed and in the hands
> 8    of opposing counsel before your hearing tomorrow --
> 9    MR. RAMIREZ: The hearing is at 8 o'clock,
> 10   Judge.
> THE COURT: Well, at five of 8:00 you can
> 12   hand it to them as you're going into the hearing.
> 13   As I said, if you've done it and it's in form to be
> 14   filed, that will resolve any representation you
> 15   might have made on the record that should be held
> 16   against you and you'll be off the hook. If it's
> 17   not -- if both lis pendens are not withdrawn before
> 18   that hearing tomorrow morning, or before you
> 19   withdraw -- perhaps you can ask the Judge, if you
> 20   need an extra day to withdraw, so you can get that
> 21   in, that's fine. Otherwise, that's where we're at.
> 22   I don't see anything further to do here
> 23   today, except to thank you all for your appearances.
> 24   If you'll get that affidavit as to attorney's fees
> 25   in within three days, we'll get to work on these

Tr. page 39 lines 11-25;

> 1   orders.
> THE COURT: He says it may be different
> 7    than what was -- the key for him to sign something
> 8    is to sign a withdrawal of two lis pendens. Now,
> 9    he's talking about other matters, and if there are
> 10   other matters that weren't covered by that, we're
> 11   not looking at that right now. We're looking at
> 12   whether or not the lis pendens are to be withdrawn.

Tr. page 40 lines 1; lines 6-12;

5

After being ordered to dismiss, dissolve and release the lis pendens, Juan Ramirez recorded three subsequent Lis Pendens on April 10, 2019, July 23, 2019 and a fifth lis pendens on October 18, 2019.

### III. The August 29, 2019 Order Granting Debtor's Motions for Contempt [ECF No 932]:

1.       On August 29, 2019 the Court entered an Order granting Hazan's Emergency Motion for Contempt (ECF 886), NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926). (ECF 932). Upon consideration of the record and the Hazan's motions, the Court determined that NLG and Attorney Ramirez's filing of the third and fourth lis pendens violated this Court's Confirmation Order and discharge injunction.

2.       Under 28 U.S.C. §1334, this Court has jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11. A proceeding to enforce the discharge injunction and the Orders of this Court is within the bankruptcy court's jurisdiction. Matter of Nat'l Gypsum Co., 118 F.3d 1056 (5th Cir. 1997).

3.       On June 12, 2018, the Court entered the Order confirming Debtor's Chapter 11 plan (ECF 691). In it, the Debtor was authorized and permitted to seek the issuance of an early discharge, before completion of the plan, if certain conditions were met. See, 11 U.S.C. §1141(d)(5). The Confirmation Order further provided that:

> 7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debt dischargeable or determined by this Court to be discharged under 11 USC § 1141.

8. All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

4.      On December 6, 2018, the Court granted the Debtor's request for a discharge (ECF 766). Section 524(a) of the Bankruptcy Code provides:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset an such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523© and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

5.      The Court made the following findings in its Order (ECF 932). "The discharge order and Order confirming Debtor's Chapter 11 plan enjoin NLG and Attorney Ramirez from commencing or continuing action to collect, recover or offset the debt that this Court extinguished in these proceedings. The injunctions imposed by the Confirmation Order and discharge promotes the fresh start policy of the Bankruptcy Code. However, pursuit of NLG's extinguished and discharged liability is a violation of the discharge injunction and Orders of this Court."

6.      The Court further found that NLG's and Attorney Ramirez's actions in filing **the lis pendens, all four of them,** are an effort to collect a pre-petition claim that this Court determined was already extinguished **and appear to be a collateral attack the Final Judgment.**

7.      The Court also determined that the filing of the third and fourth lis pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice.

8.      8. The Court concluded that NLG and Attorney Ramirez are in contempt of Court for filing the third and fourth lis pendens in violation of the Confirmation Order and discharge injunction.

> "Under Florida law, a lis pendens serves to provide inquiry notice to those interested in a particular tract of land as to the facts and issues involved in the suit or action concerned. The purpose of a lis pendens is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit. In re Kodo Properties, Inc. 63 B.R. 588 (EDNY 1986) citing Mechanics Exchange Savings Bank v. Chesterfield, 34 A.D.2d 111, 113, 309 N.Y.S.2d 548 (1970). NLG and Attorney Ramirez argue that the filing of the third and fourth lis pendens is not an attempt to collect, recover or offset the debt this Court previously ruled was extinguished or satisfied, but rather "merely ensures that a title search actually notices the pending appeal[1]. It not only protects potential buyers or lenders, but also the title examiner and malpractice insurance carrier." This Court is unpersuaded by such an argument. The Court believes the filing of the lis pendens at this late stage in the proceedings – years after judgment has been entered and not stayed, and while the judgment is on appeal – is not authorized by statute or otherwise. See, Florida Statute §48.23 (2019). The Court determined that neither NLG nor Chris Kosachuk have a lien on Debtor's property; the Court held that any alleged lien of NLG on Debtor's property was extinguished or satisfied. That judgment has become final and NLG did not stay the judgment. NLG's and Attorney Ramirez's actions in filing the lis pendens, all four of them, are an effort to collect a pre-petition claim that this Court determined was already extinguished. The argument by NLG and Attorney Ramirez to the contrary is unconvincing. The filing of the third and fourth lis pendens appears to be a collateral attack on the Court's final judgment; and, the filings are NLG's and Attorney Ramirez's attempt to obtain a stay of any disposition of the Debtor's homestead without actually obtaining a stay pending appeal upon the posting of a bond. There is no dispute that NLG and Attorney Ramirez have knowledge of the Debtor's discharge and Order confirming Debtor's Chapter 11 plan, and the injunctions provided by both orders.

---

[1] On September 19, 2019 NLG's appeal of the Final Judgment was dismissed. Case 2018-cv-24272-SMITH. ECF No 132].

Accordingly, the Court determines that the filing of the third and fourth lis pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice."

The Court ORDERED AND ADJUDGED as follows:

"1. Debtor's Emergency Motion for Contempt (ECF 886) and Debtor's Expedited Motion for
Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion
for Entry of Final Judgment (ECF 926) are GRANTED in part and <u>the Court determines that NLG</u>
<u>and Attorney Ramirez are in contempt of Court for filing the third and fourth lis pendens</u>
<u>in violation of the Confirmation Order and discharge injunction.</u>

2. An evidentiary hearing will held on November 21, 2019 at 2:00 PM, in Courtroom 7, 301 North Miami Ave, Miami, FL, to determine the appropriate amount of sanctions for the contempt found in paragraph 1, and such hearing shall continue through November 22, 2019, if necessary."

9.       NLG and Ramirez's Motion to stay the contempt order [ECF No. 932] was denied

on September 24, 2019 [ECF No 936]. The Order [ECF No 932] is final and the law of the case.

10.      NLG and Ramirez refuse to abide by this court's ruling to dismiss, discharge and

release the third and fourth lis pendens and on October 18, 2019 recorded a fifth lis pendens.

## <u>MEMORANDUM OF LAW</u>

The Court clearly points out in the Orders [ECF 856] and [ECF 932] entered on April 12,

2019, and August 29, 2019 that the Third and the Fourth Lis Pendens concern the Debtor's

property, violates the discharge injunction and other orders of this Court, and cloud title to Ms.

Hazan's property. Further, it is improper under Florida law, as more fully discussed below. The

issues are addressed in the same order as referenced in the Order.

1.      **The filing of the Lis Pendens is not authorized by law F.S. 48.23 provides:**

Lis pendens.—(1)(a) An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged. Section 48.23(3), Florida Statutes provides that "[w]hen the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 . . . the court ***shall*** control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." (emphasis supplied).

Here, this Court has already determined that "The Scola Judgment obtained by NLG against the Debtor, and all rights, claims. and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective" ... And that, "the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale". The Court then ruled that, "NLG's Proof of Claim #17 is disallowed and **NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.**

NLG, therefore, has no underlying recorded document on which to base the Third, Fourth and now a fifth lis pendens. It must proceed, if at all, as if seeking an injunction.

The Florida Rules of Civil Procedure provide:

1.610 Injunctions

 (a) Temporary Injunction.

(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems. proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

(c) NLG did not apply to this Court or any other Court seeking permission to record a lis pendens without an underlying document, nor has it posted a bond. As the Court determined at the April 8th hearing, and in its orders entered on April and August 2019 the Final Judgment has not been stayed by any court nor has any supersedeas bond been filed. The **first, second, third, fourth and fifth lis pendens** were not obtained following these procedures and should be discharged, and as set forth below, NLG and Ramirez should be sanctioned for the improper filing.

2.    **The filing of the fifth Lis Pendens violate the Discharge Injunctions and Orders of this Court**

The fifth lis pendens also create an impediment to the sale or refinancing of the Debtor's property in a continued effort by NLG and Ramirez to collect a discharged debt and therefore violate the Discharge Injunction.

"While a lis pendens does not of itself create an encumbrance upon the property, it does serve "as a notice of a claim made in respect to property which is the subject of a pending suit." *In re Kodo Properties, Inc.* 63 B.R. 588 (E.D.N.Y. 1986) (internal citation omitted). Thus, while the notice of pendency was filed with Ulster County, Debtors were not free to sell or otherwise encumber their Non-Mortgaged Property. *Mechs. Exch. Sav. Bank v. Chesterfield*, 34 A.D.2d 111, 113 (N.Y. App. Div. 1970) (3d Dep't) (The purpose of a notice of pendency "is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit."). As Wells Fargo had no secured right to foreclosure against the Non-Mortgaged Property, Wells Fargo's "employment of process" against that property could be nothing other than an attempt to collect against the Debtors' personally—a violation of

11

§ 524(a)(2). 11 U.S.C. § 524(a)(2). *In re Dogar-Marinesco* (Bankr. S.D.N.Y., 2016).(emphasis supplied).

Further, the fifth lis pendens was recorded on October 18, 2019 after the Court ordered NLG and Ramirez to "immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and upon dismissal of the cross-claim, The Lis Pendens shall be dissolved", *see* ECF 780, after the Court stated at ECF 856, "However, notwithstanding the parties' misunderstandings, the lis pendens must be dissolved. Accordingly, the Court directs and orders that *all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property".* (emphasis supplied) and after being found in contempt of court and being ordered to immediately release, discharge and dissolve the third and fourth lis pendens on August 29, 2019 [ECF No 932].

3.   **Elizabeth Hazan's Request for Sanctions and Damages**

Ms. Hazan has asked the Court on a number of occasions to assess sufficient sanctions to deter the intentional wrongful conduct by NLG and its attorneys. NLG has shown time and again that it considers an absence of sanctions to be the condoning of its wrongful conduct. If the Court does not condemn the actions of NLG they will continue unabated.

The threatened fine of $1,000.00 per day for every day a lis pendens remained on the Debtor's property as set forth in ECF 856 was just such an appropriate sanction. NLG and Ramirez ignored the Court's rulings, and in complete defiance filed the Third and Fourth Lis Pendens.

Discharged Ms. Hazan respectfully requests the Court sanction NLG and Ramirez, jointly and severally, $1,000.00 for every day from the date of the Order Granting Contempt, ECF 856 entered 4/12/19, until the third, fourth and fifth lis pendens are removed from the property, with prejudice.

