# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## Case No. 22-cv-21485-Civ-Scola

Chris Kosachuk

Appellant,

v.

Liza Hazan, a/k/a Elizabeth Hazan

Appellee/Debtor.

---

## APPELLANT CHRIS KOSACHUK'S
## INITIAL BRIEF ON APPEAL

---

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

July 13, 2022

Page 1 of 24

# **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………...…………………………..2

TABLE OF CITATIONS AND AUTHORITIES……………….……………3

STATUTES…..………………………..…………………………………......4

RULES…………………………………………………………..................4

STATEMENT OF RELATED CASES……………………...…………………5

STATEMENT OF JURISDICTION……………………….…………………5

STANDARD OF APPELLATE REVIEW …………………………………5

STATEMENT OF ISSUES……………………………………………………6

PRELIMINARY STATEMENT………………………….…………………6

STATEMENT OF THE CASE AND FACTS……………….………………9

SUMMARY OF THE ARGUMENT……………………………………11

ARGUMENT …………………………………………………………..12
    Post Confirmation Reports Are Required…………….…………..12
    The UST Has Public Interest Standing……………………………..17
    Appellant Has Article III Standing……………………………….19

CONCLUSION………………………………………………………21

CERTIFICATE  OF  COMPLIANCE………………………………...23

CERTIFICATE OF SERVICE...………………………………………24

## TABLE OF CITATIONS AND AUTHORITIES

*Andrews v. America's Living Centers, LLC,* 827 F.3d 306, 312 (4th Cir. 2016) ....6

*Berryhill v. United States (In re Berryhill), 189 B.R. 463, 466 (N.D. Ind. 1995)*...14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)." *Id.* at 922.....................................20

*In re Bacon,* 52 B.R. 52, 54 (Bankr. N.D. Iowa 1985)...................................14

*In re Bergman,* 585 F.2d 1171, 1179 (2d Cir. 1978)....................................17

*In re Clarkson,* 767 F.2d 417, 420 (8th Cir. 1985) ...................................16

*In re Costa Bonita Beach Resort, 513 B.R. 184, 199 (Bankr. D.P.R. 2014)*..........14

*In re Englander,* 95 F.3d 1028 (11th Cir. 1996).........................................5

*In re Hinchliffe, 164 Bankr. 45, 52 (Bkrtcy. E.D. Pa. 1994)*...........................15

*In re Modem Office Supply, 28 B.R. 943, 945 (Bankr. W.D. Okla. 1983)*............15

*In re McClure,* 69 B.R. 282, 289-290 (Bankr. N.D. Ind. 1987)........................14

*In re Pizza of Hawaii, Inc., 761 F.2d 1374 (9th Cir. 1985)*............................13

*In re Taneja,* 743 F.3d 423, 429 (4th Cir. 2014)......................................5

*In re Valley Park Grp., Inc.,* 96 B.R. 16, 23 (Bankr. N.D.N.Y. 1989)...............14

*In re Sound Radio, Inc., 93 B.R. 849, 855 (Bankr. D.N.J. 1988)*....................16

*In re Trail's End Lodge, 54 Bankr. 898, 903-904 (Bankr. D. Vt. 1985)*.............15

*Matter of Santiago Vela, 87 Bankr. 229, 231 (Bkrtcy. D.P.R. 1988)*................15

*Mort Ranta v. Gorman,* 721 F.3d 241, 250 (4th Cir. 2013)............................5

*Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1260 (11th Cir. 2013)...........................................................................5

*United States Trustee v. Columbia Gas SYS., Inc. (In re Columbia Gas SYS., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994)... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .17

*United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012)..................................6

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)...........................................................................................5

## STATUTES

11 U.S.C. § 101(31)..........................................................................16
11 U.S.C. § 307.................................................................................16
11 USCS § 704(a)(8)..........................................................................12
11 U.S.C. 1112(b)(4)(F) ..............................................................13 & 19
11 U.S.C. §1129(a)(1)................................................................. passim
28 U.S.C. § 158..................................................................................6
28 U.S.C. §586(a)(3).....................................................................12, 16
28 U.S.C. § 1930(a)(6).........................................................................12

## RULES

Federal Rule of Bankruptcy Procedure 2015.......................................6, 12, 15
Federal Rule of Bankruptcy Procedure 8001(a).......................................5
Federal Rule of Bankruptcy Procedure 8015.........................................23

## STATEMENT OF RELATED CASES

This Appeal is related to a prior pending appeal before this Court, captioned as *NLG, LLC, v. Liza Hazan* under case number 18-20186-Civ-Scola which is an appeal of the Discharge Order in this same bankruptcy.

