United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chris Kosachuk, Appellant, | ) |
| | ) |
| v. | ) Bankruptcy Appeal |
| | ) Case No. 22-21485-Civ-Scola |
| Liza Hazan, aka Elizabeth Hazan, Appellee. | ) |

### Order Dismissing Bankruptcy Appeal

Appellant Chris Kosachuk appeals the bankruptcy court's order denying his motion to compel Appellee Liza Hazan to file post-confirmation quarterly operating reports and other documents. (Not. of Appeal, ECF No. 1.) Hazan, in response, asks the Court to dismiss the appeal, arguing Kosachuk has no standing. (Appellee's Mot. to Dismiss, ECF No. 11.) That motion is now fully briefed, and the Court has stayed briefing and consideration of Kosachuk's appeal in the meantime. (ECF No. 20.) After review, the Court agrees that Kosachuk lacks standing, **grants** Hazan's motion (**ECF No. 11**), and, therefore, dismisses Kosachuk's appeal.

The parties and the Court are familiar with the lengthy and tortuous history of the litigation between these parties (*e.g.*, *Kosachuk v. Hazan*, 1:22-cv-22071-RNS, ECF No. 34, Order Affirming Bankr. Ct. (S.D. Fla. Sep. 29, 2022) (Scola, J); *Kosachuk v. Hazan*, 1:22-cv-22351-RNS, ECF No. 20, Order Affirming Bankr. Ct. (S.D. Fla. Sep. 29, 2022) (Scola, J)) and declines to recount the entirety of it here, most of it immaterial to Kosachuk's appeal. In brief summary, then, Hazan, in January 2016, filed for relief under Chapter 11 of the Bankruptcy Code. Hazan has since confirmed her Chapter 11 plan, consummated that plan, and obtained a discharge. In his brief, Kosachuk recounts a long list of what he perceives as flaws in the way Hazan's bankruptcy case was litigated and concluded and presents his gripes about Hazan's lifestyle, despite her bankruptcy case and apparent financial situation. Kosachuk has relentlessly brought his concerns to the attention of the bankruptcy court which has rebuffed him at every turn. Kosachuk's efforts to insert himself into the bankruptcy proceedings have escalated to the point that the bankruptcy docket now reflects that sanctions have been entered against him as well as against a company of which he is a manager or principal. Indeed, the Court recently dismissed one of Kosachuk's other appeals, in which he objected to a bankruptcy-court order granting one of Hazan's motions for sanctions.

It is through these quarrels and disputes that Kosachuk seeks to manufacture his standing in this case. As Kosachuk sees it, his standing, generally, as it relates to the bankruptcy case and any appeals from orders entered in that case, has evolved out of the bankruptcy court's findings of contempt and its threats of monetary sanctions and incarceration against him. (Appellant's Br., ECF No. 13, 19.) Accordingly, says Kosachuk, "[i]n order to defend himself against the contempt and sanctions, [he] is seeking to prove that the confirmed plan is in default and the bankruptcy should be dismissed." (*Id.*)

Kosachuk's exposition misses the mark—a non-party cannot conjure standing to appeal a bankruptcy-court order simply by repeatedly attempting to improperly insert himself into that bankruptcy case. Importantly, standing to appeal a bankruptcy court order, in the Eleventh Circuit, is limited "to those individuals who have a financial stake in the order being appealed." *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002). Under this principle—"the person-aggrieved doctrine"—a person is considered to have a financial stake in a bankruptcy-court order "when that order diminishes their property, increases their burdens or impairs their rights." (*Id.*) (cleaned up).

Notably, here, Kosachuk does not dispute that he is not a creditor in this case. Further, he does not identify any actual tangible stake he has in the outcome or administration of the bankruptcy case. His dissatisfaction with the process does not, by itself, confer standing. More specifically, the bankruptcy court's denial of a meritless motion to compel Hazan to file reports, post confirmation and discharge, has no direct impact on Kosachuk—even though he was the movant. To be sure, "[b]ankruptcy's person aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are *directly and adversely affected pecuniarily by the order.*" *Id.* (emphasis added). Kosachuk fails to show how Hazan's being required to file reports, or not, in her own, previously discharged, bankruptcy case, in which Kosachuk himself is not a creditor, will have any direct or adverse impact on him pecuniarily. Indeed, "allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code," like Kosachuk, "would defeat the very purpose underlying [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.,* 764 F.3d 1321, 1326 (11th Cir. 2014).

Because the Court finds Kosachuk is not a "person aggrieved," he has no standing to appeal the bankruptcy court's denial of his motion to compel Hazan to submit various post-confirmation reports or other filings. Accordingly, the Court **grants** Hazan's motion (**ECF No. 11**) and **dismisses** Kosachuk's appeal. Any other pending motions are **denied as moot**. The Clerk is directed

to **close** the case and remove the previously scheduled oral argument from the Court's calendar.

**Done and ordered** in Miami, Florida, on September 30, 2022.

_____
Robert N. Scola, Jr.
United States District Judge