Further, Ms. Hazan has, in fact, incurred damages due to the recording of the five Lis Pendens. She has attempted to list the property for sale but cannot obtain title insurance until all lis pendens have been removed with prejudice.

As a result, she has incurred carrying costs that are detailed in Ms. Hazan's Memorandum Brief Statement of Damages, D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882; D.E. 885; D.E. 931; ECF 964.

| | | |
|---|---|---|
| · | Attorney's Fees | $114,998.80 |
| · | Carrying costs | <u>$269,098.065</u> |
| | Total | $384,096.865 |

Discharged Ms. Hazan is also requesting an award of punitive damages. The following factors should be considered in awarding punitive damages: "(1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor." *In re: White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009); *In re: Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003).

The intentional acts of Juan Ramirez and NLG, LLC in intentionally violating the Discharge Injunction, Final Judgment, and Contempt Orders after being warned not to do so by this Court, are contemptable and should be sanctioned. The U.S. Supreme Court has indicated that an award of four to ten times the amount of compensatory damages may be appropriate depending upon the circumstances in each case. *BMW of North America, Inc. v.*

13

*Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996). See also *In re Arnold*, 206 B.R. 560 (Bankr. N.D. Ala. 1997). Ms. Hazan requests an award in that range.

## **CONCLUSION**

The sanctions entered by the Court to date have been insufficient to deter the continuing violations of this Court's orders by Ramirez, Kosachuk and NLG. Ms. Hazan respectfully requests sufficiently severe sanctions to prevent such further conduct, including the striking of NLG's pleadings and issuance of a bench warrant exercisable for the arrest and detention of Juan Ramirez, Jr, NLG, LLC and Christopher Kosachuk.

WHEREFORE, Reorganized and Discharged Liza Hazan respectfully requests that the Court enter an order:

(1)    Finding Kosachuk, NLG, Ramirez, in contempt of court and striking all improperly filed pleadings;

(2)    Directing NLG and Ramirez to immediately dismiss, dissolve and release with prejudice the Third, fourth and fifth recorded Lis Pendens recorded by NLG, LLC through its attorney Juan Ramirez, Jr in Miami-Dade County on April 10, 2019 at Book 31397 Pages 2632-2633 CFN 2019R0220803 and the Fourth Lis Pendens recorded by NLG through Ramirez on July 23, 2019 in Official Records at Book 31536 at Pages 3224-3225 or CFN2019R0458894 and on October 18, 2019 in Miami-Dade County Official Records Book 31652 at Pages 2021-2022 or CFN2019R0652420;

(3)    Permanently enjoining Kosachuk, NLG, Ramirez, Astrid Gabbe or their representatives, attorneys, agents from ever recording a Lis pendens against Liza Hazan or her property on Fisher Island under any caption in any jurisdiction;

14

(4)     Permanently barring enjoining the Kosachuk Group from contacting her title insurance companies;

(5)     Deeming all recorded Lis Pendens filed by NLG, LLC Kosachuk, Ramirez, Astrid Gabbe or their representatives, attorneys, agents null and void and of no effect;

(6)     Awarding the following damages, jointly and severally:

        a.     Compensatory damages, including damages for the Debtor's inability to sell or transfer her property, including all carrying costs since the recording of the First lis pendens, in August 9, 2018 plus damages for emotional distress for an especially egregious violation of the discharge injunction and orders of the court;

        b.     $1,000 daily fines against Ramirez and NLG since April 10, 2019;

        c.     All of Hazan's attorney's fees and costs incurred in bringing this motion and all previous Contempt motions, since the filing of the first lis pendens on August 9, 2018 as determined in her attorneys' affidavits filed on April 26, 2019 D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882; D.E. 885; D.E. 931; D.E. 964;

        d.     Punitive damages.

(7)     Entry of a Final Judgment against NLG, LLC, Chris Kosachuk, Juan Ramirez, Jr., jointly and severally, for the amounts set forth above;

(8)     Striking all pleadings filed by NLG, LLC Kosachuk, Ramirez, Astrid Gabbe or their representatives, attorneys, agents;

(9)     Grant the issuance of a bench warrant exercisable for the arrest and detention of Juan Ramirez, Jr, NLG, LLC and Christopher Kosachuk, or another remedy, to ensure compliance with the Court's Orders.

(10)     Awarding such other and further relief as the Court deems just and proper.

15

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of November, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

**MARSHALL GRANT, PLLC**
*Attorneys for Creditor,*
*Selective Advisors Group, LLC*
197 South Federal Highway, Suite 200
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email: jgrant@marshallgrant.com


By:   /s/ *Joe M. Grant*
JOE M. GRANT
Florida Bar No. 137758

## SERVICE LIST

**16-10389-AJC Notice will be electronically mailed to:**

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A.;
gaaronson@aspalaw.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A.; aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
rcasamayor@dhaberlaw.com
Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com, nsocorro@ecclegal.com; bankruptcy@ecclegal.com;
bankruptcy.ecc@ecf.courtdrive.com

16

Adam A Diaz on behalf of Creditor U.S. Bank National Association; adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC; bkfl@albertellilaw.com

Michael A Friedman on behalf of Creditor NLG, LLC; mfriedman@gjb-law.com, gjbecf@gjb-law.com; jsardina@gjb-law.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium mortman@furrcohen.com, atty_furrcohen@bluestylus.com

Astrid Gabbe on behalf of Creditor NLG, LLC; astridgabbe@gmail.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.; robert.gusrae@gmail.com

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc. dhaber@dhaberlaw.com, ngomez@dhaberlaw.com; rcasamayor@dhaberlaw.com; dbhpaservice@dhaberlaw.com

David W. Langley on behalf of Debtor Liza Hazan; dave@flalawyer.com, emily@flalawyer.com; monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan; tdmckeown@mckeownpa.com

James B Miller on behalf of Counter-Claimant NLG, LLCl; bkcmiami@gmail.com

Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.; Ashley.popowitz@mccalla.com, flbkecf@mccalla.com

Steven G. Powrozek, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association spowrozek@logs.com, electronicbankruptcynotices@logs.com

Michael W Simon on behalf of Creditor S&S Collections, Inc. kkorey@simonsigalos.com, dgasser@simonsigalos.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association azaron@leoncosgrove.com, jgomez@leoncosgrove.com

Daniel A. Bushell, Esquire on behalf of Debtor; dan@bushellapellatelaw.com

Clerk's File No.: 2019 R 652420, Group: 1

| CFN Details | Image | Order Certified Copies |

1 / 2



1

2

CFN 2019R0652420
OR BK 31652 Pgs 2021-2022 (2Pgs)
RECORDED 10/18/2019 14:21:31
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Space above reserved for recording information

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

**Appeal Number: 19-14049-AA**
**District Court Docket No. 1:18-24272-RS**
**Secondary Case Number: 16-bkc-10389-AJC**

NLG, LLC,
    Defendant/Appellant,

v.

SELECTIVE ADVISORS GROUP,
LLC, and LIZA HAZAN a/k/a
ELIZABETH HAZAN.

Clerk's File No.: 2019 R 652420, Group: 1



CFN Details | Image | Order Certified Copies

2/2

Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109

including the buildings, appurtenances, and fixtures located thereon.

**ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC. SELECTIVE ADVISORS GROUP, LLC IS NOT THE HOLDER OF ALL RIGHTS OF NLG, LLC.**

This Lis Pendens relates back to the original lis pendens recorded on December 23, 2011 in Book 27940 Pages 2791-2792 and CFN 2011R0864248

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609

Juan Ramirez, Jr.
(Florida Bar No. 201952)
jr@adrmiami.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                          Chapter 11

       Debtor.
_____/

**LIZA HAZAN'S EXPEDITED MOTION FOR CONTEMPT,
TO IMPOSE SANCTIONS, AND
MOTION FOR ENTRY OF FINAL JUDGMENT**

Reorganized Discharged Liza Hazan a/k/a Elizabeth Hazan ("Ms Hazan" or "Hazan"), through her undersigned counsel, respectfully moves this Honorable Court for an order finding NLG, LLC ("NLG"), its principal Christopher Kosachuk, and its counsel, Juan Ramirez, Jr. Esq. ("the Kosachuk Group"), in further contempt of Court for further violating this Court's orders, Final Judgment and injunctions, and, respectfully states as follows:

I.    <u>INTRODUCTION</u>

The Kosachuk Group has repeatedly violated the orders of this Court, resulting in several sanctions orders.

Ms Hazan once again requests sanctions of increasing severity in order to finally deter the Kosachuk Group from continuing with their wrongful conduct, including their violations of the Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages [ECF No. 780] (the First Contempt Order), Order Confirming Plan of Reorganization [ECF No. 691] (the Confirmation Order), Order Granting Motion to Reopen Case

1

to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF No. 766] (the Discharge Order), the March 12, 2019 Order on Reorganized Discharged Debtor's Motion for Contempt and Sanctions (the Second Contempt Order) [ECF No. 823], the April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF No. 856] (the Fourth Contempt Order), [ECF No. 932], the Order granting Hazan's Emergency Motion for Contempt [ECF No. 886], [ECF No. 902] (the Fifth Contempt Order), Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment [ECF No. 926], [ECF No. 932], the Order Granting Debtor's Motions for contempt and Setting hearing on NLG LLC's Motion to Strike and for Sanctions [ECF No. 932] (the Sixth Contempt Order), the Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF No. 995] (the Seventh Contempt Order).

The continuing Willful violations, as more fully set forth below, include:

a) The recording of yet a Sixth Lis Pendens on January 29, 2021, see Section II;

**I.**     The Kosachuk Group in violations of this Court's April 12, 2019 Order Granting Motion for Contempt and Sanctions [ECF 856], this Court's August 29, 2019 Order Granting Debtor's Motions for contempt [ECF 932], Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF 995], recorded a Sixth Lis Pendens on January 29, 2021 after being ordered not to record any additional Lis Pendens and to immediately dismiss, dissolve, and release the Third, Fourth Lis Pendens, Fifth Lis Pendens.

This court, in its Sanction Order entered on December 28, 2018 [D.E 780] has ORDERED that "NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018."

2

In complete defiance of this Court's Third Contempt Order [ECF No 856] entered on April 12, 2019, and Order Granting Debtor's contempt [ECF No 932] entered on August 29, 2019, NLG's attorney Juan Ramirez, who was found along his client NLG in contempt of court on August 29, 2019 [ECF No 932], once again willfully violated this courts' orders and injunctions, and filed and recorded a Fifth Lis pendens on behalf of his clients NLG, against Liza Hazan and her property on October 18, 2019 ("the Fifth Lis Pendens") in Miami-Dade County Official Records Book 31652 at Pages 2021-2022 or CFN2019R0652420,

On November 19, 2019 The Court entered an Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF 995] ordering and adjudging that,

"1. Liza Hazan's Debtor's Emergency Motion for Contempt and Sanctions for Willful and Continued Violations of this Court's Orders (ECF 977) is GRANTED in part, and the Court determines that NLG and Attorney Ramirez, but not Christopher Kosachuk, are in contempt of Court for filing the fifth lis pendens in violation of the Confirmation Order and discharge injunction.
2. Because compensatory sanctions have not deterred the unlawful filing of the lis pendens, the Court sanctions NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved.
3. The Court further authorizes the Debtor to seek costs, attorneys fees and punitive damages against NLG and Attorney Juan Ramirez."