## STATEMENT OF JURISDICTION

This Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001(a).

## STANDARD OF APPELLATE REVIEW

In reviewing a bankruptcy court judgment as an appellate court, the district court reviews a bankruptcy court's legal conclusions *de novo. Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1260 (11th Cir. 2013) ("Like the district court, we review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo."), citing *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). The district court reviews the bankruptcy court's findings of fact under the "clear error" standard. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *Mort Ranta v. Gorman*, 721 F.3d 241, 250 (4th Cir. 2013). A finding of fact is clearly erroneous when the record demonstrates convincingly to the reviewing court that "a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see,*

*e.g., Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 312 (4th Cir. 2016); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012).

## STATEMENT OF ISSUES

1.    Whether Post Confirmation Operating Reports are required pursuant to Bankruptcy Rule 2015 and United States Trustee Region 21 Operating Guidelines and Reporting Requirements.

2.    Whether the Court should have heard from the United States Trustee before summarily denying the motion to compel at a hearing scheduled with notice.

3.    Whether a party has standing to move to compel post confirmation operating reports when that party was sanctioned based on that same confirmation order and was seeking to prove that the underlying confirmed plan is in default and the bankruptcy should be dismissed.

## PRELIMINARY STATEMENT

The bankruptcy of Liza Hazan a/k/a Elizabeth Hazan has been a sham proceeding and an abuse of the bankruptcy code since the day it was filed on January 11, 2016 as part of a successful scheme to live in Fisher Island for free. For the past six years, this Debtor and her cadre of unscrupulous lawyers have manipulated the bankruptcy process at every turn under the unwatchful eyes of the Bankruptcy Court, which approved a plan even though it did not qualify under 11 U.S.C. § 1129(a)(11), a statute intended to prevent confirmation of visionary schemes which promise

creditors and equity security holders more than the debtor can possibly attain after confirmation. The confirmed plan was flawed from the onset when the debtor failed to make a $45,555 confirmation-day payment to the Fisher Island Community Association, yet the Bankruptcy Court still approved the plan on June 12, 2018.

It further unraveled, but the extent was concealed by the failure to file the requisite post-confirmation operating reports. The result has been that the debtor has been living in Fisher Island, the most expensive zip code in America, for over 15 years without paying her mortgages, her real estate taxes, insurance, or her homeowners' associations fees. She has been fighting a mortgage foreclosure with JP Morgan Chase Bank since 2013 (which filed its first foreclosure against her in 2008) in a case that was scheduled to go to trial in February 2022 until the debtor moved to disqualify Judge Miller, who recused himself. [*See JP Morgan Chase Bank v. Elizabeth Hazan,* Case No. 025902-CA-01]. Ms. Hazan is in default of her confirmed plan payments with both the Fisher Island Community Association (now owed over $734,000 in HOA fees) and the Valencia Estates HOA (now owed over $120,000 in HOA fees) which also has a pending foreclosure. [*See Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan,* Case No. 2022-005424-CA-01].

The debtor even defaulted on her confirmed plan payments to the Internal Revenue Service (the "IRS") which recently filed a motion to dismiss. [*See* BK ECF No. 1157]. The debtor has unpaid income taxes going back to 2003, owing over

$500,000 and only made one plan payment to the IRS pursuant to her confirmed plan on June 21, 2018. She then defaulted on her December 12, 2018 IRS plan payment and every plan payment thereafter.

Had the debtor filed her post confirmation quarterly operating reports as required by the bankruptcy code, all of the confirmed plan payment defaults would have been discovered back in 2018 and this bankruptcy would and should have been dismissed then. Unfortunately, this debtor flouted her financial responsibilities under her own confirmed plan and squandered her opportunity for a fresh start.

This Court needs to reverse the bankruptcy court order under appeal and remand with orders to immediately file of all the post confirmation operating reports or simply dismiss the bankruptcy with prejudice to filing another bankruptcy under any chapter of the code for at least six years for failing to file the require operating reports.