Without recording a dismissal of the previous numerous lis pendens, as so ordered on January 29, 2021 NLG's attorney Juan Ramirez, Jr. recorded a Sixth Lis Pendens in Miami-Dade County Official Records Book 32321 at Pages 2027-2028 or CFN2021R0074799 ("the Sixth Lis Pendens").

"TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY CONCERN:

"**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266-4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 - 3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

> Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL

33109 including the buildings, appurtenances, and fixtures

located thereon.

ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC.

This Lis Pendens relates back to the original Lis pendens recorded on December 23, 2011 in Book 27940 Pages 2791-2792 and CFN2011R0864248".

Attached as Exhibit "A" is a true and correct copy of the SIXTH LIS PENDENS.

At the April 9, 2019 hearing the Court warned Ramirez that if he wanted "to get off the hook" he had to provide Ms Hazan's attorney the dismissal of the two recorded Lis Pendens the next morning April 10, 2019 at 7:50 AM. At the conclusion of the hearing on April 9, 2019 the Court directed Juan Ramirez Jr and NLG to dissolve all Lis Pendens on Ms Hazan's property. Mr. Ramirez dismissed the first two Lis Pendens the same evening.

However, the next morning, on April 10, 2019 Ramirez filed and recorded a Third Lis pendens and on July 23, 2019 filed and recorded a Fourth Lis Pendens against Ms. Hazan's

4

property and on October 18, 2019 filed and recorded a Fifth Lis pendens. On November 19, 2019 The Court entered an Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF 995] the Court sanctionned NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved.

The Fifth Lis pendens is purportedly based on the Gordo Final Judgment of Foreclosure, dated December 4, 2015, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 which this Court deemed Satisfied and Paid of Record in its Final judgment entered on October 31, 2017 in favor of Ms Hazan in ADV Case 2016 ap-01439-AJC ECF No. 238. NLG's Fifth Lis Pendens is based on the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013 which this Court also found satisfied and paid of record.

The Fifth and now the Sixth Lis Pendens recorded by Ramirez have further damaged Ms Hazan and her Fisher Island property, slandering her title, diminishing the value of her property, making it impossible to sell or refinance her house or obtain a title insurance policy.

On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows:

> "notwithstanding the parties' misunderstandings, the lis pendens must be dissolved. Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property." *Id* 5

As this Court has recognized, it can and should enforce its own orders. That is especially

5

true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and

their counsels will continue to violate this Court's orders unless sufficiently punitive measures are

imposed on them.

NLG and Ramirez have recorded new lis pendens on April 10, 2019, July 23, 2019 and

October 18, 2019.

At the April 9, 2019 hearing the court made its directives clear:

THE COURT: Well, I would suggest as
6 follows: If you prepare a document that withdraws
7 both lis pendens, and get it filed and in the hands
8 of opposing counsel before your hearing tomorrow --
9 MR. RAMIREZ: The hearing is at 8 o'clock,
10 Judge.
THE COURT: Well, at five of 8:00 you can
12 hand it to them as you're going into the hearing.
13 As I said, if you've done it and it's in form to be
14 filed, that will resolve any representation you
15 might have made on the record that should be held
16 against you and you'll be off the hook. If it's
17 not -- if both lis pendens are not withdrawn before
18 that hearing tomorrow morning, or before you
19 withdraw -- perhaps you can ask the Judge, if you
20 need an extra day to withdraw, so you can get that
21 in, that's fine. Otherwise, that's where we're at.
22 I don't see anything further to do here
23 today, except to thank you all for your appearances.
24 If you'll get that affidavit as to attorney's fees
25 in within three days, we'll get to work on these

Tr. page 39 lines 11-25;

1  orders.
THE COURT: He says it may be different
7 than what was -- the key for him to sign something
8 is to sign a withdrawal of two lis pendens. Now,
9 he's talking about other matters, and if there are
10 other matters that weren't covered by that, we're
11 not looking at that right now. We're looking at
12 whether or not the lis pendens are to be withdrawn.

6

Tr. page 40 lines 1; lines 6-12;

After being ordered to dismiss, dissolve and release the lis pendens, Juan Ramirez recorded four subsequent Lis Pendens on April 10, 2019, July 23, 2019 and a Fifth Lis Pendens on October 18, 2019 and a Sixth Lis Pendens on January 29, 2021.

III. The August 29, 2019 Order Granting Debtor's Motions for Contempt [ECF No 932]:

1. On August 29, 2019 the Court entered an Order granting Hazan's Emergency Motion for Contempt (ECF 886), NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926). (ECF 932). Upon consideration of the record and the Hazan's motions, the Court determined that NLG and Attorney Ramirez's filing of the third and fourth lis pendens violated this Court's Confirmation Order and discharge injunction.

2. Under 28 U.S.C. §1334, this Court has jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11. A proceeding to enforce the discharge injunction and the Orders of this Court is within the bankruptcy court's jurisdiction. Matter of Nat'l Gypsum Co., 118 F.3d 1056 (5th Cir. 1997).

3. On June 12, 2018, the Court entered the Order confirming Debtor's Chapter 11 plan (ECF 691). In it, the Debtor was authorized and permitted to seek the issuance of an early discharge, before completion of the plan, if certain conditions were met. See, 11 U.S.C. §1141(d)(5). The Confirmation Order further provided that:

7. Any judgment obtained in any court other than this Court is null and void as a
determination of the individual liability of the Debtor with respect to debts
dischargeable or determined by this Court to be discharged under 11 USC § 1141.

7

8. All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

     4. On December 6, 2018, the Court granted the Debtor's request for a discharge (ECF 766). Section 524(a) of

the Bankruptcy Code provides:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523© and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

     5. The Court made the following findings in its Order (ECF 932)  "The discharge order and Order confirming Debtor's Chapter 11 plan enjoin NLG and Attorney Ramirez from commencing or continuing action to collect, recover or offset the debt that this Court extinguished in these proceedings. The

injunctions imposed by the Confirmation Order and discharge promotes the fresh start policy of the Bankruptcy Code. However, pursuit of NLG's extinguished and discharged liability is a violation of the discharge injunction and Orders of this Court."

6. The Court further found that NLG's and Attorney Ramirez's actions in filing <u>the Lis Pendens, all four of them</u>, are an effort to collect a pre-petition claim that this Court determined was already extinguished and appear to be a collateral attack the Final Judgment.

7. The Court also determined <u>that the filing of the Third and Fourth Lis Pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice.</u>

8. The Court concluded <u>that NLG and Attorney Ramirez are in contempt of Court for filing the third and Fourth Lis Pendens in violation of the Confirmation Order and discharge injunction.</u>

"Under Florida law, a Lis Pendens serves to provide inquiry notice to those interested in a particular tract of land as to the facts and issues involved in the suit or action concerned. The purpose of a Lis Pendens is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit. In re Kodo Properties, Inc. 63 B.R. 588 (EDNY 1986) citing Mechanics Exchange Savings Bank v. Chesterfield, 34 A.D.2d 111, 113, 309 N.Y.S.2d 548 (1970). NLG and Attorney Ramirez argue that the filing of the Third and Fourth Lis Pendens is not an attempt to collect, recover or offset the debt this Court previously ruled was extinguished or satisfied, but rather "merely ensures that a title search actually notices the pending appeal[1]. It not only protects potential buyers or lenders, but also the title examiner and malpractice insurance carrier." This Court is unpersuaded by such an argument. The Court

---

[1] On September 19, 2019 NLG's appeal of the Final Judgment was dismissed. Case 2018-cv-24272-SMITH. ECF No 132].

9

believes the filing of the Lis Pendens at this late stage in the proceedings – years after judgment has been entered and not stayed, and while the judgment is on appeal – is not authorized by statute or otherwise. See, Florida Statute §48.23 (2019). The Court determined that neither NLG nor Chris Kosachuk have a lien on Debtor's property; the Court held that any alleged lien of NLG on Debtor's property was extinguished or satisfied. That judgment has become final and NLG did not stay the judgment. NLG's and Attorney Ramirez's actions in filing the Lis Pendens, all four of them, are an effort to collect a pre-petition claim that this Court determined was already extinguished. The argument by NLG and Attorney Ramirez to the contrary is unconvincing. The filing of the Third and Fourth Lis Pendens appears to be a collateral attack on the Court's Final Judgment; and, the filings are NLG's and Attorney Ramirez's attempt to obtain a stay of any disposition of the Debtor's homestead without actually obtaining a stay pending appeal upon the posting of a bond. There is no dispute that NLG and Attorney Ramirez have knowledge of the Debtor's discharge and Order confirming Debtor's Chapter 11 plan, and the injunctions provided by both orders. Accordingly, the Court determines that the filing of the Third and Fourth Lis Pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice."

The Court ORDERED AND ADJUDGED as follows:
"1. Debtor's Emergency Motion for Contempt (ECF 886) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926) are GRANTED in part and the Court determines that NLG and Attorney Ramirez are in contempt of Court for filing the Third and Fourth Lis Pendens in violation of the Confirmation Order and discharge injunction.
2. An evidentiary hearing will held on November 21, 2019 at 2:00 PM, in Courtroom 7, 301 North Miami Ave, Miami, FL, to determine the appropriate amount of sanctions for the contempt found in paragraph 1, and such hearing shall continue through November 22, 2019, if necessary."

9.  NLG and Ramirez's Motion to stay the contempt order [ECF No. 932] was denied on September 24, 2019 [ECF No 936]. The Order [ECF No 932] is final and the law of the case.

10. NLG and Ramirez refuse to abide by this court's ruling to dismiss, discharge and release the Tthird and Fourth Lis pendens and on October 18, 2019 recorded a Fifth and a Sixth Lis Pendens

11.   On November 19, 2019 the Court granted Liza Hazan's Debtor's Emergency Motion for Contempt and Sanctions for Willful and Continued Violations of this Court's Orders (ECF 977) [ECF 995] and determined that "NLG and Attorney Ramirez, are in contempt of Court for filing the fifth lis pendens in violation of the Confirmation Order and discharge injunction." and ordered as follows: "2. Because compensatory sanctions have not deterred the unlawful filing of the lis pendens, the Court sanctions NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved." and "3. The Court further authorized the Debtor to seek costs, attorneys fees and punitive damages against NLG and Attorney Juan Ramirez."

12.   In complete violation of all these contempt Orders, Mr Ramirez recorded a sixth lis pendens without dismissing the previous lis pendens as so ordered.

13.   Ms Hazan is respectfully requesting this court to enforce its previous contempt orders and the latest contempt order entered on November 19, 2019 and enters a judgment of $458,000 for each day since the fifth lis pendens and now the sixth lis pendens remained of record and an additional $1,000 a day, for each day the fifth and sixth lis pendens remain of record and are not released, discharged, dismissed or dissolved.

<u>MEMORANDUM OF LAW</u>

The Court clearly points out in the Orders [ECF 856] and [ECF 932] entered on April 12, 2019, and August 29, 2019, and in the Order entered on November 19, 2019 [ECF No. 995] that the Third,

11

the Fourth and Fifth Lis Pendens concern the Debtor's property, violate the discharge injunction and other orders of this Court, and cloud title to Ms Hazan's property. Further, it is improper under Florida law, as more fully discussed below. The issues are addressed in the same order as referenced in the Order.

<u>1. The filing of the Lis Pendens is not authorized by law</u>

<u>F.S. 48.23 provides:</u>

Lis pendens.—(1)(a) An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged. Section 48.23(3), Florida Statutes provides that "[w]hen the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 . . . the court *shall* control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." (emphasis supplied).