The appeal before this Court involves the simple issue of post-confirmation operating reports which are statutorily required but were never filed by the Debtor nor enforced by the Bankruptcy Court in this case. Appellant moved to compel the filing of the post-confirmation operating reports and the Bankruptcy Court denied the Motion to Compel without a hearing, without any opposition response from the Debtor, without hearing from the United States Trustee and in violation of black letter bankruptcy law. The reason given was lack of standing, while at the same time,

the Bankruptcy Court was finding Appellant in contempt for violating the same confirmation order that Appellant was seeking to show should be vacated and the bankruptcy dismissed.

## STATEMENT OF THE CASE AND FACTS

This is an appeal from an Order Denying a Motion to Compel Post Confirmation Quarterly Operating Reports [ECF No. 5-3 pages 219-220][1] signed on May 2, 2022, by U.S. Bankruptcy Judge A. Jay Cristol, docketed on May 3, 2022 (the "Order").

The Motion to Compel Post Confirmation Quarterly Operating Reports filed on April 12, 2022 [BK ECF No. 1075] clearly explains the background of the case and the need for the reports.

This sham of a bankruptcy started on January 11, 2016, the day before the foreclosure auction of the Debtor's home pursuant to a Final Judgment of Foreclosure obtained by NLG against the Debtor, Liza Hazan.

On November 15, 2017, she filed her untimely Fifth Amended Disclosure Statement with attachments [ECF No. 5-3, pages 19-77], and her Fourth Amended Plan of Reorganization [ECF No. 5-3 pages 78-108]. The Plan proposed to pay creditors "from sources of payment, such as equity and future income" over a period

---

[1] "BK. ECF No." will refer to the Record in the Bankruptcy proceeding. ". "ECF No." will refer to the Record in this appeal.

of five to ten years depending on the creditor.

As to the confirmation of the Plan, Judge Cristol held a hearing on May 30, 2018, at which he uncritically accepted the Plan making no inquiry as to how the Debtor purported to pay her creditors. In a spreadsheet that she attached to her plan, the Debtor projected business income in February, March and April 2018 of $300,000 for those months [ECF No. 5-3 p. 67]. Instead, her last monthly operating report filed before the confirmation hearing reported that her earnings for those three months was $4,500.00 [BK. ECF No. 668, p. 3] and had a cash balance of $17,393.83 [*Id.* p. 2]. Her monthly report through April 30, 2018, which was filed late on July 26, 2018, after the confirmation hearing, showed her bank balances to be $14,668.19. [BK ECF No. 725 p. 13]. With such meager assets, she projected to make payments totaling $322,848.  The Bankruptcy Court even recognized in its confirmation order that the Debtor had defaulted on a $275,000 payment to judgment creditor JMB Urban Development LTD on July 20, 2018, but said that JMB could simply file a new suit. [BK ECF No. 766 p. 9].  The plan should have never been confirmed because it was destined to fail.

On June 12, 2018, the Bankruptcy Court entered the Order Confirming Plan of Reorganization [ECF No. 5-3 p. 180].  On July 26, 2018, the Debtor filed a barely legible amended monthly operating report for June 2018 [ECF No. 725] and that was the last operating report.

The debtor should have filed a post confirmation quarterly operating report on October 21, 2018 for July, August and September 2018. The debtor failed to file this post-confirmation operating report and every other post-confirmation report because she and her lawyers wanted to hide the fact that she had defaulted on the confirmed plan at confirmation by failing to make payment due to the Fisher Island Community Association in the amount of $46,555 [ECF No. 5-3 p. 90], defaulted on the $275,000 payment to judgment creditor JMB Urban Development LTD a month later [ECF No. 5-3 p. 98] and defaulted on the plan payments to the Internal Revenue Service shortly thereafter on December 12, 2018, [ECF No. 5-3 p. 92] all of which would have been highlighted in 2018 had the Debtor filed the required post-confirmation reports.

## SUMMARY OF THE ARGUMENT

The law is clear. The Debtor is required to file post-confirmation reports or the bankruptcy should be dismissed. The Debtor in this case never filed any post-confirmation report nor paid the required quarterly fees. Inexplicably, the Trustee never sought payment of those required quarterly fees. The Debtor never sought to be excused, nor was she ever excused from filing those reports. She never even filed a response to Appellant's motion to compel the filing of the reports. Had the Debtor and her lawyers complied the bankruptcy code and its rules, the Debtor's multiple defaults in complying with the plan and the confirmation order would have

been revealed and this bankruptcy would have already been dismissed for failure to

file them in 2018.