Here, this Court has already determined that "The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective" ... And that, "the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale". The Court then ruled that, "NLG's Proof of Claim #17 is disallowed and <u>NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.</u>

NLG, therefore, has no underlying recorded document on which to base the Third, Fourth, Fifth and now a Sixth Lis Pendens. It must proceed, if at all, as if seeking an injunction.

The Florida Rules of Civil Procedure provide:

1.610 Injunctions

(a) Temporary Injunction..

(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

(c) NLG did not apply to this Court or any other Court seeking permission to record a lis pendens without an underlying document, nor has it posted a bond. As the Court determined at the April 8th hearing, and in its orders entered on April and August 2019 the Final Judgment has not been stayed by any court nor has any supersedeas bond been filed. The first, second, third, fourth, fifth and sixth lis pendens were not obtained following these procedures and should be discharged, and as set forth below, NLG and Ramirez should be sanctioned for the improper filing.

2.   The filing of the Fifth and Sixth Lis Pendens violate the Discharge Injunctions and Orders of this Court

13

The Fifth and Sixth Lis Pendens also create an impediment to the sale or refinancing of the Debtor's property in a continued effort by NLG and Ramirez to collect a discharged debt and therefore violate the Discharge Injunction.

"While a lis pendens does not of itself create an encumbrance upon the property, it does serve "as a notice of a claim made in respect to property which is the subject of a pending suit." In re Kodo Properties, Inc. 63 B.R. 588 (E.D.N.Y. 1986) (internal citation omitted). Thus, while the notice of pendency was filed with Ulster County, Debtors were not free to sell or otherwise encumber their Non-Mortgaged Property. Mechs. Exch. Sav. Bank v. Chesterfield, 34 A.D.2d 111, 113 (N.Y. App. Div. 1970) (3d Dep't) (The purpose of a notice of pendency "is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit."). As Wells Fargo had no secured right to foreclosure against the Non-Mortgaged Property, Wells Fargo's "employment of process" against that property could be nothing other than an attempt to collect against the Debtors' personally—a violation of § 524(a)(2). 11 U.S.C. § 524(a)(2). In re Dogar-Marinesco (Bankr. S.D.N.Y., 2016).(emphasis supplied).

Further, the fifth and sixth lis pendens were recorded on October 18, 2019, and January 29, 2021 after the Court ordered NLG and Ramirez to "immediately withdraw or dismiss the cross-claim filed in the Foreclosure Action, and upon dismissal of the cross-claim, The Lis Pendens shall be dissolved", see [ECF 780], after the Court stated at [ECF 856], "However, notwithstanding the parties' misunderstandings, the lis pendens must be dissolved. Accordingly, the Court directs and orders that *all lis pendens filed by Attorney Ramirez on behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney*

14

*Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property".* (emphasis supplied) and after being found in contempt of court and being ordered to immediately release, discharge and dissolve the third and fourth lis pendens on August 29, 2019 [ECF No 932], and now recorded a sixth lis pendens on January 29, 2021 after the court, on November 19, 2019, granted Liza Hazan's Debtor's Emergency Motion for Contempt and Sanctions for Willful and Continued Violations of this Court's Orders (ECF 977) [ECF 995] and determined that "NLG and Attorney Ramirez, are in contempt of Court for filing the fifth lis pendens in violation of the Confirmation Order and discharge injunction." and ordered as follows: "2. Because compensatory sanctions have not deterred the unlawful filing of the lis pendens, the Court sanctions NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved." and "3. The Court further authorized the Debtor to seek costs, attorneys fees and punitive damages against NLG and Attorney Juan Ramirez."

3.   Elizabeth Hazan's Request for Sanctions, Compensatory and Punitive Damages

Ms Hazan has asked the Court on a number of occasions to assess sufficient sanctions to deter the intentional wrongful conduct by NLG and its attorneys. NLG has shown time and again that it considers an absence of sanctions to be the condoning of its wrongful conduct. If the Court does not condemn the actions of NLG they will continue unabated.

The threatened fine of $1,000.00 per day for every day a lis pendens remained on the Debtor's property as set forth in [ECF 856] and the ordered sanction of $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved [ECF 995] was just such an appropriate sanction.

15

NLG and Ramirez ignored the Court's rulings, and in complete defiance filed the Third and Fourth, Fifth and Sixth Lis Pendens.

Discharged Ms Hazan respectfully requests the Court sanction NLG and Ramirez, jointly and severally, $1,000.00 for every day from the date of the Order Granting Contempt, [ECF 856] entered 4/12/19, until the third, fourth, fifth and sixth lis pendens are removed from the property.

Further, Ms Hazan has, in fact, incurred damages due to the recording of the six Lis Pendens. She has attempted to list the property for sale but cannot obtain title insurance until all lis pendens have been removed.

As a result, she has incurred carrying costs and Damages.

Discharged Ms Hazan is also requesting an award of punitive damages. The following factors should be considered in awarding punitive damages: "(1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor." *In re: White*, 410 B.R. 322, 327 (Bankr. M.D. Fla. 2009); *In re: Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003).

The intentional acts of Juan Ramirez and NLG, LLC in intentionally violating the Discharge Injunction, Final Judgment, and Contempt Orders after being warned not to do so by this Court, are contemptable and should be sanctioned. The U.S. Supreme Court has indicated that an award of four to ten times the amount of compensatory damages may be appropriate depending upon the circumstances in each case. *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996). See also *In re Arnold*, 206 B.R. 560 (Bankr. N.D. Ala. 1997). Ms Hazan requests an award in that range.

A property owner is entitled to its attorneys' fees incurred in discharging a lis pendens. Sand T Builders, 944 So. 2d at 305; Abner v. Johnson, 56 So. 3d 137, 139 (Fla. 4th DCA 2011); McMillan/Miami, LLC v. Krystal Capital Managers, LLC, 1 So. 3d 312, 314 (Fla. 3d DCA 2009).

<u>CONCLUSION</u>

The sanctions entered by the Court to date have been insufficient to deter the continuing violations of this Court's orders by Ramirez, Kosachuk and NLG.  Ms Hazan respectfully requests sufficiently severe sanctions to prevent such further conduct, including the striking of NLG's pleadings.

WHEREFORE, Reorganized and Discharged Liza Hazan respectfully requests that the Court enter an order:

(1) Finding Kosachuk, NLG, Ramirez, in contempt of court and striking all improperly filed pleadings filed by NLG, LLC Kosachuk, Ramirez, Astrid Gabbe or their representatives, attorneys, agents;;

(2) Directing NLG and Ramirez to immediately dismiss, dissolve and release with prejudice the Third, fourth, fifth and six recorded Lis Pendens recorded by NLG, LLC through its attorney Juan Ramirez, Jr in Miami-Dade County on April 10, 2019 at Book 31397 Pages 2632-2633 CFN 2019R0220803 and the Fourth Lis Pendens recorded by NLG through Ramirez on July 23, 2019 in Official Records at Book 31536 at Pages 3224-3225 or CFN2019R0458894 and on October 18, 2019 in Miami-Dade County Official Records Book 31652 at Pages 2021-2022 or CFN2019R0652420 and a Sixth Lis Pendens recorded

on January 29, 2021 in Miami-Dade County Official Records Book 32321 at Pages 2027-2028 or CFN2021R0074799 ("the Sixth Lis Pendens").

(3) Permanently enjoining Kosachuk, NLG, Ramirez, Astrid Gabbe or their representatives, attorneys, agents from ever recording a Lis pendens against Liza Hazan or her property on Fisher Island under any caption in any jurisdiction;

(4) Deeming all recorded Lis Pendens filed by NLG, LLC, Kosachuk, Ramirez, Astrid Gabbe or their representatives, attorneys, agents null and void and of no effect;

(5) Awarding the following damages, jointly and severally:

    a. Compensatory damages, including damages for the Debtor's inability to sell or transfer her property, including all carrying costs since the recording of the First lis pendens, in August 9, 2018 plus damages for emotional distress for an especially egregious violation of the discharge injunction and orders of the court;

    b. $1,000 daily fines against Ramirez and NLG since April 10, 2019 or in the alternative $1,000 daily fines since December 4, 2019;

    c. enters a final judgment of $458,000 against Ramirez and NLG for each day since the fifth lis pendens and now the sixth lis pendens remained of record and an additional $1,000 a day, for each day the fifth and sixth lis pendens remain of record and are not released, discharged, dismissed or dissolved;

    d. All of Hazan's attorney's fees and costs incurred in bringing this motion and all previous Contempt motions, since the filing of the first lis pendens on August 9, 2018 as determined in her attorneys' affidavits filed on April 26, 2019 [D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882; D.E. 885; D.E. 931;

18

D.E. 964];

    e.   Punitive damages of four to ten times compensatory damages.

(6) Entry of a Final Judgment against NLG, LLC, Chris Kosachuk, Juan Ramirez, Jr., jointly

and severally, for the amounts set forth above;

(7) Awarding such other and further relief as the Court deems just and proper.

March 1, 2021

Respectfully admitted,

> S:/ Joel M. Aresty____
> Joel M. Aresty, ESQ
> **JOEL M. ARESTY, P.A.**
> **Board Certified Business**
>    **Bankruptcy Law**
> *Attorneys for Reorganized and*
> *Discharged Liza Hazan*
> 309 1st Ave S
> Tierra Verde, FL 33715
> Fax: 800-559-1870
> Phone: (305) 904-1903
> Fla. Bar No. 197483
> aresty@mac.com

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the

Southern District of Florida and I am in compliance with the additional qualifications to practice

in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District

Court for the Southern District of Florida, and I am in compliance with the additional qualifications

to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 1st day of March, 2021.

> S:/ Joel M. Aresty____
> Joel M. Aresty, ESQ
> **JOEL M. ARESTY, P.A.**
> **Board Certified Business**
> **Bankruptcy Law**
> *Attorneys for Reorganized and*
> *Discharged Liza Hazan*
> 309 1st Ave S
> Tierra Verde, FL 33715
> Fax: 800-559-1870
> Fla. Bar No. 197483
> aresty@mac.com

## **SERVICE LIST**

*16-10389-AJC Notice will be electronically mailed to:*

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael A. Friedman, mfriedman@gjb-law.com on behalf of  NLG, LLC

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

*16-10389-AJC Notice will not be electronically mailed to:*

**EXHIBIT A**



CFN 2021R0074799
OR BK 32321 Pgs 2027-2028 (2Pgs)
RECORDED 01/29/2021 10:16:25
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

_____

Space above reserved for recording information

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**Appeal Number: 19-14049-AA
District Court Docket No. 1:18-24272-RS
Adversary Proceeding Case No.: 16-ap-1439-AJC
Secondary Case Number: 16-bkc-10389-AJC**

**NLG, LLC,**

       **Defendant/Appellant,**

**v.**

**SELECTIVE ADVISORS GROUP, LLC, and LIZA HAZAN a/k/a ELIZABETH HAZAN,**

       **Plaintiffs/Appellees.**

_____/

**<u>NOTICE OF LIS PENDENS</u>**

**TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY CONCERN:**

OR BK 32321 PG 2028
LAST PAGE

**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266 – 4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109

including the buildings, appurtenances, and fixtures located thereon.

**ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC.**

This Lis Pendens relates back to the original lis pendens recorded on December 23, 2011 in Book 27940 Pages 2791-2792 and CFN 2011R0864248

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 So. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609

Juan Ramirez, Jr.
(Florida Bar No. 201952)
jr@adrmiami.com
*Counsel for Appellant*

Book32321/Page2028    CFN#20210074799                    Page 2 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                               Case No. 16-10389-AJC

LIZA HAZAN
a/k/a ELIZABETH HAZAN,                               Chapter 11

     Debtor.
_____/

**LIZA HAZAN'S REPLY TO CHRIS KOSACHUK, PRO SE, AND JUAN
RAMIREZ, JR., PRO SE'S JOINT OPPOSITION RESPONSE TO DEBTOR
LIZA HAZAN'S EXPEDITED MOTION FOR CONTEMPT, TO IMPOSE
SANCTIONS AND MOTION FOR ENTRY OF FINAL JUDGMENT
[ECF NO. 1021] [ECF No. 1024]**

Reorganized Discharged Liza Hazan a/k/a Elizabeth Hazan ("Ms Hazan" or "Hazan"), by

and through her undersigned counsel, respectfully moves this Honorable Court for an order finding

NLG, LLC ("NLG")[1], and its counsel, Juan Ramirez, Jr. Esq. ("the Kosachuk Group"), in further

contempt of Court for violating this Court's orders, Final Judgment and injunctions, and,

respectfully states as follows:

I.    <u>INTRODUCTION</u>

The Kosachuk Group is attempting to confuse the Court by referring to **the first lis**

**pendens** that was recorded in 2018 ('the first lis pendens") that resulted in the December 28, 2018

Order Granting in Part Debtor's Amended Expedited Motionfor Contempt, Sanctions, Damages

and Punitive Damages [ECF No. 748].

_____

[1] Ms Hazan is dismissing her claim against NLG's principal Christopher Kosachuk at this time
without prejudice.

The Kosachuk Group has failed to respond and provide an explanation as to why the fifth lis pendens is still recorded since November 19, 2019 after they were the Court sanctioned and ordered NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved.

The Kosachuk Group has failed to respond and provide an explanation as to why they recorded a sixth lis pendens on January 29, 2021 in violation of the Confirmation Order and discharge injunction. See Order Granting Debtor's Emergency Motion for Contempt and Sanctions for Willful and Continued Violations of this Court's Orders [ECF 977] [ECF 995].

### *The First Lis Pendens*

On December 28, 2018, the Court entered an Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages [ECF No. 748].

NLG and Ramirez appealed the December 28, 2018 Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages [ECF No. 748].

After remand, the Court set an evidentiary hearing and trial on November 14, 2019 for the recording of **the first lis pendens**. Parties have submitted memorandum of law and proposed final judgment and are waiting for the entry of final judgment against NLG and its counsel Juan Ramirez, Jr. for the recordation of **the first lis pendens**.

### *The Third and Fourth Lis Pendens*

The Court also set an evidentiary hearing and trial for the recording of **the third and fourth lis pendens** on November 21, 2019. Parties have submitted memorandum of law and proposed final judgment and are waiting for the entry of final judgment for the recordation of **the third and fourth lis pendens**.

### The Fifth Lis Pendens

In complete defiance of this Court's Third Contempt Order [ECF No 856] entered on April
12, 2019, and Order Granting Debtor's contempt [ECF No 932] entered on August 29, 2019,
NLG's attorney Juan Ramirez, who was found along his client NLG in contempt of court on
August 29, 2019 [ECF No 932], once again willfully violated this courts' orders and injunctions,
and filed and recorded a **fifth lis pendens** on behalf of his clients NLG, against Liza Hazan and
her property on October 18, 2019 ("the Fifth Lis Pendens") in Miami-Dade County Official
Records Book 31652 at Pages 2021-2022 or CFN2019R0652420.

On November 19, 2019 The Court entered an Order Granting Debtor's Motion For
Contempt and Sanctions For the filing of **The Fifth Lis Pendens** [ECF 995] ordering and
adjudging that,

"1. Liza Hazan's Debtor's Emergency Motion for Contempt and Sanctions for Willful
and Continued Violations of this Court's Orders (ECF 977) is GRANTED in part, and **the Court
determines that NLG and Attorney Ramirez, but not Christopher Kosachuk, are in
contempt of Court for filing the fifth lis pendens in violation of the Confirmation Order
and discharge injunction.**
2. Because compensatory sanctions have not deterred the unlawful filing of the lis
pendens, **the Court sanctions NLG and Attorney Ramirez $1,000 a day, commencing
December 4, 2019, for each day the fifth lis pendens remains of record and is not released,
discharged, dismissed or dissolved.**
3. The Court further authorizes the Debtor to seek costs, attorneys fees and punitive damages
against NLG and Attorney Juan Ramirez."

The fifth lis pendens is still recorded in Miami-Dade County Official Records Book 31652
at Pages 2021-2022 or CFN2019R0652420 and has not been dismissed by NLG and Mr Ramirez
as they were ordered by this Court to do so since December 4, 2019. This court should enter a
judgment for $458,000.00 against NLG, LLC and its counsel Juan Ramirez, Jr.

### The sixth lis pendens

on January 29, 2021 NLG's attorney Juan Ramirez, Jr. recorded a **sixth lis pendens** in

Miami-Dade County Official Records Book 32321 at Pages 2027-2028 or CFN2021R0074799

("the Sixth Lis Pendens").

"TO THE ABOVE STYLED APPELLEES AND ALL OTHERS TO WHOM IT MAY

CONCERN:

"**YOU ARE HEREBY NOTIFIED** of the pending Appeal in the above referenced case to determine the validity of the lien based on NLG's mortgage recorded in the Official Records Book 25559 at Pages 4266-4272, CFN 2007R0410013 and the Final Judgment of Foreclosure entered by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737-3742, CFN 20150812181 on the following property in Miami-Dade County, Florida:

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County,

Physical Address: 6913 Valencia Drive, Fisher Island, FL

33109 including the buildings, appurtenances, and fixtures

located thereon.

ANY DISCHARGE, DISMISSAL OR RELEASE OF THIS LIS PENDENS SHOULD BE DISREGARDED UNLESS IT IS SUBMITTED BY NLG, LLC, OR ITS ATTORNEY, NOT THE APPELLEE SELECTIVE ADVISORS GROUP, LLC.

This Lis Pendens relates back to the original Lis pendens recorded on December 23, 2011 in Book 27940 Pages 2791-2792 and CFN 2011R0864248".

Attached as Exhibit "A" is a true and correct copy of **the sixth lis pendens.**

*The Court has already ruled that the filing of a lis pendens is a pendens violated this Court's Confirmation Order and discharge injunction."*

On April 12, 2019 The Court entered an Order Granting Hazan's Motion for Contempt and

Sanctions and Setting Further Hearing [ECF 856] and clearly ordered as follows:

"notwithstanding the parties' misunderstandings, the lis pendens must be dissolved.

Accordingly, the Court directs and orders that all lis pendens filed by Attorney Ramirez on

behalf of NLG against Liza Hazan and property belonging to Liza Hazan be dismissed, dissolved and released within 48 hours or Attorney Ramirez and NLG will be fined $1,000 a day, jointly and severally, for each day that a lis pendens remains on the property." *Id* 5

As this Court has recognized, it can and should enforce its own orders. That is especially true in this case. If it was not clear before, there can be no doubt now that Kosachuk, NLG, and their counsels will continue to violate this Court's orders unless sufficiently punitive measures are imposed on them.

NLG and Ramirez have recorded lis pendens on August 2018, April 10, 2019, July 23, 2019 and October 18, 2019 and now January 29, 2021. The five lis pendens and now sixth lis pendens recorded by Ramirez on behalf of NLG have further damaged Ms Hazan and her Fisher Island property, slandering her title, diminishing the value of her property,

On August 29, 2019 the Court entered an Order granting Hazan's Emergency Motion for Contempt (ECF 886), NLG LLC's Expedited Motion to Strike and for Sanctions (ECF 919) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926). (ECF 932). "Upon consideration of the record and the Hazan's motions, the Court determined that NLG and Attorney Ramirez's filing of the third and fourth lis pendens violated this Court's Confirmation Order and discharge injunction."

2. Under 28 U.S.C. §1334, this Court has jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11. A proceeding to enforce the discharge injunction and the Orders of this Court is within the bankruptcy court's jurisdiction. Matter of Nat'l Gypsum Co., 118 F.3d 1056 (5th Cir. 1997).

3. On June 12, 2018, the Court entered the Order confirming Debtor's Chapter 11 plan (ECF 691). In it, the Debtor was authorized and permitted to seek the issuance of an early discharge, before completion

of the plan, if certain conditions were met. See, 11 U.S.C. §1141(d)(5). The Confirmation Order further

provided that:

7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

8. All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

    4. On December 6, 2018, the Court granted the Debtor's request for a discharge (ECF 766). Section 524(a) of

the Bankruptcy Code provides:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523© and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

5. The Court made the following findings in its Order (ECF 932) "The discharge order and Order confirming Debtor's Chapter 11 plan enjoin NLG and Attorney Ramirez from commencing or continuing action to collect, recover or offset the debt that this Court extinguished in these proceedings. The imposed by the Confirmation Order and discharge promotes the fresh start policy of the Bankruptcy Code. However, pursuit of NLG's extinguished and discharged liability is a violation of the discharge injunction and Orders of this Court."

6. The Court further found that NLG's and Attorney Ramirez's actions in filing <u>the Lis Pendens, all four of them</u>, are an effort to collect a pre-petition claim that this Court determined was already extinguished and appear to be a collateral attack the Final Judgment.

7. The Court also determined <u>that the filing of the Third and Fourth Lis Pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice.</u>

8. The Court concluded <u>that NLG and Attorney Ramirez are in contempt of Court for filing the third and Fourth Lis Pendens in violation of the Confirmation Order and discharge injunction.</u>

"Under Florida law, a Lis Pendens serves to provide inquiry notice to those interested in a particular tract of land as to the facts and issues involved in the suit or action concerned. The purpose of a Lis Pendens is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit. In re Kodo Properties, Inc. 63 B.R. 588 (EDNY 1986) citing Mechanics Exchange Savings Bank v. Chesterfield, 34 A.D.2d 111, 113, 309 N.Y.S.2d 548 (1970). NLG and Attorney Ramirez argue that the filing of the Third and Fourth Lis Pendens is not an attempt to collect, recover or offset the debt this Court previously ruled was extinguished or satisfied, but rather "merely ensures that a title search

actually notices the pending appeal². It not only protects potential buyers or lenders, but also the title examiner and malpractice insurance carrier." This Court is unpersuaded by such an argument. The Court believes the filing of the Lis Pendens at this late stage in the proceedings – years after judgment has been entered and not stayed, and while the judgment is on appeal – is not authorized by statute or otherwise. See, Florida Statute §48.23 (2019). The Court determined that neither NLG nor Chris Kosachuk have a lien on Debtor's property; the Court held that any alleged lien of NLG on Debtor's property was extinguished or satisfied. That judgment has become final and NLG did not stay the judgment. NLG's and Attorney Ramirez's actions in filing the Lis Pendens, all four of them, are an effort to collect a pre-petition claim that this Court determined was already extinguished. The argument by NLG and Attorney Ramirez to the contrary is unconvincing. The filing of the Third and Fourth Lis Pendens appears to be a collateral attack on the Court's Final Judgment; and, the filings are NLG's and Attorney Ramirez's attempt to obtain a stay of any disposition of the Debtor's homestead without actually obtaining a stay pending appeal upon the posting of a bond. There is no dispute that NLG and Attorney Ramirez have knowledge of the Debtor's discharge and Order confirming Debtor's Chapter 11 plan, and the injunctions provided by both orders. Accordingly, the Court determines that the filing of the Third and Fourth Lis Pendens violate the injunctions provided by the Confirmation and Discharge Order and orders them to be immediately dismissed, dissolved and released with prejudice."