# ARGUMENT

### Post Confirmation Operating Reports Are Required by the Bankruptcy Code

Bankruptcy Rule 2015 governs a chapter 11 debtor's duty to make reports

such as the Post Confirmation Reports.

Bankruptcy Rule 2015(a) reads in pertinent parts:

> **Trustee or Debtor in Possession.** A Trustee of Debtor in Possession shall:
>
> (2) keep a record of receipts and the disposition of money and property received;
>
> (3) file the reports and summaries required by § 704(a)(8) of the Code [11 USCS § 704(a)(8)]
>
> (5) in a chapter 11 reorganization case (other than under subchapter V), on or before the last day of the month after each calendar quarter during which there is a duty to pay fees under 28 U.S.C. § 1930(a)(6), file and transmit to the United States trustee a statement of any disbursements made during that quarter and of any fees payable under 28 U.S.C. § 1930(a)(6) for that quarter.
>
> 11 USCS § 704(a) reads:
>
> The trustee shall:
>
> (8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires.

In order to comply with these sections of the Bankruptcy Code, Title 28, §586(a)(3) of the United States Code, directs the United States Trustee (the "UST") to supervise the administration of all chapter 11 cases. To comply with this charge, the United States Trustee for Region 21 has established these operating guidelines and reporting requirements for chapter 11 debtors and trustees.

These guidelines state that Debtors have a continuing obligation to file monthly operating reports until the court confirms the plan of reorganization. After confirmation, debtors are required to file a quarterly post-confirmation operating report. The post-confirmation operating report is supposed to include, among other things, all payments made under the plan of reorganization and payments made in the ordinary course of doing business. These reports must be filed quarterly until the court enters a final decree, dismisses the case, or converts the case to another chapter in bankruptcy. The original report must be filed with the clerk of the bankruptcy court, and a paper copy served upon the United States Trustee. The report must be filed by the 21st day of the month following the reporting period.

The Confirmed Plan, which never excused the filing of these quarterly reports, envisions plan payments going out for ten years with the last payment due in 2028. Thus, a final decree has not been entered and the post-confirmation quarterly operating reports are required or the case must be dismissed.

The quarterly reports are not only for the benefit of the Trustee to collect fees, but also for the benefit of creditors. "As a fiduciary of the Court, the Debtor has an obligation to provide basic financial information to its creditors and neither the Court nor the creditors should have to coerce it into doing so while it is under the protection of the Code. *In re Valley Park Grp., Inc.*, 96 B.R. 16, 23 (Bankr. N.D.N.Y. 1989) (citing *In re McClure*, 69 B.R. 282, 289-290 (Bankr. N.D. Ind. 1987); and *In re Bacon,* 52 B.R. 52, 54 (Bankr. N.D. Iowa 1985)). "Anything short of voluntary and honest disclosure obstructs the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess., 224, 408-409, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6183-84, 6365. A transgression of this nature also calls into question the Debtor's good faith, required under Code § 1129(a)(3)…" *In re Valley Park Grp., Inc.*, 96 B.R. at 23.

Section 1112(b)(4)(F) of the Bankruptcy Code provides cause for conversion or dismissal for "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." In *In re Costa Bonita Beach Resort*, 513 B.R. 184, 199 (Bankr. D.P.R. 2014), the court stated that the failure to file the periodic reports required by Fed. R. Bankr. P. 2015 may constitute cause for conversion or dismissal of a Chapter 11 case. See also *In re Modem Office Supply*, 28 B.R. 943, 945 (Bankr. W.D. Okla. 1983).  Here, the

Debtor never attempted to show any excuse for never filing the post confirmation operating reports.

In *Berryhill v. United States (In re Berryhill)*, 189 B.R. 463, 466 (N.D. Ind. 1995), the Court stated: "The failure of a Chapter 11 debtor-in-possession to pay post-petition taxes has been held to constitute cause for conversion or dismissal under § 1112(b)." Citing *Matter of Santiago Vela*, 87 Bankr. 229, 231 (Bkrtcy. D.P.R. 1988); *In re Hinchliffe*, 164 Bankr. 45, 52 (Bkrtcy. E.D. Pa. 1994).   It is believed that Debtor Hazan has failed to pay post-petition taxes because the IRS filed new tax liens against her in New York on April 19, 2022 and Florida on April 27, 2022.