The Court ORDERED AND ADJUDGED as follows:
"1. Debtor's Emergency Motion for Contempt (ECF 886) and Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment (ECF 926) are GRANTED in part and the Court determines that NLG and Attorney Ramirez are in contempt of Court for filing the Third and Fourth Lis Pendens in violation of the Confirmation Order and discharge injunction.
2. An evidentiary hearing will held on November 21, 2019 at 2:00 PM, in Courtroom 7, 301 North Miami Ave, Miami, FL, to determine the appropriate amount of sanctions for the contempt found in paragraph 1, and such hearing shall continue through November 22, 2019, if necessary."

---

² On September 19, 2019 NLG's appeal of the Final Judgment was dismissed. Case 2018-cv-24272-SMITH. ECF No 132].

9.  NLG and Ramirez's Motion to stay the contempt order [ECF No. 932] was denied on September 24, 2019 [ECF No 936]. The Order [ECF No 932] is final and the law of the case. On November 19, 2019 the Court granted Liza Hazan's Debtor's Emergency Motion for Contempt and Sanctions for Willful and Continued Violations of this Court's Orders (ECF 977) [ECF 995] and determined that "NLG and Attorney Ramirez, are in contempt of Court for filing the fifth lis pendens in violation of the Confirmation Order and discharge injunction." and ordered as follows: "2. **Because compensatory sanctions have not deterred the unlawful filing of the lis pendens, the Court sanctions NLG and Attorney Ramirez $1,000 a day, commencing December 4, 2019, for each day the fifth lis pendens remains of record and is not released, discharged, dismissed or dissolved." and "3. The Court further authorized the Debtor to seek costs, attorneys fees and punitive damages against NLG and Attorney Juan Ramirez."**

## CONCLUSION

The sanctions entered by the Court to date have been insufficient to deter the continuing violations of this Court's orders by Ramirez, Kosachuk and NLG.  Ms Hazan respectfully requests sufficiently severe sanctions to prevent such further conduct, including the striking of NLG's pleadings.

WHEREFORE, Reorganized and Discharged Liza Hazan respectfully requests that the Court enter an order:

(1) Finding NLG, Ramirez, in contempt of court and striking all improperly filed pleadings filed by NLG, LLC, Chris Kosachuk, Juan Ramirez, Jr., Astrid Gabbe or their representatives, attorneys, agents;;

(2) Directing NLG and Ramirez to immediately dismiss, dissolve **and release** with prejudice

the Third, fourth, fifth and six recorded Lis Pendens recorded by NLG, LLC through its attorney Juan Ramirez, Jr in Miami-Dade County on April 10, 2019 at Book 31397 Pages 2632-2633 CFN 2019R0220803 and the Fourth Lis Pendens recorded by NLG through Ramirez on July 23, 2019 in Official Records at Book 31536 at Pages 3224-3225 or CFN2019R0458894 and on October 18, 2019 in Miami-Dade County Official Records Book 31652 at Pages 2021-2022 or CFN2019R0652420 and a Sixth Lis Pendens recorded on January 29, 2021 in Miami-Dade County Official Records Book 32321 at Pages 2027-2028 or CFN2021R0074799 ("the Sixth Lis Pendens").

(3) Permanently enjoining Kosachuk, NLG, Ramirez, Astrid Gabbe or their representatives, attorneys, agents from ever recording a Lis pendens against Liza Hazan or her property on Fisher Island under any caption in any jurisdiction;

(4) Deeming all recorded Lis Pendens filed by NLG, LLC, Kosachuk, Ramirez, Astrid Gabbe or their representatives, attorneys, agents null and void and of no effect;

(5) Awarding the following damages, jointly and severally:

    a. Compensatory damages, including damages for the Debtor's inability to sell or transfer her property, including all carrying costs since the recording of the First lis pendens, in August 9, 2018 plus damages for emotional distress for an especially egregious violation of the discharge injunction and orders of the court;

    b. $1,000 daily fines against Ramirez and NLG since April 10, 2019 or in the alternative $1,000 daily fines since December 4, 2019;

    c. enters a final judgment of $458,000 against Ramirez and NLG for each day since the fifth lis pendens and now the sixth lis pendens remained of record and an additional $1,000 a day, for each day the fifth and sixth lis pendens remain of record

and are not released, discharged, dismissed or dissolved;

    d.   All of Hazan's attorney's fees and costs incurred in bringing this motion and all previous Contempt motions, since the filing of the first lis pendens on August 9, 2018 as determined in her attorneys' affidavits filed on April 26, 2019 [D.E. No 878; D.E. No. 879; D.E. No. 880; D.E. No. 881; D.E. No. 882; D.E. 885; D.E. 931; D.E. 964];

    e.   Punitive damages of four to ten times compensatory damages.

(6) Entry of a Final Judgment against NLG, LLC, Chris Kosachuk, Juan Ramirez, Jr., jointly and severally, for the amounts set forth above;

(7) Awarding such other and further relief as the Court deems just and proper.

March 14, 2021

Respectfully admitted,

S:/ Joel M. Aresty<br>
Joel M. Aresty, ESQ<br>
**JOEL M. ARESTY, P.A.**<br>
***Attorneys for Reorganized and***<br>
***Discharged Liza Hazan***<br>
309 1st Ave S<br>
Tierra Verde, FL 33715<br>
Fax: 800-559-1870<br>
Phone: (305) 904-1903<br>
Fla. Bar No. 197483<br>
Email: aresty@mac.com

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served all parties of interest as specified on the attached service list on this 14th day of March, 2021.

S:/ Joel M. Aresty
Joel M. Aresty, ESQ
**JOEL M. ARESTY, P.A.**
*Attorneys for Reorganized and
Discharged Liza Hazan*
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Fla. Bar No. 197483
Email: aresty@mac.com

## SERVICE LIST

*16-10389-AJC Notice will be electronically mailed to:*

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC

bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

Tamara D McKeown on behalf of Debtor Liza Hazan
tdmckeown@mckeownpa.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael A. Friedman, mfriedman@gjb-law.com on behalf of NLG, LLC

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

*16-10389-AJC Notice will not be electronically mailed to:*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                           Case No. 16-10389-AJC

LIZA HAZAN a/k/a
ELIZABETH HAZAN                                 Chapter 11
_____/

**SECURED CREDITOR NLG, LLC, CHRIS KOSACHUK AND JUAN RAMIREZ'S
JOINT MOTION TO COMPEL TIMELY, LEGIBLE AND COMPLETE POST
CONFIRMATION QUARTERLY OPERATING REPORTS
AND PROOF OF INSURANCE
<u>AND COMPLIANCE GOING FORWARD</u>
<u>and</u>
<u>REQUEST FOR EXPEDITED HEARING</u>**

The basis for the expedited hearing is that on or before June 20, 2021, proposed orders are due to this Court on Debtor Hazan's Motion for Sanctions [ECF No. 1021] which was heard on May 19, 2021 [ECF No. 1028]. Thus, Movants seek a hearing and adjudication of this Motion to Compel before June 20, 2021.

Secured Creditor, NLG, LLC ("NLG"), through undersigned counsel; Chris Kosachuk, *pro se*; and Juan Ramirez, *pro se*, (collectively "Movants") in accordance with Rule 2015 of the Federal Rules of Bankruptcy Procedure and the Chapter 11 Guidelines and Reporting Requirements (revised January 1, 2020 and published by the United States Department of Justice and the United States Trustee Region 21), move to compel timely, legible and complete post confirmation quarterly operating reports and compliance going forward in this individual Chapter 11. In support, NLG states:

1.      This Court confirmed the Debtor's Plan on June 12, 2018. [*See* ECF No. 691].

2.      On March 19, 2019, NLG moved to compel the quarterly operating reports [*see* ECF No. 828] and the Court denied the motion on the basis that NLG has no standing and that the US Trustee was not seeking the quarterly reports.  [*See* Order ECF No. 895].

3.       However, the debtor has now moved for sanctions [*see* ECF No. 1021] against NLG, Mr. Kosachuk and Mr. Ramirez using the Confirmed Plan and the Discharge Order arguing that Movants should be found in contempt of Court for violating these orders.

4.       At the hearing on the motion on May 19, 2021, David Langley, Attorney for the Debtor, made numerous factual representations that are contradicted by the record and the limited information available to Movants through the public record. As an example, Mr. Langley claims that the Debtor is attempting to sell the property – a fact hotly disputed throughout the numerous hearings for contempt; yet the Debtor has never listed the property for sale, which would be a critical step when attempting to sell a property currently worth well over $10,000,000. Accurate quarterly reports would reveal that the Debtor is in default on her plan, as well as the confirmation and discharge orders.

5.       Other information learned from public records is that the Debtor has defaulted in her payments to Valencia Estates Homeowners' Association, which recently filed a Claim of Lien, which creates a cloud on the title the Debtor is claiming has been clouded by the *lis pendens* filed by NLG. Although Mr. Langley claims that the Debtor has made arrangements with the Association, Movants have reason to believe that such a claim is false. This Claim of Lien is attached as Exhibit 1.

6.       Debtor has been in litigation with JPMorgan Chase Bank since 2013 in the Miami-Dade Circuit Court. On April 14, 2021, the Debtor filed a 12-page Report with the Circuit Court arguing that the plaintiff's mortgage was wiped out in this Chapter 11 Bankruptcy and requesting a trial setting for April 1, 2022. Obviously, this ongoing litigation is a cloud on the title which will prevent any sale of the Fisher Island property. A copy of the Report is attached as Exhibit 2.

7.      Debtor has also defaulted in her payments to the other two secured creditors – the Fisher Island Homeowners' Association (owed over $500,000) and the Internal Revenue Service (owed over $300,000) creating further clouds on the title.

8.      Debtor defaulted on her plan payments to the two largest unsecured creditors – JMB Urban Development in the amount of $275,000, and Spencer Condominium in the amount of $109,554.86.

9.      Other than his own unsworn statements, Mr. Langley has offered no proof that the Debtor has made arrangements to resolve these matters in the event of a sale.

10.     This Court was initially inclined to defer a hearing on the pending motions for sanction until the Eleventh Circuit issued its ruling on the pending appeal of this Court's judgment entered on November 1, 2017 in Adversary Case No. 16-1439-BKC-AJC-A. After listening to all of Mr. Langley's unsworn allegations, this Court ordered the parties to submit proposed orders.

11.     The last monthly operating report filed by the Debtor was for the reporting period of June 2018.  The report was filed late on July 26, 2018.  The report also failed to attach the Debtor's DIP bank account statement for her City National Bank account.  As such, the Debtor should be required to file an amended and complete monthly operating report for the June 2018.