In re Pizza of Haw., Inc., 761 F.2d 1374, 1382 (9th Cir. 1985) quotes from 5 *Collier on Bankruptcy* para. 1129.02 [11] at 1129-34 (15th ed. 1984) for the following: "The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *See also In re Trail's End Lodge*, 54 Bankr. 898, 903-904 (Bankr. D. Vt. 1985) (stating that "the Code requires the court to prevent confirmation of visionary schemes which promise creditors more under a proposed plan that which the debtor can possibly attain after confirmation"). The Disclosure Statement does not explain how the Debtor will have enough cash to pay all the claims and expenses and refers to Exhibits C and D. [ECF

No. 5-3, pages 66 and 67]. Exhibit C shows only $20,178 as "Cash in Debtor's account now." It then claims she will accumulate $45,000 more before the effective date of the Plan, a goal which was not achieved. [ECF No. 5-3 p. 66]. The Debtor's last monthly statement filed before the confirmation hearing reported that her earnings for those three months was $4,500. [BK. ECF No. 668, p. 3] and her cash balance had decreased to $17,393.83 [*Id*. p. 2]. Exhibit D was the spreadsheet which was even more unrealistic, projecting a yearly income of $810,000 [ECF No. 5-3 p. 67].

The Confirmation Order simply rubber-stamped the Debtor's proposed order, stating in conclusory fashion: "The Plan and Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11 U.S.C. §1129(a)(11) are satisfied. [ECF No. 5-3, p. 182]. The post-confirmation reports would have immediately revealed the total failure to live up to those projections, instead we are finding out about them four years later.

The feasibility test is firmly rooted in predictions based on objective fact and looks at the probability of actual performance of the provisions of the proposed plan. [*See In re Sound Radio, Inc.*, 93 B.R. 849, 855 (Bankr. D.N.J. 1988)]. "Sincerity, honesty and willingness are not sufficient to make the plan feasible, and neither are any visionary promises." *In re Clarkson,* 767 F.2d 417, 420 (8th Cir.

1985), quoting *In re Bergman,* 585 F.2d 1171, 1179 (2d Cir. 1978). As will be shown, even the Debtor's sincerity and honesty are questionable.

## The UST Has Public Interest Standing Under 11 U.S.C. §307

The UST has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas SYS., Inc. (In re Columbia Gas SYS., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgen Stern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

The Bankruptcy Court denied the Motion to Compel without a hearing and before it heard from the "watchdog." The United States Trustee Program is the component of the Department of Justice responsible for overseeing the administration of bankruptcy cases and private trustees under 28 U.S.C. § 586 and 11 U.S.C. § 101, et seq. A national program with broad administrative, regulatory, and litigation/enforcement authorities whose mission is to promote the integrity and efficiency of the bankruptcy system for the benefit of all stakeholders–debtors, creditors, and the public. The USTP consists of an Executive Office in Washington, DC, and 21 regions with 90 field office locations nationwide. Miami is in Region 21.

In order to streamline the process and lessen any confusion on filing post confirmation reports the Department of Justice provides a link with the Instructions for UST Form 11-PCR: Post Confirmation Report:

https://www.justice.gov/ust/file/1452391/download

The instructions read: Following the effective date of a confirmed chapter 11 plan (in this case June 12, 2018) in a case that did not qualify as a "small business debtor" under 11 U.S.C. § 101(51D) or a subchapter V debtor, as defined in 11. U.S.C. § 1182, the reorganized debtor and any other authorized parties who have been charged with administering the confirmed plan must each complete a report of the financial condition and status of operations for each calendar quarter using UST Form 11-PCR.

The instructions read: The PCR must be filed with the court no later than the 21st day of the month immediately following the calendar quarter covered by the PCR, unless otherwise provided by the local rules of the court where the case is pending. For example, the PCR for the 3rd calendar quarter must be filed no later than October 21 (in this case October 21, 2018).

The instructions read: The PCR must be filed every calendar quarter until one of the following occurs: (1) the date of the final decree (not entered in this case); (2) the conversion of the case to a case under another chapter (has not occurred in this case); or (3) the dismissal of the case (what should occur in this case). If an order

has been entered on the docket that vacates any of the above orders or reopens it for a reason other than that which is purely administrative (e.g., the court is making a correction on the docket) the filing of PCRs must be resumed.

Given these clear mandates from the Department of Justice it reversible error for the bankruptcy court to deny a motion to compel operating reports and before hearing from the UST.   But in reality, there is nothing to hear as the post confirmation reports are clearly required for this Debtor.