12.     The Debtor has also failed to file any post-confirmation quarterly reports.  The Court should compel the Debtor to file the quarterly reports immediately and compel compliance going forward.

13.     Debtor has flaunted the requirement that payments be made through her DIP account. Instead, she purchased in excess of $100,000 worth of counter checks, which are prohibited. The Court should compel the debtor to account for all the counter checks so that Movants can verify that those checks were actually delivered and cashed.

14. Additionally, the Debtor has failed to make numerous plan payments and thus the Confirmed Plan is in default. In order to prove the Confirmed Plan payment defaults, Movants need for the Court to order the Debtor to file the quarterly operating reports. In the alternative, Movants request that they be allowed to issue a subpoena duces tecum requiring the Debtor to bring the relevant records to her deposition.

15. Additionally, the Debtor should be required to produce proof of insurance on the Fisher Island Property which the Debtor has also failed to do.

### MEMORANDUM OF LAW

Title 28, §586(a)(3) of the United States Code, directs the United States Trustee to supervise the administration of all chapter 11 cases. To comply with this charge, the United States Trustee for Region 21 has established these operating guidelines and reporting requirements for chapter 11 debtors and trustees.

Debtors have a continuing obligation to file monthly operating reports until the court confirms the plan of reorganization. After confirmation, debtors are required to file a quarterly post confirmation operating report. The post confirmation operating report includes, among other things, all payments made under the plan of reorganization and payments made in the ordinary course of doing business. These reports must be filed quarterly until the court enters a final decree, dismisses the case, or converts the case to another chapter in bankruptcy. The original report must be filed with the clerk of the bankruptcy court, and a paper copy served upon the United States Trustee. The report must be filed by the 21st day of the month following the reporting period. The post confirmation operating report may be obtained from the Region 21 website at http://www.justice.gov/ust/r21/reg_info.htm#ch11.

The law is clear. The Debtor is required to file quarterly operating reports.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Court should compel timely, legible and complete quarterly reports for the third and fourth quarter of 2018, and thereafter; an amended monthly operating report, including debtor in possession bank statements for the June 2018 period, to produce proof of insurance for the Fisher Island Property and grant such other and further relief as the Court deems appropriate.

Dated June 4, 2021

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system on this 4th day of June, 2021. I also certify that the foregoing was served on this day by either U.S. Mail or Electronic mail via the CM/ECF system to the parties on the attached service list.

Respectfully submitted,

**Attorneys for NLG, LLC**
**and Pro Se**
Juan Ramirez, Jr.
ADR Miami LLC
Florida Bar No. 201952
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609
jr@adrmiami.com

**Attorneys for NLG, LLC**

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Chris Kosachuk**
*Pro Se*
854 Pheasant Run Rd.
West Chester, PA 19382
(305) 490-5700
chriskosachuk@gmail.com

## <u>SERVICE LIST</u>

<u>*Served via CM/ECF*</u>

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A.
gaaronson@aspalaw.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A.
aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan
aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd
ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Creditor Fuerst, Ittleman David & Joseph, P.L.
rpc@ecccounsel.com,
nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC
bkfl@albertellilaw.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com;sleary@msglaw.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc.
ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc.
dhaber@dhaberlaw.com,
ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

Kevin L Hing on behalf of Creditor JPMorgan Chase Bank, National Association
khing@logs.com, electronicbankruptcynotices@logs.com

David W. Langley on behalf of Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan
tdmckeown@mckeownpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc.
Ashley.popowitz@mrpllc.com, flbkecf@mrpllc.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
azaron@leoncosgrove.com, jgomez@leoncosgrove.com

Juan Ramirez, Jr., Esq. on behalf of Secured Creditor NLG, LLC
Jr@adrmiami.com

Daniel A. Bushell on behalf of Selective Advisors Group, LLC and Liza Hazan
dan@bushellappellatelaw.com

Kevin Christopher Gleason on behalf of Liza Hazan and Selective Advisors Group, LLC
KGPAECMF@aol.com

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

# COVER PAGE TO
# Homeowners' Association Claim of Lien
## (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|---|---|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat. including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17th day of _March_, 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: _Jason Griller_

Title: _VP/Director_

STATE OF FLORIDA )
                 )ss
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this _17_ day of _March_, 2021, by _Jason Griller_, who is the _____ of **Valencia Estates Homeowners' Association, Inc.,** and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2013-025902-CA-01

JPMORGAN CHASE BANK, N.A.

      Plaintiff,

v.

ELIZABETH HAZAN,

      Defendant.

_____/

### ELIZABETH HAZAN'S CASE MANAGEMENT REPORT AND MOTION TO POSTPONE HEARING SET FOR APRIL 21, 2021

Defendant Elizabeth Hazan ("Hazan") submits the following Case Management Report and respectfully moves this honorable Court to postpone the hearing currently set for April 21, 2021 at 10:00 AM for a later date:

### 1.  Summary of Facts and Theory of Liability and/or Defenses

Chase originally filed the instant action to foreclose a mortgage on a multi-million dollar house on Fisher Island, FL, owned by Defendant Elizabeth Hazan ("Hazan"). Hazan executed the note at issue, secured by the mortgage on the Fisher Island property, in March 2007 for the benefit of Washington Mutual Bank, N.A.

In 2016, Hazan filed chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Florida. In June 2018, the bankruptcy court confirmed Hazan's plan. On December 2018, hazan received her discharge.

Based on the language in the confirmed bankruptcy plan, Chase amended the complaint in the instant action to limit it to one count – a declaratory action to "determine the validity,

1

enforceability and amount of the mortgage and assignment thereof." In addition, Chase voluntarily dismissed all defendants other than Hazan.

The Washington Mutual ("WAMU") mortgage lien was wiped out in the Chapter 11 Bankruptcy because the mortgagee participated in the bankruptcy, the plan was confirmed, the property was dealt with in the plan, and the mortgagee's rights are not preserved in the plan. To the contrary, the plan expressly delegates to the state court the determination of validity, and certainly does not preserve the mortgage lien. "Accordingly, whether a plan extinguishes a lien depends on the requirements embedded in § 1141(c). The express wording of § 1141(c) provides that a lien is extinguished if (1) the plan is confirmed, (2) the property subject to the lien is "dealt with" by the plan, and (3) neither the plan nor the order of confirmation preserves it." *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346–47 (2d Cir. 2015). Similarly, "We therefore hold that a reorganization plan has extinguished a lien pursuant to § 1141(c) only if four conditions are satisfied: (1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is "dealt with" under the terms of the plan; and (4) the lienholder has participated in the bankruptcy proceedings." *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 348 (2d Cir. 2015); *see also In re Dynamic Int'l Airways, LLC*, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

Plaintiff's action is barred by its failure to comply with Section 702.015, Florida Statutes. Without limitation, the Complaint must contain affirmative allegations expressly made by the Plaintiff at the time the proceeding is commenced that the Plaintiff is the holder of the <u>original</u> note secured by the mortgage or allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note under Section 673.3011, Florida Statutes. *See* Section 702.015(2), Florida Statutes. Here, Plaintiff alleges that "Plaintiff acquired ownership of the subject loan from

2

the Federal Insurance Corporation ("FDIC") as Receiver for Washington Mutual Bank pursuant to a September 25, 2008 Purchase and Assumption Agreement between the FDIC and Chase. Chase or its counsel is in physical possession of the Note and is, therefore, entitled to enforce the Note as a nonholder in possession of the instrument who has the rights of a holder pursuant to Section 673.3011(2) Florida Statutes." First Amended Complaint ¶6. Plaintiff does not specifically allege that it is the holder of the <u>original</u> note as required by Section 702.015(2), Florida Statutes, and has not filed a certification of possession of the original note as required by Section 702.015(4), Florida Statutes. Indeed, Washington Mutual lost the original note more than a decade ago. In a prior case in this Court, *Washington Mutual Bank v. Elizabeth Hazan, et al.*, Case No. 08-15394 CA 01, on September 24, 2008, Washington Mutual Bank provided sworn testimony that the original note had been lost in an affidavit of lost note. In fact, in *JPMorgan Chase Bank v. Elizabeth Hazan, et al.*, Case No. 09-25721 CA 20, JPMorgan Chase Bank submitted its own sworn testimony to the same effect in an affidavit of lost note filed on May 7, 2009. But Plaintiff has failed to file a lost note affidavit in the instant case as required by Section 702.015(5), Florida Statutes, or to plead a reestablishment of lost note count in the Complaint that would allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note.

Plaintiff lacks standing. It is well settled that standing must be possessed at the outset and cannot be cured post-filing. "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" at the time the complaint is filed. *Russell v. BAC Home Loans Servicing, LP*, 239 So. 3d 98, 100 (Fla. 4th DCA 2018) (quoting *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). Plaintiff is not the holder of either the note or mortgage. Other than Plaintiff's allegation that it "… is entitled to enforce the Note as a holder in possession and to foreclose the Mortgage

3

securing the Note," Plaintiff has not specifically alleged that it is the holder of the <u>original</u> note and has not filed a certification of possession of the original note. According to affidavits submitted by Washington Mutual Bank and JPMorgan Chase Bank in prior litigation, the note was lost long before this action was filed and Plaintiff has not filed a lost note affidavit or pleaded a count for reestablishment of lost note in the Complaint. Further, no allegations were made that the loan was assigned to JPMorgan Chase Bank nor was an assignment of mortgage attached to the complaint. Section 559.715 requires an assignee to give written notice to the debtor within 30 days of assignment and no such notice was provided to the Defendant, evidencing that the note was not endorsed properly or assigned.

Plaintiff cannot obtain a judgment without surrendering the original note. "[I]n the case of original mortgages and promissory notes, they are not merely exhibits but instruments which *must be surrendered* prior to the issuance of a judgment. The judgment takes the place of the promissory note. Surrendering the note is essential so that it cannot thereafter be negotiated.… Stated differently, surrender removes a note from the stream of commerce, preventing someone else from trying to enforce it against the defendant a second time." *Deutsche Bank Nat. Trust Co. v. Clarke*, 87 So. 3d 58, 62 (Fla. 4th DCA 2012) (emphasis in the original). "In a foreclosure action the promissory note must be removed from the stream of commerce because the note is a negotiable instrument**.** A plaintiff must surrender the original promissory note to the *court or court clerk* or provide a satisfactory reason for the failure to do so before the trial court can issue a final judgment. *ALS Maxim I LLC v. Katsenko*, 218 So. 3d 472, 474 (Fla. 2d DCA 2017) (citation omitted). Given that Washington Mutual lost the original note over a decade ago, the Plaintiff will not be able to surrender the note prior to the issuance of a judgment. While "lost note" is an exception to the above, Plaintiff failed to file a lost note affidavit as required by Section 702.015(5), Florida

4

Statutes, as well as plead a reestablishment of lost note count in the Complaint that would allege with specificity the factual basis by which the Plaintiff is entitled to enforce the note under Section 673.3011, Florida Statutes. Thus, unless Plaintiff amends, Plaintiff is precluded from obtaining a judgment for the reasons stated in this defense.

Defendant challenges the authenticity of the note and/or the authority of the person who executed the blank and original endorsement. According to sworn affidavits submitted by Washington Mutual and JPMorgan Chase Bank in prior litigation, the note was lost more than a decade ago. Additionally, the person signing the note never actually affixed their signature, which appears to be a "robosignature."