**Appellant Has Article III Standing.**

The Bankruptcy Court ruled that "Having determined that Chris Kosachuk is in contempt of Court for filing the seventh lis pendens in violation of the Confirmation Order and discharge injunction."   The Bankruptcy Court also threatened Mr. Kosachuk with "monetary sanctions [of $10,000/day] and incarceration." [ECF No. 5-3 p. 219].   Thereafter, the Bankruptcy Court stated "The Court stated on the record that, as the record stood, it was not persuaded to reconsider it's [*sic*] prior Order, but nonetheless allowed Mr. Kosachuk every opportunity to defend against the requested sanctions." [*See* BK ECF No. 1134].   In order to defend himself against the contempt and sanctions, Mr. Kosachuk is seeking to prove that the confirmed plan is in default and the bankruptcy should be dismissed.   The confirmed plan is in default for the failure to file the post-confirmation reports and

over 80 defaults on confirmed plan payments. The mere fact that this bankruptcy was not dismissed in 2018 is shocking and quite offensive.

The Eleventh Circuit recently opined on the issue of bankruptcy standing in the case of *Breland v. the United States*, 989 F.3d 919 (11th Cir. 2021), which stated: "Existing standing doctrine requires a plaintiff to demonstrate (1) an actual (or imminent), concrete, and particularized injury-in-fact (2) that is fairly traceable to the defendant's challenged action and (3) that is likely redressable by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)." *Id.* at 922. It is difficult to envision a more "particularized injury-in-fact" than the threatened incarceration of the Appellant and a $10,000/day sanction.

Because the Bankruptcy Court has already caused a concrete and particularized injury-in-fact to Appellant (as described above) that is fairly traceable to the challenged action and that is likely redressed by a favorable decision, Appellant has Article III standing. The enforcement of the bankruptcy plan and confirmation order against Appellant gives him standing to challenge the confirmed bankruptcy plan because the Debtor has materially defaulted on the confirmed plan and failed to file her post-confirmation reports. The Contempt Order is redressable in that a dismissal of this bankruptcy would also expunge Appellant of contempt. Thus, Mr. Kosachuk satisfies all the requirements for Article III standing to move to

compel the post confirmation reports, to prove the defaults, to move to dismiss the case and expunge the alleged contempt.

## **CONCLUSION**

For the foregoing reasons, the Appellant respectfully submits that the Order Denying Motion to Compel Post Confirmation Quarterly Operating Reports [ECF No. 5-3 pages 219-220] signed on May 2, 2022, by U.S. Bankruptcy Judge A. Jay Cristol, docketed on May 3, 2022 (the "Order") be reversed and remanded with orders that all the post confirmation operating reports be immediately filed or that this bankruptcy be dismissed with prejudice for the failure to file them pursuant to 11 U.S.C 1112(b)(4)(F). This Debtor has no prospect of successfully re-organizing, has been languishing in Chapter 11 for over (66) months, has defaulted on over 80 confirmed plan payments, has no intention of selling the Fisher Island property, has no intention of paying her creditors and has insufficient income to maintain such an extravagant Fisher Island Property or maintain payments due creditors under the confirmed plan. Her scheme to live for free in Fisher Island has lasted for over 15 years and must end immediately. Finally, the Order ignored mandatory statutory requirements that a defaulted Chapter 11 be dismissed. Allowing this Debtor to remain in a bankruptcy makes a mockery of the bankruptcy process and will encourage other bad actors.

July 13, 2022

Respectfully submitted,

_____

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This Appellant Brief complies with Bankruptcy Rule 8015(a)(7)(b) because it contains 4,753 total words determined by the word-count function of Microsoft Word.

This brief complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Respectfully submitted,

_____
Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July 2022 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all counsel of record.

Respectfully submitted,

Chris Kosachuk
*Pro Se Appellant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

### Via CM/ECF/EMAIL

Joel M. Aresty, Esq. on behalf of Liza Hazan a/k/a Elizabeth Hazan
aresty@mac.com

Daniel A. Bushell, Esq. on behalf of Liza Hazan a/k/a Elizabeth Hazan
dan@bushellappellatelaw.com

Joe M. Grant, Esq. on behalf of Liza Hazan a/k/a Elizabeth Hazan
jgrant@marshallgrant.com jgrant@loriumlaw.com

David W. Langley on behalf of Liza Hazan a/k/a Elizabeth Hazan
dave@flalawyer.com