Plaintiff has failed to comply with conditions precedent to instituting suit, including failing to provide a proper notice of default and proper pre-acceleration notice to Defendant, and Defendant has been prejudiced thereby. Further, the Complaint is devoid of any allegation that a notice of pre-acceleration was given as required by the Mortgage, nor is a copy of any pre-acceleration notice purportedly given attached as an exhibit to the Complaint.

Plaintiff is barred from enforcing the alleged debt to the extent it exceeds the amount of the principal amount on which taxes were paid under section 201.08(1), Florida Statutes. The promissory note and mortgage, at origination, reference a debt with a principal amount of $3,825,000.00 secured by the mortgage. It appears that Washington Mutual paid certain taxes on the original principal amount of $3,825,000.00 when the mortgage was recorded.  Chase is now seeking to enforce and collect a debt under the same promissory note and secured by the same mortgage with an increased principal amount. The principal amount is purportedly $4,282,432.36 according to paragraph 12 of the Complaint, an increased principal amount of $457,432.36.  "In this district, a note or mortgage may not be enforced until the tax has been paid…." *Nikooie v.*

5

*JPMorgan Chase Bank, N.A.*, 183 So. 3d 424, 430 (Fla. 3rd DCA 2014). "The failure to pay tax on the increased principal amount also precludes enforcement. § 199.282(4), Fla. Stat. (2006). That provision plainly pertains to mortgage liens for original loans and future advances alike." *Id.* at 431. Thus, in the absence of payment of certain taxes on the increased amount of principal that Plaintiff is seeking, Plaintiff may not sue to recover the increased amount.

Plaintiff has failed to comply with Section 660.27, Florida Statutes. Section 660.27, titled: *Deposit of securities with Chief Financial Officer*, provides, in pertinent part:

> (1)   Before transacting any trust business in this state, every trust company and every state or national bank or state or federal association having trust powers shall give satisfactory security by the deposit or pledge of security of the kind or type provided in this section having at all times a market value in an amount equal to 25 percent of the issued and outstanding capital stock of such trust company, bank, or state or federal stock association or, in the case of a federal mutual association, an equivalent amount determined by the office, or the sum of $25,000, whichever is greater. However, the value of the security deposited or pledged pursuant to the provisions of this section shall not be required to exceed $500,000. Any notes, mortgages, bonds, or other securities, other than shares of stock, eligible for investment by a state bank, state association, or state trust company, or eligible for investment by fiduciaries, shall be accepted as satisfactory security for the purposes of this section.

Plaintiff is subject to this requirement. Section 658.12(20), Florida Statutes defines "trust business" as "the business of acting as a fiduciary when such business is conducted by a bank, a state or federal association, or a trust company, or when conducted by any other business organization for compensation that the office does not consider to be de minimis." In turn, Section 658.12(8), Florida Statutes, defines "fiduciary" as "…a trustee; committee, guardian, custodian, conservator, or other personal representative of a person, property, or an estate; registrar or transfer agent of, or in connection with, evidences of indebtedness of every kind and of stocks and bonds

6

and other securities; fiscal or financial agent; investment adviser; receiver; trustee in bankruptcy; assignee for creditors; or holder of any similar representative position or any other position of trust, including a person acting in any or all the capacities and performing any or all the functions enumerated in s. 660.34."

Without limitation, Plaintiff is transacting trust business in the State of Florida by, among other things, acquiring, holding, and transferring mortgages on property in Florida; receiving assignments of promissory notes; receiving payments from Florida consumers on mortgage notes; enforcing notes by filing and prosecuting this and other foreclosure actions; foreclosing on mortgages; purchasing foreclosed properties at judicial sales; and owning and selling properties acquired at judicial sales. As such, Plaintiff is required to post a bond pursuant to Section 660.27, Florida Statutes, to transact business and bring lawsuits in the State of Florida.

Plaintiff's claim is barred because it has come to court with unclean hands. Under the doctrine of unclean hands, "one who comes into equity must come with clean hands else all relief will be denied him regardless of the merits of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men...Recently, this court found that unclean hands is tantamount to "[u]nscrupulous practices, overreaching, concealment, trickery or other unconscientious conduct." *Shahar v. Green Tree Servicing LLC*, 125 So. 3d 251, 253 (Fla. 4th DCA 2013) (reversing the trial court's grant of summary judgment on the defense of unclean hands). As set forth above, this action was instituted despite that the promissory note was lost more than a decade ago and the entire lien wiped out by the bankruptcy.

All or a portion of Plaintiff's claim is barred by the statute of limitations to the extent that Plaintiff seeks payment of amounts that became due more than five years before this action was filed.

HAZAN is the record owner of real property ("SUBJECT PROPERTY") located at 6913 Valencia Drive, Fisher Island, Florida 33109 and legally described as follows:

> Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida.

JPMORGAN filed its Complaint to Foreclose Mortgage on August 2, 2013 in which the sole count of the complaint sought foreclosure of a mortgage against the SUBJECT PROPERTY.

Thereafter, HAZAN filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Southern District of Florida under Case Number 16-10389-AJC.

On November 29, 2016, Bankruptcy Court entered an order granting JPMORGAN's motion for relief from stay in which the automatic stay was lifted so that Plaintiff could litigate its foreclosure action "…to the point of judgment, but not to conduct a foreclosure sale of the [SUBJECT PROPERTY]." (emphasis added).

Thereafter, on June 11, 2018, the Bankruptcy Court entered an order confirming HAZAN's Fourth Amended Plan of Reorganization ("BANKRUPTCY PLAN").

By virtue of the confirmation of the Bankruptcy Plan and by operation of the Bankruptcy Code, the Washington Mutual Bank mortgage, the rights to which JPMORGAN claims to hold, has been eliminated.

1.     "We therefore hold that a reorganization plan has extinguished a lien pursuant to § 1141(c) only if four conditions are satisfied: (1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is "dealt with" under the terms of the plan; and (4) the lienholder has participated in the bankruptcy proceedings." *In re N. New England*

*Tel. Operations LLC*, 795 F.3d 343, 348 (2d Cir. 2015); *See also In re Dynamic Int'l Airways,
LLC*, 17-10814, 2018 WL 7017736, at *8 (Bankr. M.D.N.C. Aug. 6, 2018).

All of these conditions are satisfied: the BANKRUPTCY PLAN does not preserve the mortgage;
the BANKRUPTCY PLAN was confirmed; the property is dealt with under the BANKRUPTCY
PLAN; and the alleged mortgagee participated in the bankruptcy proceedings.

Therefore, the Washington Mutual Bank mortgage, the rights to which JPMORGAN claims to
hold, has been extinguished.

Alternatively, the express text of HAZAN's BANKRUPTCY PLAN restricts JPMORGAN.

 The BANKRUPTCY PLAN further states that "**If** the State Court enters a final order finding and
determining the validity, amount and enforceability of the mortgage and the assignment thereof,
Debtor shall commence making payments of principal and interest on the balance found by a court
of competent jurisdiction to be due and owing, at the interest rate provided in the loan documents
amortized over the remaining original term of the loan (maturity date 2051) commencing 30 days
after the State Court Order becomes final."

Further, on December 6, 2018, the Bankruptcy Court entered an order of discharge to HAZAN
discharging her from, *inter alia,* the alleged amount due under the note.

Notwithstanding the entry of an order of discharge, JPMORGAN continues to send HAZAN
monthly invoice statements for the discharged debt allegedly due under the note.


    Hazan filed 13 affirmative defenses and a four count counterclaim in response to the
amended complaint. The Court held a special set hearing on April 1, 2021 on Chase's (i)
motion to strike the affirmative defenses and (ii) motion to dismiss the counterclaim. At the
hearing, the Court struck all but three affirmative defenses and three of the four counts of the

9

counterclaim.[1] Hazan does not agree with the Court's position and is planning on moving for rehearing and or appeal.

The Court held that, the only remaining affirmative defenses are that (i) Chase allegedly did not pay documentary stamps on the extra principal set forth in the loan modification; (ii) Chase allegedly did not provide security with the State of Florida as required to conduct a trust business in the State; and (iii) Chase allegedly did not send Hazan an acceleration notice. The only remaining counterclaim is that Hazan is entitled to quiet title to the property if it is determined that Chase does not have a valid mortgage. The Court stated that Hazan can seek to amend the FCCPA count of her counterclaim. Hazan does not agree with the Court's ruling and is planning on moving for rehearing and or appeal.

### 2. Pleading Status and Proposed Deadline for Amendment

Chase is currently traveling under an amended complaint that has one count for declaratory relief, as noted above. Hazan filed an answer, affirmative defenses and counterclaim. Hazan filed a motion to amend her affirmative defenses and counterclaim in advance of the April 1, 2021 special set hearing. **Hazan proposes June 1, 2021 as the deadline for Hazan to amend her affirmative defenses and counterclaim. Chase will then have the standard amount of time to respond to Hazan's amended pleading**.

### 3. Status of Outstanding Discovery and Proposed Schedule and Deadlines

a.      To date, Chase and Hazan have each served a request for production of documents and each has responded to the other's request.

---

[1] Two business days after the hearing, Chase circulated draft orders granting the motions in part, as ruled on by the Court at the hearing. Hazan, however, does not agree to the terms of the orders, and said she wants to get a transcript of the hearing.

b. Chase intends to depose Chase, its agents, attorneys and other parties, Washington Mutual, its agents, attorneys and other parties, and, if appropriate, other fact witnesses Chase discloses.

c. Hazan does anticipates the need for expert witnesses.

d. **Hazan proposes December 1, 2021 as the deadline to take fact discovery, subject to extensions**.

**4. Dispositive Motions anticipated and deadline for briefing such motions**.

Hazan anticipates filing a summary judgment motion. Hazan **proposes a deadline of January 1, 2022 (or 30 days after the discovery cutoff) to file the motion; a deadline for Hazan to respond to the motion of 20 days after the filing of the motion; and a deadline for Chase to reply to Hazan's response of 20 days thereafter**.

**5. Mediation Efforts**

Chase and Hazan have had limited settlement discussions, but have not yet engaged in mediation. **Chase proposes a deadline for mediation of January 1, 2022**. Hazan is respectfully requesting the Court ordering Plaintiff Chase and Defendant Hazan to mediation within the next sixty days.

**6. A Statement of Anticipated Date as to Trial Readiness**.

Depending on the course of discovery, Hazan's amended response to the amended complaint and the outcome of Chase and Hazan's anticipated summary judgment motions, Hazan **anticipates being ready for trial by April 1, 2022, although that date may change depending on the course of the litigation**. Chase requested a bench trial. Hazan requested a jury trial, but the Court struck the jury demand at the April 1, 2021. Hzan is planning to move

11

for rehearing and appeal the latest ruling of Court. The trial will therefore be a bench trial

assuming the Court or the Appeal Court doesn't reverse the Court latest ruling.

Hazan is respectfully asking the Court to postpone[2] the hearing currently set for April

21, 2021 at 10:00 AM.

Dated:  April 14, 2021                Respectfully submitted,

                                *s/ Elizabeth Hazan*
                                Elizabeth Hazan,
                                6913 Valencia Drive
                                Miami, Florida 33109
                                Telephone:  305.781.4176
                                Email:  elizabethhazan07@gmail.com
                                Pro se Defendant

---

[2] Hazan contacted Plaintiff's counsel who has no objection to the rescheduling of the Case Management Conference for a later date.